# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

| | |
|---|---|
| MARSH & McLENNAN AGENCY, LLC,<br><br>                      Plaintiff,<br><br>     vs.<br><br>PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO<br>                    Defendants. | Index No.<br><br>**SUMMONS** |

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on Counsel for Plaintiff within twenty (20) days after the service of this Summons, exclusive of the day of service (or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York). In the event of your failure to appear or answer, judgment shall be taken against you by default for the relief demanded in the Complaint.

Dated: May 27, 2026
     New York, New York,

                                   JACKSON LEWIS P.C.

                                By: _____
                                  Clifford R. Atlas, Esq.
                                  Paige C. Goldberg, Esq.
                                  JACKSON LEWIS P.C.
                                  666 Third Avenue, 28th Floor
                                  New York, NY 10017
                                  Clifford.Atlas@jacksonlewis.com
                                  Paige.Goldberg@jacksonlewis.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 05/27/2026

*Attorneys for Plaintiff*

Defendants' last known addresses:

Patriot Growth Insurance Services, LLC
131 Continental Drive, Suite 301
Newark, Delaware 19713

Keith Wallace Harrelson:
1704 Shades Park Drive
Birmingham, Alabama 35209

Ryan McClendon
308 Granada Drive
Birmingham, Alabama 35216

Albert Bowen Evans
3404 Creekwood Drive
Birmingham, Alabama 35243

Jeffrey Cutshall
1801 Highfield Drive
Birmingham, Alabama 35216

Rebecca Burrus
349 Highland Park Drive
Birmingham, Alabama 35242

Hailee Wesson
4 Dogwood Drive
Clanton, Alabama 35045

Hunter Harper
2543 Ivy Glenn Drive
Vestavia, Alabama 35243

Jennifer Barranco
105 Pinehurst Road
Trussville, Alabama 35173

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

| | |
|---|---|
| MARSH & McLENNAN AGENCY LLC, | Index No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| vs. | |
| PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO, | |
| Defendants. | |

Plaintiff Marsh & McLennan Agency LLC ("MMA") by its attorneys, Jackson Lewis P.C., for its Verified Complaint for Injunctive Relief and Damages against Defendants Patriot Growth Insurance Services, LLC ("Patriot"), Keith Wallace Harrelson, Ryan McClendon, Albert Bowen Evans, Jeffrey Cutshall, Rebecca Burrus, Hailee Wesson, Hunter Harper, and Jennifer Barranco (collectively the "Individual Defendants") states as follows:

1. This case involves the abrupt and coordinated resignations during the week of May 18, 2026, of eleven (11) MMA employees who compromised about half of MMA Birmingham's property and casualty insurance and surety brokerage team. The group left to start Patriot's new Birmingham office under the brand "Turner Insurance & Bonding Co." In so doing, the Individual Defendants egregiously violated their contractual obligations *during and after employment at MMA* to gain an unfair advantage against MMA. Patriot induced the Individual Defendants to breach their common law and contractual obligations as part of a scheme orchestrated by Defendants to unfairly compete with MMA.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/27/2026

## PARTIES

2.    MMA is a Delaware limited liability company with its principal place of business located at 360 Hamilton Avenue, Suite 930, White Plains, New York 10601.

3.    Patriot is a Delaware limited liability company with its principal place of business in Fort Washington, Pennsylvania, and with offices throughout the country, including New York County.

4.    Defendant Harrelson is an individual, licensed to do business within the State of New York, who resides in Alabama.

5.    Defendant McClendon is an individual who resides in Alabama.

6.    Defendant Evans is an individual who resides in Alabama.

7.    Defendant Cutshall is an individual, licensed to do business within the State of New York, who resides in Alabama.

8.    Defendant Burras is an individual who resides in Alabama.

9.    Defendant Wesson is an individual who resides in Alabama.

10.    Defendant Harper is an individual who resides in Alabama.

11.    Defendant Barranco is an individual who resides in Alabama.

12.    This Court may exercise personal jurisdiction over Defendants pursuant to New York CPLR §§ 301 and 302. Additionally, the Individual Defendants contractually agreed to the jurisdiction of this Court. *See also* NY General Obligations Law §§ 5-1401 and 5-1402.

13.    The Individual Defendants contractually agreed that any claims related to their agreements shall be exclusively brought in the courts of New York and they waived any objection to laying venue in this Court.

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

## BACKGROUND

14. MMA and Patriot are direct competitors in the U.S. insurance brokerage industry, a fiercely competitive industry with numerous players vying for market share across various segments, including construction-related business insurance and surety bonds.

15. Business insurance is a relationship-based industry where brokerage companies compete based on their ability to cultivate strong relationships with underwriters and clients. Insurance brokers are intermediaries between their clients and insurers whose role is to analyze the insurance market, match the brokerage's clients with insurers capable of meeting the clients' surety needs, and help the clients choose from competing offers.

16. In insurance broking, a Producer is essentially a sales professional responsible for generating new business and maintaining client relationships. Producers serve as the primary point of contact for clients, ensuring their ongoing insurance needs are met.

17. A Producer is supported by client service personnel who assist with client servicing, ranging from proposal and renewal preparation, underwriting coordination, and administrative tasks. The key roles supporting a Producer at MMA are a combination of Account/Client Executives, Account/Client Managers, and Account/Client Associates, who are assigned depending on the size and complexity of the clients. The service team is the day-to-day contact for clients (after the Producer secures the business) who often assists with claim or bond requests, renewals, endorsements, and modifications, and communicate with clients to gather necessary financial and underwriting information. Together with Producers, these employees are the face of MMA to its clients.

18. Therefore, the success of MMA's business largely depends upon its goodwill and trust with its clients, its goodwill and trust with its employees, and its confidential

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 05/27/2026

and trade secret information. MMA helps foster the relationships that these employees have through its platform and the investment in expenses and tool that they use to nurture these client relationships.

19.     Similarly, employee goodwill and trust are critical components of MMA's business. Over the years, MMA has invested substantial resources in building a robust surety brokerage business within Birmingham, Alabama and the rest of the United States. MMA dedicates significant time and money into the training, coaching, mentoring, and professional development of its property and casualty insurance and surety brokerage teams to retain them for a long time and help them succeed. MMA also provides generous compensation and incentives to foster high performance and attract and retain top talent.

20.     A Broker of Record letter or Agent of Record letter (either referred to as "BOR") is a document commonly used by policy holders in the brokerage industry to formally designate their assigned insurance broker.

21.     Since Defendants' unlawful actions began, MMA has received no fewer than seventy-one (71) BORs transferring MMA's clients to Patriot.

22.     The resulting estimated annually recurring revenue lost from these seventy-one (71) clients is at least $3.5 million.

## THE INDIVIDUAL DEFENDANTS' EMPLOYMENT AT MMA AND POST-EMPLOYMENT OBLIGATOINS

**A.      The Individual Defendants' Employment and Agreement with JSL**

23.     The Individual Defendants, with the exception of Harper, worked for J. Smith Lanier & Co. and its predecessor (collectively "JSL") servicing its clients' business insurance and bonding needs. Each of these employees entered into agreements with certain restrictive covenants with JSL.

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(1)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

24. In 2005, Harrelson began working for JSL as a Producer in its Birmingham office.

25. In 2002, McClendon began working for JSL as a Producer in its Birmingham office.

26. In 2004, Evans began working for JSL as a Producer in its Birmingham office.

27. In 2004, Cutshall began working for JSL as an Account Executive with a focus on surety bond production (a Producer) in its Birmingham office.

28. In 2006, Burrus began working for JSL as an Account Manager in its Birmingham office.[1]

29. In 2007, Wesson began working for JSL as an Account Manager in its Birmingham office.

30. In 2004, Barranco began working for JSL as an Account Manager in its Birmingham office.

31. In January 2017, JSL merged with MMA (the "Merger") and each of these JSL employees continued in employment as MMA employees in MMA's Birmingham office.

**B.    The Individual Defendants' Employment and Agreement with MMA.**

32. Each Individual Defendant agreed to a JSL, A Marsh & McLennan Agency LLC Company Non-Solicitation and Confidentiality Agreement (a "MMA Agreement").

33. Harrelson entered into his MMA Agreement on January 13, 2017. *See* **Ex. A** (Harrelson's MMA Agreement).

34. McClendon entered into his MMA Agreement on January 13, 2017. *See*

---

[1] Following JSL's merger with MMA, MMA promoted Burrus to Unit Leader — tasked with leading the business insurance support staff – in 2023.

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 05/27/2026

Ex. B (McClendon's MMA Agreement).

35. Evans entered into his MMA Agreement on January 15, 2017. *See* **Ex. C** (Evans' MMA Agreement).

36. Cutshall entered into his MMA Agreement on January 18, 2017. *See* **Ex. D** (Cutshall's MMA Agreement).

37. Burrus entered into her MMA Agreement on January 13, 2017. *See* **Ex. E** (Burrus's MMA Agreement).

38. Wesson entered into her MMA Agreement on January 13, 2017. *See* **Ex. F** (Wesson's MMA Agreement).

39. Barranco entered into her MMA Agreement on January 16, 2017. *See* **Ex. G** (Barranco's MMA Agreement).

40. Each Individual Defendant's MMA Agreement contains practically identical terms.

41. In 2021, Harper began working for MMA as a Claims Consultant in the MMA Birmingham Office. As a Claims Consultant, Harper collaborated with various team members in the MMA Birmingham Office to assist MMA clients claim needs. Harper entered into his MMA Agreement on June 30, 2021. *See* **Ex. H** (Harper's MMA Agreement).

42. Under the MMA Agreements, the Individual Defendants each acknowledged that he or she "will come into contact and maintain relationships with a significant number of [MMA]'s clients and prospective clients, and will have access to Confidential Information and Trade Secrets."

43. In Section 1(b) of the MMA Agreements, each Individual Defendant agreed to a non-solicitation and non-servicing provision which provides in part:

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(1)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                            RECEIVED NYSCEF: 05/27/2026

Employee covenants and agrees that in the event of separation from employment with Employer, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or indirectly: (i) solicit clients or prospective clients of the Company for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Employee while he or she was employed by the Company; (ii) induce clients or prospective clients of the Company to terminate, cancel, not renew, or not place business with the Company, (iii) perform or supervise the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company, or (iv) assist others to do the acts specified in Sections 1(b)(i)-(iii). For the avoidance of doubt, the restriction set forth in this Section 1 applies to those clients or prospective clients of the Company, including its predecessor, JSL, and with which Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company.

44.    In Section 2 of the MMA Agreements, each Individual Defendant agreed

to a non-solicitation of employees provision which provides:

Employee acknowledges and agrees that solely as a result of employment with the Company . . . Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees. Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's on account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets to leave employment with the Company.

45.    In Section 5 of the MMA Agreements, each Individual Defendant agreed

to a nondisclosure of confidential information and trade secrets provision, prohibiting disclosure

of MMA's Confidential Information and Trade Secrets.

46.    Section 4 of the MMA Agreements defines Confidential Information and

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                          RECEIVED NYSCEF: 05/27/2026

Trade Secrets as specifically including:

(i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, including those of Employer's predecessor JSL, the name of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, including employees of Employer's predecessor JSL, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below).

47.     Under Section 9 of the MMA Agreements, each Individual Defendant acknowledged and agreed that the non-solicitation and non-disclosure restrictions above are necessary to protect MMA's legitimate business interests and reasonable in view of the benefits and consideration provided.

48.     Under Section 10 of the MMA Agreements, each Individual Defendant also recognized that any breach of the non-solicitation and non-disclosure restrictions above

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/27/2026

would result in irreparable injury to MMA, that monetary damages for such breach would not be readily calculable, and that MMA would be entitled to temporary or permanent injunctive relief and recovery of all fees and costs incurred by MMA in investigating or seeking to enforce these restrictions.

49.     Under Section 15 of the MMA Agreements, each Individual Defendant agreed that their respective MMA Agreement is governed by New York law and that any action brought to enforce the MMA Agreement(s) shall be brought exclusively in a New York state or federal court. The Individual Defendants each further waived any objections to proceeding in a New York court, including any objections based on inconvenience.

50.     The MMA Agreements further state, "The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York." Defendants have injured MMA in New York.

51.     Patriot knew of the MMA Agreements and their terms and expected MMA to seek enforcement of the MMA Agreements. Patriot employs approximately 2,100 employees, operates in approximately 160 locations throughout 29 different states, including New York, and derives substantial revenue from interstate commerce.

52.     In reliance on their promises to uphold the MMA Agreements, MMA employed and continued to employ the Individual Defendants and provided them with ongoing access to continually updated trade secrets and other confidential business information. In addition, MMA generously compensated them, which included, but was not limited to, a base salary, commissions, bonuses, incentive compensation, medical benefits, and a 401(k) match. MMA further provided them with advertising, goodwill and name recognition, promotional

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

marketing, and sales support, all to enable them to succeed at MMA.

53.    In their capacity as Producers and Vice Presidents at MMA, Harrelson, McClendon, Evans, and Cutshall (collectively "the Producers") were employed in positions of trust and confidence. MMA placed such a high degree of trust and confidence in the Producers that it permitted a structure whereby they split commissions on various accounts amongst themselves to incentivize collaboration, thereby participating in a shared, collective book of business.

54.    As a result, the Producers gained access to confidential financial information about MMA clients apart from those they were primarily responsible for servicing, including the total revenue generated by each client and the Producer affiliated with the client.

55.    As support staff to the Producers, Burrus, Wesson, Harper, and Barranco handled MMA clients' day-to-day needs; in doing so, Burrus, Wesson, Harper, and Barranco were employed in positions of trust and confidence and also gained access to confidential information about MMA clients.

56.    The aforementioned types of restrictive covenants are common in the surety brokerage industry.

57.    Surety and insurance brokerage firms, such as Patriot, are aware that employees in the industry are typically subject to agreements with their current employer containing these types of restrictive covenants.

C.    **MMA's Confidential Information.**

58.    Given the competitive nature of the insurance brokerage industry, MMA invests a significant amount of time, money, and resources in developing and nurturing its client base and identifying the needs and preferences of its clients. MMA has compiled confidential

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 05/27/2026

information and trade secrets relating to clients over many years at considerable expense. This confidential information creates a strategic advantage that allows MMA's producers to offer insurance brokerage services at competitive pricing and MMA to maintain long-term client relationships.

59.    As trusted employees of MMA, the Individual Defendants were provided access to and gained knowledge of confidential information and trade secrets belonging to MMA, including but not limited to (a) information concerning MMA's operations and business strategies, including its rates and fees; and (b) information about MMA's clients, the identities of persons at such MMA clients responsible for entering into contracts for MMA's services, such MMA clients' risk characteristics, policy expiration dates, policy renewals, policy terms and conditions, information regarding the markets or sources with which insurance is placed, the amounts paid by such MMA clients to MMA, and leads and referrals to prospective MMA clients.

60.    Such confidential information and trade secrets are of significant economic value to MMA, and would be of significant economic value to MMA's competitors, including Patriot.

61.    MMA goes to great lengths to protect its confidential information and trade secrets, such as promulgating and disseminating policies to its employees that prohibit the use or disclosure of MMA's confidential information and trade secrets for non-business purposes, requiring employees who have access to such confidential information and trade secrets to sign agreements that restrict their use or disclosure of MMA's confidential information and trade secrets and restrict certain post-employment activities, restricting access to offices which house MMA's confidential information and trade secrets, password-protecting access to

11

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 05/27/2026

computers and systems containing MMA's confidential information and trade secrets, and restricting such access only to the employees working on the particular clients.

**D.    Patriot's Raid of MMA's Birmingham Office**

62.    MMA has been a leading provider of brokerage and bonding services in Birmingham, Alabama, maintaining a strong client base and a team of experienced professionals in Birmingham (the "MMA Birmingham Office").

63.    While present in Montgomery, Alabama, Patriot historically had a very limited presence in Birmingham's brokerage market. However, rather than developing its own operations organically, Patriot engaged in a targeted and systematic effort to solicit MMA's employees to unlawfully poach them and MMA's clients from MMA notwithstanding the Individual Defendants' obligations under their MMA Agreements. As part of this scheme, Patriot encouraged and facilitated the departure of key MMA employees, knowing that their transition would not only damage MMA's operations but also provide Patriot with direct access to MMA's clients, confidential information and trade secrets, and an immediate revenue stream.

64.    Patriot has now opened a Birmingham office with former MMA employees approximately ten (10) miles from the MMA Birmingham office.

65.    Patriot's recruitment efforts were not aimed at merely filling isolated roles but instead were part of a broad scheme to rapidly and dramatically build its Birmingham presence by poaching talent and clients at MMA's expense.

66.    While still employed with MMA, the Individual Defendants solicited each other and other MMA employees in the MMA Birmingham Office for employment with Patriot, including key Producers and support staff.

67.    On Monday, May 18, 2026, Harrelson, McClendon, Evans, Cutshall,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(4)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                          RECEIVED NYSCEF: 05/27/2026

Burrus, Harper, and Wesson cleaned out their offices and left, leaving resignation letters atop their MMA laptops and cell phones.

68.     While the plan for the entire group was to vanish in silence – Wesson and Burrus stopped by MMA Vice President Cathy Parkin's office to give her a heads-up. Wesson and Burrus informed Parkin that they were leaving with Harrelson, McClendon, Evans, Cutshall, and Harper to join "Turner Agency," a competitor. Burrus explained that Harrelson instructed them to follow suit – i.e., place their resignation letters in their office and quietly vanish – but Burrus and Wesson felt compelled to inform Parkin due to their close working relationship.

69.     Parkin informed the MMA Birmingham Office Managing Director, Craig Herr, of the mass exodus.

70.     Thirteen minutes after their resignations took effect on May 18, 2026, McClendon, Harrelson, and Evans filed a Complaint for Declaratory Judgment in Jefferson County, Alabama at 9:13 a.m., seeking to render their MMA Agreements unenforceable.

71.     The next day, May 19, 2026, another MMA Birmingham Office employee, Michele Hicks, resigned to join the Individual Defendants at Patriot.

72.     Hicks' resignation letter is practically identical to the others' resignation letters. Hicks also entered into an MMA Agreement.

73.     On Thursday, May 21, 2026, Barranco resigned to join the other Individual Defendants at Patriot.

74.     On Friday, May 22, 2026, another MMA Birmingham Office member, Kayla Loyd, resigned to join the Individual Defendants at Patriot.

75.     In total, during the week of May 18, 2026, eleven (11) MMA employees resigned to join Patriot.

13

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(1)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

## DEFENDANTS' COMPETITIVE ACTIVITY
### Defendants' Solicitation of MMA Clients

76.     Following the initial mass departure on May 18, 2026, the remaining employees in the MMA Birmingham Office immediately began calling MMA clients to inform them of the resignations, and to ensure the clients that the remaining MMA staff would still meet their needs.

77.     To the MMA employees' surprise, nearly every client was already aware of the mass departure.

78.     Throughout the week of May 18, remaining MMA employees called the following clients, all of whom were already aware of the mass departure:

- Client C
- Client D
- Client E
- Client F
- Client G
- Client H
- Client I
- Client J
- Client K
- Client L
- Client M
- Client N
- Client T

79.     Prior to their resignations and while still employed by MMA, some of the Individual Defendants communicated and/or met with MMA clients to inform them of their plan to join Patriot and transition MMA's clients to Patriot.

80.     During the week of May 11, 2026, Client Executive Susan Barnett became aware that Harrelson had a "check-in" lunch meeting with Client U, which struck Barnett as odd since Harrelson recently had a renewal meeting with Client U and would not need another "check in" so soon. Barnett noticed similar unusual visits to Client V.

14

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                          RECEIVED NYSCEF: 05/27/2026

81.   Client T informed Craig Herr, MMA's Sr. Executive Vice President, that Evans had visited Client T in-person on Friday, May 15, 2026. During this meeting, Evans informed Client T of his intention to leave MMA and join Patriot, and asked Client T to transition its business to Patriot with Evans.

82.   Client N informed MMA employee Joseph Mungenast that Evans had recently visited Client N and asked Client N to sign multiple documents. Unknowingly to Client N, one of those documents was a BOR ending Client N's relationship with MMA and transitioning the account to Patriot. Client N did not understand what a BOR was and shortly thereafter rescinded their BOR to Patriot and returned to MMA.

83.   The full extent of the Individual Defendants' breach of their respective non-solicitation is unknown at this time; however, on May 18, 2026, Evans solicited a restricted client, Client O. *See* **Ex. I** (Evans email to Client O). On May 20, 2026, MMA received a BOR from Client O.

84.   On May 18, 2026, Cutshall solicited a restricted client, Client P. *See* **Ex. J** (Cutshall email to Client P).

85.   On May 18, 2026, Harrelson solicited a restricted client, Client Q. *See* **Ex. K** (Harrelson email to Client Q).

86.   On May 20, 2026, McClendon solicited a restricted client, Client I. *See* **Ex. L** (Client I email to MMA).

87.   As a result of the Individual Defendants' blatant disregard for their respective obligations as MMA employees and their non-solicitation of client restrictions, MMA lost at least seventy-one (71) clients and at least $3.5 million in annually recurring business by Friday, May 22, 2025.

15

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                                    RECEIVED NYSCEF: 05/27/2026

## Defendants' Servicing of MMA Clients

88. The Individual Defendants continue to service or serve restricted clients' accounts since joining Patriot.

89. The full extent of the Individual Defendants' breaches of their respective non-servicing provisions is unknown at this time, however, on May 18, 2026, Evans and McClendon were servicing a restricted client, Client N. *See* **Ex. M** (Client N email thread).

90. On May 18, 2026, Harrelson, Burrus, and Harper were servicing a restricted client, Client Q. *See* **Ex. K** (Harrelson email to Client Q).

91. On May 19, 2026, Wesson was servicing a restricted client, Client J. *See* **Ex. N** (Wesson email to Carrier).

92. On May 21, 2026, Cutshall, Evans, and McClendon were servicing restricted clients, Client I, Client R, and Client S. *See* **Ex. O** (Carrier email to Cutshall, Evans, and McClendon).

93. On May 22, 2026, Cutshall, Evans, and Barranco were servicing a restricted client, Client O. *See* **Ex. P** (Carrier email to Cutshall, Evans, and Barranco).

## Defendants' Solicitation of MMA Employees

94. Patriot used the Individual Defendants while they were still employed by MMA to solicit one another and other MMA employees to join Patriot.

95. Given the close working relationships at MMA between Producers and the support staff, and the timing of their resignations at the same time on the same day, the Producers were involved in recruiting them to work for Patriot in direct violation of their Agreements.

96. On May 18, 2026, Harrelson solicited Barnett. *See* **Ex. Q**

16

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/27/2026

(Communications between Harrelson and Barnett). Harrelson extended an offer of employment to Barnett on behalf of Patriot. *See* **Ex. R** (Harrelson/Patriot Offer to Barnett).

97.    Barnett's offer letter from Patriot refers to the MMA Agreements and their terms and states it "expect[s] Marsh to seek enforcement of the [MMA Agreement]." *Id.*

98.    On May 18, 2026, Burrus and Wesson stated to Parkin that they were acting in concert with Harrelson, McClendon, Evans, Cutshall, and Harper, and had solicited and/or encouraged each other to leave MMA and join Patriot.

99.    On May 19, 2026, Barranco informed Herr that Cutshall called Barranco and offered her employment at Patriot.

100.    Patriot used Harrelson and the other Individual Defendants to solicit MMA employees to join Patriot, in direct violation of the MMA Agreements.

101.    The timing and breadth of the departures - coordinated *en masse* - were deliberately designed to inflict maximum harm on MMA, disrupting its relationships with clients, servicing team, and operations.

### Defendants' Misappropriation of MMA's Trade Secrets and Confidential Information

102.    While employed with MMA, the Individual Defendants possessed MMA's confidential and trade secret information.

103.    The Individual Defendants are employed with Patriot in positions the same as, or substantially similar to, their MMA positions.

104.    By virtue of the Individual Defendants' employment with Patriot, and the Individual Defendants' possession of MMA's confidential and trade secret information, it is inevitable that the Individual Defendants will continue to use and disclose MMA's confidential information for the benefit of Patriot.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/27/2026

105. MMA is still uncovering the full extent of Defendants' misappropriation of MMA's confidential and trade secret information.

106. Three Individual Defendants deleted, erased, and wiped to factory settings their MMA cell phones and three of the cell phones were locked with passwords unknown to MMA.

107. Additionally, Evans, McClendon, Harrelson, Burrus, Wesson, Harper, and Cutshall deleted, erased, and wiped their MMA email history and inboxes completely.

108. Leading up to the Individual Defendants' resignations, and even on May 18, 2026, the Individual Defendants engaged in unusual print activity from their MMA laptops. While MMA is not yet aware of the full extent of which documents were printed, it included documents containing vague and obscure titles such as "Microsoft Outlook – Memo Style" and "Document 1."

109. A full forensic analysis of the Individual Defendants' laptops, MMA cell phones (to the extent data has not been permanently destroyed and remains unrecoverable), and email files is currently underway.

110. Cutshall secretly visited the MMA Birmingham Office on May 17, 2026, the Sunday prior to his resignation. This was Cutshall's only Sunday visit to the office in the past 48 months. *See* **Ex. S** (Cutshall 2-Year Badge Access Log).

111. Burrus secretly visited the MMA Birmingham Office on May 17, 2026, the Sunday prior to her resignation.

112. Wesson secretly visited the MMA Birmingham Office on May 17, 2026, the Sunday prior to her resignation. This was Wesson's only Sunday visit to the office in the past 48 months. *See* **Ex. T** (Wesson 2-Year Badge Access Log).

18

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 05/27/2026

113.   Harper secretly visited the MMA Birmingham Office on May 16, 2026, the Saturday prior to his resignation. This was Harper's only Saturday visit to the office in the past 48 months. *See* **Ex. U** (Harper 2-Year Badge Access Log).

114.   Defendants' use and disclosure of MMA's confidential information is already documented. For example, as a Patriot employee, Harrelson's post-MMA servicing of Client Q led Harrelson to state to the carrier, "This one renews in August." Thus, Harrelson used his knowledge of the Client Q's policy renewal date - knowledge he acquired while employed at MMA in furtherance of his duties as an MMA Producer. *See* **Ex. K** (Harrelson email to Client Q).

115.   The Individual Defendants misappropriated and used MMA confidential information and trade secrets in order to systematically solicit more than seventy (70) MMA clients.

116.   Similarly, as Producers, Harrelson, Evans, McClendon, and Cutshall were aware of the support staff's salaries and used that information when offering employment to the Support Staff for the benefit of Patriot.

117.   Similarly, as Unit Leader, Burrus had intimate knowledge of the MMA compensation for Hicks and Loyd and used that information when Patriot offered employment to Hicks and Loyd.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract against The Individual Defendants – Solicitation and Servicing of Clients)

118.   MMA repeats and realleges each and every allegation contained in Paragraphs "1" through "117" of the Complaint, with the same force and effect as though set forth herein at length.

19

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 05/27/2026

119.    The Individual Defendants solicited business on behalf of Patriot from MMA clients and prospective clients who they solicited or serviced while employed by MMA.

120.    In their employment with Patriot, the Individual Defendants are servicing business of MMA clients and prospective clients who they solicited or serviced while employed by MMA.

121.    The Individual Defendants used MMA's confidential and trade secret information for the purposes of soliciting and/or servicing MMA clients on behalf of Patriot.

122.    By virtue of their solicitation and servicing of MMA clients and use of confidential and trade secret information, the Individual Defendants violated the non-solicitation obligations as set forth in their MMA Agreements.

123.    As a direct and proximate cause of the Individual Defendants' foregoing actions, MMA has suffered and will continue to suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, and plus exemplary damages.

124.    The Individual Defendants are continuing to violate the non-solicitation of clients and non-servicing of clients covenants contained in their Agreements with MMA, and unless enjoined by this Court, the Individual Defendants will continue to do so.

125.    As a result of the foregoing actions of the Individual Defendants and their breaches of their Agreements with MMA, MMA has and will continue to suffer irreparable harm.

126.    MMA has no adequate remedy at law to prevent these breaches of contracts or injuries.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(1)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

127.    Accordingly, MMA is entitled to an injunction prohibiting the Individual Defendants from violating the terms of their Agreements with MMA

### AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract Against The Individual Defendants – Solicitation of Employees)**

128.    MMA repeats and realleges each and every allegation contained in Paragraphs "1" through "127" of the Complaint, with the same force and effect as though set forth herein at length.

129.    By their conduct in participating in the solicitation of Barnett and each other to leave employment with MMA to join Patriot, the Individual Defendants breached the covenants contained in their MMA Agreements.

130.    By virtue of their solicitation of MMA employees, the Individual Defendants violated the confidentiality and non-solicitation obligations in the MMA Agreements.

131.    As a direct and proximate cause of the Individual Defendants' foregoing actions, MMA has suffered and will continue to suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $7,000,000, plus interest, and plus exemplary damages.

132.    The Individual Defendants are continuing to violate the non-solicitation of employees covenants contained in their Agreements with MMA, and unless enjoined by this Court, the Individual Defendants will continue to do so.

133.    As a result of the foregoing actions of the Individual Defendants and their breaches of their Agreements with MMA, MMA has and will continue to suffer irreparable harm.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(1)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                                    RECEIVED NYSCEF: 05/27/2026

134. MMA has no adequate remedy at law to prevent these breaches of contracts or injuries.

135. Accordingly, MMA is entitled to an injunction prohibiting the Individual Defendants from violating the terms of their Agreements with MMA

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract Against The Individual Defendants – Breach of Confidentiality Obligations)

136. MMA repeats and realleges each and every allegation contained in Paragraphs "1" through "135" of the Complaint, with the same force and effect as though set forth herein at length.

137. The Individual Defendants used MMA's confidential and trade secret information for the purpose of soliciting and/or servicing MMA clients on behalf of Patriot.

138. By virtue of their use of confidential and trade secret information, the Individual Defendants violated the confidentiality obligations set forth in the MMA Agreements.

139. As a direct and proximate cause of the Individual Defendants' foregoing actions, MMA has suffered and will continue to suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, and plus exemplary damages.

140. The Individual Defendants are continuing to violate the non-disclosure of confidential information and trade secrets covenants contained in their MMA Agreements, and unless enjoined by this Court, the Individual Defendants will continue to do so.

141. As a result of the foregoing actions of the Individual Defendants and their breaches of the MMA Agreements, MMA has and will continue to suffer irreparable harm.

22

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 05/27/2026

142.    MMA has no adequate remedy at law to prevent these breaches of contracts or injuries.

143.    Accordingly, MMA is entitled to an injunction prohibiting the Individual Defendants from violating the terms of the MMA Agreements.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Duty of Loyalty Against The Individual Defendants)

144.    MMA repeats and realleges each and every allegation contained in Paragraphs "1" through "143" of the Complaint, with the same force and effect as though set forth herein at length.

145.    The Individual Defendants were employed by MMA in positions of trust and confidence.

146.    By virtue of their positions at MMA, the Individual Defendants each owed a duty of loyalty to MMA both during and after their employment and were obligated not to divert MMA's business in which MMA had a tangible expectancy, and not to subvert or misappropriate MMA confidential information or trade secrets.

147.    The Individual Defendants each breached their duties of loyalty owed to MMA by soliciting MMA clients to leave MMA while the Individual Defendants were still employed by MMA.

148.    The Individual Defendants each breached their duties of loyalty owed to MMA by subverting or misappropriating MMA's confidential information or trade secrets.

149.    The Individual Defendants have acted with intentional, malicious and/or otherwise wanton disregard for MMA's rights.

150.    As a direct and proximate result of the Individual Defendants' breaches of their duties of loyalty, MMA has suffered and will continue to suffer extensive irreparable injury,

23

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

loss of goodwill, harm to its business, and other injury and damages for which there is no adequate remedy at law. MMA will continue to suffer this harm unless and until the Individual Defendants are restrained from taking further actions in breach of their duties of loyalty to MMA.

151.   As a direct and proximate cause of the Individual Defendants' breaches of their duties of loyalty, MMA has suffered and will continue to suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, and plus exemplary damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Tortious Interference Against Patriot)

152.   Plaintiff repeats and realleges each and every allegation contained in Paragraph "1" through "151" above, with the same force and effect as though set forth herein at length.

153.   At all times relevant hereto, Patriot was aware that the Individual Defendants were parties to the MMA Agreements, which govern the Individual Defendants' conduct during and following their employment with MMA.

154.   By virtue of Patriot's conduct, including its hiring of the Individual Defendants and the other three (3) MMA Birmingham employees, and its conduct in procuring MMA's confidential and trade secret information and soliciting the business of MMA's policyholders, Patriot has interfered with and caused breaches of the Individual Defendant's MMA Agreements by the Individual Defendants, and has otherwise interfered with MMA's business and employee relationships.

155.   By virtue of Patriot's conduct, including inducing the Individual

24

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                          RECEIVED NYSCEF: 05/27/2026

Defendants to solicit restricted MMA clients by using MMA confidential information, service restricted MMA clients with full knowledge of the MMA Agreements, and induce the Individual Defendants to solicit or encourage each other and other MMA employees to cease employment with MMA, Patriot has interfered with and caused breaches of the Individual Defendant's duties of loyalty.

156. By virtue of its conduct, Patriot knowingly, intentionally and maliciously sought to harm MMA.

157. By virtue of its conduct, Patriot used unlawful means to harm MMA.

158. Patriot acted with intentional, malicious and/or wanton disregard of MMA's rights.

159. Patriot has profited and will continue to profit from the aforesaid tortious interference with the contractual obligations owed by the Individual Defendants to MMA.

160. Unless enjoined, Patriot will continue to interfere with the contractual obligations owed by the Individual Defendants to MMA and will cause MMA to suffer irreparable harm.

161. MMA has no adequate remedy at law to prevent this irreparable harm, and is entitled to an injunction prohibiting Patriot from interfering with MMA's contractual and business relationships, including those with the Individual Defendants.

162. As a direct and proximate result of Patriot's interference, MMA has suffered and will continue to suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, and plus exemplary damages.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 05/27/2026

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Misappropriation of Confidential Information Against All Defendants)

163. MMA repeats and realleges each and every allegation contained in Paragraphs "1" through "162" of the Complaint, with the same force and effect as though set forth herein at length.

164. By virtue of their employment and contractual obligations with MMA, the Individual Defendants owed duties to MMA not to use, disclose or otherwise misappropriate MMA's confidential information and trade secrets.

165. By virtue of their conduct, the Individual Defendants breached their duties not to misappropriate MMA's confidential information and trade secrets by bringing MMA's confidential information and trade secrets to Patriot and using them on behalf of Patriot as Patriot employees.

166. By virtue of the Individual Defendants' conduct, Patriot misappropriated MMA's confidential information and trade secrets.

167. By virtue of the Individual Defendants' employment by Patriot, and the Individual Defendants' possession of significant and vital confidential information and trade secrets regarding MMA, its employees, and its clients, it is inevitable that Defendants will continue to use and disclose MMA's confidential and trade secret information.

168. Defendants are continuing to use, disclose to others, and misappropriate MMA's confidential information and trade secrets.

169. Defendants have acted with intentional, malicious and/or otherwise wanton disregard of MMA's rights.

170. As a direct and proximate result of Defendants' misappropriation of MMA's confidential information and trade secrets, MMA has suffered and will continue to

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/27/2026

suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, and plus exemplary damages.

171.    Defendants are continuing to misappropriate MMA's confidential information and trade secrets, and unless enjoined by this Court, Defendants will continue to do so.

172.    As a result of the foregoing actions of Defendants and their misappropriation of MMA's confidential information and trade secrets, MMA has and will continue to suffer irreparable harm.

173.    MMA has no adequate remedy at law to prevent this ongoing misappropriation of MMA's confidential information and trade secrets.

174.    Accordingly, MMA is entitled to an injunction prohibiting Defendants from misappropriating MMA's confidential information and trade secrets.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Unfair Competition Against All Defendants)

175.    MMA repeats and realleges each and every allegation contained in Paragraphs "1" through "174" of the Complaint, with the same force and effect as though set forth herein at length.

176.    By virtue of the conduct as alleged herein, Defendants have intentionally, knowingly and maliciously competed unfairly with MMA, including but not limited to their conduct in using and/or disclosing MMA confidential information and trade secrets to solicit clients.

177.    Defendants have acted with intentional, malicious and/or wanton disregard of MMA's rights.

27

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 05/27/2026

178. As a direct and proximate result of Defendants' conduct, MMA has suffered and will continue to suffer damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation, and lost business and other damages in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, and plus exemplary damages.

179. Unless enjoined by this Court, Defendants will continue to engage in unfair competition against MMA.

180. MMA has no adequate remedy at law to prevent this irreparable harm.

181. Accordingly, MMA is entitled to an injunction prohibiting Defendants from continuing to engage in unfair competition against it.

182. As a direct and proximate result of Defendants' conduct, MMA has suffered and continues to suffer the disruption of its business relationships and the loss of clients and potential clients, dilution of good will, injury to its reputation, misappropriation of its skills and expenditures and devaluation of its valuable property rights, benefits, business and commercial practices.

183. Defendants' unfair competitive practices have caused and will continue to cause MMA substantial injury, including but not limited to, actual damages, lost profits, harm to its reputation, and the diminution in value of its valuable property rights and benefits. Defendants have been unjustly enriched by their unfair competitive practices.

**WHEREFORE**, MMA prays for judgment against Defendants as follows:

(a) For injunctive relief as set forth herein;

(b) For damages, losses and expenses in an amount which presently is unascertainable but is in excess of $10,000,000, plus interest, plus exemplary damages, or for such other or further amount as the Court deems just and proper;

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d) (3) (i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 05/27/2026

(c) For an order requiring the Defendants to disgorge all monies they have wrongfully obtained as a result of the foregoing alleged wrongful conduct;

(d) For reasonable attorneys' fees and costs of litigation; and,

(e) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____

Clifford R. Atlas
Paige C. Goldberg

ATTORNEYS FOR PLAINTIFF
MARSH McLENNAN AGENCY LLC

Dated: May 27, 2026
New York, New York

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been

NYSCEF DOC. NO. 2                                            RECEIVED NYSCEF: 05/27/202

## VERIFICATION

STATE OF NEW YORK          )
                                    ) ss.:

COUNTY OF NEW YORK      )

Craig Herr, being duly sworn, deposes and says:

1.      I am a Sr. Executive Vice President/Managing Director for MMA.

2.      I have read the foregoing Verified Complaint and believe the contents thereof to be true based on my personal knowledge and my review of MMA's business records.

Craig Herr

Sworn to and subscribed before me this 27th day of May 2026.

Notary Public

**MY COMMISSION EXPIRES 08/12/2028**

30

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject

# <u>EXHIBIT A</u>

**(Exhibit missing from Complaint)**

# EXHIBIT B

# (Exhibit missing from Complaint)

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 5

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 36 of 257

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT C

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 5    RECEIVED NYSCEF: 05/27/2026
Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 37 of 257

### JSL, A MARSH & MCLENNAN AGENCY LLC COMPANY
### NON-SOLICITATION AND CONFIDENTIALITY AGREEMENT

This AGREEMENT (this "Agreement"), effective as of the closing of the JSL Acquisition (as defined below), is between JSL, a Marsh & McLennan Agency LLC company and the subsidiaries thereof (collectively, "Employer"), together with its and their respective parents and affiliates (the "Company"), and Albert Evans, an employee of Employer (the "Employee").

RECITALS:

WHEREAS, effective on January 31, 2017, Employer acquired by merger J. Smith Lanier & Co. (JSL or the "Target") (such acquisition referred to herein as the "JSL Acquisition");

WHEREAS, as part of the JSL Acquisition, Employer acquired the goodwill, clients and prospective clients of JSL;

WHEREAS, this Agreement is necessary to protect the goodwill, clients and prospective clients acquired by Employer and the value of the JSL Acquisition;

WHEREAS, Employee was employed by JSL prior to the JSL Acquisition and is now becoming employed by Employer; and

WHEREAS, Employee will have access to and learn Confidential Information and Trade Secrets belonging to the Company.

NOW, THEREFORE, for good and sufficient consideration as set forth herein, the Employer and the Employee hereby agree to be bound by this Non-Solicitation and Confidentiality Agreement, as follows:

### 1.    Non-Solicitation Of Clients

(a) Employee acknowledges and agrees that solely by reason of employment by Employer, including its predecessor, JSL, Employee has and will come into contact with and develop and maintain relationships with a significant number of the Company's clients and prospective clients, and will have access to Confidential Information and Trade Secrets relating thereto, including those regarding the Company's clients, prospective clients and related information.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Employer, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or indirectly: (i) solicit clients or prospective clients of the Company for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Employee while he or she was employed by the Company; (ii) induce clients or prospective clients of the Company to terminate, cancel, not renew, or not place business with the Company, (iii) perform or supervise

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 2

the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company, or (iv) assist others to do the acts specified in Sections 1(b)(i)-(iii). For the avoidance of doubt, the restriction set forth in this Section 1 applies to those clients or prospective clients of the Company, including its predecessor, JSL, and with which Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company. For the purposes of this Section 1, the term "contact" means interaction between Employee and the client, which takes place to further the business relationship, or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client on behalf of the Company. For purposes of this Section 1, the term "contact" with respect to a "prospective" client means interaction between Employee and a potential client of the Company that takes place to obtain the business of the potential client on behalf of the Company. It shall not be a defense to a claim that this Section has been breached that Employee's new employer or entity for which Employee is performing services has previously solicited or served the client. Employee shall not engage in any subterfuge to circumvent this prohibition, including, but not limited to accompanying others on calls to the client, contacting the client with other persons, supervising other persons in soliciting or serving the client, providing Confidential Information and Trade Secrets to others to assist them in soliciting or serving the client, participating in developing presentations to be made to the client, or other similar activities.

## 2.    Non-Solicitation Of Employees

Employee acknowledges and agrees that solely as a result of employment with the Company, and in light of the broad responsibilities of such employment which include working with other employees of the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees. Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets to leave employment with the Company.

## 3.    Conflict Of Interest

Employee may not use his or her position, influence, knowledge of Confidential Information and Trade Secrets or the Company's assets for personal gain, except as specifically provided in this Agreement. A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, client or prospective client without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal; provided, any such interest in existence as of the date of the closing of the JSL Acquisition shall be deemed to have been approved by the President or highest executive officer of Employer for purposes of this section.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 3

## 4.    Acknowledgement of Confidential Nature of Work and Related Definitions.

Employee understands and acknowledges that: (i) as an employee of the Company he or she will learn or have access to, or may assist in the development of, highly confidential and sensitive information and trade secrets about the Company, its operations and its clients; and (ii) providing its clients with appropriate assurances that their confidences will be protected is crucial to the Company's ability to obtain clients, maintain good client relations, and conform to contractual obligations.

For the purposes of this Agreement, "Confidential Information and Trade Secrets" shall consist of and include but are not limited to: (i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, including those of Employer's predecessor JSL, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, including employees of Employer's predecessor JSL, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is subject to a restriction on disclosure or which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below). Confidential Information and Trade Secrets are not generally known or available to the general public, but have been developed, compiled or acquired by the Company at its great effort and expense. Confidential Information and Trade Secrets can be in any form, including but not limited to: oral, written or machine readable, including electronic files.

For purposes of this Agreement, "Intellectual Property" shall include, but not be limited to, all inventions, designs, specifications, formulations, products, discoveries, articles, reports, models (computer or otherwise), processes, methods, frameworks, methods of analysis, systems, techniques, trademarks, service marks, names, trade secrets, concepts and ideas, the expressions of all concepts and ideas, creations, work product or contributions thereto, computer programs, software, data processing systems, improvements, and all modifications and developments with respect to the foregoing, and know-how related thereto, whether or not any such Intellectual Property is eligible for patent, trademark, copyright, trade secret or other legal protection, and regardless of whether containing or constituting Confidential Information and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)        INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 5                                                                 RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 40 of 257



Page 4

Trade Secrets as defined in this Section 4.

For purposes of this Agreement, "Copyrightable Works" means any Intellectual Property subject to copyright protection as defined by the U.S. Copyright Act, 17 U.S.C. § 102 including, but not limited to, catalogs, directories, factual, reference or instructional works, literary and dramatic works, pictorial, musical and graphic works, motion pictures and other audiovisual works, sound recordings, architectural works and compilations of data, computer data bases and computer programs.

## 5.   Nondisclosure of Confidential Information and Trade Secrets

Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that its competitive position depends upon its ability to maintain the confidentiality of the Confidential Information and Trade Secrets which were developed, compiled and acquired by the Company at its great effort and expense. Employee further acknowledges and agrees that any disclosing, divulging, revealing, or using of any of the Confidential Information and Trade Secrets, other than in connection with the Company's business or as specifically authorized by the Company, will be highly detrimental to the Company and cause it to suffer serious loss of business and pecuniary damage. Accordingly, Employee agrees that he or she will not, while associated with the Company and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information or Trade Secrets, except as required to carry out his duties as an employee of the Company, and except as expressly authorized by the President or highest executive officer of the Employer. Employee understands that nothing in this Agreement is intended to prohibit him or her from discussing with other employees, or with third parties who are not future employers or competitors of the Company, wages, hours, or other terms and conditions of employment.

Employee understands that under the federal Defend Trade Secrets Act of 2016, s/he shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

Employee further understands that nothing contained in this Agreement limits Employee's ability to (i) file a charge and/or complaint or participate in a proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, and/or any other federal, state, or local governmental agency or commission (collectively, the "Government Agencies"); or (2) exercise Employee's rights under Section 7 of the National Labor Relations Act to engage in protected or concerted activity with other employees. Employee also understands that this Agreement does not limit his/her ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 5

conducted by any Government Agencies, including providing documents or other information, without notice to the Company. In addition, this Agreement does not limit Employee's right to receive any award, monetary payment, and/or financial incentive from any Government Agencies (and not the Company) for information provided to said Government Agencies.

**6.     Return of Materials Upon Termination of Employment**

Immediately upon the termination of employment with the Company for any reason, or at any time the Company so requests, Employee will return to the Company: (i) any originals and all copies of all files, notes, documents, slides (including transparencies), computer disks, printouts, reports, lists of the Company's clients or leads or referrals to prospective clients, and other media or property in Employee's possession or control which contain or pertain to Confidential Information and Trade Secrets; and (ii) all property of the Company, including, but not limited to, supplies, keys, access devices, books, identification cards, computers, telephones and other equipment.  Employee agrees that upon completion of the obligations set forth in this Section 6, and if requested by the Company, he or she will execute a statement declaring that he or she has retained no property of the Company or materials containing Confidential Information and Trade Secrets nor has he or she supplied the same to any person, except as required to carry out his or her duties as an employee of the Company.  A receipt signed by an Officer of the Employer itemizing the returned property is necessary to demonstrate that Employee has returned all such property to the Company.

**7.     Proper Use of Technology**

Employee acknowledges and agrees that Employee is not authorized to access and use the Company's computer systems and protected computers, including laptop computers and Company PDA's, and the data contained therein, for personal gain or to benefit third parties (other than in the course of Employee's performance of services for the Company or as expressly and specifically authorized by the Company) and that any such access or use is unauthorized and may be punishable by law as well as constituting a breach of this Agreement.

**8.     Assignment of Rights to Intellectual Property; Ownership of Copyrightable Work**

Employee hereby assigns, and agrees to assign, to the Company all present and future right, title and interest in and to any Intellectual Property conceived, discovered, reduced to practice and/or made by Employee during the period of time that Employee is employed by the Company (whether before, on or after the date of this Agreement), whether such Intellectual Property was conceived, discovered and/or reduced to practice and/or made by Employee solely or jointly with others, on or off the premises of the Company's business, or during or after working hours, if such Intellectual Property: (i) was conceived, discovered, reduced to practice and/or made with the Company's facilities, equipment, supplies, Confidential Information and Trade Secrets; or (ii) relates to the Company's current, potential or anticipated business activities, work or research; or (iii) results from work done or to be done by Employee or under his or her direction, alone or jointly, for the Company.  Employee further acknowledges and agrees that such Intellectual Property as referred to herein belongs to the Company and that the Company may keep such Intellectual Property and/or processes pertaining thereto, whether patented or copyrighted or not,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)       INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 5       Case 1:26-cv-04465-JPC       Document 1-1       Filed 05/28/26       Page 42 of 257       RECEIVED NYSCEF: 05/27/2026

Page 6

as Confidential Information and Trade Secrets and make all decisions regarding whether and how to use such Intellectual Property and/or processes. Employee further agrees not to use or seek any commercial exploitation of or otherwise use any Intellectual Property required to be assigned under this Agreement for personal use.

Employee acknowledges, agrees, and intends that all Copyrightable Works he or she creates during the period of time that he or she is employed by the Company (whether before, on or after the date of this Agreement) and within the scope of his or her employment shall be considered to be "works made for hire" as defined under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq. Employee also acknowledges, agrees, and intends that the Company will be deemed the author of all such works made for hire and the owner of all of the rights comprised in the copyright of such works.

Employee agrees that he or she will (i) promptly disclose such Intellectual Property and Copyrightable Works to the Company; (ii) assign to the Company, without additional compensation, the entire rights to Intellectual Property and Copyrightable Works for the United States and all foreign countries; (iii) execute assignments and all other documentation and do all acts at the Company's expense necessary to carry out the above, including enabling the Company to file and prosecute applications for, acquire, ascertain and enforce in all countries, letters patent, trademark registrations and/or copyrights covering or otherwise relating to Intellectual Property and Copyrightable Works and to enable the Company to protect its proprietary interests therein; and (iv) give testimony in any action or proceeding to enforce rights in the Intellectual Property and Copyrightable Works.

Employee understands and agrees that: (i) no license or conveyance of any rights or warranty is granted or implied by the Company furnishing or disclosing any Intellectual Property or Copyrightable Works to Employee; and (ii) the Company shall retain whatever ownership and other proprietary rights it otherwise has in all Intellectual Property and Copyrightable Works.

## 9.      Employee's Acknowledgment

Employee hereby expressly acknowledges and agrees that (a) the restrictions and obligations set forth in and imposed by Sections 1, 2, 3, 4, 5, 6, 7 or 8 will not prevent Employee from obtaining gainful employment in Employee's field of expertise or cause Employee undue hardship; and (b) the restrictions and obligations imposed on Employee under Sections 1, 2, 3, 4, 5, 6, 7 or 8 are necessary to protect the legitimate business interests of the Company and are reasonable in view of the benefits and consideration Employee has received or will receive from the Company.

## 10.      Equitable Relief

In recognition of the fact that irreparable injury will result to the Company in the event of a breach by Employee of his or her obligations under Section 1, 2, 3, 4, 5, 6, 7 or 8 of this Agreement, that monetary damages for such breach would not be readily calculable, and that the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 7

Company would not have an adequate remedy at law therefor, the Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (a) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by Employee and persons acting for or in connection with Employee and (b) recovery of all reasonable sums and costs, including attorneys' fees, expert witness fees, expenses and costs incurred by the Company in investigating or seeking to enforce the provisions of this Agreement.

The restrictive periods set forth in this Agreement (including those set forth in Sections 1, 2 and 5 hereof) shall not expire and shall be tolled during any period in which Employee is in violation of such restrictive periods, and therefore such restrictive periods shall be extended for periods equal to the durations of Employee's violations thereof.

## 11.    Severability

The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will. It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies. Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable. Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

## 12.    Other Agreements and Obligations Survive

Neither Employee nor the Company intends to waive or release the applicability of any other more extensive legal or contractual obligations Employee may owe the Company at any particular time, including, but not limited to, obligations under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, with regard to the subject matters of Sections 1, 2, 3, 4, 5, 6, 7 or 8.

Except as otherwise provided in this Section, the obligations of Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding the Employee which apply to Employee's business activities during and/or subsequent to Employee's employment by the Company, including but not limited to any employment agreement between Employee and the Company executed at any time hereafter, and any agreements Employee executed with JSL containing non-solicitation of clients, non-solicitation of employees, non-disclosure of confidential information, or similar provisions (the "Target Restrictive Covenant Agreements"). Employee hereby agrees that JSL Restrictive Covenant Agreements may be assigned to Employer, acknowledges that they have been assigned to Employer, and agrees that they may be enforced by the Company. The obligations under this Agreement also shall survive any changes made in the future to the employment terms of Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 8

responsibilities.

**13.  Employment Unaltered**

Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his or her employment with the Company will continue for any period of time.  Unless otherwise agreed to under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, employment with the Company is "at-will," and may be terminated either by Employee or the Company at any time, with or without cause, and with or without notice.

**14.  Binding Effect; Assignment**

Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he or she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Employee consents that any such subsidiary or affiliate may enforce this Agreement.  Further, the rights of the Company hereunder may be assigned, without consent of Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company.

**15.  Governing Law and Choice of Forum**

The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions.  The parties being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Civil Court of the City of New York, New York County, or in the Supreme Court of the State of New York, New York or in the United States District Court for the Southern District of New York or in such other courts of appropriate jurisdiction sitting in the State and County of New York, New York and the parties agree to the jurisdiction thereof.  The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum.  Employee recognizes that, should any dispute or controversy arising from or relating to this Agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information and Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be tried without a jury.

**16.  Non-Waiver**

The failure of either the Company or Employee, whether purposeful or otherwise, to exercise in any instance any right, power, or privilege under this Agreement or under law shall

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 9

not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by the Company or by Employee must be in a written or electronic instrument signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Company is seeking to waive any of its rights under this Agreement.

### 17.    Modification; Agreement to Enter into Additional Agreements

No modification of this Agreement shall be valid unless made in a written or electronic instrument signed by both parties hereto, wherein specific reference is made to this Agreement; provided, however, that the Company may make changes to the Agreement that are favorable to Employee (*e.g.*, to conform the provisions of this Agreement to changes in court decisions or legislation), without securing the written consent of Employee to the change. Should Employee move to a different state or jurisdiction while employed by the Company or upon written request of the Company, Employee agrees to sign, without further consideration, upon direction by the Company, such further writings to effectuate the provisions of this Agreement as necessary to comply with applicable law. Employee's failure to sign such additional agreements shall constitute a breach of this Agreement.

### 18.    Cooperation

Both during Employee's employment with the Company and after the termination thereof for any reason, Employee agrees to provide the Company with such information relating to his or her work for the Company or others, as the Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

### 19.    Disclosure

For a period of two (2) years after termination of employment with the Employer, Employee agrees to provide his or her new employer with a copy of this Agreement prior to taking a position with such new employer. Employee also hereby specifically authorizes the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee further specifically authorizes the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Company and indicate that Employee has entered into this Agreement with the intention that the Company and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

### 20.    Headings

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 10

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

**JSL,**
**A MARSH & MCLENNAN AGENCY LLC COMPANY**

By: _____

Name:     Sharon M. Werner

Title:     Senior Vice President, Human Resources


_____
Employee

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# EXHIBIT D

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 6

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 48 of 257

### JSL, A MARSH & MCLENNAN AGENCY LLC COMPANY
### NON-SOLICITATION AND CONFIDENTIALITY AGREEMENT

This AGREEMENT (this "Agreement"), effective as of the closing of the JSL Acquisition (as defined below), is between JSL, a Marsh & McLennan Agency LLC company and the subsidiaries thereof (collectively, "Employer"), together with its and their respective parents and affiliates (the "Company"), and Jeffrey Cutshall, an employee of Employer (the "Employee").

R E C I T A L S:

WHEREAS, effective on January 31, 2017, Employer acquired by merger J. Smith Lanier & Co. (JSL or the "Target") (such acquisition referred to herein as the "JSL Acquisition");

WHEREAS, as part of the JSL Acquisition, Employer acquired the goodwill, clients and prospective clients of JSL;

WHEREAS, this Agreement is necessary to protect the goodwill, clients and prospective clients acquired by Employer and the value of the JSL Acquisition;

WHEREAS, Employee was employed by JSL prior to the JSL Acquisition and is now becoming employed by Employer; and

WHEREAS, Employee will have access to and learn Confidential Information and Trade Secrets belonging to the Company.

NOW, THEREFORE, for good and sufficient consideration as set forth herein, the Employer and the Employee hereby agree to be bound by this Non-Solicitation and Confidentiality Agreement, as follows:

### 1.    Non-Solicitation Of Clients

(a) Employee acknowledges and agrees that solely by reason of employment by Employer, including its predecessor, JSL, Employee has and will come into contact with and develop and maintain relationships with a significant number of the Company's clients and prospective clients, and will have access to Confidential Information and Trade Secrets relating thereto, including those regarding the Company's clients, prospective clients and related information.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Employer, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or indirectly: (i) solicit clients or prospective clients of the Company for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Employee while he or she was employed by the Company; (ii) induce clients or prospective clients of the Company to terminate, cancel, not renew, or not place business with the Company, (iii) perform or supervise

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6

Page 2

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 49 of 257
RECEIVED NYSCEF: 05/27/2026

the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company, or (iv) assist others to do the acts specified in Sections 1(b)(i)-(iii). For the avoidance of doubt, the restriction set forth in this Section 1 applies to those clients or prospective clients of the Company, including its predecessor, JSL, and with which Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company. For the purposes of this Section 1, the term "contact" means interaction between Employee and the client, which takes place to further the business relationship, or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client on behalf of the Company. For purposes of this Section 1, the term "contact" with respect to a "prospective" client means interaction between Employee and a potential client of the Company that takes place to obtain the business of the potential client on behalf of the Company. It shall not be a defense to a claim that this Section has been breached that Employee's new employer or entity for which Employee is performing services has previously solicited or served the client. Employee shall not engage in any subterfuge to circumvent this prohibition, including, but not limited to accompanying others on calls to the client, contacting the client with other persons, supervising other persons in soliciting or serving the client, providing Confidential Information and Trade Secrets to others to assist them in soliciting or serving the client, participating in developing presentations to be made to the client, or other similar activities.

## 2. Non-Solicitation Of Employees

Employee acknowledges and agrees that solely as a result of employment with the Company, and in light of the broad responsibilities of such employment which include working with other employees of the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees,. Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets to leave employment with the Company.

## 3. Conflict Of Interest

Employee may not use his or her position, influence, knowledge of Confidential Information and Trade Secrets or the Company's assets for personal gain, except as specifically provided in this Agreement. A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, client or prospective client without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal; provided, any such interest in existence as of the date of the closing of the JSL Acquisition shall be deemed to have been approved by the President or highest executive officer of Employer for purposes of this section.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)  INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6  Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 50 of 257   RECEIVED NYSCEF: 05/27/2026

Page 3

## 4.   Acknowledgement of Confidential Nature of Work and Related Definitions.

Employee understands and acknowledges that: (i) as an employee of the Company he or she will learn or have access to, or may assist in the development of, highly confidential and sensitive information and trade secrets about the Company, its operations and its clients; and (ii) providing its clients with appropriate assurances that their confidences will be protected is crucial to the Company's ability to obtain clients, maintain good client relations, and conform to contractual obligations.

For the purposes of this Agreement, "Confidential Information and Trade Secrets" shall consist of and include but are not limited to: (i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, including those of Employer's predecessor JSL, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, including employees of Employer's predecessor JSL, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is subject to a restriction on disclosure or which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below). Confidential Information and Trade Secrets are not generally known or available to the general public, but have been developed, compiled or acquired by the Company at its great effort and expense. Confidential Information and Trade Secrets can be in any form, including but not limited to: oral, written or machine readable, including electronic files.

For purposes of this Agreement, "Intellectual Property" shall include, but not be limited to, all inventions, designs, specifications, formulations, products, discoveries, articles, reports, models (computer or otherwise), processes, methods, frameworks, methods of analysis, systems, techniques, trademarks, service marks, names, trade secrets, concepts and ideas, the expressions of all concepts and ideas, creations, work product or contributions thereto, computer programs, software, data processing systems, improvements, and all modifications and developments with respect to the foregoing, and know-how related thereto, whether or not any such Intellectual Property is eligible for patent, trademark, copyright, trade secret or other legal protection, and regardless of whether containing or constituting Confidential Information and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)  INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6  Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 51 of 257  RECEIVED NYSCEF: 05/27/2026

Page 4

Trade Secrets as defined in this Section 4.

For purposes of this Agreement, "Copyrightable Works" means any Intellectual Property subject to copyright protection as defined by the U.S. Copyright Act, 17 U.S.C. § 102 including, but not limited to, catalogs, directories, factual, reference or instructional works, literary and dramatic works, pictorial, musical and graphic works, motion pictures and other audiovisual works, sound recordings, architectural works and compilations of data, computer data bases and computer programs.

5. **Nondisclosure of Confidential Information and Trade Secrets**

Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that its competitive position depends upon its ability to maintain the confidentiality of the Confidential Information and Trade Secrets which were developed, compiled and acquired by the Company at its great effort and expense. Employee further acknowledges and agrees that any disclosing, divulging, revealing, or using of any of the Confidential Information and Trade Secrets, other than in connection with the Company's business or as specifically authorized by the Company, will be highly detrimental to the Company and cause it to suffer serious loss of business and pecuniary damage. Accordingly, Employee agrees that he or she will not, while associated with the Company and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information or Trade Secrets, except as required to carry out his duties as an employee of the Company, and except as expressly authorized by the President or highest executive officer of the Employer. Employee understands that nothing in this Agreement is intended to prohibit him or her from discussing with other employees, or with third parties who are not future employers or competitors of the Company, wages, hours, or other terms and conditions of employment.

Employee understands that under the federal Defend Trade Secrets Act of 2016, s/he shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

Employee further understands that nothing contained in this Agreement limits Employee's ability to (i) file a charge and/or complaint or participate in a proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, and/or any other federal, state, or local governmental agency or commission (collectively, the "Government Agencies"); or (2) exercise Employee's rights under Section 7 of the National Labor Relations Act to engage in protected or concerted activity with other employees. Employee also understands that this Agreement does not limit his/her ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6   Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 52 of 257 CEF: 05/27/2026

Page 5

conducted by any Government Agencies, including providing documents or other information, without notice to the Company. In addition, this Agreement does not limit Employee's right to receive any award, monetary payment, and/or financial incentive from any Government Agencies (and not the Company) for information provided to said Government Agencies.

**6.    Return of Materials Upon Termination of Employment**

Immediately upon the termination of employment with the Company for any reason, or at any time the Company so requests, Employee will return to the Company: (i) any originals and all copies of all files, notes, documents, slides (including transparencies), computer disks, printouts, reports, lists of the Company's clients or leads or referrals to prospective clients, and other media or property in Employee's possession or control which contain or pertain to Confidential Information and Trade Secrets; and (ii) all property of the Company, including, but not limited to, supplies, keys, access devices, books, identification cards, computers, telephones and other equipment.  Employee agrees that upon completion of the obligations set forth in this Section 6, and if requested by the Company, he or she will execute a statement declaring that he or she has retained no property of the Company or materials containing Confidential Information and Trade Secrets nor has he or she supplied the same to any person, except as required to carry out his or her duties as an employee of the Company.  A receipt signed by an Officer of the Employer itemizing the returned property is necessary to demonstrate that Employee has returned all such property to the Company.

**7.    Proper Use of Technology**

Employee acknowledges and agrees that Employee is not authorized to access and use the Company's computer systems and protected computers, including laptop computers and Company PDA's, and the data contained therein, for personal gain or to benefit third parties (other than in the course of Employee's performance of services for the Company or as expressly and specifically authorized by the Company) and that any such access or use is unauthorized and may be punishable by law as well as constituting a breach of this Agreement.

**8.    Assignment of Rights to Intellectual Property; Ownership of Copyrightable Work**

Employee hereby assigns, and agrees to assign, to the Company all present and future right, title and interest in and to any Intellectual Property conceived, discovered, reduced to practice and/or made by Employee during the period of time that Employee is employed by the Company (whether before, on or after the date of this Agreement), whether such Intellectual Property was conceived, discovered and/or reduced to practice and/or made by Employee solely or jointly with others, on or off the premises of the Company's business, or during or after working hours, if such Intellectual Property: (i) was conceived, discovered, reduced to practice and/or made with the Company's facilities, equipment, supplies, Confidential Information and Trade Secrets; or (ii) relates to the Company's current, potential or anticipated business activities, work or research; or (iii) results from work done or to be done by Employee or under his or her direction, alone or jointly, for the Company.  Employee further acknowledges and agrees that such Intellectual Property as referred to herein belongs to the Company and that the Company may keep such Intellectual Property and/or processes pertaining thereto, whether patented or copyrighted or not,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6                                                                              RECEIVED NYSCEF: 05/27/2026

Page 6

as Confidential Information and Trade Secrets and make all decisions regarding whether and how to use such Intellectual Property and/or processes. Employee further agrees not to use or seek any commercial exploitation of or otherwise use any Intellectual Property required to be assigned under this Agreement for personal use.

Employee acknowledges, agrees, and intends that all Copyrightable Works he or she creates during the period of time that he or she is employed by the Company (whether before, on or after the date of this Agreement) and within the scope of his or her employment shall be considered to be "works made for hire" as defined under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq. Employee also acknowledges, agrees, and intends that the Company will be deemed the author of all such works made for hire and the owner of all of the rights comprised in the copyright of such works.

Employee agrees that he or she will (i) promptly disclose such Intellectual Property and Copyrightable Works to the Company; (ii) assign to the Company, without additional compensation, the entire rights to Intellectual Property and Copyrightable Works for the United States and all foreign countries; (iii) execute assignments and all other documentation and do all acts at the Company's expense necessary to carry out the above, including enabling the Company to file and prosecute applications for, acquire, ascertain and enforce in all countries, letters patent, trademark registrations and/or copyrights covering or otherwise relating to Intellectual Property and Copyrightable Works and to enable the Company to protect its proprietary interests therein; and (iv) give testimony in any action or proceeding to enforce rights in the Intellectual Property and Copyrightable Works.

Employee understands and agrees that: (i) no license or conveyance of any rights or warranty is granted or implied by the Company furnishing or disclosing any Intellectual Property or Copyrightable Works to Employee; and (ii) the Company shall retain whatever ownership and other proprietary rights it otherwise has in all Intellectual Property and Copyrightable Works.

9.    **Employee's Acknowledgment**

Employee hereby expressly acknowledges and agrees that (a) the restrictions and obligations set forth in and imposed by Sections 1, 2, 3, 4, 5, 6, 7 or 8 will not prevent Employee from obtaining gainful employment in Employee's field of expertise or cause Employee undue hardship; and (b) the restrictions and obligations imposed on Employee under Sections 1, 2, 3, 4, 5, 6, 7 or 8 are necessary to protect the legitimate business interests of the Company and are reasonable in view of the benefits and consideration Employee has received or will receive from the Company.

10.    **Equitable Relief**

In recognition of the fact that irreparable injury will result to the Company in the event of a breach by Employee of his or her obligations under Section 1, 2, 3, 4, 5, 6, 7 or 8 of this Agreement, that monetary damages for such breach would not be readily calculable, and that the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 54 of 257

RECEIVED NYSCEF: 05/27/2026

Page 7

Company would not have an adequate remedy at law therefor, the Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (a) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by Employee and persons acting for or in connection with Employee and (b) recovery of all reasonable sums and costs, including attorneys' fees, expert witness fees, expenses and costs incurred by the Company in investigating or seeking to enforce the provisions of this Agreement.

The restrictive periods set forth in this Agreement (including those set forth in Sections 1, 2 and 5 hereof) shall not expire and shall be tolled during any period in which Employee is in violation of such restrictive periods, and therefore such restrictive periods shall be extended for periods equal to the durations of Employee's violations thereof.

## 11.    Severability

The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will. It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies. Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable. Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

## 12.    Other Agreements and Obligations Survive

Neither Employee nor the Company intends to waive or release the applicability of any other more extensive legal or contractual obligations Employee may owe the Company at any particular time, including, but not limited to, obligations under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, with regard to the subject matters of Sections 1, 2, 3, 4, 5, 6, 7 or 8.

Except as otherwise provided in this Section, the obligations of Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding the Employee which apply to Employee's business activities during and/or subsequent to Employee's employment by the Company, including but not limited to any employment agreement between Employee and the Company executed at any time hereafter, and any agreements Employee executed with JSL containing non-solicitation of clients, non-solicitation of employees, non-disclosure of confidential information, or similar provisions (the "Target Restrictive Covenant Agreements"). Employee hereby agrees that JSL Restrictive Covenant Agreements may be assigned to Employer, acknowledges that they have been assigned to Employer, and agrees that they may be enforced by the Company. The obligations under this Agreement also shall survive any changes made in the future to the employment terms of Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 55 of 257     RECEIVED NYSCEF: 05/27/2026

Page 8

responsibilities.

### 13.    Employment Unaltered

Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his or her employment with the Company will continue for any period of time.  Unless otherwise agreed to under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, employment with the Company is "at-will," and may be terminated either by Employee or the Company at any time, with or without cause, and with or without notice.

### 14.    Binding Effect; Assignment

Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he or she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Employee consents that any such subsidiary or affiliate may enforce this Agreement.  Further, the rights of the Company hereunder may be assigned, without consent of Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company.

### 15.    Governing Law and Choice of Forum

The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions.  The parties being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Civil Court of the City of New York, New York County, or in the Supreme Court of the State of New York, New York or in the United States District Court for the Southern District of New York or in such other courts of appropriate jurisdiction sitting in the State and County of New York, New York and the parties agree to the jurisdiction thereof.  The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum.  Employee recognizes that, should any dispute or controversy arising from or relating to this Agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information and Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be tried without a jury.

### 16.    Non-Waiver

The failure of either the Company or Employee, whether purposeful or otherwise, to exercise in any instance any right, power, or privilege under this Agreement or under law shall

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 56 of 257 NYSCEF: 05/27/2026

Page 9

not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by the Company or by Employee must be in a written or electronic instrument signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Company is seeking to waive any of its rights under this Agreement.

### 17.    Modification; Agreement to Enter into Additional Agreements

No modification of this Agreement shall be valid unless made in a written or electronic instrument signed by both parties hereto, wherein specific reference is made to this Agreement; provided, however, that the Company may make changes to the Agreement that are favorable to Employee (*e.g.*, to conform the provisions of this Agreement to changes in court decisions or legislation), without securing the written consent of Employee to the change. Should Employee move to a different state or jurisdiction while employed by the Company or upon written request of the Company, Employee agrees to sign, without further consideration, upon direction by the Company, such further writings to effectuate the provisions of this Agreement as necessary to comply with applicable law. Employee's failure to sign such additional agreements shall constitute a breach of this Agreement.

### 18.    Cooperation

Both during Employee's employment with the Company and after the termination thereof for any reason, Employee agrees to provide the Company with such information relating to his or her work for the Company or others, as the Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

### 19.    Disclosure

For a period of two (2) years after termination of employment with the Employer, Employee agrees to provide his or her new employer with a copy of this Agreement prior to taking a position with such new employer. Employee also hereby specifically authorizes the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee further specifically authorizes the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Company and indicate that Employee has entered into this Agreement with the intention that the Company and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

### 20.    Headings

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 6   Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 57 of 257   RECEIVED NYSCEF: 05/27/2026

Page 10

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

**JSL,
A MARSH & MCLENNAN AGENCY LLC COMPANY**

By: _____

Name:    Sharon M. Werner

Title:    Senior Vice President, Human Resources

_____
Employee

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 7

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 58 of 257

# EXHIBIT E

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## JSL, A MARSH & MCLENNAN AGENCY LLC COMPANY
## NON-SOLICITATION AND CONFIDENTIALITY AGREEMENT

This AGREEMENT (this "Agreement"), effective as of the closing of the JSL Acquisition (as defined below), is between JSL, a Marsh & McLennan Agency LLC company and the subsidiaries thereof (collectively, "Employer"), together with its and their respective parents and affiliates (the "Company"), and Rebecca Burrus, an employee of Employer (the "Employee").

R E C I T A L S:

WHEREAS, effective on January 31, 2017, Employer acquired by merger J. Smith Lanier & Co. (JSL or the "Target") (such acquisition referred to herein as the "JSL Acquisition");

WHEREAS, as part of the JSL Acquisition, Employer acquired the goodwill, clients and prospective clients of JSL;

WHEREAS, this Agreement is necessary to protect the goodwill, clients and prospective clients acquired by Employer and the value of the JSL Acquisition;

WHEREAS, Employee was employed by JSL prior to the JSL Acquisition and is now becoming employed by Employer; and

WHEREAS, Employee will have access to and learn Confidential Information and Trade Secrets belonging to the Company.

NOW, THEREFORE, for good and sufficient consideration as set forth herein, the Employer and the Employee hereby agree to be bound by this Non-Solicitation and Confidentiality Agreement, as follows:

1.    **Non-Solicitation Of Clients**

(a) Employee acknowledges and agrees that solely by reason of employment by Employer, including its predecessor, JSL, Employee has and will come into contact with and develop and maintain relationships with a significant number of the Company's clients and prospective clients, and will have access to Confidential Information and Trade Secrets relating thereto, including those regarding the Company's clients, prospective clients and related information.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Employer, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or indirectly: (i) solicit clients or prospective clients of the Company for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Employee while he or she was employed by the Company; (ii) induce clients or prospective clients of the Company to terminate, cancel, not renew, or not place business with the Company, (iii) perform or supervise

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 7    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 60 of 257    RECEIVED NYSCEF: 05/27/2026

Page 2

the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company, or (iv) assist others to do the acts specified in Sections 1(b) (i)-(iii). For the avoidance of doubt, the restriction set forth in this Section 1 applies to those clients or prospective clients of the Company, including its predecessor, JSL, and with which Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company. For the purposes of this Section 1, the term "contact" means interaction between Employee and the client, which takes place to further the business relationship, or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client on behalf of the Company. For purposes of this Section 1, the term "contact" with respect to a "prospective" client means interaction between Employee and a potential client of the Company that takes place to obtain the business of the potential client on behalf of the Company. It shall not be a defense to a claim that this Section has been breached that Employee's new employer or entity for which Employee is performing services has previously solicited or served the client. Employee shall not engage in any subterfuge to circumvent this prohibition, including, but not limited to accompanying others on calls to the client, contacting the client with other persons, supervising other persons in soliciting or serving the client, providing Confidential Information and Trade Secrets to others to assist them in soliciting or serving the client, participating in developing presentations to be made to the client, or other similar activities.

## 2.    Non-Solicitation Of Employees

Employee acknowledges and agrees that solely as a result of employment with the Company, and in light of the broad responsibilities of such employment which include working with other employees of the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees,. Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets to leave employment with the Company.

## 3.    Conflict Of Interest

Employee may not use his or her position, influence, knowledge of Confidential Information and Trade Secrets or the Company's assets for personal gain, except as specifically provided in this Agreement. A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, client or prospective client without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal; provided, any such interest in existence as of the date of the closing of the JSL Acquisition shall be deemed to have been approved by the President or highest executive officer of Employer for purposes of this section.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 7     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 61 of 257 RECEIVED NYSCEF: 05/27/2026

Page 3

**4.      Acknowledgement of Confidential Nature of Work and Related Definitions.**

Employee understands and acknowledges that: (i) as an employee of the Company he or she will learn or have access to, or may assist in the development of, highly confidential and sensitive information and trade secrets about the Company, its operations and its clients; and (ii) providing its clients with appropriate assurances that their confidences will be protected is crucial to the Company's ability to obtain clients, maintain good client relations, and conform to contractual obligations.

For the purposes of this Agreement, "Confidential Information and Trade Secrets" shall consist of and include but are not limited to: (i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, including those of Employer's predecessor JSL, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, including employees of Employer's predecessor JSL, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is subject to a restriction on disclosure or which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below).  Confidential Information and Trade Secrets are not generally known or available to the general public, but have been developed, compiled or acquired by the Company at its great effort and expense.  Confidential Information and Trade Secrets can be in any form, including but not limited to: oral, written or machine readable, including electronic files.

For purposes of this Agreement, "Intellectual Property" shall include, but not be limited to, all inventions, designs, specifications, formulations, products, discoveries, articles, reports, models (computer or otherwise), processes, methods, frameworks, methods of analysis, systems, techniques, trademarks, service marks, names, trade secrets, concepts and ideas, the expressions of all concepts and ideas, creations, work product or contributions thereto, computer programs, software, data processing systems, improvements, and all modifications and developments with respect to the foregoing, and know-how related thereto, whether or not any such Intellectual Property is eligible for patent, trademark, copyright, trade secret or other legal protection, and regardless of whether containing or constituting Confidential Information and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 7     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 62 of 257     RECEIVED NYSCEF: 05/27/2026

Page 4

Trade Secrets as defined in this Section 4.

For purposes of this Agreement, "Copyrightable Works" means any Intellectual Property subject to copyright protection as defined by the U.S. Copyright Act, 17 U.S.C. § 102 including, but not limited to, catalogs, directories, factual, reference or instructional works, literary and dramatic works, pictorial, musical and graphic works, motion pictures and other audiovisual works, sound recordings, architectural works and compilations of data, computer data bases and computer programs.

5.    **Nondisclosure of Confidential Information and Trade Secrets**

Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that its competitive position depends upon its ability to maintain the confidentiality of the Confidential Information and Trade Secrets which were developed, compiled and acquired by the Company at its great effort and expense. Employee further acknowledges and agrees that any disclosing, divulging, revealing, or using of any of the Confidential Information and Trade Secrets, other than in connection with the Company's business or as specifically authorized by the Company, will be highly detrimental to the Company and cause it to suffer serious loss of business and pecuniary damage. Accordingly, Employee agrees that he or she will not, while associated with the Company and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information or Trade Secrets, except as required to carry out his duties as an employee of the Company, and except as expressly authorized by the President or highest executive officer of the Employer. Employee understands that nothing in this Agreement is intended to prohibit him or her from discussing with other employees, or with third parties who are not future employers or competitors of the Company, wages, hours, or other terms and conditions of employment.

Employee understands that under the federal Defend Trade Secrets Act of 2016, s/he shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

Employee further understands that nothing contained in this Agreement limits Employee's ability to (i) file a charge and/or complaint or participate in a proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, and/or any other federal, state, or local governmental agency or commission (collectively, the "Government Agencies"); or (2) exercise Employee's rights under Section 7 of the National Labor Relations Act to engage in protected or concerted activity with other employees. Employee also understands that this Agreement does not limit his/her ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 7    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 63 of 257    RECEIVED NYSCEF: 05/27/2026

Page 5

conducted by any Government Agencies, including providing documents or other information, without notice to the Company. In addition, this Agreement does not limit Employee's right to receive any award, monetary payment, and/or financial incentive from any Government Agencies (and not the Company) for information provided to said Government Agencies.

**6.    Return of Materials Upon Termination of Employment**

Immediately upon the termination of employment with the Company for any reason, or at any time the Company so requests, Employee will return to the Company: (i) any originals and all copies of all files, notes, documents, slides (including transparencies), computer disks, printouts, reports, lists of the Company's clients or leads or referrals to prospective clients, and other media or property in Employee's possession or control which contain or pertain to Confidential Information and Trade Secrets; and (ii) all property of the Company, including, but not limited to, supplies, keys, access devices, books, identification cards, computers, telephones and other equipment.  Employee agrees that upon completion of the obligations set forth in this Section 6, and if requested by the Company, he or she will execute a statement declaring that he or she has retained no property of the Company or materials containing Confidential Information and Trade Secrets nor has he or she supplied the same to any person, except as required to carry out his or her duties as an employee of the Company.  A receipt signed by an Officer of the Employer itemizing the returned property is necessary to demonstrate that Employee has returned all such property to the Company.

**7.    Proper Use of Technology**

Employee acknowledges and agrees that Employee is not authorized to access and use the Company's computer systems and protected computers, including laptop computers and Company PDA's, and the data contained therein, for personal gain or to benefit third parties (other than in the course of Employee's performance of services for the Company or as expressly and specifically authorized by the Company) and that any such access or use is unauthorized and may be punishable by law as well as constituting a breach of this Agreement.

**8.    Assignment of Rights to Intellectual Property; Ownership of Copyrightable Work**

Employee hereby assigns, and agrees to assign, to the Company all present and future right, title and interest in and to any Intellectual Property conceived, discovered, reduced to practice and/or made by Employee during the period of time that Employee is employed by the Company (whether before, on or after the date of this Agreement), whether such Intellectual Property was conceived, discovered and/or reduced to practice and/or made by Employee solely or jointly with others, on or off the premises of the Company's business, or during or after working hours, if such Intellectual Property: (i) was conceived, discovered, reduced to practice and/or made with the Company's facilities, equipment, supplies, Confidential Information and Trade Secrets; or (ii) relates to the Company's current, potential or anticipated business activities, work or research; or (iii) results from work done or to be done by Employee or under his or her direction, alone or jointly, for the Company.  Employee further acknowledges and agrees that such Intellectual Property as referred to herein belongs to the Company and that the Company may keep such Intellectual Property and/or processes pertaining thereto, whether patented or copyrighted or not,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 7

Page 6

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 64 of 257
RECEIVED NYSCEF: 05/27/2026

as Confidential Information and Trade Secrets and make all decisions regarding whether and how to use such Intellectual Property and/or processes. Employee further agrees not to use or seek any commercial exploitation of or otherwise use any Intellectual Property required to be assigned under this Agreement for personal use.

Employee acknowledges, agrees, and intends that all Copyrightable Works he or she creates during the period of time that he or she is employed by the Company (whether before, on or after the date of this Agreement) and within the scope of his or her employment shall be considered to be "works made for hire" as defined under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq. Employee also acknowledges, agrees, and intends that the Company will be deemed the author of all such works made for hire and the owner of all of the rights comprised in the copyright of such works.

Employee agrees that he or she will (i) promptly disclose such Intellectual Property and Copyrightable Works to the Company; (ii) assign to the Company, without additional compensation, the entire rights to Intellectual Property and Copyrightable Works for the United States and all foreign countries; (iii) execute assignments and all other documentation and do all acts at the Company's expense necessary to carry out the above, including enabling the Company to file and prosecute applications for, acquire, ascertain and enforce in all countries, letters patent, trademark registrations and/or copyrights covering or otherwise relating to Intellectual Property and Copyrightable Works and to enable the Company to protect its proprietary interests therein; and (iv) give testimony in any action or proceeding to enforce rights in the Intellectual Property and Copyrightable Works.

Employee understands and agrees that: (i) no license or conveyance of any rights or warranty is granted or implied by the Company furnishing or disclosing any Intellectual Property or Copyrightable Works to Employee; and (ii) the Company shall retain whatever ownership and other proprietary rights it otherwise has in all Intellectual Property and Copyrightable Works.

## 9.    Employee's Acknowledgment

Employee hereby expressly acknowledges and agrees that (a) the restrictions and obligations set forth in and imposed by Sections 1, 2, 3, 4, 5, 6, 7 or 8 will not prevent Employee from obtaining gainful employment in Employee's field of expertise or cause Employee undue hardship; and (b) the restrictions and obligations imposed on Employee under Sections 1, 2, 3, 4, 5, 6, 7 or 8 are necessary to protect the legitimate business interests of the Company and are reasonable in view of the benefits and consideration Employee has received or will receive from the Company.

## 10.    Equitable Relief

In recognition of the fact that irreparable injury will result to the Company in the event of a breach by Employee of his or her obligations under Section 1, 2, 3, 4, 5, 6, 7 or 8 of this Agreement, that monetary damages for such breach would not be readily calculable, and that the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)  INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 7  Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 65 of 257  RECEIVED NYSCEF: 05/27/2026

Page 7

Company would not have an adequate remedy at law therefor, the Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (a) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by Employee and persons acting for or in connection with Employee and (b) recovery of all reasonable sums and costs, including attorneys' fees, expert witness fees, expenses and costs incurred by the Company in investigating or seeking to enforce the provisions of this Agreement.

The restrictive periods set forth in this Agreement (including those set forth in Sections 1, 2 and 5 hereof) shall not expire and shall be tolled during any period in which Employee is in violation of such restrictive periods, and therefore such restrictive periods shall be extended for periods equal to the durations of Employee's violations thereof.

## 11.    Severability

The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will.  It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies.  Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable.  Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

## 12.    Other Agreements and Obligations Survive

Neither Employee nor the Company intends to waive or release the applicability of any other more extensive legal or contractual obligations Employee may owe the Company at any particular time, including, but not limited to, obligations under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, with regard to the subject matters of Sections 1, 2, 3, 4, 5, 6, 7 or 8.

Except as otherwise provided in this Section, the obligations of Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding the Employee which apply to Employee's business activities during and/or subsequent to Employee's employment by the Company, including but not limited to any employment agreement between Employee and the Company executed at any time hereafter, and any agreements Employee executed with JSL containing non-solicitation of clients, non-solicitation of employees, non-disclosure of confidential information, or similar provisions (the "Target Restrictive Covenant Agreements").  Employee hereby agrees that JSL Restrictive Covenant Agreements may be assigned to Employer, acknowledges that they have been assigned to Employer, and agrees that they may be enforced by the Company.  The obligations under this Agreement also shall survive any changes made in the future to the employment terms of Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 8

responsibilities.

### 13.    Employment Unaltered

Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his or her employment with the Company will continue for any period of time. Unless otherwise agreed to under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, employment with the Company is "at-will," and may be terminated either by Employee or the Company at any time, with or without cause, and with or without notice.

### 14.    Binding Effect; Assignment

Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he or she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Employee consents that any such subsidiary or affiliate may enforce this Agreement. Further, the rights of the Company hereunder may be assigned, without consent of Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company.

### 15.    Governing Law and Choice of Forum

The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions. The parties being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Civil Court of the City of New York, New York County, or in the Supreme Court of the State of New York, New York or in the United States District Court for the Southern District of New York or in such other courts of appropriate jurisdiction sitting in the State and County of New York, New York and the parties agree to the jurisdiction thereof. The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum. Employee recognizes that, should any dispute or controversy arising from or relating to this Agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information and Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be tried without a jury.

### 16.    Non-Waiver

The failure of either the Company or Employee, whether purposeful or otherwise, to exercise in any instance any right, power, or privilege under this Agreement or under law shall

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 9

not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by the Company or by Employee must be in a written or electronic instrument signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Company is seeking to waive any of its rights under this Agreement.

**17.    Modification; Agreement to Enter into Additional Agreements**

No modification of this Agreement shall be valid unless made in a written or electronic instrument signed by both parties hereto, wherein specific reference is made to this Agreement; provided, however, that the Company may make changes to the Agreement that are favorable to Employee (*e.g.*, to conform the provisions of this Agreement to changes in court decisions or legislation), without securing the written consent of Employee to the change. Should Employee move to a different state or jurisdiction while employed by the Company or upon written request of the Company, Employee agrees to sign, without further consideration, upon direction by the Company, such further writings to effectuate the provisions of this Agreement as necessary to comply with applicable law. Employee's failure to sign such additional agreements shall constitute a breach of this Agreement.

**18.    Cooperation**

Both during Employee's employment with the Company and after the termination thereof for any reason, Employee agrees to provide the Company with such information relating to his or her work for the Company or others, as the Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

**19.    Disclosure**

For a period of two (2) years after termination of employment with the Employer, Employee agrees to provide his or her new employer with a copy of this Agreement prior to taking a position with such new employer. Employee also hereby specifically authorizes the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee further specifically authorizes the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Company and indicate that Employee has entered into this Agreement with the intention that the Company and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

**20.    Headings**

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 7

RECEIVED NYSCEF: 05/27/2026

Page 10

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

JSL,
**A MARSH & MCLENNAN AGENCY LLC COMPANY**

By: _Sharon M. Werner_

Name:    Sharon M. Werner

Title:    Senior Vice President, Human Resources

_Rebecca Prince_

Employee

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 8

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 69 of 257

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT F

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## JSL, A MARSH & MCLENNAN AGENCY LLC COMPANY
## NON-SOLICITATION AND CONFIDENTIALITY AGREEMENT

This AGREEMENT (this "Agreement"), effective as of the closing of the JSL Acquisition (as defined below), is between JSL, a Marsh & McLennan Agency LLC company and the subsidiaries thereof (collectively, "Employer"), together with its and their respective parents and affiliates (the "Company"), and Hailee Rozier, an employee of Employer (the "Employee").

R E C I T A L S:

WHEREAS, effective on January 31, 2017, Employer acquired by merger J. Smith Lanier & Co. (JSL or the "Target") (such acquisition referred to herein as the "JSL Acquisition");

WHEREAS, as part of the JSL Acquisition, Employer acquired the goodwill, clients and prospective clients of JSL;

WHEREAS, this Agreement is necessary to protect the goodwill, clients and prospective clients acquired by Employer and the value of the JSL Acquisition;

WHEREAS, Employee was employed by JSL prior to the JSL Acquisition and is now becoming employed by Employer; and

WHEREAS, Employee will have access to and learn Confidential Information and Trade Secrets belonging to the Company.

NOW, THEREFORE, for good and sufficient consideration as set forth herein, the Employer and the Employee hereby agree to be bound by this Non-Solicitation and Confidentiality Agreement, as follows:

1.    **Non-Solicitation Of Clients**

(a) Employee acknowledges and agrees that solely by reason of employment by Employer, including its predecessor, JSL, Employee has and will come into contact with and develop and maintain relationships with a significant number of the Company's clients and prospective clients, and will have access to Confidential Information and Trade Secrets relating thereto, including those regarding the Company's clients, prospective clients and related information.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Employer, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or indirectly: (i) solicit clients or prospective clients of the Company for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Employee while he or she was employed by the Company; (ii) induce clients or prospective clients of the Company to terminate, cancel, not renew, or not place business with the Company, (iii) perform or supervise

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 2

the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company, or (iv) assist others to do the acts specified in Sections 1(b) (i)-(iii).  For the avoidance of doubt, the restriction set forth in this Section 1 applies to those clients or prospective clients of the Company, including its predecessor, JSL, and with which Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company.  For the purposes of this Section 1, the term "contact" means interaction between Employee and the client, which takes place to further the business relationship, or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client on behalf of the Company.  For purposes of this Section 1, the term "contact" with respect to a "prospective" client means interaction between Employee and a potential client of the Company that takes place to obtain the business of the potential client on behalf of the Company. It shall not be a defense to a claim that this Section has been breached that Employee's new employer or entity for which Employee is performing services has previously solicited or served the client.  Employee shall not engage in any subterfuge to circumvent this prohibition, including, but not limited to accompanying others on calls to the client, contacting the client with other persons, supervising other persons in soliciting or serving the client, providing Confidential Information and Trade Secrets to others to assist them in soliciting or serving the client, participating in developing presentations to be made to the client, or other similar activities.

## 2.   Non-Solicitation Of Employees

Employee acknowledges and agrees that solely as a result of employment with the Company, and in light of the broad responsibilities of such employment which include working with other employees of the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees,. Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets to leave employment with the Company.

## 3.   Conflict Of Interest

Employee may not use his or her position, influence, knowledge of Confidential Information and Trade Secrets or the Company's assets for personal gain, except as specifically provided in this Agreement.  A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, client or prospective client without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal; provided, any such interest in existence as of the date of the closing of the JSL Acquisition shall be deemed to have been approved by the President or highest executive officer of Employer for purposes of this section.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 3

## 4.    Acknowledgement of Confidential Nature of Work and Related Definitions.

Employee understands and acknowledges that: (i) as an employee of the Company he or she will learn or have access to, or may assist in the development of, highly confidential and sensitive information and trade secrets about the Company, its operations and its clients; and (ii) providing its clients with appropriate assurances that their confidences will be protected is crucial to the Company's ability to obtain clients, maintain good client relations, and conform to contractual obligations.

For the purposes of this Agreement, "Confidential Information and Trade Secrets" shall consist of and include but are not limited to: (i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, including those of Employer's predecessor JSL, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, including employees of Employer's predecessor JSL, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is subject to a restriction on disclosure or which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below). Confidential Information and Trade Secrets are not generally known or available to the general public, but have been developed, compiled or acquired by the Company at its great effort and expense. Confidential Information and Trade Secrets can be in any form, including but not limited to: oral, written or machine readable, including electronic files.

For purposes of this Agreement, "Intellectual Property" shall include, but not be limited to, all inventions, designs, specifications, formulations, products, discoveries, articles, reports, models (computer or otherwise), processes, methods, frameworks, methods of analysis, systems, techniques, trademarks, service marks, names, trade secrets, concepts and ideas, the expressions of all concepts and ideas, creations, work product or contributions thereto, computer programs, software, data processing systems, improvements, and all modifications and developments with respect to the foregoing, and know-how related thereto, whether or not any such Intellectual Property is eligible for patent, trademark, copyright, trade secret or other legal protection, and regardless of whether containing or constituting Confidential Information and

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 4

Trade Secrets as defined in this Section 4.

For purposes of this Agreement, "Copyrightable Works" means any Intellectual Property subject to copyright protection as defined by the U.S. Copyright Act, 17 U.S.C. § 102 including, but not limited to, catalogs, directories, factual, reference or instructional works, literary and dramatic works, pictorial, musical and graphic works, motion pictures and other audiovisual works, sound recordings, architectural works and compilations of data, computer data bases and computer programs.

5.    **Nondisclosure of Confidential Information and Trade Secrets**

Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that its competitive position depends upon its ability to maintain the confidentiality of the Confidential Information and Trade Secrets which were developed, compiled and acquired by the Company at its great effort and expense. Employee further acknowledges and agrees that any disclosing, divulging, revealing, or using of any of the Confidential Information and Trade Secrets, other than in connection with the Company's business or as specifically authorized by the Company, will be highly detrimental to the Company and cause it to suffer serious loss of business and pecuniary damage. Accordingly, Employee agrees that he or she will not, while associated with the Company and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information or Trade Secrets, except as required to carry out his duties as an employee of the Company, and except as expressly authorized by the President or highest executive officer of the Employer. Employee understands that nothing in this Agreement is intended to prohibit him or her from discussing with other employees, or with third parties who are not future employers or competitors of the Company, wages, hours, or other terms and conditions of employment.

Employee understands that under the federal Defend Trade Secrets Act of 2016, s/he shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

Employee further understands that nothing contained in this Agreement limits Employee's ability to (i) file a charge and/or complaint or participate in a proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, and/or any other federal, state, or local governmental agency or commission (collectively, the "Government Agencies"); or (2) exercise Employee's rights under Section 7 of the National Labor Relations Act to engage in protected or concerted activity with other employees. Employee also understands that this Agreement does not limit his/her ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 5

conducted by any Government Agencies, including providing documents or other information, without notice to the Company. In addition, this Agreement does not limit Employee's right to receive any award, monetary payment, and/or financial incentive from any Government Agencies (and not the Company) for information provided to said Government Agencies.

**6.    Return of Materials Upon Termination of Employment**

Immediately upon the termination of employment with the Company for any reason, or at any time the Company so requests, Employee will return to the Company: (i) any originals and all copies of all files, notes, documents, slides (including transparencies), computer disks, printouts, reports, lists of the Company's clients or leads or referrals to prospective clients, and other media or property in Employee's possession or control which contain or pertain to Confidential Information and Trade Secrets; and (ii) all property of the Company, including, but not limited to, supplies, keys, access devices, books, identification cards, computers, telephones and other equipment.  Employee agrees that upon completion of the obligations set forth in this Section 6, and if requested by the Company, he or she will execute a statement declaring that he or she has retained no property of the Company or materials containing Confidential Information and Trade Secrets nor has he or she supplied the same to any person, except as required to carry out his or her duties as an employee of the Company.  A receipt signed by an Officer of the Employer itemizing the returned property is necessary to demonstrate that Employee has returned all such property to the Company.

**7.    Proper Use of Technology**

Employee acknowledges and agrees that Employee is not authorized to access and use the Company's computer systems and protected computers, including laptop computers and Company PDA's, and the data contained therein, for personal gain or to benefit third parties (other than in the course of Employee's performance of services for the Company or as expressly and specifically authorized by the Company) and that any such access or use is unauthorized and may be punishable by law as well as constituting a breach of this Agreement.

**8.    Assignment of Rights to Intellectual Property; Ownership of Copyrightable Work**

Employee hereby assigns, and agrees to assign, to the Company all present and future right, title and interest in and to any Intellectual Property conceived, discovered, reduced to practice and/or made by Employee during the period of time that Employee is employed by the Company (whether before, on or after the date of this Agreement), whether such Intellectual Property was conceived, discovered and/or reduced to practice and/or made by Employee solely or jointly with others, on or off the premises of the Company's business, or during or after working hours, if such Intellectual Property: (i) was conceived, discovered, reduced to practice and/or made with the Company's facilities, equipment, supplies, Confidential Information and Trade Secrets; or (ii) relates to the Company's current, potential or anticipated business activities, work or research; or (iii) results from work done or to be done by Employee or under his or her direction, alone or jointly, for the Company.  Employee further acknowledges and agrees that such Intellectual Property as referred to herein belongs to the Company and that the Company may keep such Intellectual Property and/or processes pertaining thereto, whether patented or copyrighted or not,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 8    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 75 of 257    RECEIVED NYSCEF: 05/27/2026

Page 6

as Confidential Information and Trade Secrets and make all decisions regarding whether and how to use such Intellectual Property and/or processes. Employee further agrees not to use or seek any commercial exploitation of or otherwise use any Intellectual Property required to be assigned under this Agreement for personal use.

Employee acknowledges, agrees, and intends that all Copyrightable Works he or she creates during the period of time that he or she is employed by the Company (whether before, on or after the date of this Agreement) and within the scope of his or her employment shall be considered to be "works made for hire" as defined under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq. Employee also acknowledges, agrees, and intends that the Company will be deemed the author of all such works made for hire and the owner of all of the rights comprised in the copyright of such works.

Employee agrees that he or she will (i) promptly disclose such Intellectual Property and Copyrightable Works to the Company; (ii) assign to the Company, without additional compensation, the entire rights to Intellectual Property and Copyrightable Works for the United States and all foreign countries; (iii) execute assignments and all other documentation and do all acts at the Company's expense necessary to carry out the above, including enabling the Company to file and prosecute applications for, acquire, ascertain and enforce in all countries, letters patent, trademark registrations and/or copyrights covering or otherwise relating to Intellectual Property and Copyrightable Works and to enable the Company to protect its proprietary interests therein; and (iv) give testimony in any action or proceeding to enforce rights in the Intellectual Property and Copyrightable Works.

Employee understands and agrees that: (i) no license or conveyance of any rights or warranty is granted or implied by the Company furnishing or disclosing any Intellectual Property or Copyrightable Works to Employee; and (ii) the Company shall retain whatever ownership and other proprietary rights it otherwise has in all Intellectual Property and Copyrightable Works.

## 9. Employee's Acknowledgment

Employee hereby expressly acknowledges and agrees that (a) the restrictions and obligations set forth in and imposed by Sections 1, 2, 3, 4, 5, 6, 7 or 8 will not prevent Employee from obtaining gainful employment in Employee's field of expertise or cause Employee undue hardship; and (b) the restrictions and obligations imposed on Employee under Sections 1, 2, 3, 4, 5, 6, 7 or 8 are necessary to protect the legitimate business interests of the Company and are reasonable in view of the benefits and consideration Employee has received or will receive from the Company.

## 10. Equitable Relief

In recognition of the fact that irreparable injury will result to the Company in the event of a breach by Employee of his or her obligations under Section 1, 2, 3, 4, 5, 6, 7 or 8 of this Agreement, that monetary damages for such breach would not be readily calculable, and that the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)  INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 8   Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 76 of 257   RECEIVED NYSCEF: 05/27/2026

Page 7

Company would not have an adequate remedy at law therefor, the Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (a) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by Employee and persons acting for or in connection with Employee and (b) recovery of all reasonable sums and costs, including attorneys' fees, expert witness fees, expenses and costs incurred by the Company in investigating or seeking to enforce the provisions of this Agreement.

The restrictive periods set forth in this Agreement (including those set forth in Sections 1, 2 and 5 hereof) shall not expire and shall be tolled during any period in which Employee is in violation of such restrictive periods, and therefore such restrictive periods shall be extended for periods equal to the durations of Employee's violations thereof.

## 11.   Severability

The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will. It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies. Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable. Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

## 12.   Other Agreements and Obligations Survive

Neither Employee nor the Company intends to waive or release the applicability of any other more extensive legal or contractual obligations Employee may owe the Company at any particular time, including, but not limited to, obligations under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, with regard to the subject matters of Sections 1, 2, 3, 4, 5, 6, 7 or 8.

Except as otherwise provided in this Section, the obligations of Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding the Employee which apply to Employee's business activities during and/or subsequent to Employee's employment by the Company, including but not limited to any employment agreement between Employee and the Company executed at any time hereafter, and any agreements Employee executed with JSL containing non-solicitation of clients, non-solicitation of employees, non-disclosure of confidential information, or similar provisions (the "Target Restrictive Covenant Agreements"). Employee hereby agrees that JSL Restrictive Covenant Agreements may be assigned to Employer, acknowledges that they have been assigned to Employer, and agrees that they may be enforced by the Company. The obligations under this Agreement also shall survive any changes made in the future to the employment terms of Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 8

responsibilities.

## 13.   Employment Unaltered

Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his or her employment with the Company will continue for any period of time.  Unless otherwise agreed to under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, employment with the Company is "at-will," and may be terminated either by Employee or the Company at any time, with or without cause, and with or without notice.

## 14.   Binding Effect; Assignment

Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he or she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Employee consents that any such subsidiary or affiliate may enforce this Agreement.  Further, the rights of the Company hereunder may be assigned, without consent of Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company.

## 15.   Governing Law and Choice of Forum

The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions.  The parties being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Civil Court of the City of New York, New York County, or in the Supreme Court of the State of New York, New York or in the United States District Court for the Southern District of New York or in such other courts of appropriate jurisdiction sitting in the State and County of New York, New York and the parties agree to the jurisdiction thereof.  The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum.  Employee recognizes that, should any dispute or controversy arising from or relating to this Agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information and Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be tried without a jury.

## 16.   Non-Waiver

The failure of either the Company or Employee, whether purposeful or otherwise, to exercise in any instance any right, power, or privilege under this Agreement or under law shall

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 8    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 78 of 257    RECEIVED NYSCEF: 05/27/2026

Page 9

not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by the Company or by Employee must be in a written or electronic instrument signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Company is seeking to waive any of its rights under this Agreement.

**17.**    **Modification; Agreement to Enter into Additional Agreements**

No modification of this Agreement shall be valid unless made in a written or electronic instrument signed by both parties hereto, wherein specific reference is made to this Agreement; provided, however, that the Company may make changes to the Agreement that are favorable to Employee (*e.g.*, to conform the provisions of this Agreement to changes in court decisions or legislation), without securing the written consent of Employee to the change. Should Employee move to a different state or jurisdiction while employed by the Company or upon written request of the Company, Employee agrees to sign, without further consideration, upon direction by the Company, such further writings to effectuate the provisions of this Agreement as necessary to comply with applicable law. Employee's failure to sign such additional agreements shall constitute a breach of this Agreement.

**18.**    **Cooperation**

Both during Employee's employment with the Company and after the termination thereof for any reason, Employee agrees to provide the Company with such information relating to his or her work for the Company or others, as the Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

**19.**    **Disclosure**

For a period of two (2) years after termination of employment with the Employer, Employee agrees to provide his or her new employer with a copy of this Agreement prior to taking a position with such new employer. Employee also hereby specifically authorizes the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee further specifically authorizes the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Company and indicate that Employee has entered into this Agreement with the intention that the Company and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

**20.**    **Headings**

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 8

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Page 10

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

**JSL,**
**A MARSH & MCLENNAN AGENCY LLC COMPANY**

By: _Sharon M. Werner_

Name:    Sharon M. Werner

Title:    Senior Vice President, Human Resources

_Hailu Rezjer_

Employee

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 9

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT G

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 9    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 81 of 257    RECEIVED NYSCEF: 05/27/2026

## JSL, A MARSH & MCLENNAN AGENCY LLC COMPANY
## NON-SOLICITATION AND CONFIDENTIALITY AGREEMENT

This AGREEMENT (this "Agreement"), effective as of the closing of the JSL Acquisition (as defined below), is between JSL, a Marsh & McLennan Agency LLC company and the subsidiaries thereof (collectively, "Employer"), together with its and their respective parents and affiliates (the "Company"), and Jennifer Barranco, an employee of Employer (the "Employee").

## R E C I T A L S:

WHEREAS, effective on January 31, 2017, Employer acquired by merger J. Smith Lanier & Co. (JSL or the "Target") (such acquisition referred to herein as the "JSL Acquisition");

WHEREAS, as part of the JSL Acquisition, Employer acquired the goodwill, clients and prospective clients of JSL;

WHEREAS, this Agreement is necessary to protect the goodwill, clients and prospective clients acquired by Employer and the value of the JSL Acquisition;

WHEREAS, Employee was employed by JSL prior to the JSL Acquisition and is now becoming employed by Employer; and

WHEREAS, Employee will have access to and learn Confidential Information and Trade Secrets belonging to the Company.

NOW, THEREFORE, for good and sufficient consideration as set forth herein, the Employer and the Employee hereby agree to be bound by this Non-Solicitation and Confidentiality Agreement, as follows:

## 1. Non-Solicitation Of Clients

(a) Employee acknowledges and agrees that solely by reason of employment by Employer, including its predecessor, JSL, Employee has and will come into contact with and develop and maintain relationships with a significant number of the Company's clients and prospective clients, and will have access to Confidential Information and Trade Secrets relating thereto, including those regarding the Company's clients, prospective clients and related information.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Employer, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or indirectly: (i) solicit clients or prospective clients of the Company for the purpose of selling or providing consulting services or projects, or selling products, of the type sold or provided by Employee while he or she was employed by the Company; (ii) induce clients or prospective clients of the Company

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 2

to terminate, cancel, not renew, or not place business with the Company, (iii) perform or supervise the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company, or (iv) assist others to do the acts specified in Sections 1(b) (i)-(iii). For the avoidance of doubt, the restriction set forth in this Section 1 applies to those clients or prospective clients of the Company, including its predecessor, JSL, and with which Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company. For the purposes of this Section 1, the term "contact" means interaction between Employee and the client, which takes place to further the business relationship, or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client on behalf of the Company. For purposes of this Section 1, the term "contact" with respect to a "prospective" client means interaction between Employee and a potential client of the Company that takes place to obtain the business of the potential client on behalf of the Company. It shall not be a defense to a claim that this Section has been breached that Employee's new employer or entity for which Employee is performing services has previously solicited or served the client. Employee shall not engage in any subterfuge to circumvent this prohibition, including, but not limited to accompanying others on calls to the client, contacting the client with other persons, supervising other persons in soliciting or serving the client, providing Confidential Information and Trade Secrets to others to assist them in soliciting or serving the client, participating in developing presentations to be made to the client, or other similar activities.

2.    **Non-Solicitation Of Employees**

Employee acknowledges and agrees that solely as a result of employment with the Company, and in light of the broad responsibilities of such employment which include working with other employees of the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding the Company's other employees,. Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or indirectly, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets to leave employment with the Company.

3.    **Conflict Of Interest**

Employee may not use his or her position, influence, knowledge of Confidential Information and Trade Secrets or the Company's assets for personal gain, except as specifically provided in this Agreement. A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, client or prospective client without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal; provided, any such interest in existence as of the date of the closing of the JSL Acquisition shall be deemed to have been approved by the President or highest

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 9    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 83 of 257    RECEIVED NYSCEF: 05/27/2026

Page 3

executive officer of Employer for purposes of this section.

4.    **<u>Acknowledgement of Confidential Nature of Work and Related Definitions.</u>**

Employee understands and acknowledges that: (i) as an employee of the Company he or she will learn or have access to, or may assist in the development of, highly confidential and sensitive information and trade secrets about the Company, its operations and its clients; and (ii) providing its clients with appropriate assurances that their confidences will be protected is crucial to the Company's ability to obtain clients, maintain good client relations, and conform to contractual obligations.

For the purposes of this Agreement, "<u>Confidential Information and Trade Secrets</u>" shall consist of and include but are not limited to: (i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, including those of Employer's predecessor JSL, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, including employees of Employer's predecessor JSL, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is subject to a restriction on disclosure or which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below). Confidential Information and Trade Secrets are not generally known or available to the general public, but have been developed, compiled or acquired by the Company at its great effort and expense. Confidential Information and Trade Secrets can be in any form, including but not limited to: oral, written or machine readable, including electronic files.

For purposes of this Agreement, "<u>Intellectual Property</u>" shall include, but not be limited to, all inventions, designs, specifications, formulations, products, discoveries, articles, reports, models (computer or otherwise), processes, methods, frameworks, methods of analysis, systems, techniques, trademarks, service marks, names, trade secrets, concepts and ideas, the expressions of all concepts and ideas, creations, work product or contributions thereto, computer programs, software, data processing systems, improvements, and all modifications and developments with respect to the foregoing, and know-how related thereto, whether or not any such Intellectual Property is eligible for patent, trademark, copyright, trade secret or other legal

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 4

protection, and regardless of whether containing or constituting Confidential Information and Trade Secrets as defined in this Section 4.

For purposes of this Agreement, "Copyrightable Works" means any Intellectual Property subject to copyright protection as defined by the U.S. Copyright Act, 17 U.S.C. § 102 including, but not limited to, catalogs, directories, factual, reference or instructional works, literary and dramatic works, pictorial, musical and graphic works, motion pictures and other audiovisual works, sound recordings, architectural works and compilations of data, computer data bases and computer programs.

5.     **Nondisclosure of Confidential Information and Trade Secrets**

Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that its competitive position depends upon its ability to maintain the confidentiality of the Confidential Information and Trade Secrets which were developed, compiled and acquired by the Company at its great effort and expense. Employee further acknowledges and agrees that any disclosing, divulging, revealing, or using of any of the Confidential Information and Trade Secrets, other than in connection with the Company's business or as specifically authorized by the Company, will be highly detrimental to the Company and cause it to suffer serious loss of business and pecuniary damage. Accordingly, Employee agrees that he or she will not, while associated with the Company and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information or Trade Secrets, except as required to carry out his duties as an employee of the Company, and except as expressly authorized by the President or highest executive officer of the Employer. Employee understands that nothing in this Agreement is intended to prohibit him or her from discussing with other employees, or with third parties who are not future employers or competitors of the Company, wages, hours, or other terms and conditions of employment.

Employee understands that under the federal Defend Trade Secrets Act of 2016, s/he shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (a) is made (i) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (b) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (c) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

Employee further understands that nothing contained in this Agreement limits Employee's ability to (i) file a charge and/or complaint or participate in a proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, and/or any other federal, state, or local governmental agency or commission (collectively, the "Government Agencies"); or (2) exercise Employee's rights under Section 7 of the National Labor Relations Act to engage in protected or concerted activity with other employees. Employee also understands that this Agreement does not limit his/her ability to communicate with any

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 5

Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agencies, including providing documents or other information, without notice to the Company. In addition, this Agreement does not limit Employee's right to receive any award, monetary payment, and/or financial incentive from any Government Agencies (and not the Company) for information provided to said Government Agencies.

### 6.   Return of Materials Upon Termination of Employment

Immediately upon the termination of employment with the Company for any reason, or at any time the Company so requests, Employee will return to the Company: (i) any originals and all copies of all files, notes, documents, slides (including transparencies), computer disks, printouts, reports, lists of the Company's clients or leads or referrals to prospective clients, and other media or property in Employee's possession or control which contain or pertain to Confidential Information and Trade Secrets; and (ii) all property of the Company, including, but not limited to, supplies, keys, access devices, books, identification cards, computers, telephones and other equipment.  Employee agrees that upon completion of the obligations set forth in this Section 6, and if requested by the Company, he or she will execute a statement declaring that he or she has retained no property of the Company or materials containing Confidential Information and Trade Secrets nor has he or she supplied the same to any person, except as required to carry out his or her duties as an employee of the Company.  A receipt signed by an Officer of the Employer itemizing the returned property is necessary to demonstrate that Employee has returned all such property to the Company.

### 7.   Proper Use of Technology

Employee acknowledges and agrees that Employee is not authorized to access and use the Company's computer systems and protected computers, including laptop computers and Company PDA's, and the data contained therein, for personal gain or to benefit third parties (other than in the course of Employee's performance of services for the Company or as expressly and specifically authorized by the Company) and that any such access or use is unauthorized and may be punishable by law as well as constituting a breach of this Agreement.

### 8.   Assignment of Rights to Intellectual Property; Ownership of Copyrightable Work

Employee hereby assigns, and agrees to assign, to the Company all present and future right, title and interest in and to any Intellectual Property conceived, discovered, reduced to practice and/or made by Employee during the period of time that Employee is employed by the Company (whether before, on or after the date of this Agreement), whether such Intellectual Property was conceived, discovered and/or reduced to practice and/or made by Employee solely or jointly with others, on or off the premises of the Company's business, or during or after working hours, if such Intellectual Property: (i) was conceived, discovered, reduced to practice and/or made with the Company's facilities, equipment, supplies, Confidential Information and Trade Secrets; or (ii) relates to the Company's current, potential or anticipated business activities, work or research; or (iii) results from work done or to be done by Employee or under his or her direction, alone or jointly, for the Company.  Employee further acknowledges and agrees that such Intellectual Property as referred to herein belongs to the Company and that the Company may keep such

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 6

Intellectual Property and/or processes pertaining thereto, whether patented or copyrighted or not, as Confidential Information and Trade Secrets and make all decisions regarding whether and how to use such Intellectual Property and/or processes. Employee further agrees not to use or seek any commercial exploitation of or otherwise use any Intellectual Property required to be assigned under this Agreement for personal use.

Employee acknowledges, agrees, and intends that all Copyrightable Works he or she creates during the period of time that he or she is employed by the Company (whether before, on or after the date of this Agreement) and within the scope of his or her employment shall be considered to be "works made for hire" as defined under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq. Employee also acknowledges, agrees, and intends that the Company will be deemed the author of all such works made for hire and the owner of all of the rights comprised in the copyright of such works.

Employee agrees that he or she will (i) promptly disclose such Intellectual Property and Copyrightable Works to the Company; (ii) assign to the Company, without additional compensation, the entire rights to Intellectual Property and Copyrightable Works for the United States and all foreign countries; (iii) execute assignments and all other documentation and do all acts at the Company's expense necessary to carry out the above, including enabling the Company to file and prosecute applications for, acquire, ascertain and enforce in all countries, letters patent, trademark registrations and/or copyrights covering or otherwise relating to Intellectual Property and Copyrightable Works and to enable the Company to protect its proprietary interests therein; and (iv) give testimony in any action or proceeding to enforce rights in the Intellectual Property and Copyrightable Works.

Employee understands and agrees that: (i) no license or conveyance of any rights or warranty is granted or implied by the Company furnishing or disclosing any Intellectual Property or Copyrightable Works to Employee; and (ii) the Company shall retain whatever ownership and other proprietary rights it otherwise has in all Intellectual Property and Copyrightable Works.

## 9. Employee's Acknowledgment

Employee hereby expressly acknowledges and agrees that (a) the restrictions and obligations set forth in and imposed by Sections 1, 2, 3, 4, 5, 6, 7 or 8 will not prevent Employee from obtaining gainful employment in Employee's field of expertise or cause Employee undue hardship; and (b) the restrictions and obligations imposed on Employee under Sections 1, 2, 3, 4, 5, 6, 7 or 8 are necessary to protect the legitimate business interests of the Company and are reasonable in view of the benefits and consideration Employee has received or will receive from the Company.

## 10. Equitable Relief

In recognition of the fact that irreparable injury will result to the Company in the event of a breach by Employee of his or her obligations under Section 1, 2, 3, 4, 5, 6, 7 or 8 of this

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 7

Agreement, that monetary damages for such breach would not be readily calculable, and that the Company would not have an adequate remedy at law therefor, the Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (a) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by Employee and persons acting for or in connection with Employee and (b) recovery of all reasonable sums and costs, including attorneys' fees, expert witness fees, expenses and costs incurred by the Company in investigating or seeking to enforce the provisions of this Agreement.

The restrictive periods set forth in this Agreement (including those set forth in Sections 1, 2 and 5 hereof) shall not expire and shall be tolled during any period in which Employee is in violation of such restrictive periods, and therefore such restrictive periods shall be extended for periods equal to the durations of Employee's violations thereof.

## 11.    Severability

The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will. It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies. Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable. Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

## 12.    Other Agreements and Obligations Survive

Neither Employee nor the Company intends to waive or release the applicability of any other more extensive legal or contractual obligations Employee may owe the Company at any particular time, including, but not limited to, obligations under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, with regard to the subject matters of Sections 1, 2, 3, 4, 5, 6, 7 or 8.

Except as otherwise provided in this Section, the obligations of Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding the Employee which apply to Employee's business activities during and/or subsequent to Employee's employment by the Company, including but not limited to any employment agreement between Employee and the Company executed at any time hereafter, and any agreements Employee executed with JSL containing non-solicitation of clients, non-solicitation of employees, non-disclosure of confidential information, or similar provisions (the "Target Restrictive Covenant Agreements"). Employee hereby agrees that JSL Restrictive Covenant Agreements may be assigned to Employer, acknowledges that they have been assigned to Employer, and agrees that they may be enforced by the Company. The obligations under this Agreement also shall survive any changes made in the future to the employment terms of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 8

Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job responsibilities.

## 13.     Employment Unaltered

Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his or her employment with the Company will continue for any period of time.  Unless otherwise agreed to under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, employment with the Company is "at-will," and may be terminated either by Employee or the Company at any time, with or without cause, and with or without notice.

## 14.     Binding Effect; Assignment

Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he or she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Employee consents that any such subsidiary or affiliate may enforce this Agreement.  Further, the rights of the Company hereunder may be assigned, without consent of Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company.

## 15.     Governing Law and Choice of Forum

The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions.  The parties being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Civil Court of the City of New York, New York County, or in the Supreme Court of the State of New York, New York or in the United States District Court for the Southern District of New York or in such other courts of appropriate jurisdiction sitting in the State and County of New York, New York and the parties agree to the jurisdiction thereof.  The parties hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum.  Employee recognizes that, should any dispute or controversy arising from or relating to this Agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information and Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be tried without a jury.

## 16.     Non-Waiver

The failure of either the Company or Employee, whether purposeful or otherwise,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Page 9

to exercise in any instance any right, power, or privilege under this Agreement or under law shall not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by the Company or by Employee must be in a written or electronic instrument signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Company is seeking to waive any of its rights under this Agreement.

## 17.    Modification; Agreement to Enter into Additional Agreements

No modification of this Agreement shall be valid unless made in a written or electronic instrument signed by both parties hereto, wherein specific reference is made to this Agreement; provided, however, that the Company may make changes to the Agreement that are favorable to Employee (*e.g.*, to conform the provisions of this Agreement to changes in court decisions or legislation), without securing the written consent of Employee to the change. Should Employee move to a different state or jurisdiction while employed by the Company or upon written request of the Company, Employee agrees to sign, without further consideration, upon direction by the Company, such further writings to effectuate the provisions of this Agreement as necessary to comply with applicable law. Employee's failure to sign such additional agreements shall constitute a breach of this Agreement.

## 18.    Cooperation

Both during Employee's employment with the Company and after the termination thereof for any reason, Employee agrees to provide the Company with such information relating to his or her work for the Company or others, as the Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

## 19.    Disclosure

For a period of two (2) years after termination of employment with the Employer, Employee agrees to provide his or her new employer with a copy of this Agreement prior to taking a position with such new employer. Employee also hereby specifically authorizes the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee further specifically authorizes the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Company and indicate that Employee has entered into this Agreement with the intention that the Company and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

## 20.    Headings

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 9   Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 90 of 257   RECEIVED NYSCEF: 05/27/2026

Page 10

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first hereinabove set forth.

**JSL,**
**A MARSH & MCLENNAN AGENCY LLC COMPANY**

By: _____

Name:   Sharon M. Werner

Title:   Senior Vice President, Human Resources

_____
Employee

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# EXHIBIT H

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-942B-4338-8E9B-77F6C0B69DBC

## MARSH & MCLENNAN AGENCY LLC
## NON-SOLICITATION AND CONFIDENTIALITY AGREEMENT

This Non-Solicitation and Confidentiality Agreement ("Agreement") is between Marsh & McLennan Agency LLC (the "Employer"), together with its parents and affiliates (collectively, the "Company"), and **Hunter Harper**, an employee of the Employer (the "Employee").

R E C I T A L S:

This Agreement between the Company and Employee is entered into in consideration of the Employee's (a) employment or continued employment by the Employer, (b) eligibility to participate in certain bonus compensation plan(s) of Employer if required under such plan and/or its terms and conditions, and (c) access to Confidential Information and Trade Secrets belonging to the Company, as defined below.

NOW, THEREFORE, for good and sufficient consideration as set forth herein the Employer and the Employee hereby agree to be bound by this Non-Solicitation Agreement, as follows:

1.      **Non-Solicitation Of Clients**

(a) Employee acknowledges and agrees that solely by reason of employment by the Company, Employee has and will come into contact with and develop and maintain relationships with a significant number of the Company's clients and prospective clients, and will have access to Confidential Information and Trade Secrets relating thereto, including those regarding the Company's clients, prospective clients and related information, and will have access to and the benefit of good will developed by Company with its clients.

(b) Consequently, Employee covenants and agrees that in the event of separation from employment with the Company, whether such separation is voluntary or involuntary, Employee will not, for a period of two (2) years following such separation, directly or through others:  (i) solicit clients or prospective clients of the Company for the purpose of selling or providing products or services of the type sold or provided by Employee while employed by the Company; (ii) induce clients or prospective clients of the Company to terminate, cancel, not renew, or not place business with the Company; (iii) perform or supervise the provision or performance of services or projects or provision of products of the type sold or provided by Employee while he or she was employed by the Company on behalf of any clients or prospective clients of the Company; or (iv) assist others to do the acts specified in Sections 1(b) (i)-(iii). This restriction shall apply only to those clients or prospective clients of the Company with whom Employee had contact or about whom Employee obtained Confidential Information and Trade Secrets during the last two (2) years of his or her employment with the Company or its

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-042B-4338-8F9B-77F6C0B69DBC
Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 93 of 257

Page 2

predecessors.  For the purposes of  Section 1, the term "contact" means interaction between Employee and the client which takes place to further the business relationship, or making (or assisting or supervising the performance or provision of) sales to or performing or providing (or assisting or supervising the performance or provision of) services, products or projects for the client on behalf of the Company.  For purposes of Section 1, the term "contact" with respect to a "prospective" client means interaction between Employee and a potential client of the Company which takes place to obtain the business of the potential client on behalf of the Company.  It shall not be a defense to a claim that this Section has been breached that Employee's new employer or entity for which Employee is performing services has previously solicited or served the client. Employee shall not engage in any subterfuge to circumvent this prohibition, including, but not limited to accompanying others on calls to the client, contacting the client with other persons, supervising other persons in soliciting or serving the client, providing Confidential Information and Trade Secrets to others to assist them in soliciting or serving the client, participating in developing presentations to be made to the client, or other similar activities.

### 2.    Non-Solicitation Of Employees

Employee acknowledges and agrees that solely as a result of employment with the Company, and in light of the broad responsibilities of such employment which include working with other employees of the Company, Employee has and will come into contact with and acquire Confidential Information and Trade Secrets regarding other employees of the Company, and will develop relationships with those employees.  Accordingly, both during employment with the Company and for a period of two (2) years thereafter, Employee shall not, either on Employee's own account or on behalf of any person, company, corporation, or other entity, directly or through others, solicit, or endeavor to cause any employee of the Company with whom Employee, during the last two (2) years of his or her employment with the Company, came into contact for the purpose of soliciting or servicing business or about whom Employee obtained Confidential Information and Trade Secrets, to leave employment with the Company.

### 3.    Conflict Of Interest

Employee may not use his or her position, influence, knowledge of Confidential Information and Trade Secrets or the Company's assets for personal gain, except as specifically provided in this Agreement.  A direct or indirect financial interest, including joint ventures in or with a supplier, vendor, client or prospective client without disclosure and the express written approval of the President or highest executive officer of Employer is strictly prohibited and constitutes cause for dismissal.

### 4.    Acknowledgement of Confidential Nature of Work and Related Definitions.

(a) Employee understands and acknowledges that: (i) as an employee of the Company he or she will learn, be provided with an access to, and may assist in the development of, highly confidential and sensitive information and trade secrets about the Company, its operations and its clients, all of which belong to the Company; and (ii) providing its clients with appropriate assurances that their confidences will be protected is crucial to the Company's ability to obtain clients, maintain good client relations, and conform to contractual obligations.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-042B-4338-8F9B-77F6C0B69DBC

Page 3

    (b) For the purposes of this Agreement, "Confidential Information and Trade Secrets" are items of information relating to the Company, its products, services, clients, suppliers, vendors, business partners, and employees that are not generally known or available to the general public, but have been developed, compiled or acquired by the Company at its effort and expense. Confidential Information and Trade Secrets can be in any form, including but not limited to: verbal, written or machine readable, including electronic files. Trade secrets are items of Confidential Information that meet the requirements of applicable trade secret law. The absence of any marking or statement that any particular information is Confidential Information or trade secret shall not affect its status as Confidential Information or trade secret. Confidential Information and Trade Secrets include but are not limited to: (i) financial and business information relating to the Company, such as information with respect to costs, commissions, fees, profits, sales, markets, mailing lists, strategies and plans for future business, new business, product or other development, potential acquisitions or divestitures, and new marketing ideas; (ii) product and technical information relating to the Company, such as product formulations, new and innovative product ideas, methods, procedures, devices, machines, equipment, data processing programs, software, software codes, computer models, and research and development projects; (iii) client information, such as the identity of the Company's clients, the names of representatives of the Company's clients responsible for entering into contracts with the Company, the amounts paid by such clients to the Company, specific client needs and requirements, specific client risk characteristics, policy expiration dates, policy terms and conditions, information regarding the markets or sources with which insurance is placed, and leads and referrals to prospective clients; (iv) personnel information, such as the identity and number of the Company's other employees and officers, their salaries, bonuses, benefits, skills, qualifications, and abilities; (v) any and all information in whatever form relating to any client or prospective client of the Company, including but not limited to, its business, employees, operations, systems, assets, liabilities, finances, products, and marketing, selling and operating practices; (vi) any information not included in (i) or (ii) above which Employee knows or should know is subject to a restriction on disclosure or which Employee knows or should know is considered by the Company or the Company's clients or prospective clients to be confidential, sensitive, proprietary or a trade secret or is not readily available to the public; (vii) Intellectual Property (as defined below); or (viii) Copyrightable Works (as defined below).

    (c) For purposes of this Agreement, "Intellectual Property" shall include, but not be limited to, all inventions, designs, specifications, formulations, products, discoveries, articles, reports, models (computer or otherwise), processes, methods, frameworks, methods of analysis, systems, techniques, trademarks, service marks, names, trade secrets, concepts and ideas, the expressions of all concepts and ideas, creations, work product or contributions thereto, computer programs, software, data processing systems, improvements, and all modifications and developments with respect to the foregoing, and know-how related thereto, whether or not any such Intellectual Property is eligible for patent, trademark, copyright, trade secret or other legal protection, and regardless of whether containing or constituting Confidential Information and Trade Secrets as defined in this Section 4.

    (d) For purposes of this Agreement, "Copyrightable Works" means any Intellectual Property subject to copyright protection as defined by the U.S. Copyright Act, 17 U.S.C. § 102 including, but not limited to, catalogs, directories, factual, reference or instructional works, literary and dramatic works, pictorial, musical and graphic works, motion pictures and

General - June 2019

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-042B-4338-8E9B-77F6C0B69DBC

Page 4

other audiovisual works, sound recordings, architectural works and compilations of data, computer data bases and computer programs.

### 5.    Nondisclosure of Confidential Information and Trade Secrets

(a) Employee acknowledges and agrees that the Company is engaged in a highly competitive business and that its competitive position depends upon its ability to maintain the confidentiality of the Confidential Information and Trade Secrets which were developed, compiled and acquired by the Company at its great effort and expense.  Employee further acknowledges and agrees that any disclosing, divulging, revealing, or using of any of the Confidential Information and Trade Secrets, other than in connection with the Company's business or as specifically authorized by the Company, will be highly detrimental to the Company and cause it to suffer serious loss of business and pecuniary damage.  Accordingly, Employee agrees that he or she will not, while associated with the Company and for so long thereafter as the pertinent information or documentation remains confidential, for any purpose whatsoever, directly or indirectly use, disseminate or disclose to any other person, organization or entity Confidential Information and Trade Secrets, except as required to carry out his or her duties as an employee of the Company, and except as expressly authorized by the President or highest executive officer of the Employer.  Employee understands that nothing in this Agreement is intended to prohibit him or her from discussing with other employees, or with third parties who are not future employers or competitors of the Company, wages, hours, or other terms and conditions of employment.

(b) Employee understands that under the federal Defend Trade Secrets Act of 2016, s/he shall not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret that: (i) is made (a) in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney; and (b) solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made to Employee's attorney in relation to a lawsuit for retaliation against Employee for reporting a suspected violation of law; or (iii) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

(c) Employee further understands that nothing contained in this Agreement limits Employee's ability to (i) file a charge and/or complaint or participate in a proceeding with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, and/or any other federal, state, or local governmental agency or commission (collectively, the "Government Agencies"); or (ii) exercise Employee's rights under Section 7 of the National Labor Relations Act to engage in protected or concerted activity with other employees. Employee also understands that this Agreement does not limit his/her ability to communicate with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agencies, including providing documents or other information, without notice to the Company. In addition, this Agreement does not limit Employee's right to receive any award, monetary payment, and/or financial incentive from any Government Agencies (and not the Company) for information provided to said Government Agencies.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-942B-4338-8E9B-77F6C0B69DBC
Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 96 of 257

Page 5

### 6.    Return of Materials Upon Termination of Employment

(a)  Immediately upon the termination of my employment with the Company for any reason, or at any time the Company so requests, Employee will return to the Company:

i.    any originals and all copies of all files, notes, e-mail, documents, slides (including transparencies), computer disks, printouts, reports, lists of the Company's clients or leads or referrals to prospective clients, and other media or property in your possession or control which contain or pertain to Confidential Information and Trade Secrets;

ii.    all property of the Company, including, but not limited to, supplies, keys, access devices, cellphones, laptops, iPhones, iPads, books, identification cards, computers, telephones and other equipment; and

iii.    all passwords, passcodes, security PINs, biometrics, and/or any other information or means necessary for the Company to access property of the Company stored on any device or equipment, in writing.  You further agree not to take any action (such as wiping or deleting) at any time with respect to any electronic devices that would hinder the access of information by the Company.  For any equipment or devices owned by Employee on which proprietary information of the Company is stored or accessible, Employee shall, immediately upon or prior to separation from employment, deliver such equipment or devices to the Company so that any proprietary information may be deleted or removed.  Employee expressly authorizes the Company's designated representatives to access such equipment or devices for this limited purpose and shall provide any passwords or access codes necessary to accomplish this task.

(b) Employee agrees that upon his or her completion of the obligations set forth in subsection 6a, paragraphs i. and ii. above and if requested by the Company, Employee will execute a statement declaring that he or she has retained no property of the Company or materials containing Confidential Information and Trade Secrets nor has he or she supplied the same to any person, except as required to carry out his or her duties as an employee of the Company. A receipt signed by a Human Resources officer of the Company itemizing the returned property is necessary to demonstrate that Employee has returned all such property to the Company.

### 7.    Proper Use of Technology

Employee acknowledges and agrees that Employee is not authorized to access and use the Company's computer systems and protected computers, including laptop computers and Company PDA's, and the data contained therein, for personal gain or to benefit third parties (other than in the course of Employee's performance of services for the Company or as expressly and specifically authorized by the Company) and that any such access or use is unauthorized and may be punishable by law as well as constituting a breach of this Agreement.

### 8.    Assignment of Rights to Intellectual Property; Ownership of Copyrightable Work

_General – June 2019_

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-042B-4338-8E9B-77F6C0B69DBC
Case 1.26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 97 of 257

Page 6

(a) Employee hereby assigns, and agrees to assign, to the Company all present and future right, title and interest in and to any Intellectual Property conceived, discovered, reduced to practice and/or made by Employee during the period of time that Employee is employed by the Company (whether before, on or after the date of this Agreement), whether such Intellectual Property was conceived, discovered and/or reduced to practice and/or made by Employee solely or jointly with others, on or off the premises of the Company's business, or during or after working hours, if such Intellectual Property: (i) was conceived, discovered, reduced to practice and/or made with the Company's facilities, equipment, supplies, Confidential Information and Trade Secrets; or (ii) relates to the Company's current, potential or anticipated business activities, work or research; or (iii) results from work done or to be done by Employee or under his or her direction, alone or jointly, for the Company.  Employee further acknowledges and agrees that such Intellectual Property as referred to herein belongs to the Company and that the Company may keep such Intellectual Property and/or processes pertaining thereto, whether patented or copyrighted or not, as Confidential Information and Trade Secrets and make all decisions regarding whether and how to use such Intellectual Property and/or processes. Employee further agrees not to use or seek any commercial exploitation of or otherwise use any Intellectual Property required to be assigned under this Agreement for personal use.

(b) Employee acknowledges, agrees, and intends that all Copyrightable Works he or she creates during the period of time that he or she is employed by the Company (whether before, on or after the date of this Agreement) and within the scope of his or her employment shall be considered to be "works made for hire" as defined under the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq.  Employee also acknowledges, agrees, and intends that the Company will be deemed the author of all such works made for hire and the owner of all of the rights comprised in the copyright of such works.

(c) Employee agrees that he or she will (i) promptly disclose such Intellectual Property and Copyrightable Works to the Company; (ii) assign to the Company, without additional compensation, the entire rights to Intellectual Property and Copyrightable Works for the United States and all foreign countries; (iii) execute assignments and all other documentation and do all acts necessary to carry out the above, including enabling the Company to file and prosecute applications for, acquire, ascertain and enforce in all countries, letters patent, trademark registrations and/or copyrights covering or otherwise relating to Intellectual Property and Copyrightable Works and to enable the Company to protect its proprietary interests therein; and (iv) give testimony in any action or proceeding to enforce rights in the Intellectual Property and Copyrightable Works.

(d) Employee understands and agrees that: (i) no license or conveyance of any rights or warranty is granted or implied by the Company furnishing or disclosing any Intellectual Property or Copyrightable Works to Employee; and (ii) the Company shall retain whatever ownership and other proprietary rights it otherwise has in all Intellectual Property and Copyrightable Works.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-042B-4338-8F9B-77F6E0B69DBC

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 98 of 257

Page 7

### 9.    Employee's Acknowledgment

Employee hereby expressly acknowledges and agrees that (a) the restrictions and obligations set forth in and imposed by Sections 1, 2, 3, 4, 5, 6, 7 or 8 will not prevent Employee from obtaining gainful employment in Employee's field of expertise or cause Employee undue hardship; and (b) the restrictions and obligations imposed on Employee under Sections 1, 2, 3, 4, 5, 6, 7 or 8  are necessary to protect the legitimate business interests of the Company and are reasonable in view of the benefits and consideration Employee has received or will receive from the Company.

### 10.    Equitable Relief

(a) In recognition of the fact that irreparable injury will result to the Company in the event of a breach by Employee of his or her obligations under Section 1, 2, 3, 4, 5, 6, 7 or 8 of this Agreement, that monetary damages for such breach would not be readily calculable, and that the Company would not have an adequate remedy at law therefor, Employee acknowledges, consents and agrees that in the event of such breach, or the threat thereof, the Company shall be entitled, in addition to any other legal remedies and damages available, to (i) specific performance thereof and to temporary and permanent injunctive relief (without the necessity of posting a bond) to restrain the violation or threatened violation of such obligations by Employee and persons acting for or in connection with Employee and (ii) recovery of all reasonable sums and costs, including attorneys' fees, expert witness fees, expenses and costs incurred by the Company in investigating or seeking to enforce the provisions of this Agreement.

(b) The restrictive periods set forth in this Agreement (including those set forth in Sections 1, 2 and 5 hereof) shall not expire and shall be tolled during any period in which Employee is in violation of such restrictive periods, and therefore such restrictive periods shall be extended for a periods equal to the durations of Employee's violations thereof.

### 11.    Severability

The parties agree they have attempted to limit the scope of the post-employment restrictions contained herein to the extent necessary to protect Confidential Information and Trade Secrets, client relationships and good will.  It is the desire and intent of the parties that the provisions of this Agreement shall be enforced to the fullest extent permissible under applicable laws and public policies.  Accordingly, if any particular portion of this Agreement shall be adjudicated to be invalid or unenforceable, this Agreement shall be deemed amended to delete therefrom such invalid portion, and reformed to the extent valid and enforceable.  Such deletion and reformation shall apply only with respect to the operation of this Agreement in the particular jurisdiction in which such adjudication is made.

### 12.    Other Agreements and Obligations Survive

(a) Neither Employee nor the Company intends to waive or release the applicability of any other more extensive legal or contractual obligations Employee may owe the

General - June 2019

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-042B-4338-8E9B-77F6G0B69DBC

Case 1.26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 99 of 257

Page 8

Company at any particular time, including, but not limited to, obligations under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, with regard to the subject matters of Sections 1, 2, 3, 4, 5, 6, 7 or 8.

(b) Except as otherwise provided in this Section, the obligations of Employee under this Agreement shall be independent of, and unaffected by, and shall not affect, other agreements, if any, binding Employee which apply to Employee's business activities during and/or subsequent to Employee's employment by the Company, including any employment agreement between Employee and the Company executed at any time hereafter. The obligations under this Agreement also shall survive any changes made in the future to the employment terms of Employee, including but not limited to changes in salary, benefits, bonus plans, job title and job responsibilities.

## 13. Employment Unaltered

Employee understands that this Agreement does not constitute a contract of employment and does not promise or imply that his or her employment with the Company will continue for any period of time. Unless otherwise agreed to under any employment agreement between Employee and the Company, whether executed prior to this Agreement or at any time hereafter, employment with the Company is "at-will" and may be terminated either by Employee or the Company at any time, with or without cause, and with or without notice.

## 14. Binding Effect; Assignment

Employee expressly consents to be bound by the provisions of this Agreement for the benefit of the Company or any of its subsidiaries or affiliates to whose employ he or she may be transferred without the necessity that this Agreement be re-signed at the time of such transfer. Employee consents that any such subsidiary or affiliate may enforce this Agreement. Further, the rights of the Company hereunder may be assigned, without consent of Employee, at any time, to any successor in interest of the Company, or any portion thereof, by reason of merger, consolidation, sale, lease or other disposition of any or all of the assets or stock of the Company. This Agreement may be enforced by the Company's successors and assigns.

## 15. Governing Law and Choice of Forum

The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are based in New York, and that breach of this Agreement will cause injury in New York. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of laws provisions. The parties, being desirous of having any disputes resolved in a forum having a substantial body of law and experience with the matters contained herein, agree that any action or proceeding with respect to this Agreement and Employee's employment shall be brought exclusively in the Civil Court of the City of New York, New York County, or in the Supreme Court of the State of New York, New York County, or in the United States District Court for the Southern District of New York, or in any other court of competent jurisdiction in or for the State and County of New York, and the parties agree to the personal jurisdiction thereof. The parties

General - Hunt 2019

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

DocuSign Envelope ID: 8E52EE25-842B-4238-8F9B-7756C0B69DBC

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 100 of 257

Page 9

hereby irrevocably waive any objection they may now or hereafter have to the laying of venue of any such action in the said court(s), and further irrevocably waive any claim they may now or hereafter have that any such action brought in said court(s) has been brought in an inconvenient forum. Employee recognizes that, should any dispute or controversy arising from or relating to this Agreement be submitted for adjudication to any court, arbitration panel or other third party, the preservation of the secrecy of Confidential Information and Trade Secrets may be jeopardized. Consequently, Employee agrees that all issues of fact shall be tried without a jury.

### 16.  Non-Waiver

The failure of either the Company or Employee, whether purposeful or otherwise, to exercise in any instance any right, power, or privilege under this Agreement or under law shall not constitute a waiver of any other right, power, or privilege, nor of the same right, power, or privilege in any other instance. Any waiver by the Company or by Employee must be in a written or electronic instrument signed by either Employee, if Employee is seeking to waive any of his or her rights under this Agreement, or by the President or highest executive officer of Employer, if the Company is seeking to waive any of its rights under this Agreement.

### 17.  Modification; Agreement to Enter into Additional Agreements

No modification of this Agreement shall be valid unless made in a written or electronic instrument signed by both parties hereto, wherein specific reference is made to this Agreement, except as provided in Section 11 above; provided, however, that the Company may make changes to the Agreement that are favorable to Employee (*e.g.*, to conform the provisions of this Agreement to changes in court decisions or legislation), without securing the written consent of Employee to the change. Should Employee move to a different state or jurisdiction while employed by the Company or upon written request of the Company, Employee agrees to sign, without further consideration, upon direction by the Company, such further writings to effectuate the provisions of this Agreement as necessary to comply with applicable law. Employee's failure to sign such additional agreements shall constitute a breach of this Agreement.

### 18.  Cooperation

Both during Employee's employment with the Company and after the termination thereof for any reason, Employee agrees to provide the Company with such information relating to his or her work for the Company or others, as the Company may from time to time reasonably request in order to determine his or her compliance with this Agreement.

### 19.  Disclosure

For a period of two (2) years after termination of employment with the Employer, Employee agrees to provide his or her new employer with a copy of this Agreement prior to taking a position with such new employer. Employee also hereby specifically authorizes the Company to contact his or her future employers to determine his or her compliance with the Agreement or to communicate the contents of this Agreement to such employers. Employee

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 10

RECEIVED NYSCEF: 05/27/2026

DocuSign Envelope ID: 8E52EE25-042B-4338-8F9B-7756C0B69DBC

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 101 of 257

Page 10

further specifically authorizes the Company to, in its sole discretion and without further permission from Employee, furnish copies of the Agreement to any client or prospective client of the Company and indicate that Employee has entered into this Agreement with the intention that the Company and each of its clients or prospective clients may rely upon his or her compliance with this Agreement.

## 20.    Headings

Section headings are used herein for convenience or reference only and shall not affect the meaning of any provision of this Agreement.

By:    *Amanda Vail*

Name:    Amanda Vail
Title:    Chief Financial Officer

Signed and agreed to by:

DocuSigned by:

*Hunter Harper*

115AEA9139F245A...

6/30/2021 | 22:36 CDT

**Hunter Harper** (signature)

DATE

Hunter Harper

**Hunter Harper** (print name)

*General — June 2019*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 11

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 102 of 257

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT I

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 11

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 103 of 257

**From:** ███████████████████████████████████████████ >
**Sent:** Monday, May 18, 2026 12:04 PM
**To:** 'Bo Evans' <BEvans@turnerfirst.com>
**Cc:** '███████████████████████████ >; Wesson, Hailee (MMA) <Hailee.Wesson@MarshMMA.com>
**Subject:** RE: Turner Insurance & Bonding / Patriot Growth Insurance Services

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Congratulations, Bo! That is exciting!

Please see attached COI. I will forward the additional information requested later today.

Thank you,



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 11

INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 104 of 257

RECEIVED NYSCEF: 05/27/2026

**From:** Bo Evans
**Sent:** Monday, May 18, 2026 11:51 AM
**To:** ███████████████
**Cc:** ████████████████████; Hailee Wesson
**Subject:** Turner Insurance & Bonding / Patriot Growth Insurance Services

Dear ██████ and ██████,

Today I resigned from Marsh & McLennan Agency and have embarked on a new opportunity with the opening of a Birmingham office for Turner Insurance & Bonding, a local subsidiary of Patriot Growth Insurance Services. Please make note of my new email address, but my mobile number will stay the same.

Per our conversation you had asked if there was a way for ██████ Corporation to follow and join us on this exciting transition. In an effort to make a clean break from MMA, we did not bring any files, underwriting information, policies, etc. so in order for us to generate a Broker of Record letter allowing ██████ to move their policies to Patriot Growth Insurance Services, I will need some help from you.

First, could you please go ahead and forward a recently issued COI?

Next, we'll need any renewal proposals, auto and equipment lists, certificate holder lists, renewal spreadsheets or applications, builder risk reporter policies, etc. that you can dig up.

Sincerely,

Bo Evans
205-██████

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 12

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 105 of 257

# EXHIBIT J

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)



**From:** ███████████████████████
**Sent:** Wednesday, May 20, 2026 9:29 AM
**To:** ██████████████████████████████████████████████
████████████████████████
**Cc:** Cutshall, Jeffrey (MMA) <Jeff.Cutshall@MarshMMA.com>
**Subject:** RE: ████████

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Lets talk about this before you send them Agent of record letters.

████████

Director of Special Projects
████████████████████████
██████████████████

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

██████████████████

**From:** ████████████████████████████████
**Sent:** Tuesday, May 19, 2026 10:25 AM
**To:** ███████████████████████████████████████
████████████████████
**Cc:** Cutshall, Jeffrey (MMA) <jeff.cutshall@marshmma.com>
**Subject:** Re: ████████

Jeff:

Congrats on the move- look forward to continuing the relationship if circumstance's allow.

██████████████████████████

**From:** ██████████████████████████████
**Sent:** Monday, May 18, 2026 5:23 PM
**To:** S████████████████████████████████████>; ████████████████████████████████████
<████████████████████m>
**Subject:** FW: ████████

████████████

*CEO*

██████████████████████████████

**From:** Jeff Cutshall <JCutshall@turnerfirst.com>
**Sent:** Monday, May 18, 2026 4:57 PM
**To:** ██████████████████████████████>
**Cc:** ████████████████████████████████████████>; Jeff Cutshall
<JCutshall@turnerfirst.com>
**Subject:** ████████

Some people who received this message don't often get email from jcutshall@turnerfirst.com. Learn why this is important

████,

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 12

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 108 of 257

RECEIVED NYSCEF: 05/27/2026

As discussed this morning, I resigned from Marsh & McLennan Agency and have embarked on a new opportunity to open a Birmingham office for Turner Insurance & Bonding, a local subsidiary of Patriot Growth Insurance Services. Please make note of my new email address, but my mobile number will stay the same.

Per our conversation you asked if there was a way for ███████████ to follow and join us at Turner, which I greatly appreciate. In an effort to make a clean break from MMA, we did not bring any files, underwriting information, policies, etc., so I need to request copies of the FYE statements from 2023, 2024 and 2025 when it is available.

I will send you a broker of record letter to place on your letterhead tomorrow and sign before emailed back. In the meantime, feel free to call with any questions.

**Jeff Cutshall**
Mobile: (205) ████
Email: jcutshall@turnerfirst.com

## Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

Please be aware that there is risk posed by cyber fraud, specifically affecting email accounts and bank account details. Please note that our bank account details will not change during the course of a transaction, and we will not notify you via email of any changes to our bank details. Always independently confirm bank account details and transfer instructions with us in person or via a telephone call to a trusted and verified phone number.

**********************************************************************
This e-mail, including any attachments that accompany it, may contain
information that is confidential or privileged. This e-mail is
intended solely for the use of the individual(s) to whom it was intended to be
addressed. If you have received this e-mail and are not an intended recipient,
any disclosure, distribution, copying or other use or
retention of this email or information contained within it are prohibited.
If you have received this email in error, please immediately
reply to the sender via e-mail and also permanently
delete all copies of the original message together with any of its attachments
from your computer or device.
**********************************************************************

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 13

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT K

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 13    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 110 of 257    RECEIVED NYSCEF: 05/27/2026



**From:** Michele Hicks <MHicks@turnerfirst.com>
**Sent:** Thursday, May 21, 2026 9:56 AM
**To:** Keith Harrelson <KHarrelson@turnerfirst.com>; ███████████████████ ██████████████████████ Terah (MMA) <Terah.Shrout@MarshMMA.com>
**Subject:** RE: [EXT]RE: Submission: ████████████████

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 13

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 111 of 257

RECEIVED NYSCEF: 05/27/2026

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Good Morning,

Please see the attached Driver List as noted below. Please let me know if you need anything else. Thanks so much.



**Michele Hicks**
**Senior Account Manager**
**Email:** mhicks@turnerfirst.com

## Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

**Birmingham | Montgomery | Mobile | Lakeland**

**Turner is excited to offer online payments through Applied Pay**! Payment links will be e-mailed or you can navigate to our website at www.turnerfirst.com and select "Client Hub" to access Applied Pay.

Please do not bind, amend, or claim any insurance solely by email. Confirmation with a licensed representative of Turner Insurance & Bonding Co. is required for all insurance transactions to be valid.

**Confidentiality Notice:** This e-mail, and any included attachments, is intended solely for the person or entity to which it is addressed and may contain confidential, privileged, and/or proprietary information. Any review, dissemination, distribution, copying, printing, or other use of this e-mail by persons or entities other than the addressee or his/her authorized agent is prohibited. If you have received this e-mail in error, please contact mhicks@turnerfirst.com.

---

**From:** Keith Harrelson
**Sent:** Thursday, May 21, 2026 9:50 AM
**To:** ███████████
**Cc:** ███████ ; Terah Shrout-1707001 ; Michele Hicks
**Subject:** RE: [EXT]RE: Submission: ████████████

Michele Hicks will be emailing to you in a few minutes.

Keith Harrelson, CIC, MLIS
205.██████

## Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

---

**From:** ██████████████████████████
**Sent:** Thursday, May 21, 2026 9:06 AM
**To:** Keith Harrelson <KHarrelson@turnerfirst.com>
**Cc:** ███████████████████████ ; Terah Shrout-1707001 <terah.shrout@marshmma.com>
**Subject:** [EXT]RE: Submission: ████████████

Keith,

Do you have a copy of the drivers list?

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 13

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 112 of 257

Thanks,

█████████

*Commercial Lines Underwriter*

█████████████████████

███████████████████████████████████████████

---

**From:** Keith Harrelson <KHarrelson@turnerfirst.com>
**Sent:** Wednesday, May 20, 2026 11:56 AM
**To:** ████████████████████████████████████
**Cc:** ██████████ Terah Shrout <TShrout@turnerfirst.com>; Rachel Hutto <rhutto@turnerfirst.com>
**Subject:** [EXTERNAL] Submission: ███████████

**Security Alert: This is an external email. Do not click links, open, or download attachments from unknown sources.**

---

████ and team, please see the attached Acords and Vehicle spreadsheet. The Equipment Coverage is written by ████ and we do not need you to quote this. I'm available to talk as soon as you have a moment

Keith Harrelson, CIC, MLIS
205.██████

# Turner Insurance & Bonding Co.

PATRIOT | PARTNER AGENCY

---

**From:** ████████████████████████ >
**Sent:** Tuesday, May 19, 2026 6:22 PM
**To:** Keith Harrelson <KHarrelson@turnerfirst.com>; ████████████████████ >
**Cc:** Michele Hicks <MHicks@turnerfirst.com>; Becky Burrus <BBurrus@turnerfirst.com>; ██████████████████
**Subject:** Re: [EXT]RE: Turner Insurance & Bonding Agency Transfer - ████████████

Hey Keith! We are working as quickly as we can to get the code setup, but can't get these processed and in the system until we get that code. We also need to get the accords to process this, so while we are doing our part on the code, please get the accord apps to us too. Thanks for understanding our processes as we try to work through this:

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 13     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 113 of 257     RECEIVED NYSCEF: 05/27/2026



*Senior Vice President*

---

**From:** Keith Harrelson <KHarrelson@turnerfirst.com>
**Sent:** Tuesday, 19 May 2026 16:56:57
**To:** ███████████████████████████████████████
**Cc:** Michele Hicks <MHicks@turnerfirst.com>; Becky Burrus <BBurrus@turnerfirst.com>
**Subject:** [EXTERNAL] FW: [EXT]RE: Turner Insurance & Bonding Agency Transfer - ███████████████

**<span style="color:red">Security Alert: This is an external email. Do not click links, open, or download attachments from unknown sources.</span>**

---

████ and ████ please process the attached BOR. This one renews in August. Thank you for your help!

Keith Harrelson, CIC, MLIS
205████████

# Turner Insurance & Bonding Co.

PATRIOT | PARTNER AGENCY

---

**From:** ███████████████████████
**Sent:** Tuesday, May 19, 2026 4:42 PM
**To:** Michele Hicks <MHicks@turnerfirst.com>; Keith Harrelson <kharrelson@turnerfirst.com>
**Subject:** RE: [EXT]RE: Turner Insurance & Bonding Agency Transfer - █████████████



---

**From:** Michele Hicks <MHicks@turnerfirst.com>
**Sent:** Tuesday, May 19, 2026 2:52 PM
**To:** ███████████████████████
**Subject:** FW: [EXT]RE: Turner Insurance & Bonding Agency Transfer - ███████████████

You don't often get email from mhicks@turnerfirst.com. Learn why this is important

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 13

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 114 of 257

RECEIVED NYSCEF: 05/27/2026

Good Afternoon Mark,

Please see the attached AOR letter for you to sign and return. Please let me know if you have any questions. Thanks so much.



**Michele Hicks**
**Senior Account Manager**
**Email:** mhicks@turnerfirst.com

## Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

**Birmingham | Montgomery | Mobile | Lakeland**

**Turner is excited to offer online payments through Applied Pay**! Payment links will be e-mailed or you can navigate to our website at www.turnerfirst.com and select "Client Hub" to access Applied Pay.

Please do not bind, amend, or claim any insurance solely by email. Confirmation with a licensed representative of Turner Insurance & Bonding Co. is required for all insurance transactions to be valid.

**Confidentiality Notice:** This e-mail, and any included attachments, is intended solely for the person or entity to which it is addressed and may contain confidential, privileged, and/or proprietary information. Any review, dissemination, distribution, copying, printing, or other use of this e-mail by persons or entities other than the addressee or his/her authorized agent is prohibited. If you have received this e-mail in error, please contact mhicks@turnerfirst.com.

---

**From:** Keith Harrelson <KHarrelson@turnerfirst.com>
**Sent:** Tuesday, May 19, 2026 1:41 PM
**To:** ████████████████████████████████████
**Cc:** Becky Burrus <BBurrus@turnerfirst.com>; Hunter Harper <HHarper@turnerfirst.com>; Michele Hicks <MHicks@turnerfirst.com>
**Subject:** FW: [EXT]RE: Turner Insurance & Bonding Agency Transfer

Received ████, Thank you!
Becky or Hunter, please create the BOR letter and email back to ████ and ████. Thank you!

Keith Harrelson, CIC, MLIS
205.████████

## Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

---

**From:** ████████████████████████████
**Sent:** Tuesday, May 19, 2026 12:58 PM
**To:** Keith Harrelson <KHarrelson@turnerfirst.com>; ████████████████████████
**Cc:** Becky Burrus <BBurrus@turnerfirst.com>
**Subject:** [EXT]RE: Turner Insurance & Bonding Agency Transfer

████████████████

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 13

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 115 of 257



**From:** Keith Harrelson <KHarrelson@turnerfirst.com>
**Sent:** Monday, May 18, 2026 5:39 PM
**To:** ███████████████████████████████████████
**Cc:** Becky Burrus <BBurrus@turnerfirst.com>
**Subject:** Turner Insurance & Bonding Agency Transfer

> You don't often get email from kharrelson@turnerfirst.com. Learn why this is important

[EXTERNAL] This email originated from outside of Summit Electrical Construction.

████ and ████, per our call, I appreciate your desire to come over with us. Please email me and Becky a recent Certificate of Insurance that we produced for you and any other recent documents we may have sent you. I'll return a Broker of Record Letter to you for your signature.

Thank you!

Keith Harrelson
Turner Insurance & Bonding Co. / Patriot Growth Insurance Co.
205████████

**FCCI Insurance Group**
**More than a policy. A promise.®**
FCCI Insurance Group companies: Brierfield Insurance Company, FCCI Advantage Insurance Company, FCCI Commercial Insurance Company, FCCI Insurance Company, Monroe Guaranty Insurance Company, FCCI Specialty, and National Trust Insurance Company.

This communication, along with any documents, files or attachments, is intended only for the use of the addressee and may contain legally privileged and confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of any information contained in or attached to this communication is strictly prohibited. If you have received this message in error, please notify the sender immediately and destroy the original communication and its attachments without reading, printing or saving in any manner.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 14

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 116 of 257

# EXHIBIT L

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.



**From:**

**Sent:** Wednesday, 20 May 2026 07:04:38

**To:** Penton, Sim (MMA) <Sim.Penton@MarshMMA.com>

**Cc:** T

**Subject:** Re: Marsh McLennan Agency Transition

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Sim,

Unfortunately, ████ has already committed to Ryan with his new company, so I assume there is no reason to meet.  I apologize, I didn't realize Ryan had already reached out to ████.

President ████████.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**From:** Penton, Sim (MMA) <Sim.Penton@MarshMMA.com>
**Sent:** Tuesday, May 19, 2026 4:14 PM
**To:** ███████████████████████████
**Cc:** ███████████████████████
**Subject:** RE: Marsh McLennan Agency Transition

' *CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.*

'

Yessir that would be perfect. Let me know and I'll send a calendar invite. Look forward to working with you all!

**Sim Penton, CIC**
**Vice President**
**M +1 334 ████████**

**10 Inverness Center Parkway | Suite 400 | Birmingham, AL | 35242**
**Sim.Penton@marshmma.com** | **MarshMMA.com**



A business of Marsh McLennan

This e-mail and any documents accompanying this transmission may contain proprietary, privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this information is strictly prohibited and could result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents.

---

**From:** ████████████████████████
**Sent:** Tuesday, May 19, 2026 4:11 PM
**To:** Penton, Sim (MMA) <Sim.Penton@MarshMMA.com>
**Cc:** ████████████████████████████████
**Subject:** Re: Marsh McLennan Agency Transition

**CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Let me get with ████████ and I will get back with you. She's out of the office next week so I'm shooting for Friday at 10:30. Would you be available then if it works for ████████?



President ████████████.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 14

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 119 of 257

**From:** Penton, Sim (MMA) <Sim.Penton@MarshMMA.com>
**Sent:** Tuesday, May 19, 2026 3:08 PM
**To:** █████████████████████████████████████
**Subject:** Marsh McLennan Agency Transition

' *CAUTION: This email originated from outside the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.*

'

Mark,

Thank you for your time on the phone. I look forward to meeting you and getting to know you a little bit. If you don't mind, can you shoot me some dates and times you would have a little bit of time to meet in the next week or two? Thanks again!

Regards,

**Sim Penton, CIC**
**Vice President**
**M +1 334 █████**
**10 Inverness Center Parkway | Suite 400 | Birmingham, AL | 35242**
Sim.Penton@marshmma.com | MarshMMA.com



A business of Marsh McLennan

This e-mail and any documents accompanying this transmission may contain proprietary, privileged and/or confidential information and is intended solely for the addressee(s) named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this information is strictly prohibited and could result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents.

---

This e-mail transmission and any attachments that accompany it may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law and is intended solely for the use of the individual(s) to whom it was intended to be addressed. If you have received this e-mail by mistake, or you are not the intended recipient, any disclosure, dissemination, distribution, copying or other use or retention of this communication or its substance is prohibited. If you have received this communication in error, please immediately reply to the author via e-mail that you received this message by mistake and also permanently delete the original and all copies of this e-mail and any attachments from your computer.

Please note that coverage cannot be bound or altered by sending an email. You must speak with or receive written confirmation from a licensed representative of our firm to put coverage in force or make changes to your existing program. Thank you.

---

This e-mail transmission and any attachments that accompany it may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law and is intended solely for the use of the individual(s) to whom it was intended to be addressed. If you have received this e-mail by mistake, or you are not the intended recipient, any disclosure, dissemination, distribution, copying or other use or retention of this communication or its substance is prohibited. If you have received this communication in error, please immediately reply to the author via e-mail that you received this message by mistake and also permanently delete the original and all copies of this e-mail and any attachments from your computer.

Please note that coverage cannot be bound or altered by sending an email. You must speak with or receive written confirmation from a licensed representative of our firm to put coverage in force or make changes to your existing program. Thank you.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 15

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 120 of 257

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT M

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Thursday, May 21, 2026 1:01 PM
**To:** McClendon, Ryan (MMA) <Ryan.McClendon@MarshMMA.com>; Evans, Bo (MMA) <Bo.Evans@MarshMMA.com>
**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject:** Fw: COI Needed

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

How do I respond to this???

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Loyd, Kayla (MMA) <Kayla.Loyd@MarshMMA.com>
**Sent:** Thursday, May 21, 2026 12:45:36 PM

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 15

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 122 of 257

**To:** <span style="background:black">         </span>
**Cc:** <span style="background:black">     </span>
**Subject:** RE: COI Needed

<span style="background:black">  </span>,

My apologies, but it appears that we are no longer the agent on equipment policy so you will need to contact the new agent to get this added.

Thanks,
**Kayla Loyd**
**Sr. Account Associate**
T +1 205 <span style="background:black">  </span>  |  F +1 205 <span style="background:black">  </span>
10 Inverness Center Parkway, Suite 400 | Birmingham, AL | 35242
Kayla.Loyd@MarshMMA.com | MarshMMA.com



A business of Marsh McLennan
Marsh & McLennan Agency LLC

Please see our **Privacy Notice.**

This email and any documents accompanying this transmission may contain proprietary, privileged and/or confidential information and is intended solely for the addressee's named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this information is strictly prohibited and could result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents.

**From:** Barnett, Susan (MMA) <Susan.Barnett@MarshMMA.com>
**Sent:** Thursday, May 21, 2026 12:11 PM
**To:** Loyd, Kayla (MMA) <Kayla.Loyd@MarshMMA.com>
**Subject:** FW: COI Needed

Can you add this (if not already on the schedule) and issue the evidence?

Thanks!

**Susan Hamilton Barnett** (She/Her), CIC
**Client Executive, Business Insurance**
T +1 205 <span style="background:black">  </span> | M +1 770 <span style="background:black">  </span>
10 Inverness Center Parkway | Suite 400 | Birmingham, AL | 35242
Susan.Barnett@MarshMMA.com | MarshMMA.com



A Marsh business
Marsh & McLennan Agency LLC

Please see our **Privacy Notice.**

This email and any documents accompanying this transmission may contain proprietary, privileged and/or confidential information and is intended solely for the addressee's named above. If you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure, copying, distribution, or reliance on the contents of this information is strictly prohibited and could result in legal action against you. Please reply to the sender advising of the error in transmission and immediately delete/destroy the message and any accompanying documents.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 15

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 123 of 257

RECEIVED NYSCEF: 05/27/2026

**From:** ████████████████████████████████

**Sent:** Thursday, May 21, 2026 11:54 AM

**To:** Barnett, Susan (MMA) <Susan.Barnett@MarshMMA.com>

**Cc:** ████████████████████████████████

**Subject:** COI Needed

**CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Good morning,

Can you please send me a COI for the attached new purchase? Thanks.



This e-mail transmission and any attachments that accompany it may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law and is intended solely for the use of the individual(s) to whom it was intended to be addressed. If you have received this e-mail by mistake, or you are not the intended recipient, any disclosure, dissemination, distribution, copying or other use or retention of this communication or its substance is prohibited. If you have received this communication in error, please immediately reply to the author via e-mail that you received this message by mistake and also permanently delete the original and all copies of this e-mail and any attachments from your computer.

Please note that coverage cannot be bound or altered by sending an email. You must speak with or receive written confirmation from a licensed representative of our firm to put coverage in force or make changes to your existing program. Thank you.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# EXHIBIT N

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 16

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 125 of 257

RECEIVED NYSCEF: 05/27/2026



**From:** ████████████████████████
**Sent:** Wednesday, May 20, 2026 8:23 AM
**To:** Wesson, Hailee (MMA) <Hailee.Wesson@MarshMMA.com>
**Cc:** ███████████████████████
**Subject:** FW: ████████████, Inc.

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

Hi Hailee,

Thank you for the BOR! We will notify the current underwriting team and process the BOR.

Beverly, please process the BOR.

████████████████████████
██████████

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 16

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 126 of 257

**From:** Hailee Wesson
**Sent:** Tuesday, May 19, 2026 5:57 PM
**To:** ▉▉▉▉▉▉▉
**Subject:** [External] ▉▉▉▉▉▉▉▉, Inc.

> **CAUTION: This email came from outside of the company.**
> **Please exercise caution when opening attachments, clicking links or responding to this email. The original sender of this email is prvs=85996baf1e=hwesson@turnerfirst.com.**

Hi Davis,

Please see the attached BOR for the above insured. Please confirm receipt of this email and let me know if you need anything further in order to process. We look forward to hearing from you soon.

Thanks,



**Hailee Wesson**
**Account Executive**
**Mobile: 205-**▉▉▉▉▉
**Email:** hwesson@turnerfirst.com

## Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

**Birmingham | Montgomery | Mobile | Lakeland**

**Turner is excited to offer online payments through Applied Pay**! Payment links will be e-mailed or you can navigate to our website at www.turnerfirst.com and select "Client Hub" to access Applied Pay.

Please do not bind, amend, or claim any insurance solely by email. Confirmation with a licensed representative of Turner Insurance & Bonding Co. is required for all insurance transactions to be valid.

**Confidentiality Notice:** This e-mail, and any included attachments, is intended solely for the person or entity to which it is addressed and may contain confidential, privileged, and/or proprietary information. Any review, dissemination, distribution, copying, printing, or other use of this e-mail by persons or entities other than the addressee or his/her authorized agent is prohibited. If you have received this e-mail in error, please contact hwesson@turnerfirst.com.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

NYSCEF DOC. NO. 16

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

This message (including any attachments) may contain confidential, proprietary, privileged and/or private information. The information is intended to be for the use of the individual or entity designated above. If you are not the intended recipient of this message, please notify the sender immediately, and delete the message and any attachments. Any disclosure, reproduction, distribution or other use of this message or any attachments by an individual or entity other than the intended recipient is prohibited.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 17

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 128 of 257

# EXHIBIT O

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 17   Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 129 of 257   RECEIVED NYSCEF: 05/27/2026



**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Sent:** Thursday, May 21, 2026 8:50 AM

**To:** Jeff Cutshall <JCutshall@turnerfirst.com>

**Cc:** Bo Evans <BEvans@turnerfirst.com>; McClendon, Ryan (MMA) <Ryan.McClendon@MarshMMA.com>

**Subject:** RE: ▮▮▮▮▮▮▮▮

---

**CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

---

Jeff,

I am okay with the final bond being issued.

I received a couple final bond requests from ▮▮▮▮▮▮▮▮ on accounts that you sent in BORs.  They were sent after the BOR dates.

Do you have the contract for ▮▮▮▮▮▮?  Small bond need running to ▮▮▮▮.  I'm okay with the bonds being issued.  I could use the final version of the 12/31/24 CPA FYE statement for this one as well.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 17

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 130 of 257

RECEIVED NYSCEF: 05/27/2026

Do you have the contract for ████████████? It is a small final bond running to the ██████████████ of the ████████████. I'd be fine with this one as well.

Below are some unused bond numbers assigned to your new agency. Please do not hesitate to contact me with any questions or concerns. Thank you,



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**From:** Jeff Cutshall <JCutshall@turnerfirst.com>
**Sent:** Wednesday, May 20, 2026 7:29 PM
**To:** ██████████████████████████████████
**Cc:** Bo Evans <BEvans@turnerfirst.com>
**Subject:** ███████████

> CAUTION:This email originated from outside of Merchants Bonding Company. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Damon, here is the PFS for ██████████ of ██████████████



**Jeff Cutshall**
**Mobile:** 205-████████
**Email:** jcutshall@turnerfirst.com

# Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

**Birmingham | Montgomery | Mobile | Lakeland**

**Turner is excited to offer online payments through Applied Pay!** Payment links will be e-mailed or you can navigate to our website at www.turnerfirst.com and select "Client Hub" to access Applied Pay.

Please do not bind, amend, or claim any insurance solely by email. Confirmation with a licensed representative of Turner Insurance & Bonding Co. is required for all insurance transactions to be valid.

**Confidentiality Notice:** This e-mail, and any included attachments, is intended solely for the person or entity to which it is addressed and may contain confidential, privileged, and/or proprietary information. Any review, dissemination, distribution, copying, printing, or other use of this e-mail by persons or entities other than the addressee or his/her authorized agent is prohibited. If you have received this e-mail in error, please contact jcutshall@turnerfirst.com

**From:** Bo Evans <BEvans@turnerfirst.com>
**Sent:** Wednesday, May 20, 2026 6:54 PM
**To:** Jeff Cutshall <JCutshall@turnerfirst.com>
**Subject:** FW: [EXT]Fwd: Pfs



**Bo Evans**
**Mobile:** 205████████
**Email:** bevans@turnerfirst.com

# Turner Insurance & Bonding Co.
PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

**Birmingham | Montgomery | Mobile | Lakeland**

**Turner is excited to offer online payments through Applied Pay!** Payment links will be e-mailed or you can navigate to our website at www.turnerfirst.com and select "Client Hub" to access Applied Pay.

Please do not bind, amend, or claim any insurance solely by email. Confirmation with a licensed representative of Turner Insurance & Bonding Co. is required for all insurance transactions to be valid.

**Confidentiality Notice:** This e-mail, and any included attachments, is intended solely for the person or entity to which it is addressed and may contain confidential, privileged, and/or proprietary information. Any review, dissemination, distribution, copying, printing, or other use of this e-mail by persons or entities other than the addressee or his/her authorized agent is prohibited. If you have received this e-mail in error, please contact bevans@turnerfirst.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 132 of 257

**From:** ███████████████████████ >
**Sent:** Wednesday, May 20, 2026 5:52 PM
**To:** Bo Evans <bevans@turnerfirst.com>
**Subject:** [EXT]Fwd: Pfs

██████████

Begin forwarded message:

> **From:** ███████████████████████
> **Date:** May 20, 2026 at 5:28:05 PM CDT
> **To:** ████████████████████████ >
> **Subject: Pfs**

████████

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 18

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 133 of 257

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT P

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**From:** Jeff Cutshall <JCutshall@turnerfirst.com>
**Sent:** Friday, May 22, 2026 1:42 PM
**To:** ███████████████████████████████
**Cc:** Evans, Bo (MMA) <Bo.Evans@MarshMMA.com>; ███████████████████████████ ████████████
██████████████████████████ Jennifer Barranco <JBarranco@turnerfirst.com>; Jeff Cutshall
<JCutshall@turnerfirst.com>
**Subject:** RE: [EXT]FW: ████████████████████████

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them
> from the sender.

Here is a copy of the bond and the ROE.  Please send us the rates for ████ when you have a chance.

**Jeff Cutshall**
**Mobile:  205-**██████
**Email:**  jcutshall@turnerfirst.com

This is a copy of a pleading filed electronically pursuant to1 New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 18    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 135 of 257    RECEIVED NYSCEF: 05/27/2026

# Turner Insurance & Bonding Co.

PATRIOT | PARTNER AGENCY

*A Division of Patriot Growth Insurance Services, LLC (CA License #0M56067)*

**Birmingham | Montgomery | Mobile | Lakeland**

**Turner is excited to offer online payments through Applied Pay!** Payment links will be e-mailed or you can navigate to our website at www.turnerfirst.com and select "Client Hub" to access Applied Pay.

Please do not bind, amend, or claim any insurance solely by email. Confirmation with a licensed representative of Turner Insurance & Bonding Co. is required for all insurance transactions to be valid.

**Confidentiality Notice:** This e-mail, and any included attachments, is intended solely for the person or entity to which it is addressed and may contain confidential, privileged, and/or proprietary information. Any review, dissemination, distribution, copying, printing, or other use of this e-mail by persons or entities other than the addressee or his/her authorized agent is prohibited. If you have received this e-mail in error, please contact jcutshall@turnerfirst.com

---

**From:** ▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Wednesday, May 20, 2026 8:08 PM
**To:** Jeff Cutshall <jcutshall@turnerfirst.com>
**Cc:** Evans, Bo (MMA) <bo.evans@marshmma.com>; ▮▮▮▮▮▮▮▮▮▮▮; ▮▮▮▮▮▮▮▮▮▮▮
**Subject:** [EXT]FW: ▮▮▮▮▮▮▮▮▮▮

Jeff,
This contract is approved with same conditions as the ▮▮ MM ▮▮▮▮ job:
-Bonding any major subs
-Terming out the $▮▮ MM shareholder note payable while adding an additional $▮▮ MM from a personal LOC (totaling $▮▮ MM) to a ▮▮ year note that will be subordinated to ▮▮ with our terms and conditions
-Increasing the ▮▮ MM BLOC to $▮▮ MM to provide cashflow if needed.
-A commitment from ▮▮▮ to work toward and maintain a WC of at least ▮▮ MM (given the anticipated backlog of $▮▮ MM)
-Once ▮▮▮▮▮▮▮ is producing revenue, a timely payoff of the ▮▮ MM Related Party AR

Please see ▮▮▮▮ contact email CC'd above.

Thank you,

▮▮▮▮▮▮
Underwriting Director
▮▮▮▮▮▮▮▮▮

---

**From:** Jeff Cutshall <JCutshall@turnerfirst.com>
**Sent:** Tuesday, May 19, 2026 4:32 PM
**To:** ▮▮▮▮▮▮▮▮▮▮▮
**Cc:** Bo Evans <BEvans@turnerfirst.com>
**Subject:** [EXTERNAL] ▮▮▮▮▮▮▮

▮▮▮▮

Here is the contract for the ▮▮▮▮▮▮▮▮▮▮▮▮. Once we have seals/powers/bond numbers we would like to issue, but if it will be a few days I may touch base with ▮▮▮▮▮▮ for assistance.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 18

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 136 of 257

RECEIVED NYSCEF: 05/27/2026

Can you send me ▮▮▮▮ email address?

---

**From:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Sent:** Tuesday, May 19, 2026 3:08 PM
**To:** Bo Evans <bevans@turnerfirst.com>; Jeff Cutshall <jcutshall@turnerfirst.com>
**Subject:** [EXT]▮▮▮▮▮▮▮ Bond

Good afternoon hope all is well! We're needing a labor and material bond for the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ project, we'll need 3 physical copies as well as a COI. Insurance specs are with the bond request, please let me know if you need anything

Thanks!



This e-mail message, including any attachments and appended messages, is for the sole use of the intended recipients and may contain confidential and legally privileged information.
If you are not the intended recipient, any review, dissemination, distribution, copying, storage or other use of all or any portion of this message is strictly prohibited.
If you received this message in error, please immediately notify the sender by reply e-mail and delete this message in its entirety.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# EXHIBIT Q

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.



**From:** Susan <██████@gmail.com>
**Sent:** Friday, May 22, 2026 10:20 AM
**To:** Barnett, Susan (MMA) <Susan.Barnett@MarshMMA.com>
**Subject:** Fwd: Turner / Patriot

> **CAUTION:** This email originated outside the company. Do not click links or open attachments unless you are expecting them from the sender.

---------- Forwarded message ---------
From: **Keith Harrelson** <██████@gmail.com>
Date: Mon, May 18, 2026 at 5:12 PM
Subject: Re: Turner / Patriot
To: Susan <██████@gmail.com>, Greg Parker <gparker@patriotgis.com>, Kelli Till <ktill@turnerfirst.com>

Greg or Kelli, can you please forward the benefits packet to Susan for review?

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 19

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 139 of 257

Keith Harrelson
205-██████
Sent from my iPhone

On May 18, 2026, at 11:42 AM, Susan <████████@gmail.com> wrote:

Can you send me some benefits info to review?

On Mon, May 18, 2026 at 11:01 AM Keith Harrelson <████████@gmail.com> wrote:

Susan, please review the attached. We hope we can work this out with you. Please give me a call with any questions. Thank you

Keith Harrelson
205-██████
Sent from my iPhone

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 19

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 140 of 257

RECEIVED NYSCEF: 05/27/2026



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# EXHIBIT R

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# Offer Memo for:  Susan Barnett

**5/17/2026**
**PERSONAL & CONFIDENTIAL**

**Dear Susan,**

We have enjoyed our conversations with you and learning more about your career interests and aspirations. We hope that your conversations with us have also given you a clear sense of our company, values, and the opportunities available with us.

We believe your educational and work experiences make you an excellent fit for the career and professional growth opportunity at Patriot Growth Insurance Services LLC ("Patriot" or "PGIS").

We are pleased to extend you this formal offer to join Patriot, beginning on May 15, 2026, or another mutually agreeable date.

Your position as **Account Executive – Commercial Lines** is classified as exempt and therefore is not eligible for overtime under the Fair Labor Standards Act (FLSA).

---

## Compensation

Your initial compensation, which is based on a 40-hour workweek, will be at a **bi-weekly rate of** $ ▓▓▓▓▓ less deductions required by law, which is equivalent to an **annual rate of** $ ▓▓▓▓▓

You will be paid via direct deposit every other Friday in accordance with the attached pay schedule. As a result, annualized compensation may show slight variations depending on pay dates.

As an exempt employee, there may be times when you will be required to work additional hours to meet company or client deadlines.

---

## Bonus Structure

In addition to your traditional base salary compensation as described above, you will be granted a "Sign On" bonus in the amount of $ ▓▓▓▓▓ upon hiring.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 20

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 143 of 257

# Work Location & Schedule

Your designated work location for this position will begin in the Birmingham office located a 1 Chase Corporate Drive.

Your specific schedule and expectations will be communicated to you by your manager.

# Benefits

You will be eligible for Patriot's comprehensive benefits program on the **1st of the month following 30 days of employment**, provided you meet eligibility requirements.

You will also be eligible for Patriot's **Personalized PTO plan**, allowing flexibility to manage time off in coordination with your team and leadership. Additional details regarding sick leave, PTO, and holidays are included in policy materials.

# Confidentiality

Upon accepting this role, you agree that all information regarding the personal, financial, or operational affairs of Patriot or its clients must be treated as confidential.

This includes any Protected Health Information (PHI) subject to HIPAA and other applicable privacy laws.

Upon termination of employment, all company and client materials must be returned and may not be retained or duplicated.

# Employment Terms

Employment with Patriot is **"at will"**, meaning either you or the company may terminate employment at any time, with or without cause or notice.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 20

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 144 of 257

This offer is contingent upon:

- Successful background screening
- Verification of eligibility to work in the United States
- Any required credit check (if applicable)
- Review of any restrictive covenants

If required, continued employment is contingent upon obtaining and maintaining appropriate licenses.

# Indemnification

Employee is leaving **her** employment with JSL, a Marsh & McLennan Agency, LLC ("Marsh"), and immediately beginning new employment with Patriot Growth Insurance Services, LLC ("Patriot"). Patriot and Employee are aware of prior instances of employees leaving Marsh and moving to other competing insurance agencies, and that Marsh has historically filed lawsuits seeking injunctive relief and/or damages against the departing employees and/or their new employer, and asserting breach of contract and tort claims against the departing employee surrounding confidentiality obligations, fiduciary duties, and restrictive covenants, among other issues.

Employee and Patriot believe Employee's restrictive covenants (e.g., client and employee non-solicitation provisions) with Marsh are unenforceable because, among other reasons: (i) Marsh asked Employee to execute the restrictive covenant agreement before Marsh employed Employee, which is not permissible under Alabama law; (ii) the restrictive covenants are overbroad, overlong, and/or unreasonable; and/or (iii) the restrictive covenants are not supported by Marsh's legitimate business interests. Nonetheless, Patriot and Employee expect Marsh to seek enforcement of the restrictive covenants. While Employee believes that she satisfied any fiduciary obligations to Marsh while employed there and intends to comply with any legitimate confidentiality obligations, Patriot and Employee anticipate Marsh to raise numerous issues surrounding Employee's departure and make overbroad arguments regarding fiduciary responsibilities and what does and does not qualify as confidential information. Patriot and Employee also recognize that litigation is unpredictable.

In light of the foregoing, and to the fullest extent allowed by law, Patriot hereby agrees to defend, indemnify, and hold Employee harmless from any demands, claims, lawsuits, or other legal proceedings of any nature, whether in contract or in tort, whether for injunctive relief, compensatory damages, or punitive damages, brought by Marsh or any of its affiliates arising out of or relating to Employee's departure from Marsh, events leading up to his departure from Marsh, acceptance of employment with Patriot, and actual employment with Patriot, including but not limited to any claims Employee has breached and/or violated Employee's restrictive covenant obligations or other obligations to Marsh. Subject to the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 20

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 145 of 257

RECEIVED NYSCEF: 05/27/2026

conditions set forth herein, Patriot expressly acknowledges that Patriot will defend and indemnify Employee from, and pay all damages, settlements, judgments, attorneys' fees (including Employee's own attorneys' fees), costs, interest, or other monetary amounts of any nature that Employee incurs or to which Employee is exposed as a result of having to defend any demand, claim, lawsuit or other legal proceeding by Marsh. Patriot's indemnification obligations hereunder begin as soon as any such demand, claim, or potential claim is asserted against Employee and Patriot will have an immediate obligation to pay all defense costs, damages, attorneys' fees, or other monetary amounts Employee incurs in defending any such demand, claim, potential claim, or lawsuit.

**Susan,** the next steps will be the completion of our online application in our "Clear" hiring system.  Our HR Department will walk you through this process and will also conduct an introductory onboarding learning opportunity to help familiarize you with the company.

Please feel free to contact me with any questions.  We are all excited about our new partnership with you and Wish you the very best luck in your future with Patriot.

Respectfully,

**Greg Parker**
*Regional President - Southeast*
gparker@patriotgis.com
**Patriot Growth Insurance Services**, LLC

501 Office Center Drive, Suite 215
Ft. Washington, PA 19034
Mobile: 256-█████

**patriotgis.com**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 146 of 257

RECEIVED NYSCEF: 05/27/2026

# EXHIBIT S

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report :**Reports**                                                                                    **5/20/2026**
Location Group :**Location One**                                                                           **12:33:12PM**

Start Date       5/20/2024                    Stop Date    5/20/2026
Start Time       0                                   Stop Time     2359
Apply Start/Stop Time To Each Day

Includes Events From All Devices in Location Group
Does Not Include Events From All Card Holders

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 1 | Cutshall, Jeff: Location One | Thursday | 5/30/2024 | 11:10:51AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 2 | Cutshall, Jeff: Location One | Thursday | 5/30/2024 | 11:18:27AM | 1 | 3 | door 4 Back Door | 26246 |
| 3 | Cutshall, Jeff: Location One | Thursday | 5/30/2024 | 12:59:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 4 | Cutshall, Jeff: Location One | Monday | 6/3/2024 | 10:51:51AM | 1 | 2 | door 3 Right Side Entrace | 26246 |
| 5 | Cutshall, Jeff: Location One | Monday | 6/3/2024 | 11:56:24AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 6 | Cutshall, Jeff: Location One | Thursday | 5/30/2024 | 1:33:00PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 7 | Cutshall, Jeff: Location One | Thursday | 5/30/2024 | 2:54:36PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 8 | Cutshall, Jeff: Location One | Monday | 6/10/2024 | 2:13:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 9 | Cutshall, Jeff: Location One | Monday | 6/10/2024 | 2:15:44PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 10 | Cutshall, Jeff: Location One | Thursday | 6/13/2024 | 11:23:12AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 11 | Cutshall, Jeff: Location One | Thursday | 6/13/2024 | 1:33:34PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 12 | Cutshall, Jeff: Location One | Monday | 6/3/2024 | 1:39:56PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 13 | Cutshall, Jeff: Location One | Monday | 6/3/2024 | 3:23:54PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 14 | Cutshall, Jeff: Location One | Tuesday | 6/4/2024 | 11:15:43AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 15 | Cutshall, Jeff: Location One | Tuesday | 6/4/2024 | 12:19:40PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 16 | Cutshall, Jeff: Location One | Tuesday | 6/4/2024 | 1:25:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 17 | Cutshall, Jeff: Location One | Tuesday | 6/4/2024 | 2:38:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 18 | Cutshall, Jeff: Location One | Tuesday | 6/4/2024 | 4:13:29PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 19 | Cutshall, Jeff: Location One | Monday | 6/10/2024 | 11:00:25AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 20 | Cutshall, Jeff: Location One | Monday | 6/10/2024 | 12:29:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 21 | Cutshall, Jeff: Location One | Wednesday | 6/12/2024 | 11:19:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 22 | Cutshall, Jeff: Location One | Thursday | 6/20/2024 | 1:23:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 23 | Cutshall, Jeff: Location One | Thursday | 6/20/2024 | 1:45:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 24 | Cutshall, Jeff: Location One | Monday | 6/24/2024 | 11:42:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 25 | Cutshall, Jeff: Location One | Monday | 6/24/2024 | 1:04:26PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 26 | Cutshall, Jeff: Location One | Monday | 6/24/2024 | 4:01:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 27 | Cutshall, Jeff: Location One | Wednesday | 6/26/2024 | 11:35:57AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 28 | Cutshall, Jeff: Location One | Wednesday | 6/26/2024 | 1:31:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 29 | Cutshall, Jeff: Location One | Wednesday | 6/26/2024 | 3:19:56PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 30 | Cutshall, Jeff: Location One | Tuesday | 7/2/2024 | 1:21:25PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 31 | Cutshall, Jeff: Location One | Tuesday | 7/2/2024 | 3:01:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 32 | Cutshall, Jeff: Location One | Monday | 7/8/2024 | 11:38:11AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 33 | Cutshall, Jeff: Location One | Monday | 7/8/2024 | 1:21:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 34 | Cutshall, Jeff: Location One | Monday | 7/8/2024 | 2:16:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 35 | Cutshall, Jeff: Location One | Monday | 7/8/2024 | 4:07:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 36 | Cutshall, Jeff: Location One | Tuesday | 7/9/2024 | 11:31:05AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 37 | Cutshall, Jeff: Location One | Tuesday | 7/9/2024 | 1:17:45PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 38 | Cutshall, Jeff: Location One | Tuesday | 7/9/2024 | 3:30:54PM | 1 | 1 | door 2 Break Room | 26246 |
| 39 | Cutshall, Jeff: Location One | Monday | 7/15/2024 | 1:10:35PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 40 | Cutshall, Jeff: Location One | Monday | 7/15/2024 | 2:30:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 41 | Cutshall, Jeff: Location One | Thursday | 7/18/2024 | 2:03:24PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 42 | Cutshall, Jeff: Location One | Wednesday | 7/24/2024 | 10:46:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 43 | Cutshall, Jeff: Location One | Wednesday | 7/24/2024 | 12:51:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 44 | Cutshall, Jeff: Location One | Wednesday | 7/24/2024 | 2:35:51PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 45 | Cutshall, Jeff: Location One | Monday | 8/12/2024 | 11:20:12AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 46 | Cutshall, Jeff: Location One | Monday | 8/12/2024 | 12:00:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 47 | Cutshall, Jeff: Location One | Monday | 8/12/2024 | 4:52:29PM | 1 | 3 | door 4 Back Door | 26246 |
| 48 | Cutshall, Jeff: Location One | Tuesday | 8/13/2024 | 3:10:08PM | 1 | 0 | door 1 Main Entrance | 26246 |

Page 1 of 14

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report : **Reports**                                                   **5/20/2026**
Location Group : **Location One**                                               **12:33:12PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                  Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 49 | Cutshall, Jeff: Location One | Monday | 8/5/2024 | 11:08:13AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 50 | Cutshall, Jeff: Location One | Monday | 8/5/2024 | 1:01:44PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 51 | Cutshall, Jeff: Location One | Monday | 8/5/2024 | 2:19:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 52 | Cutshall, Jeff: Location One | Monday | 8/5/2024 | 3:09:04PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 53 | Cutshall, Jeff: Location One | Friday | 8/9/2024 | 12:28:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 54 | Cutshall, Jeff: Location One | Monday | 8/12/2024 | 2:44:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 55 | Cutshall, Jeff: Location One | Tuesday | 8/13/2024 | 12:03:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 56 | Cutshall, Jeff: Location One | Tuesday | 8/13/2024 | 1:06:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 57 | Cutshall, Jeff: Location One | Tuesday | 8/13/2024 | 1:18:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 58 | Cutshall, Jeff: Location One | Tuesday | 8/13/2024 | 2:13:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 59 | Cutshall, Jeff: Location One | Tuesday | 8/20/2024 | 11:22:29AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 60 | Cutshall, Jeff: Location One | Tuesday | 8/20/2024 | 4:28:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 61 | Cutshall, Jeff: Location One | Tuesday | 8/20/2024 | 1:33:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 62 | Cutshall, Jeff: Location One | Tuesday | 8/20/2024 | 2:57:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 63 | Cutshall, Jeff: Location One | Thursday | 8/22/2024 | 11:05:44AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 64 | Cutshall, Jeff: Location One | Thursday | 8/22/2024 | 12:22:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 65 | Cutshall, Jeff: Location One | Thursday | 8/22/2024 | 2:26:13PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 66 | Cutshall, Jeff: Location One | Monday | 8/26/2024 | 10:57:37AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 67 | Cutshall, Jeff: Location One | Monday | 8/26/2024 | 1:50:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 68 | Cutshall, Jeff: Location One | Friday | 8/23/2024 | 11:11:19AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 69 | Cutshall, Jeff: Location One | Friday | 8/23/2024 | 1:03:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 70 | Cutshall, Jeff: Location One | Friday | 8/23/2024 | 1:19:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 71 | Cutshall, Jeff: Location One | Monday | 8/26/2024 | 3:16:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 72 | Cutshall, Jeff: Location One | Tuesday | 8/27/2024 | 11:37:43AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 73 | Cutshall, Jeff: Location One | Tuesday | 8/27/2024 | 12:53:55PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 74 | Cutshall, Jeff: Location One | Tuesday | 8/27/2024 | 1:52:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 75 | Cutshall, Jeff: Location One | Tuesday | 9/3/2024 | 12:58:28PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 76 | Cutshall, Jeff: Location One | Wednesday | 9/4/2024 | 11:37:25AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 77 | Cutshall, Jeff: Location One | Tuesday | 8/27/2024 | 10:07:24AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 78 | Cutshall, Jeff: Location One | Tuesday | 9/3/2024 | 10:31:36AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 79 | Cutshall, Jeff: Location One | Tuesday | 9/3/2024 | 2:59:28PM | 1 | 1 | door 2 Break Room | 26246 |
| 80 | Cutshall, Jeff: Location One | Wednesday | 9/4/2024 | 12:46:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 81 | Cutshall, Jeff: Location One | Wednesday | 9/4/2024 | 12:48:58PM | 1 | 1 | door 2 Break Room | 26246 |
| 82 | Cutshall, Jeff: Location One | Wednesday | 9/4/2024 | 2:31:29PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 83 | Cutshall, Jeff: Location One | Thursday | 9/5/2024 | 10:36:28AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 84 | Cutshall, Jeff: Location One | Thursday | 9/5/2024 | 12:22:26PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 85 | Cutshall, Jeff: Location One | Friday | 9/6/2024 | 11:20:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 86 | Cutshall, Jeff: Location One | Friday | 9/6/2024 | 1:17:53PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 87 | Cutshall, Jeff: Location One | Friday | 9/6/2024 | 2:40:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 88 | Cutshall, Jeff: Location One | Monday | 9/9/2024 | 11:14:28AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 89 | Cutshall, Jeff: Location One | Monday | 9/9/2024 | 12:16:35PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 90 | Cutshall, Jeff: Location One | Monday | 9/9/2024 | 12:58:11PM | 1 | 1 | door 2 Break Room | 26246 |
| 91 | Cutshall, Jeff: Location One | Monday | 9/9/2024 | 1:00:21PM | 1 | 1 | door 2 Break Room | 26246 |
| 92 | Cutshall, Jeff: Location One | Monday | 9/9/2024 | 3:41:15PM | 1 | 1 | door 2 Break Room | 26246 |
| 93 | Cutshall, Jeff: Location One | Thursday | 9/5/2024 | 2:54:39PM | 1 | 1 | door 2 Break Room | 26246 |
| 94 | Cutshall, Jeff: Location One | Wednesday | 9/11/2024 | 11:44:41AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 95 | Cutshall, Jeff: Location One | Wednesday | 9/11/2024 | 12:55:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 96 | Cutshall, Jeff: Location One | Wednesday | 9/11/2024 | 3:06:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 97 | Cutshall, Jeff: Location One | Friday | 9/20/2024 | 11:05:03AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 98 | Cutshall, Jeff: Location One | Friday | 9/20/2024 | 1:53:38PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 149 of 257     RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                                 **5/20/2026**
Location Group : **Location One**                                                            **12:33:12PM**

Start Date     5/20/2024          Stop Date     5/20/2026
Start Time     0                  Stop Time     2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 99 | Cutshall, Jeff: Location One | Friday | 9/20/2024 | 2:25:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 100 | Cutshall, Jeff: Location One | Monday | 9/23/2024 | 9:17:59AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 101 | Cutshall, Jeff: Location One | Monday | 9/23/2024 | 11:18:44AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 102 | Cutshall, Jeff: Location One | Monday | 9/23/2024 | 12:35:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 103 | Cutshall, Jeff: Location One | Monday | 9/23/2024 | 12:46:05PM | 1 | 1 | door 2 Break Room | 26246 |
| 104 | Cutshall, Jeff: Location One | Monday | 9/23/2024 | 1:48:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 105 | Cutshall, Jeff: Location One | Wednesday | 9/25/2024 | 10:32:40AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 106 | Cutshall, Jeff: Location One | Wednesday | 9/25/2024 | 12:33:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 107 | Cutshall, Jeff: Location One | Wednesday | 9/25/2024 | 2:05:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 108 | Cutshall, Jeff: Location One | Thursday | 9/26/2024 | 1:32:26PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 109 | Cutshall, Jeff: Location One | Friday | 9/27/2024 | 10:34:14AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 110 | Cutshall, Jeff: Location One | Friday | 9/27/2024 | 10:34:19AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 111 | Cutshall, Jeff: Location One | Friday | 9/27/2024 | 1:18:11PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 112 | Cutshall, Jeff: Location One | Friday | 9/27/2024 | 1:29:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 113 | Cutshall, Jeff: Location One | Friday | 9/27/2024 | 2:20:41PM | 1 | 1 | door 2 Break Room | 26246 |
| 114 | Cutshall, Jeff: Location One | Tuesday | 9/24/2024 | 1:11:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 115 | Cutshall, Jeff: Location One | Tuesday | 9/24/2024 | 2:05:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 116 | Cutshall, Jeff: Location One | Tuesday | 9/24/2024 | 3:05:56PM | 1 | 1 | door 2 Break Room | 26246 |
| 117 | Cutshall, Jeff: Location One | Thursday | 9/26/2024 | 3:13:25PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 118 | Cutshall, Jeff: Location One | Thursday | 9/26/2024 | 4:14:56PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 119 | Cutshall, Jeff: Location One | Monday | 9/30/2024 | 11:03:39AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 120 | Cutshall, Jeff: Location One | Monday | 9/30/2024 | 12:50:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 121 | Cutshall, Jeff: Location One | Monday | 9/30/2024 | 1:30:54PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 122 | Cutshall, Jeff: Location One | Monday | 9/30/2024 | 2:29:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 123 | Cutshall, Jeff: Location One | Wednesday | 10/2/2024 | 12:47:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 124 | Cutshall, Jeff: Location One | Wednesday | 10/2/2024 | 1:35:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 125 | Cutshall, Jeff: Location One | Monday | 9/30/2024 | 4:04:18PM | 1 | 1 | door 2 Break Room | 26246 |
| 126 | Cutshall, Jeff: Location One | Wednesday | 10/2/2024 | 9:11:47AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 127 | Cutshall, Jeff: Location One | Wednesday | 10/2/2024 | 3:26:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 128 | Cutshall, Jeff: Location One | Thursday | 10/3/2024 | 1:46:53PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 129 | Cutshall, Jeff: Location One | Thursday | 10/3/2024 | 2:56:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 130 | Cutshall, Jeff: Location One | Friday | 10/4/2024 | 11:00:27AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 131 | Cutshall, Jeff: Location One | Thursday | 10/3/2024 | 10:54:02AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 132 | Cutshall, Jeff: Location One | Thursday | 10/10/2024 | 10:28:01AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 133 | Cutshall, Jeff: Location One | Thursday | 10/10/2024 | 11:59:15AM | 1 | 1 | door 2 Break Room | 26246 |
| 134 | Cutshall, Jeff: Location One | Thursday | 10/10/2024 | 1:32:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 135 | Cutshall, Jeff: Location One | Friday | 10/11/2024 | 10:29:43AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 136 | Cutshall, Jeff: Location One | Friday | 10/11/2024 | 12:58:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 137 | Cutshall, Jeff: Location One | Friday | 10/11/2024 | 1:32:41PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 138 | Cutshall, Jeff: Location One | Tuesday | 10/15/2024 | 10:59:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 139 | Cutshall, Jeff: Location One | Tuesday | 10/15/2024 | 1:44:24PM | 1 | 1 | door 2 Break Room | 26246 |
| 140 | Cutshall, Jeff: Location One | Wednesday | 10/16/2024 | 12:21:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 141 | Cutshall, Jeff: Location One | Wednesday | 10/16/2024 | 2:12:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 142 | Cutshall, Jeff: Location One | Tuesday | 10/22/2024 | 2:00:28PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 143 | Cutshall, Jeff: Location One | Friday | 10/25/2024 | 1:25:41PM | 1 | 2 | door 3 Right Side Entrace | 26246 |
| 144 | Cutshall, Jeff: Location One | Friday | 10/25/2024 | 9:47:22AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 145 | Cutshall, Jeff: Location One | Friday | 10/25/2024 | 1:16:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 146 | Cutshall, Jeff: Location One | Tuesday | 10/29/2024 | 10:00:25AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 147 | Cutshall, Jeff: Location One | Tuesday | 10/29/2024 | 11:50:54AM | 1 | 1 | door 2 Break Room | 26246 |
| 148 | Cutshall, Jeff: Location One | Tuesday | 10/29/2024 | 2:26:04PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)       INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21       Case 1:26-cv-04465-JPC       Document 1-1       Filed 05/28/26       Page 150 of 257       RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                                                                            **5/20/2026**
Location Group :**Location One**                                                                                        **12:33:12PM**

Start Date    5/20/2024        Stop Date    5/20/2026
Start Time    0                Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 149 | Cutshall, Jeff: Location One | Tuesday | 10/29/2024 | 3:44:06PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 150 | Cutshall, Jeff: Location One | Monday | 11/4/2024 | 11:37:19AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 151 | Cutshall, Jeff: Location One | Tuesday | 11/5/2024 | 2:28:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 152 | Cutshall, Jeff: Location One | Tuesday | 11/5/2024 | 3:26:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 153 | Cutshall, Jeff: Location One | Tuesday | 11/5/2024 | 4:38:24PM | 1 | 1 | door 2 Break Room | 26246 |
| 154 | Cutshall, Jeff: Location One | Monday | 11/4/2024 | 2:29:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 155 | Cutshall, Jeff: Location One | Monday | 11/4/2024 | 4:00:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 156 | Cutshall, Jeff: Location One | Tuesday | 11/5/2024 | 1:59:29PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 157 | Cutshall, Jeff: Location One | Wednesday | 11/6/2024 | 11:00:08AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 158 | Cutshall, Jeff: Location One | Wednesday | 11/6/2024 | 1:39:54PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 159 | Cutshall, Jeff: Location One | Wednesday | 11/6/2024 | 2:05:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 160 | Cutshall, Jeff: Location One | Thursday | 11/7/2024 | 10:39:47AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 161 | Cutshall, Jeff: Location One | Friday | 11/8/2024 | 1:47:34PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 162 | Cutshall, Jeff: Location One | Friday | 11/8/2024 | 10:44:36AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 163 | Cutshall, Jeff: Location One | Friday | 11/8/2024 | 1:05:02PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 164 | Cutshall, Jeff: Location One | Tuesday | 11/12/2024 | 10:38:50AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 165 | Cutshall, Jeff: Location One | Tuesday | 11/12/2024 | 1:43:44PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 166 | Cutshall, Jeff: Location One | Tuesday | 11/12/2024 | 1:52:06PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 167 | Cutshall, Jeff: Location One | Thursday | 11/14/2024 | 10:43:23AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 168 | Cutshall, Jeff: Location One | Thursday | 11/14/2024 | 12:54:57PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 169 | Cutshall, Jeff: Location One | Thursday | 11/14/2024 | 3:52:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 170 | Cutshall, Jeff: Location One | Tuesday | 11/19/2024 | 11:08:39AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 171 | Cutshall, Jeff: Location One | Tuesday | 11/19/2024 | 1:55:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 172 | Cutshall, Jeff: Location One | Thursday | 11/21/2024 | 9:06:42AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 173 | Cutshall, Jeff: Location One | Tuesday | 11/19/2024 | 9:22:28AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 174 | Cutshall, Jeff: Location One | Tuesday | 11/19/2024 | 11:59:33AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 175 | Cutshall, Jeff: Location One | Tuesday | 11/19/2024 | 4:04:52PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 176 | Cutshall, Jeff: Location One | Thursday | 11/21/2024 | 12:46:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 177 | Cutshall, Jeff: Location One | Thursday | 11/21/2024 | 12:53:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 178 | Cutshall, Jeff: Location One | Thursday | 11/21/2024 | 3:06:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 179 | Cutshall, Jeff: Location One | Monday | 12/2/2024 | 3:04:34PM | 1 | 1 | door 2 Break Room | 26246 |
| 180 | Cutshall, Jeff: Location One | Tuesday | 12/3/2024 | 12:49:11PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 181 | Cutshall, Jeff: Location One | Tuesday | 12/3/2024 | 2:13:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 182 | Cutshall, Jeff: Location One | Wednesday | 12/4/2024 | 10:36:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 183 | Cutshall, Jeff: Location One | Monday | 12/2/2024 | 11:03:10AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 184 | Cutshall, Jeff: Location One | Tuesday | 12/3/2024 | 10:43:08AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 185 | Cutshall, Jeff: Location One | Wednesday | 12/4/2024 | 1:19:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 186 | Cutshall, Jeff: Location One | Wednesday | 12/4/2024 | 2:20:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 187 | Cutshall, Jeff: Location One | Thursday | 12/5/2024 | 11:40:25AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 188 | Cutshall, Jeff: Location One | Thursday | 12/5/2024 | 1:11:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 189 | Cutshall, Jeff: Location One | Thursday | 12/5/2024 | 2:58:25PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 190 | Cutshall, Jeff: Location One | Thursday | 12/5/2024 | 3:43:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 191 | Cutshall, Jeff: Location One | Friday | 12/6/2024 | 10:36:54AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 192 | Cutshall, Jeff: Location One | Friday | 12/6/2024 | 1:26:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 193 | Cutshall, Jeff: Location One | Friday | 12/6/2024 | 2:05:48PM | 1 | 1 | door 2 Break Room | 26246 |
| 194 | Cutshall, Jeff: Location One | Monday | 12/9/2024 | 10:42:08AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 195 | Cutshall, Jeff: Location One | Tuesday | 12/10/2024 | 11:12:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 196 | Cutshall, Jeff: Location One | Tuesday | 12/10/2024 | 11:42:11AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 197 | Cutshall, Jeff: Location One | Tuesday | 12/10/2024 | 4:24:06PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 198 | Cutshall, Jeff: Location One | Monday | 12/9/2024 | 2:06:11PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 151 of 257    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                                                                          **5/20/2026**
Location Group :**Location One**                                                                                      **12:33:12PM**

Start Date    5/20/2024              Stop Date    5/20/2026
Start Time    0                      Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 199 | Cutshall, Jeff: Location One | Monday | 12/9/2024 | 3:00:18PM | 1 | 1 | door 2 Break Room | 26246 |
| 200 | Cutshall, Jeff: Location One | Tuesday | 12/10/2024 | 1:55:25PM | 1 | 1 | door 2 Break Room | 26246 |
| 201 | Cutshall, Jeff: Location One | Monday | 12/16/2024 | 1:29:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 202 | Cutshall, Jeff: Location One | Monday | 12/16/2024 | 10:21:41AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 203 | Cutshall, Jeff: Location One | Monday | 12/16/2024 | 3:49:42PM | 1 | 1 | door 2 Break Room | 26246 |
| 204 | Cutshall, Jeff: Location One | Tuesday | 12/17/2024 | 10:27:28AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 205 | Cutshall, Jeff: Location One | Tuesday | 12/17/2024 | 12:33:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 206 | Cutshall, Jeff: Location One | Tuesday | 12/17/2024 | 12:37:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 207 | Cutshall, Jeff: Location One | Wednesday | 12/18/2024 | 1:44:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 208 | Cutshall, Jeff: Location One | Wednesday | 12/18/2024 | 3:01:30PM | 1 | 1 | door 2 Break Room | 26246 |
| 209 | Cutshall, Jeff: Location One | Wednesday | 12/18/2024 | 4:21:25PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 210 | Cutshall, Jeff: Location One | Wednesday | 12/18/2024 | 4:25:57PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 211 | Cutshall, Jeff: Location One | Friday | 12/20/2024 | 2:19:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 212 | Cutshall, Jeff: Location One | Tuesday | 12/17/2024 | 4:48:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 213 | Cutshall, Jeff: Location One | Wednesday | 12/18/2024 | 10:22:07AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 214 | Cutshall, Jeff: Location One | Wednesday | 12/18/2024 | 11:50:49AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 215 | Cutshall, Jeff: Location One | Friday | 12/20/2024 | 10:17:34AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 216 | Cutshall, Jeff: Location One | Thursday | 1/2/2025 | 11:18:45AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 217 | Cutshall, Jeff: Location One | Thursday | 1/2/2025 | 12:45:55PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 218 | Cutshall, Jeff: Location One | Thursday | 1/2/2025 | 2:54:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 219 | Cutshall, Jeff: Location One | Wednesday | 1/8/2025 | 11:08:17AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 220 | Cutshall, Jeff: Location One | Wednesday | 1/8/2025 | 1:32:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 221 | Cutshall, Jeff: Location One | Thursday | 1/9/2025 | 10:43:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 222 | Cutshall, Jeff: Location One | Thursday | 1/9/2025 | 1:19:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 223 | Cutshall, Jeff: Location One | Thursday | 1/9/2025 | 1:39:40PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 224 | Cutshall, Jeff: Location One | Thursday | 1/9/2025 | 2:46:53PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 225 | Cutshall, Jeff: Location One | Monday | 1/13/2025 | 10:29:23AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 226 | Cutshall, Jeff: Location One | Monday | 1/13/2025 | 1:36:44PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 227 | Cutshall, Jeff: Location One | Monday | 1/13/2025 | 3:18:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 228 | Cutshall, Jeff: Location One | Tuesday | 1/14/2025 | 2:21:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 229 | Cutshall, Jeff: Location One | Monday | 1/27/2025 | 10:55:51AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 230 | Cutshall, Jeff: Location One | Monday | 1/27/2025 | 1:57:20PM | 1 | 1 | door 2 Break Room | 26246 |
| 231 | Cutshall, Jeff: Location One | Wednesday | 1/29/2025 | 1:35:18PM | 1 | 1 | door 2 Break Room | 26246 |
| 232 | Cutshall, Jeff: Location One | Wednesday | 1/29/2025 | 11:41:24AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 233 | Cutshall, Jeff: Location One | Monday | 2/3/2025 | 1:08:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 234 | Cutshall, Jeff: Location One | Monday | 2/3/2025 | 2:24:54PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 235 | Cutshall, Jeff: Location One | Friday | 1/31/2025 | 11:16:52AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 236 | Cutshall, Jeff: Location One | Friday | 1/31/2025 | 1:37:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 237 | Cutshall, Jeff: Location One | Friday | 1/31/2025 | 1:44:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 238 | Cutshall, Jeff: Location One | Friday | 1/31/2025 | 3:03:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 239 | Cutshall, Jeff: Location One | Monday | 2/3/2025 | 10:47:39AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 240 | Cutshall, Jeff: Location One | Wednesday | 2/5/2025 | 11:40:17AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 241 | Cutshall, Jeff: Location One | Wednesday | 2/5/2025 | 4:08:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 242 | Cutshall, Jeff: Location One | Wednesday | 2/5/2025 | 1:35:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 243 | Cutshall, Jeff: Location One | Tuesday | 2/11/2025 | 1:07:29PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 244 | Cutshall, Jeff: Location One | Tuesday | 2/11/2025 | 3:55:19PM | 1 | 1 | door 2 Break Room | 26246 |
| 245 | Cutshall, Jeff: Location One | Tuesday | 2/11/2025 | 9:40:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 246 | Cutshall, Jeff: Location One | Tuesday | 2/11/2025 | 9:45:52AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 247 | Cutshall, Jeff: Location One | Tuesday | 2/11/2025 | 2:35:34PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 248 | Cutshall, Jeff: Location One | Wednesday | 2/12/2025 | 10:58:11AM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 152 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                                                                                     **5/20/2026**
Location Group :**Location One**                                                                                        **12:33:12PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                        Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 249 | Cutshall, Jeff: Location One | Wednesday | 2/19/2025 | 2:48:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 250 | Cutshall, Jeff: Location One | Wednesday | 2/19/2025 | 11:04:52AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 251 | Cutshall, Jeff: Location One | Wednesday | 2/19/2025 | 12:55:12PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 252 | Cutshall, Jeff: Location One | Monday | 2/24/2025 | 11:14:13AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 253 | Cutshall, Jeff: Location One | Monday | 2/24/2025 | 12:47:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 254 | Cutshall, Jeff: Location One | Monday | 2/24/2025 | 12:58:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 255 | Cutshall, Jeff: Location One | Tuesday | 2/25/2025 | 1:05:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 256 | Cutshall, Jeff: Location One | Tuesday | 2/25/2025 | 1:08:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 257 | Cutshall, Jeff: Location One | Tuesday | 2/25/2025 | 2:50:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 258 | Cutshall, Jeff: Location One | Monday | 2/24/2025 | 2:08:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 259 | Cutshall, Jeff: Location One | Tuesday | 2/25/2025 | 11:23:55AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 260 | Cutshall, Jeff: Location One | Thursday | 2/27/2025 | 12:51:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 261 | Cutshall, Jeff: Location One | Thursday | 2/27/2025 | 1:48:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 262 | Cutshall, Jeff: Location One | Monday | 3/3/2025 | 2:48:00PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 263 | Cutshall, Jeff: Location One | Monday | 3/3/2025 | 10:56:38AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 264 | Cutshall, Jeff: Location One | Monday | 3/3/2025 | 12:53:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 265 | Cutshall, Jeff: Location One | Wednesday | 3/5/2025 | 10:53:12AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 266 | Cutshall, Jeff: Location One | Wednesday | 3/5/2025 | 12:39:36PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 267 | Cutshall, Jeff: Location One | Wednesday | 3/5/2025 | 1:55:32PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 268 | Cutshall, Jeff: Location One | Wednesday | 3/5/2025 | 2:49:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 269 | Cutshall, Jeff: Location One | Wednesday | 3/5/2025 | 4:03:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 270 | Cutshall, Jeff: Location One | Thursday | 3/6/2025 | 10:31:41AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 271 | Cutshall, Jeff: Location One | Thursday | 3/6/2025 | 12:44:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 272 | Cutshall, Jeff: Location One | Monday | 3/10/2025 | 9:47:25AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 273 | Cutshall, Jeff: Location One | Monday | 3/10/2025 | 9:57:35AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 274 | Cutshall, Jeff: Location One | Thursday | 3/6/2025 | 2:35:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 275 | Cutshall, Jeff: Location One | Wednesday | 3/12/2025 | 9:34:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 276 | Cutshall, Jeff: Location One | Wednesday | 3/12/2025 | 10:25:20AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 277 | Cutshall, Jeff: Location One | Wednesday | 3/12/2025 | 12:25:04PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 278 | Cutshall, Jeff: Location One | Wednesday | 3/12/2025 | 1:59:33PM | 1 | 1 | door 2 Break Room | 26246 |
| 279 | Cutshall, Jeff: Location One | Monday | 3/17/2025 | 10:02:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 280 | Cutshall, Jeff: Location One | Monday | 3/17/2025 | 2:07:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 281 | Cutshall, Jeff: Location One | Tuesday | 3/18/2025 | 1:26:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 282 | Cutshall, Jeff: Location One | Monday | 3/17/2025 | 11:59:43AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 283 | Cutshall, Jeff: Location One | Monday | 3/17/2025 | 12:55:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 284 | Cutshall, Jeff: Location One | Tuesday | 3/18/2025 | 10:24:23AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 285 | Cutshall, Jeff: Location One | Tuesday | 3/18/2025 | 3:59:35PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 286 | Cutshall, Jeff: Location One | Wednesday | 3/26/2025 | 12:49:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 287 | Cutshall, Jeff: Location One | Wednesday | 3/26/2025 | 2:51:29PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 288 | Cutshall, Jeff: Location One | Wednesday | 3/26/2025 | 3:39:57PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 289 | Cutshall, Jeff: Location One | Thursday | 3/27/2025 | 1:06:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 290 | Cutshall, Jeff: Location One | Thursday | 3/27/2025 | 1:52:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 291 | Cutshall, Jeff: Location One | Thursday | 3/27/2025 | 3:23:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 292 | Cutshall, Jeff: Location One | Wednesday | 4/2/2025 | 1:26:38PM | 1 | 1 | door 2 Break Room | 26246 |
| 293 | Cutshall, Jeff: Location One | Wednesday | 4/2/2025 | 4:24:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 294 | Cutshall, Jeff: Location One | Tuesday | 4/8/2025 | 9:16:50AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 295 | Cutshall, Jeff: Location One | Tuesday | 4/8/2025 | 1:19:12PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 296 | Cutshall, Jeff: Location One | Friday | 4/11/2025 | 10:19:59AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 297 | Cutshall, Jeff: Location One | Friday | 4/11/2025 | 11:48:03AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 298 | Cutshall, Jeff: Location One | Friday | 4/11/2025 | 1:08:11PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)          INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21          Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 153 of 257   RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                                                    **5/20/2026**
Location Group : **Location One**                                                                               **12:33:12PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                  Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|-----------|------|--|--|-----|--------|--|------|
| 299 | Cutshall, Jeff: Location One | Monday | 4/14/2025 | 12:37:13PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 300 | Cutshall, Jeff: Location One | Monday | 4/14/2025 | 12:57:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 301 | Cutshall, Jeff: Location One | Tuesday | 4/15/2025 | 10:35:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 302 | Cutshall, Jeff: Location One | Tuesday | 4/15/2025 | 11:28:38AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 303 | Cutshall, Jeff: Location One | Tuesday | 4/15/2025 | 2:30:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 304 | Cutshall, Jeff: Location One | Tuesday | 4/15/2025 | 3:23:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 305 | Cutshall, Jeff: Location One | Monday | 4/14/2025 | 11:00:58AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 306 | Cutshall, Jeff: Location One | Monday | 4/14/2025 | 2:58:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 307 | Cutshall, Jeff: Location One | Tuesday | 4/15/2025 | 1:09:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 308 | Cutshall, Jeff: Location One | Thursday | 5/1/2025 | 10:57:17AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 309 | Cutshall, Jeff: Location One | Thursday | 5/1/2025 | 1:24:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 310 | Cutshall, Jeff: Location One | Thursday | 5/1/2025 | 3:07:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 311 | Cutshall, Jeff: Location One | Monday | 5/5/2025 | 10:43:04AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 312 | Cutshall, Jeff: Location One | Monday | 5/5/2025 | 11:28:21AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 313 | Cutshall, Jeff: Location One | Tuesday | 5/6/2025 | 10:25:36AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 314 | Cutshall, Jeff: Location One | Tuesday | 5/6/2025 | 12:52:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 315 | Cutshall, Jeff: Location One | Tuesday | 5/6/2025 | 1:05:57PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 316 | Cutshall, Jeff: Location One | Thursday | 5/8/2025 | 10:18:57AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 317 | Cutshall, Jeff: Location One | Thursday | 5/8/2025 | 3:07:49PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 318 | Cutshall, Jeff: Location One | Friday | 5/9/2025 | 9:45:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 319 | Cutshall, Jeff: Location One | Tuesday | 5/13/2025 | 11:01:47AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 320 | Cutshall, Jeff: Location One | Tuesday | 5/13/2025 | 1:21:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 321 | Cutshall, Jeff: Location One | Tuesday | 5/13/2025 | 3:31:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 322 | Cutshall, Jeff: Location One | Thursday | 5/8/2025 | 12:02:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 323 | Cutshall, Jeff: Location One | Thursday | 5/8/2025 | 1:41:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 324 | Cutshall, Jeff: Location One | Friday | 5/9/2025 | 11:23:04AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 325 | Cutshall, Jeff: Location One | Friday | 5/16/2025 | 8:20:08AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 326 | Cutshall, Jeff: Location One | Monday | 5/19/2025 | 10:42:02AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 327 | Cutshall, Jeff: Location One | Tuesday | 5/20/2025 | 1:05:32PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 328 | Cutshall, Jeff: Location One | Tuesday | 5/20/2025 | 1:28:17PM | 1 | 1 | door 2 Break Room | 26246 |
| 329 | Cutshall, Jeff: Location One | Monday | 5/19/2025 | 1:21:51PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 330 | Cutshall, Jeff: Location One | Monday | 5/19/2025 | 2:30:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 331 | Cutshall, Jeff: Location One | Tuesday | 5/20/2025 | 10:49:14AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 332 | Cutshall, Jeff: Location One | Tuesday | 5/20/2025 | 3:15:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 333 | Cutshall, Jeff: Location One | Wednesday | 5/28/2025 | 10:21:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 334 | Cutshall, Jeff: Location One | Thursday | 5/29/2025 | 1:40:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 335 | Cutshall, Jeff: Location One | Thursday | 5/29/2025 | 1:43:44PM | 1 | 2 | door 3 Right Side Entrace | 26246 |
| 336 | Cutshall, Jeff: Location One | Thursday | 5/29/2025 | 2:55:15PM | 1 | 2 | door 3 Right Side Entrace | 26246 |
| 337 | Cutshall, Jeff: Location One | Monday | 6/2/2025 | 11:47:04AM | 1 | 1 | door 2 Break Room | 26246 |
| 338 | Cutshall, Jeff: Location One | Monday | 6/2/2025 | 1:35:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 339 | Cutshall, Jeff: Location One | Wednesday | 5/28/2025 | 12:48:30PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 340 | Cutshall, Jeff: Location One | Wednesday | 5/28/2025 | 1:06:16PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 341 | Cutshall, Jeff: Location One | Thursday | 5/29/2025 | 10:21:17AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 342 | Cutshall, Jeff: Location One | Monday | 6/2/2025 | 10:10:22AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 343 | Cutshall, Jeff: Location One | Monday | 6/2/2025 | 3:02:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 344 | Cutshall, Jeff: Location One | Tuesday | 6/3/2025 | 10:33:55AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 345 | Cutshall, Jeff: Location One | Tuesday | 6/3/2025 | 1:24:30PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 346 | Cutshall, Jeff: Location One | Monday | 6/9/2025 | 10:37:08AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 347 | Cutshall, Jeff: Location One | Monday | 6/9/2025 | 12:57:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 348 | Cutshall, Jeff: Location One | Monday | 6/9/2025 | 2:47:14PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 154 of 257

NYSCEF DOC. NO. 21

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:33:12PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                        Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 349 | Cutshall, Jeff: Location One | Tuesday | 6/10/2025 | 10:24:50AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 350 | Cutshall, Jeff: Location One | Tuesday | 6/10/2025 | 3:02:51PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 351 | Cutshall, Jeff: Location One | Monday | 6/9/2025 | 3:57:15PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 352 | Cutshall, Jeff: Location One | Tuesday | 6/10/2025 | 12:58:26PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 353 | Cutshall, Jeff: Location One | Thursday | 6/12/2025 | 1:16:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 354 | Cutshall, Jeff: Location One | Thursday | 6/12/2025 | 1:27:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 355 | Cutshall, Jeff: Location One | Wednesday | 6/11/2025 | 1:10:45PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 356 | Cutshall, Jeff: Location One | Wednesday | 6/11/2025 | 2:30:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 357 | Cutshall, Jeff: Location One | Wednesday | 6/11/2025 | 3:40:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 358 | Cutshall, Jeff: Location One | Thursday | 6/12/2025 | 11:45:30AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 359 | Cutshall, Jeff: Location One | Friday | 6/13/2025 | 10:47:42AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 360 | Cutshall, Jeff: Location One | Friday | 6/13/2025 | 12:02:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 361 | Cutshall, Jeff: Location One | Friday | 6/13/2025 | 1:29:11PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 362 | Cutshall, Jeff: Location One | Monday | 6/23/2025 | 10:53:15AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 363 | Cutshall, Jeff: Location One | Tuesday | 6/24/2025 | 10:36:31AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 364 | Cutshall, Jeff: Location One | Tuesday | 6/24/2025 | 1:34:26PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 365 | Cutshall, Jeff: Location One | Friday | 6/27/2025 | 10:35:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 366 | Cutshall, Jeff: Location One | Friday | 6/27/2025 | 11:57:53AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 367 | Cutshall, Jeff: Location One | Friday | 6/27/2025 | 1:31:32PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 368 | Cutshall, Jeff: Location One | Tuesday | 7/8/2025 | 11:10:09AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 369 | Cutshall, Jeff: Location One | Tuesday | 7/8/2025 | 1:28:45PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 370 | Cutshall, Jeff: Location One | Wednesday | 7/9/2025 | 10:53:23AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 371 | Cutshall, Jeff: Location One | Tuesday | 7/8/2025 | 3:47:26PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 372 | Cutshall, Jeff: Location One | Wednesday | 7/9/2025 | 12:50:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 373 | Cutshall, Jeff: Location One | Wednesday | 7/9/2025 | 2:08:41PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 374 | Cutshall, Jeff: Location One | Wednesday | 7/16/2025 | 1:06:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 375 | Cutshall, Jeff: Location One | Wednesday | 7/16/2025 | 2:19:40PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 376 | Cutshall, Jeff: Location One | Wednesday | 7/16/2025 | 10:51:35AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 377 | Cutshall, Jeff: Location One | Wednesday | 7/16/2025 | 3:50:56PM | 1 | 1 | door 2 Break Room | 26246 |
| 378 | Cutshall, Jeff: Location One | Monday | 7/21/2025 | 10:58:47AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 379 | Cutshall, Jeff: Location One | Monday | 7/21/2025 | 1:26:00PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 380 | Cutshall, Jeff: Location One | Monday | 7/21/2025 | 1:26:02PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 381 | Cutshall, Jeff: Location One | Monday | 7/21/2025 | 1:52:00PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 382 | Cutshall, Jeff: Location One | Monday | 7/21/2025 | 3:07:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 383 | Cutshall, Jeff: Location One | Wednesday | 7/23/2025 | 1:47:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 384 | Cutshall, Jeff: Location One | Friday | 7/25/2025 | 10:28:31AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 385 | Cutshall, Jeff: Location One | Wednesday | 7/23/2025 | 9:57:37AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 386 | Cutshall, Jeff: Location One | Friday | 7/25/2025 | 1:03:36PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 387 | Cutshall, Jeff: Location One | Friday | 7/25/2025 | 3:01:49PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 388 | Cutshall, Jeff: Location One | Monday | 8/4/2025 | 10:39:34AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 389 | Cutshall, Jeff: Location One | Monday | 8/4/2025 | 1:33:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 390 | Cutshall, Jeff: Location One | Monday | 8/4/2025 | 4:25:01PM | 1 | 1 | door 2 Break Room | 26246 |
| 391 | Cutshall, Jeff: Location One | Tuesday | 8/5/2025 | 11:12:02AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 392 | Cutshall, Jeff: Location One | Tuesday | 8/5/2025 | 1:16:15PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 393 | Cutshall, Jeff: Location One | Tuesday | 8/5/2025 | 1:39:44PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 394 | Cutshall, Jeff: Location One | Tuesday | 8/5/2025 | 3:42:34PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 395 | Cutshall, Jeff: Location One | Thursday | 8/7/2025 | 10:50:39AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 396 | Cutshall, Jeff: Location One | Monday | 8/11/2025 | 10:27:07AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 397 | Cutshall, Jeff: Location One | Tuesday | 8/12/2025 | 10:28:40AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 398 | Cutshall, Jeff: Location One | Tuesday | 8/12/2025 | 12:10:27PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:33:12PM**

Start Date   5/20/2024        Stop Date   5/20/2026
Start Time   0               Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 399 | Cutshall, Jeff: Location One | Thursday | 8/7/2025 | 2:31:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 400 | Cutshall, Jeff: Location One | Thursday | 8/7/2025 | 4:33:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 401 | Cutshall, Jeff: Location One | Monday | 8/11/2025 | 12:49:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 402 | Cutshall, Jeff: Location One | Monday | 8/11/2025 | 1:49:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 403 | Cutshall, Jeff: Location One | Tuesday | 8/12/2025 | 1:26:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 404 | Cutshall, Jeff: Location One | Tuesday | 8/12/2025 | 2:18:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 405 | Cutshall, Jeff: Location One | Wednesday | 8/13/2025 | 10:47:41AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 406 | Cutshall, Jeff: Location One | Thursday | 8/14/2025 | 1:40:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 407 | Cutshall, Jeff: Location One | Thursday | 8/14/2025 | 3:29:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 408 | Cutshall, Jeff: Location One | Monday | 8/18/2025 | 10:29:51AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 409 | Cutshall, Jeff: Location One | Monday | 8/18/2025 | 1:53:02PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 410 | Cutshall, Jeff: Location One | Monday | 8/18/2025 | 3:55:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 411 | Cutshall, Jeff: Location One | Thursday | 8/14/2025 | 10:42:11AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 412 | Cutshall, Jeff: Location One | Thursday | 8/14/2025 | 10:53:30AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 413 | Cutshall, Jeff: Location One | Monday | 8/18/2025 | 12:38:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 414 | Cutshall, Jeff: Location One | Monday | 8/25/2025 | 11:04:36AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 415 | Cutshall, Jeff: Location One | Monday | 8/25/2025 | 12:38:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 416 | Cutshall, Jeff: Location One | Monday | 8/25/2025 | 3:26:51PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 417 | Cutshall, Jeff: Location One | Tuesday | 8/26/2025 | 11:44:44AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 418 | Cutshall, Jeff: Location One | Tuesday | 8/26/2025 | 1:14:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 419 | Cutshall, Jeff: Location One | Tuesday | 8/26/2025 | 2:05:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 420 | Cutshall, Jeff: Location One | Tuesday | 8/26/2025 | 3:57:34PM | 1 | 3 | door 4 Back Door | 26246 |
| 421 | Cutshall, Jeff: Location One | Monday | 8/25/2025 | 1:55:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 422 | Cutshall, Jeff: Location One | Thursday | 8/28/2025 | 10:33:16AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 423 | Cutshall, Jeff: Location One | Thursday | 8/28/2025 | 12:55:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 424 | Cutshall, Jeff: Location One | Thursday | 8/28/2025 | 2:38:29PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 425 | Cutshall, Jeff: Location One | Tuesday | 9/2/2025 | 11:10:25AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 426 | Cutshall, Jeff: Location One | Tuesday | 9/2/2025 | 3:07:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 427 | Cutshall, Jeff: Location One | Thursday | 9/4/2025 | 10:51:48AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 428 | Cutshall, Jeff: Location One | Thursday | 9/4/2025 | 1:09:33PM | 1 | 2 | door 3 Right Side Entrace | 26246 |
| 429 | Cutshall, Jeff: Location One | Thursday | 9/4/2025 | 2:51:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 430 | Cutshall, Jeff: Location One | Monday | 9/8/2025 | 11:09:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 431 | Cutshall, Jeff: Location One | Monday | 9/8/2025 | 1:33:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 432 | Cutshall, Jeff: Location One | Monday | 9/8/2025 | 1:50:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 433 | Cutshall, Jeff: Location One | Monday | 9/8/2025 | 1:33:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 434 | Cutshall, Jeff: Location One | Wednesday | 9/10/2025 | 9:52:22AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 435 | Cutshall, Jeff: Location One | Wednesday | 9/10/2025 | 3:30:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 436 | Cutshall, Jeff: Location One | Wednesday | 9/10/2025 | 11:36:06AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 437 | Cutshall, Jeff: Location One | Wednesday | 9/10/2025 | 1:22:56PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 438 | Cutshall, Jeff: Location One | Wednesday | 9/10/2025 | 1:26:10PM | 1 | 1 | door 2 Break Room | 26246 |
| 439 | Cutshall, Jeff: Location One | Monday | 9/15/2025 | 11:14:47AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 440 | Cutshall, Jeff: Location One | Monday | 9/15/2025 | 2:56:28PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 441 | Cutshall, Jeff: Location One | Monday | 9/15/2025 | 1:25:11PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 442 | Cutshall, Jeff: Location One | Monday | 9/15/2025 | 1:36:11PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 443 | Cutshall, Jeff: Location One | Tuesday | 9/16/2025 | 10:51:09AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 444 | Cutshall, Jeff: Location One | Tuesday | 9/16/2025 | 1:52:54PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 445 | Cutshall, Jeff: Location One | Thursday | 9/18/2025 | 11:07:05AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 446 | Cutshall, Jeff: Location One | Thursday | 9/18/2025 | 1:24:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 447 | Cutshall, Jeff: Location One | Thursday | 9/18/2025 | 2:31:17PM | 1 | 1 | door 2 Break Room | 26246 |
| 448 | Cutshall, Jeff: Location One | Monday | 9/22/2025 | 10:48:18AM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 156 of 257

RECEIVED NYSCEF: 05/27/2026

# Uses Activity Report

Name of Report :**Reports**
Location Group :**Location One**

**5/20/2026**
**12:33:12PM**

| Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
|---|---|---|---|
| Start Time | 0 | Stop Time | 2359 |

Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 449 | Cutshall, Jeff: Location One | Thursday | 9/25/2025 | 3:43:10PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 450 | Cutshall, Jeff: Location One | Monday | 9/29/2025 | 12:47:24PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 451 | Cutshall, Jeff: Location One | Thursday | 9/25/2025 | 10:38:14AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 452 | Cutshall, Jeff: Location One | Thursday | 9/25/2025 | 12:04:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 453 | Cutshall, Jeff: Location One | Thursday | 9/25/2025 | 1:01:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 454 | Cutshall, Jeff: Location One | Monday | 9/29/2025 | 10:33:42AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 455 | Cutshall, Jeff: Location One | Monday | 9/29/2025 | 2:25:12PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 456 | Cutshall, Jeff: Location One | Thursday | 10/2/2025 | 3:17:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 457 | Cutshall, Jeff: Location One | Thursday | 10/2/2025 | 9:28:10AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 458 | Cutshall, Jeff: Location One | Thursday | 10/2/2025 | 12:08:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 459 | Cutshall, Jeff: Location One | Thursday | 10/2/2025 | 4:39:02PM | 1 | 2 | door 3 Right Side Entrace | 26246 |
| 460 | Cutshall, Jeff: Location One | Tuesday | 10/7/2025 | 10:53:12AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 461 | Cutshall, Jeff: Location One | Tuesday | 10/7/2025 | 1:33:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 462 | Cutshall, Jeff: Location One | Tuesday | 10/7/2025 | 3:35:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 463 | Cutshall, Jeff: Location One | Thursday | 10/9/2025 | 10:32:10AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 464 | Cutshall, Jeff: Location One | Thursday | 10/9/2025 | 1:22:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 465 | Cutshall, Jeff: Location One | Tuesday | 10/14/2025 | 10:50:07AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 466 | Cutshall, Jeff: Location One | Tuesday | 10/14/2025 | 1:06:13PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 467 | Cutshall, Jeff: Location One | Tuesday | 10/14/2025 | 3:44:44PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 468 | Cutshall, Jeff: Location One | Thursday | 10/16/2025 | 1:22:41PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 469 | Cutshall, Jeff: Location One | Thursday | 10/16/2025 | 1:28:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 470 | Cutshall, Jeff: Location One | Thursday | 10/16/2025 | 3:36:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 471 | Cutshall, Jeff: Location One | Thursday | 10/16/2025 | 10:55:43AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 472 | Cutshall, Jeff: Location One | Tuesday | 10/21/2025 | 1:27:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 473 | Cutshall, Jeff: Location One | Wednesday | 10/22/2025 | 10:47:57AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 474 | Cutshall, Jeff: Location One | Wednesday | 10/22/2025 | 12:41:42PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 475 | Cutshall, Jeff: Location One | Wednesday | 10/22/2025 | 12:41:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 476 | Cutshall, Jeff: Location One | Wednesday | 10/22/2025 | 1:04:56PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 477 | Cutshall, Jeff: Location One | Tuesday | 10/21/2025 | 10:49:50AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 478 | Cutshall, Jeff: Location One | Monday | 10/27/2025 | 1:02:42PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 479 | Cutshall, Jeff: Location One | Monday | 10/27/2025 | 2:36:49PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 480 | Cutshall, Jeff: Location One | Monday | 10/27/2025 | 4:33:38PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 481 | Cutshall, Jeff: Location One | Tuesday | 10/28/2025 | 12:53:53PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 482 | Cutshall, Jeff: Location One | Monday | 10/27/2025 | 11:00:09AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 483 | Cutshall, Jeff: Location One | Tuesday | 10/28/2025 | 9:19:02AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 484 | Cutshall, Jeff: Location One | Tuesday | 10/28/2025 | 2:11:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 485 | Cutshall, Jeff: Location One | Wednesday | 10/29/2025 | 10:10:26AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 486 | Cutshall, Jeff: Location One | Monday | 11/3/2025 | 11:14:40AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 487 | Cutshall, Jeff: Location One | Monday | 11/3/2025 | 1:44:42PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 488 | Cutshall, Jeff: Location One | Monday | 11/3/2025 | 3:44:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 489 | Cutshall, Jeff: Location One | Wednesday | 11/5/2025 | 1:55:15PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 490 | Cutshall, Jeff: Location One | Wednesday | 11/5/2025 | 3:41:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 491 | Cutshall, Jeff: Location One | Thursday | 11/6/2025 | 3:04:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 492 | Cutshall, Jeff: Location One | Monday | 11/10/2025 | 2:44:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 493 | Cutshall, Jeff: Location One | Wednesday | 11/5/2025 | 10:08:40AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 494 | Cutshall, Jeff: Location One | Thursday | 11/6/2025 | 12:57:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 495 | Cutshall, Jeff: Location One | Monday | 11/10/2025 | 1:03:34PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 496 | Cutshall, Jeff: Location One | Wednesday | 11/12/2025 | 10:31:16AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 497 | Cutshall, Jeff: Location One | Wednesday | 11/12/2025 | 2:09:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 498 | Cutshall, Jeff: Location One | Wednesday | 11/12/2025 | 3:26:38PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report :**Reports**                                                                                         **5/20/2026**
Location Group :**Location One**                                                                            **12:33:12PM**

Start Date     5/20/2024          Stop Date    5/20/2026
Start Time     0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|------------|------|---|---|-----|--------|---|------|
| 499 | Cutshall, Jeff: Location One | Wednesday | 11/12/2025 | 12:47:30PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 500 | Cutshall, Jeff: Location One | Wednesday | 11/12/2025 | 12:52:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 501 | Cutshall, Jeff: Location One | Wednesday | 11/19/2025 | 10:42:13AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 502 | Cutshall, Jeff: Location One | Wednesday | 11/19/2025 | 11:57:58AM | 1 | 1 | door 2 Break Room | 26246 |
| 503 | Cutshall, Jeff: Location One | Wednesday | 11/19/2025 | 1:21:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 504 | Cutshall, Jeff: Location One | Wednesday | 11/19/2025 | 2:23:04PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 505 | Cutshall, Jeff: Location One | Thursday | 11/20/2025 | 1:21:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 506 | Cutshall, Jeff: Location One | Thursday | 11/20/2025 | 10:23:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 507 | Cutshall, Jeff: Location One | Monday | 12/1/2025 | 12:45:20PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 508 | Cutshall, Jeff: Location One | Monday | 12/1/2025 | 1:02:28PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 509 | Cutshall, Jeff: Location One | Monday | 12/1/2025 | 10:53:51AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 510 | Cutshall, Jeff: Location One | Tuesday | 12/2/2025 | 11:36:36AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 511 | Cutshall, Jeff: Location One | Tuesday | 12/2/2025 | 12:35:49PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 512 | Cutshall, Jeff: Location One | Tuesday | 12/2/2025 | 3:09:15PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 513 | Cutshall, Jeff: Location One | Wednesday | 12/3/2025 | 11:06:36AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 514 | Cutshall, Jeff: Location One | Wednesday | 12/3/2025 | 12:19:50PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 515 | Cutshall, Jeff: Location One | Wednesday | 12/3/2025 | 1:00:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 516 | Cutshall, Jeff: Location One | Wednesday | 12/3/2025 | 2:37:24PM | 1 | 1 | door 2 Break Room | 26246 |
| 517 | Cutshall, Jeff: Location One | Tuesday | 12/9/2025 | 10:54:57AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 518 | Cutshall, Jeff: Location One | Tuesday | 12/9/2025 | 12:34:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 519 | Cutshall, Jeff: Location One | Tuesday | 12/9/2025 | 1:43:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 520 | Cutshall, Jeff: Location One | Tuesday | 12/9/2025 | 3:26:04PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 521 | Cutshall, Jeff: Location One | Thursday | 12/11/2025 | 1:55:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 522 | Cutshall, Jeff: Location One | Friday | 12/12/2025 | 11:47:03AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 523 | Cutshall, Jeff: Location One | Monday | 12/15/2025 | 11:21:35AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 524 | Cutshall, Jeff: Location One | Monday | 12/15/2025 | 4:13:45PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 525 | Cutshall, Jeff: Location One | Thursday | 12/11/2025 | 12:36:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 526 | Cutshall, Jeff: Location One | Friday | 12/12/2025 | 11:17:15AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 527 | Cutshall, Jeff: Location One | Monday | 12/15/2025 | 2:53:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 528 | Cutshall, Jeff: Location One | Monday | 12/29/2025 | 11:15:37AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 529 | Cutshall, Jeff: Location One | Tuesday | 12/30/2025 | 11:12:34AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 530 | Cutshall, Jeff: Location One | Tuesday | 12/30/2025 | 1:32:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 531 | Cutshall, Jeff: Location One | Tuesday | 12/30/2025 | 1:33:05PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 532 | Cutshall, Jeff: Location One | Tuesday | 12/30/2025 | 1:37:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 533 | Cutshall, Jeff: Location One | Tuesday | 12/30/2025 | 2:17:31PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 534 | Cutshall, Jeff: Location One | Monday | 1/5/2026 | 10:52:02AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 535 | Cutshall, Jeff: Location One | Monday | 12/29/2025 | 1:09:13PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 536 | Cutshall, Jeff: Location One | Monday | 12/29/2025 | 2:30:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 537 | Cutshall, Jeff: Location One | Tuesday | 12/30/2025 | 3:23:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 538 | Cutshall, Jeff: Location One | Monday | 1/5/2026 | 1:12:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 539 | Cutshall, Jeff: Location One | Monday | 1/5/2026 | 2:39:09PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 540 | Cutshall, Jeff: Location One | Tuesday | 1/6/2026 | 11:10:55AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 541 | Cutshall, Jeff: Location One | Tuesday | 1/6/2026 | 12:41:00PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 542 | Cutshall, Jeff: Location One | Thursday | 1/8/2026 | 10:00:24AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 543 | Cutshall, Jeff: Location One | Thursday | 1/8/2026 | 11:44:48AM | 1 | 3 | door 4 Back Door | 26246 |
| 544 | Cutshall, Jeff: Location One | Tuesday | 1/6/2026 | 2:11:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 545 | Cutshall, Jeff: Location One | Thursday | 1/8/2026 | 1:08:00PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 546 | Cutshall, Jeff: Location One | Thursday | 1/8/2026 | 2:30:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 547 | Cutshall, Jeff: Location One | Monday | 1/12/2026 | 10:44:27AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 548 | Cutshall, Jeff: Location One | Monday | 1/12/2026 | 11:44:44AM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 158 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**

Location Group :**Location One**

**5/20/2026**

**12:33:12PM**

| | Start Date | 5/20/2024 | | Stop Date | 5/20/2026 |
|---|---|---|---|---|---|
| | Start Time | 0 | | Stop Time | 2359 |
| | Apply Start/Stop Time To Each Day | | | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 549 | Cutshall, Jeff: Location One | Monday | 1/12/2026 | 1:02:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 550 | Cutshall, Jeff: Location One | Monday | 1/12/2026 | 2:16:55PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 551 | Cutshall, Jeff: Location One | Monday | 1/12/2026 | 3:57:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 552 | Cutshall, Jeff: Location One | Tuesday | 1/13/2026 | 10:45:41AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 553 | Cutshall, Jeff: Location One | Tuesday | 1/13/2026 | 12:47:25PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 554 | Cutshall, Jeff: Location One | Tuesday | 1/13/2026 | 2:44:17PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 555 | Cutshall, Jeff: Location One | Thursday | 1/15/2026 | 11:06:03AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 556 | Cutshall, Jeff: Location One | Thursday | 1/15/2026 | 1:19:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 557 | Cutshall, Jeff: Location One | Thursday | 1/15/2026 | 3:03:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 558 | Cutshall, Jeff: Location One | Thursday | 1/15/2026 | 4:32:06PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 559 | Cutshall, Jeff: Location One | Tuesday | 1/20/2026 | 1:47:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 560 | Cutshall, Jeff: Location One | Tuesday | 1/20/2026 | 11:42:01AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 561 | Cutshall, Jeff: Location One | Tuesday | 1/27/2026 | 10:03:54AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 562 | Cutshall, Jeff: Location One | Tuesday | 1/27/2026 | 2:50:41PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 563 | Cutshall, Jeff: Location One | Tuesday | 1/27/2026 | 1:16:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 564 | Cutshall, Jeff: Location One | Thursday | 1/29/2026 | 10:54:14AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 565 | Cutshall, Jeff: Location One | Thursday | 1/29/2026 | 12:42:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 566 | Cutshall, Jeff: Location One | Thursday | 1/29/2026 | 12:48:40PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 567 | Cutshall, Jeff: Location One | Thursday | 1/29/2026 | 1:57:39PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 568 | Cutshall, Jeff: Location One | Monday | 2/2/2026 | 10:18:06AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 569 | Cutshall, Jeff: Location One | Monday | 2/2/2026 | 2:10:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 570 | Cutshall, Jeff: Location One | Tuesday | 2/3/2026 | 10:34:11AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 571 | Cutshall, Jeff: Location One | Monday | 2/2/2026 | 12:18:33PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 572 | Cutshall, Jeff: Location One | Monday | 2/2/2026 | 1:19:19PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 573 | Cutshall, Jeff: Location One | Monday | 2/2/2026 | 4:28:21PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 574 | Cutshall, Jeff: Location One | Tuesday | 2/3/2026 | 1:19:51PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 575 | Cutshall, Jeff: Location One | Tuesday | 2/10/2026 | 2:32:03PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 576 | Cutshall, Jeff: Location One | Tuesday | 2/10/2026 | 10:25:42AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 577 | Cutshall, Jeff: Location One | Wednesday | 2/11/2026 | 12:54:47PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 578 | Cutshall, Jeff: Location One | Wednesday | 2/11/2026 | 3:14:08PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 579 | Cutshall, Jeff: Location One | Wednesday | 2/11/2026 | 10:11:00AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 580 | Cutshall, Jeff: Location One | Wednesday | 2/11/2026 | 11:34:16AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 581 | Cutshall, Jeff: Location One | Monday | 2/16/2026 | 11:26:08AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 582 | Cutshall, Jeff: Location One | Monday | 2/16/2026 | 12:29:27PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 583 | Cutshall, Jeff: Location One | Monday | 2/23/2026 | 10:47:14AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 584 | Cutshall, Jeff: Location One | Monday | 2/23/2026 | 1:38:13PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 585 | Cutshall, Jeff: Location One | Monday | 2/23/2026 | 2:43:07PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 586 | Cutshall, Jeff: Location One | Tuesday | 2/24/2026 | 9:53:57AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 587 | Cutshall, Jeff: Location One | Tuesday | 2/24/2026 | 10:27:06AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 588 | Cutshall, Jeff: Location One | Tuesday | 2/24/2026 | 12:52:32PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 589 | Cutshall, Jeff: Location One | Tuesday | 2/24/2026 | 2:49:19PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 590 | Cutshall, Jeff: Location One | Thursday | 2/26/2026 | 12:21:14PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 591 | Cutshall, Jeff: Location One | Thursday | 2/26/2026 | 12:25:32PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 592 | Cutshall, Jeff: Location One | Thursday | 2/26/2026 | 1:45:38PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 593 | Cutshall, Jeff: Location One | Thursday | 2/26/2026 | 2:32:19PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 594 | Cutshall, Jeff: Location One | Monday | 3/2/2026 | 1:01:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 595 | Cutshall, Jeff: Location One | Monday | 3/2/2026 | 2:16:22PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 596 | Cutshall, Jeff: Location One | Monday | 3/2/2026 | 10:21:02AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 597 | Cutshall, Jeff: Location One | Monday | 3/2/2026 | 4:09:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 598 | Cutshall, Jeff: Location One | Tuesday | 3/3/2026 | 1:42:20PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 159 of 257

## Uses Activity Report

Name of Report : **Reports**

Location Group : **Location One**

**5/20/2026**

**12:33:12PM**

| | Start Date | 5/20/2024 | | Stop Date | 5/20/2026 |
| --- | --- | --- | --- | --- | --- |
| | Start Time | 0 | | Stop Time | 2359 |
| | Apply Start/Stop Time To Each Day | | | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|------------|------|---|---|-----|--------|---|------|
| 599 | Cutshall, Jeff: Location One | Wednesday | 3/4/2026 | 10:35:38AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 600 | Cutshall, Jeff: Location One | Thursday | 3/5/2026 | 3:04:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 601 | Cutshall, Jeff: Location One | Tuesday | 3/3/2026 | 3:08:58PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 602 | Cutshall, Jeff: Location One | Wednesday | 3/4/2026 | 2:22:34PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 603 | Cutshall, Jeff: Location One | Thursday | 3/5/2026 | 10:32:32AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 604 | Cutshall, Jeff: Location One | Thursday | 3/5/2026 | 12:54:32PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 605 | Cutshall, Jeff: Location One | Friday | 3/6/2026 | 10:15:31AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 606 | Cutshall, Jeff: Location One | Friday | 3/6/2026 | 12:00:42PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 607 | Cutshall, Jeff: Location One | Monday | 3/9/2026 | 10:18:07AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 608 | Cutshall, Jeff: Location One | Monday | 3/9/2026 | 12:10:38PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 609 | Cutshall, Jeff: Location One | Monday | 3/9/2026 | 2:08:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 610 | Cutshall, Jeff: Location One | Tuesday | 3/10/2026 | 9:53:55AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 611 | Cutshall, Jeff: Location One | Friday | 3/6/2026 | 1:40:25PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 612 | Cutshall, Jeff: Location One | Tuesday | 3/10/2026 | 12:44:13PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 613 | Cutshall, Jeff: Location One | Wednesday | 3/11/2026 | 12:11:24PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 614 | Cutshall, Jeff: Location One | Wednesday | 3/11/2026 | 2:09:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 615 | Cutshall, Jeff: Location One | Thursday | 3/12/2026 | 9:38:21AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 616 | Cutshall, Jeff: Location One | Thursday | 3/12/2026 | 11:34:38AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 617 | Cutshall, Jeff: Location One | Thursday | 3/12/2026 | 1:12:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 618 | Cutshall, Jeff: Location One | Thursday | 3/12/2026 | 3:11:06PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 619 | Cutshall, Jeff: Location One | Wednesday | 3/11/2026 | 9:28:21AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 620 | Cutshall, Jeff: Location One | Thursday | 3/12/2026 | 8:47:56AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 621 | Cutshall, Jeff: Location One | Tuesday | 3/17/2026 | 9:39:07AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 622 | Cutshall, Jeff: Location One | Wednesday | 3/18/2026 | 9:32:01AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 623 | Cutshall, Jeff: Location One | Wednesday | 3/18/2026 | 12:40:18PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 624 | Cutshall, Jeff: Location One | Thursday | 3/19/2026 | 10:03:57AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 625 | Cutshall, Jeff: Location One | Tuesday | 3/17/2026 | 12:43:43PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 626 | Cutshall, Jeff: Location One | Thursday | 3/19/2026 | 12:37:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 627 | Cutshall, Jeff: Location One | Monday | 3/30/2026 | 10:56:34AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 628 | Cutshall, Jeff: Location One | Tuesday | 3/31/2026 | 12:50:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 629 | Cutshall, Jeff: Location One | Monday | 3/30/2026 | 9:39:31AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 630 | Cutshall, Jeff: Location One | Tuesday | 3/31/2026 | 9:32:24AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 631 | Cutshall, Jeff: Location One | Wednesday | 4/1/2026 | 8:59:34AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 632 | Cutshall, Jeff: Location One | Wednesday | 4/1/2026 | 9:14:20AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 633 | Cutshall, Jeff: Location One | Thursday | 4/2/2026 | 1:26:23PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 634 | Cutshall, Jeff: Location One | Thursday | 4/2/2026 | 9:26:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 635 | Cutshall, Jeff: Location One | Thursday | 4/2/2026 | 11:44:37AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 636 | Cutshall, Jeff: Location One | Monday | 4/6/2026 | 1:02:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 637 | Cutshall, Jeff: Location One | Monday | 4/6/2026 | 3:11:45PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 638 | Cutshall, Jeff: Location One | Tuesday | 4/7/2026 | 1:48:55PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 639 | Cutshall, Jeff: Location One | Tuesday | 4/7/2026 | 3:16:48PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 640 | Cutshall, Jeff: Location One | Thursday | 4/9/2026 | 9:29:37AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 641 | Cutshall, Jeff: Location One | Thursday | 4/9/2026 | 11:06:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 642 | Cutshall, Jeff: Location One | Thursday | 4/9/2026 | 12:42:59PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 643 | Cutshall, Jeff: Location One | Monday | 4/6/2026 | 9:52:35AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 644 | Cutshall, Jeff: Location One | Tuesday | 4/7/2026 | 11:50:37AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 645 | Cutshall, Jeff: Location One | Monday | 4/13/2026 | 10:07:29AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 646 | Cutshall, Jeff: Location One | Monday | 4/13/2026 | 2:43:01PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 647 | Cutshall, Jeff: Location One | Tuesday | 4/14/2026 | 10:41:26AM | 1 | 1 | door 2 Break Room | 26246 |
| 648 | Cutshall, Jeff: Location One | Monday | 4/13/2026 | 12:19:07PM | 1 | 0 | door 1 Main Entrance | 26246 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 21

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 160 of 257

## Uses Activity Report

Name of Report : **Reports**

Location Group : **Location One**

**5/20/2026**

**12:33:12PM**

|  | | |
|---|---|---|
| Start Date | 5/20/2024 | Stop Date 5/20/2026 |
| Start Time | 0 | Stop Time 2359 |
| Apply Start/Stop Time To Each Day | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 649 | Cutshall, Jeff: Location One | Monday | 4/13/2026 | 1:30:37PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 650 | Cutshall, Jeff: Location One | Tuesday | 4/14/2026 | 10:09:28AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 651 | Cutshall, Jeff: Location One | Wednesday | 4/15/2026 | 9:42:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 652 | Cutshall, Jeff: Location One | Wednesday | 4/15/2026 | 12:42:04PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 653 | Cutshall, Jeff: Location One | Wednesday | 4/15/2026 | 1:41:38PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 654 | Cutshall, Jeff: Location One | Tuesday | 4/21/2026 | 9:35:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 655 | Cutshall, Jeff: Location One | Wednesday | 4/22/2026 | 9:17:45AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 656 | Cutshall, Jeff: Location One | Wednesday | 4/22/2026 | 11:13:46AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 657 | Cutshall, Jeff: Location One | Tuesday | 4/21/2026 | 12:47:53PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 658 | Cutshall, Jeff: Location One | Friday | 4/24/2026 | 10:35:13AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 659 | Cutshall, Jeff: Location One | Monday | 5/4/2026 | 9:50:42AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 660 | Cutshall, Jeff: Location One | Monday | 5/4/2026 | 11:23:03AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 661 | Cutshall, Jeff: Location One | Monday | 5/4/2026 | 12:37:46PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 662 | Cutshall, Jeff: Location One | Monday | 5/4/2026 | 12:50:41PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 663 | Cutshall, Jeff: Location One | Wednesday | 5/6/2026 | 9:53:20AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 664 | Cutshall, Jeff: Location One | Wednesday | 5/6/2026 | 10:26:59AM | 1 | 1 | door 2 Break Room | 26246 |
| 665 | Cutshall, Jeff: Location One | Wednesday | 5/6/2026 | 11:43:12AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 666 | Cutshall, Jeff: Location One | Monday | 5/4/2026 | 3:01:06PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 667 | Cutshall, Jeff: Location One | Monday | 5/11/2026 | 11:57:42AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 668 | Cutshall, Jeff: Location One | Monday | 5/11/2026 | 12:39:45PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 669 | Cutshall, Jeff: Location One | Monday | 5/11/2026 | 2:19:11PM | 1 | 0 | door 1 Main Entrance | 26246 |
| 670 | Cutshall, Jeff: Location One | Thursday | 5/14/2026 | 10:49:47AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 671 | Cutshall, Jeff: Location One | Thursday | 5/14/2026 | 10:57:18AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 672 | Cutshall, Jeff: Location One | Sunday | 5/17/2026 | 9:49:11AM | 1 | 0 | door 1 Main Entrance | 26246 |
| 673 | Cutshall, Jeff: Location One | Monday | 5/18/2026 | 7:27:47AM | 1 | 0 | door 1 Main Entrance | 26246 |

**Uses by Location One = 673**

**Total Uses by All  Users = 673**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# EXHIBIT T

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report :**Reports**                                                                                   **5/20/2026**
Location Group :**Location One**                                                                            **12:38:43PM**

Start Date    5/20/2024                    Stop Date    5/20/2026
Start Time    0                            Stop Time    2359
Apply Start/Stop Time To Each Day

Includes Events From All Devices in Location Group
Does Not Include Events From All Card Holders

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 1 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 8:51:29AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 2 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 8:55:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 3 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 9:25:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 4 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 10:42:47AM | 1 | 1 | door 2 Break Room | 1171 |
| 5 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 12:43:01PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 6 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 2:17:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 7 | Rozier, Hailee: Location One | Monday | 5/20/2024 | 3:54:23PM | 1 | 1 | door 2 Break Room | 1171 |
| 8 | Rozier, Hailee: Location One | Tuesday | 5/21/2024 | 8:26:29AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 9 | Rozier, Hailee: Location One | Tuesday | 5/21/2024 | 9:02:49AM | 1 | 1 | door 2 Break Room | 1171 |
| 10 | Rozier, Hailee: Location One | Tuesday | 5/21/2024 | 10:12:24AM | 1 | 1 | door 2 Break Room | 1171 |
| 11 | Rozier, Hailee: Location One | Tuesday | 5/21/2024 | 1:24:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 12 | Rozier, Hailee: Location One | Tuesday | 5/21/2024 | 6:47:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 13 | Rozier, Hailee: Location One | Thursday | 5/23/2024 | 8:24:39AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 14 | Rozier, Hailee: Location One | Thursday | 5/23/2024 | 8:52:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 15 | Rozier, Hailee: Location One | Thursday | 5/23/2024 | 9:29:32AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 16 | Rozier, Hailee: Location One | Thursday | 5/23/2024 | 11:37:05AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 17 | Rozier, Hailee: Location One | Thursday | 5/23/2024 | 3:31:13PM | 1 | 1 | door 2 Break Room | 1171 |
| 18 | Rozier, Hailee: Location One | Tuesday | 5/28/2024 | 8:13:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 19 | Rozier, Hailee: Location One | Tuesday | 5/28/2024 | 10:04:59AM | 1 | 1 | door 2 Break Room | 1171 |
| 20 | Rozier, Hailee: Location One | Tuesday | 5/28/2024 | 11:42:43AM | 1 | 1 | door 2 Break Room | 1171 |
| 21 | Rozier, Hailee: Location One | Tuesday | 5/28/2024 | 2:44:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 22 | Rozier, Hailee: Location One | Wednesday | 5/29/2024 | 8:34:05AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 23 | Rozier, Hailee: Location One | Wednesday | 5/29/2024 | 8:44:02AM | 1 | 1 | door 2 Break Room | 1171 |
| 24 | Rozier, Hailee: Location One | Wednesday | 5/29/2024 | 9:16:02AM | 1 | 1 | door 2 Break Room | 1171 |
| 25 | Rozier, Hailee: Location One | Wednesday | 5/29/2024 | 11:37:54AM | 1 | 1 | door 2 Break Room | 1171 |
| 26 | Rozier, Hailee: Location One | Wednesday | 5/29/2024 | 4:17:36PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 27 | Rozier, Hailee: Location One | Monday | 6/3/2024 | 8:16:31AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 28 | Rozier, Hailee: Location One | Monday | 6/3/2024 | 8:47:21AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 29 | Rozier, Hailee: Location One | Monday | 6/3/2024 | 9:31:55AM | 1 | 1 | door 2 Break Room | 1171 |
| 30 | Rozier, Hailee: Location One | Monday | 6/3/2024 | 11:43:33AM | 1 | 1 | door 2 Break Room | 1171 |
| 31 | Rozier, Hailee: Location One | Monday | 6/3/2024 | 12:27:04PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 32 | Rozier, Hailee: Location One | Monday | 6/10/2024 | 4:22:24PM | 1 | 1 | door 2 Break Room | 1171 |
| 33 | Rozier, Hailee: Location One | Wednesday | 6/12/2024 | 3:26:23PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 34 | Rozier, Hailee: Location One | Thursday | 6/13/2024 | 10:59:59AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 35 | Rozier, Hailee: Location One | Thursday | 6/13/2024 | 1:08:37PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 36 | Rozier, Hailee: Location One | Monday | 6/17/2024 | 11:37:18AM | 1 | 1 | door 2 Break Room | 1171 |
| 37 | Rozier, Hailee: Location One | Tuesday | 6/18/2024 | 8:27:23AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 38 | Rozier, Hailee: Location One | Monday | 6/3/2024 | 3:56:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 39 | Rozier, Hailee: Location One | Monday | 6/10/2024 | 8:43:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 40 | Rozier, Hailee: Location One | Monday | 6/10/2024 | 8:46:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 41 | Rozier, Hailee: Location One | Monday | 6/10/2024 | 9:48:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 42 | Rozier, Hailee: Location One | Monday | 6/10/2024 | 12:56:11PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 43 | Rozier, Hailee: Location One | Wednesday | 6/12/2024 | 8:21:32AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 44 | Rozier, Hailee: Location One | Wednesday | 6/12/2024 | 9:24:11AM | 1 | 1 | door 2 Break Room | 1171 |
| 45 | Rozier, Hailee: Location One | Wednesday | 6/12/2024 | 11:00:00AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 46 | Rozier, Hailee: Location One | Thursday | 6/13/2024 | 8:28:56AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 47 | Rozier, Hailee: Location One | Thursday | 6/13/2024 | 9:01:58AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 48 | Rozier, Hailee: Location One | Thursday | 6/13/2024 | 4:35:47PM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 163 of 257    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                            **5/20/2026**
Location Group : **Location One**                                                        **12:38:43PM**

Start Date    5/20/2024        Stop Date    5/20/2026
Start Time    0                Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 49 | Rozier, Hailee: Location One | Monday | 6/17/2024 | 8:30:14AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 50 | Rozier, Hailee: Location One | Monday | 6/17/2024 | 8:43:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 51 | Rozier, Hailee: Location One | Monday | 6/17/2024 | 2:01:31PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 52 | Rozier, Hailee: Location One | Monday | 6/17/2024 | 3:31:15PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 53 | Rozier, Hailee: Location One | Monday | 6/17/2024 | 4:33:26PM | 1 | 1 | door 2 Break Room | 1171 |
| 54 | Rozier, Hailee: Location One | Tuesday | 6/18/2024 | 8:56:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 55 | Rozier, Hailee: Location One | Tuesday | 6/18/2024 | 10:22:59AM | 1 | 1 | door 2 Break Room | 1171 |
| 56 | Rozier, Hailee: Location One | Tuesday | 6/18/2024 | 3:20:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 57 | Rozier, Hailee: Location One | Tuesday | 6/18/2024 | 4:32:06PM | 1 | 1 | door 2 Break Room | 1171 |
| 58 | Rozier, Hailee: Location One | Tuesday | 6/18/2024 | 12:56:35PM | 1 | 1 | door 2 Break Room | 1171 |
| 59 | Rozier, Hailee: Location One | Monday | 6/24/2024 | 11:27:34AM | 1 | 1 | door 2 Break Room | 1171 |
| 60 | Rozier, Hailee: Location One | Monday | 6/24/2024 | 3:11:30PM | 1 | 1 | door 2 Break Room | 1171 |
| 61 | Rozier, Hailee: Location One | Tuesday | 6/25/2024 | 10:15:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 62 | Rozier, Hailee: Location One | Tuesday | 6/25/2024 | 12:47:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 63 | Rozier, Hailee: Location One | Wednesday | 6/26/2024 | 8:21:11AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 64 | Rozier, Hailee: Location One | Wednesday | 6/26/2024 | 9:08:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 65 | Rozier, Hailee: Location One | Monday | 6/24/2024 | 8:04:52AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 66 | Rozier, Hailee: Location One | Monday | 6/24/2024 | 8:41:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 67 | Rozier, Hailee: Location One | Monday | 6/24/2024 | 10:07:30AM | 1 | 1 | door 2 Break Room | 1171 |
| 68 | Rozier, Hailee: Location One | Tuesday | 6/25/2024 | 8:16:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 69 | Rozier, Hailee: Location One | Tuesday | 6/25/2024 | 8:47:03AM | 1 | 1 | door 2 Break Room | 1171 |
| 70 | Rozier, Hailee: Location One | Tuesday | 6/25/2024 | 2:47:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 71 | Rozier, Hailee: Location One | Tuesday | 6/25/2024 | 4:49:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 72 | Rozier, Hailee: Location One | Wednesday | 6/26/2024 | 12:07:18PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 73 | Rozier, Hailee: Location One | Wednesday | 6/26/2024 | 3:13:05PM | 1 | 1 | door 2 Break Room | 1171 |
| 74 | Rozier, Hailee: Location One | Monday | 7/1/2024 | 11:33:03AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 75 | Rozier, Hailee: Location One | Wednesday | 6/26/2024 | 5:51:18PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 76 | Rozier, Hailee: Location One | Monday | 7/1/2024 | 8:20:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 77 | Rozier, Hailee: Location One | Monday | 7/1/2024 | 9:22:38AM | 1 | 1 | door 2 Break Room | 1171 |
| 78 | Rozier, Hailee: Location One | Monday | 7/1/2024 | 3:41:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 79 | Rozier, Hailee: Location One | Tuesday | 7/2/2024 | 11:10:15AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 80 | Rozier, Hailee: Location One | Tuesday | 7/23/2024 | 8:19:10AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 81 | Rozier, Hailee: Location One | Tuesday | 7/23/2024 | 9:08:19AM | 1 | 1 | door 2 Break Room | 1171 |
| 82 | Rozier, Hailee: Location One | Tuesday | 7/23/2024 | 11:35:42AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 83 | Rozier, Hailee: Location One | Tuesday | 7/23/2024 | 1:27:25PM | 1 | 1 | door 2 Break Room | 1171 |
| 84 | Rozier, Hailee: Location One | Tuesday | 7/2/2024 | 8:26:07AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 85 | Rozier, Hailee: Location One | Tuesday | 7/2/2024 | 9:22:30AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 86 | Rozier, Hailee: Location One | Tuesday | 7/2/2024 | 2:11:40PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 87 | Rozier, Hailee: Location One | Tuesday | 7/2/2024 | 3:57:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 88 | Rozier, Hailee: Location One | Tuesday | 7/2/2024 | 5:29:25PM | 1 | 1 | door 2 Break Room | 1171 |
| 89 | Rozier, Hailee: Location One | Monday | 7/8/2024 | 8:24:46AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 90 | Rozier, Hailee: Location One | Monday | 7/8/2024 | 8:32:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 91 | Rozier, Hailee: Location One | Monday | 7/8/2024 | 9:13:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 92 | Rozier, Hailee: Location One | Monday | 7/8/2024 | 12:04:24PM | 1 | 1 | door 2 Break Room | 1171 |
| 93 | Rozier, Hailee: Location One | Monday | 7/8/2024 | 4:17:04PM | 1 | 1 | door 2 Break Room | 1171 |
| 94 | Rozier, Hailee: Location One | Tuesday | 7/9/2024 | 8:23:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 95 | Rozier, Hailee: Location One | Tuesday | 7/9/2024 | 9:35:41AM | 1 | 1 | door 2 Break Room | 1171 |
| 96 | Rozier, Hailee: Location One | Tuesday | 7/9/2024 | 11:04:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 97 | Rozier, Hailee: Location One | Tuesday | 7/9/2024 | 3:25:32PM | 1 | 1 | door 2 Break Room | 1171 |
| 98 | Rozier, Hailee: Location One | Tuesday | 7/9/2024 | 5:09:08PM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 164 of 257    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                      **5/20/2026**
Location Group : **Location One**                          **12:38:43PM**

Start Date   5/20/2024        Stop Date   5/20/2026
Start Time   0                Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|------------|------|---|---|-----|--------|---|------|
| 99 | Rozier, Hailee: Location One | Wednesday | 7/10/2024 | 8:13:10AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 100 | Rozier, Hailee: Location One | Wednesday | 7/10/2024 | 9:35:45AM | 1 | 1 | door 2 Break Room | 1171 |
| 101 | Rozier, Hailee: Location One | Wednesday | 7/10/2024 | 11:18:39AM | 1 | 1 | door 2 Break Room | 1171 |
| 102 | Rozier, Hailee: Location One | Wednesday | 7/10/2024 | 3:11:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 103 | Rozier, Hailee: Location One | Wednesday | 7/10/2024 | 6:24:00PM | 1 | 1 | door 2 Break Room | 1171 |
| 104 | Rozier, Hailee: Location One | Monday | 7/15/2024 | 8:21:16AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 105 | Rozier, Hailee: Location One | Monday | 7/15/2024 | 9:28:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 106 | Rozier, Hailee: Location One | Monday | 7/15/2024 | 1:21:31PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 107 | Rozier, Hailee: Location One | Monday | 7/15/2024 | 3:56:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 108 | Rozier, Hailee: Location One | Tuesday | 7/16/2024 | 8:20:05AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 109 | Rozier, Hailee: Location One | Tuesday | 7/16/2024 | 8:47:34AM | 1 | 1 | door 2 Break Room | 1171 |
| 110 | Rozier, Hailee: Location One | Tuesday | 7/16/2024 | 10:09:08AM | 1 | 1 | door 2 Break Room | 1171 |
| 111 | Rozier, Hailee: Location One | Tuesday | 7/16/2024 | 1:38:40PM | 1 | 1 | door 2 Break Room | 1171 |
| 112 | Rozier, Hailee: Location One | Tuesday | 7/16/2024 | 4:42:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 113 | Rozier, Hailee: Location One | Thursday | 7/18/2024 | 8:09:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 114 | Rozier, Hailee: Location One | Thursday | 7/18/2024 | 8:46:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 115 | Rozier, Hailee: Location One | Thursday | 7/18/2024 | 10:44:44AM | 1 | 1 | door 2 Break Room | 1171 |
| 116 | Rozier, Hailee: Location One | Thursday | 7/18/2024 | 2:08:28PM | 1 | 1 | door 2 Break Room | 1171 |
| 117 | Rozier, Hailee: Location One | Thursday | 7/18/2024 | 5:09:20PM | 1 | 1 | door 2 Break Room | 1171 |
| 118 | Rozier, Hailee: Location One | Monday | 7/22/2024 | 8:13:42AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 119 | Rozier, Hailee: Location One | Monday | 7/22/2024 | 8:40:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 120 | Rozier, Hailee: Location One | Monday | 7/22/2024 | 9:32:37AM | 1 | 1 | door 2 Break Room | 1171 |
| 121 | Rozier, Hailee: Location One | Monday | 7/22/2024 | 11:22:04AM | 1 | 1 | door 2 Break Room | 1171 |
| 122 | Rozier, Hailee: Location One | Monday | 7/22/2024 | 3:25:21PM | 1 | 1 | door 2 Break Room | 1171 |
| 123 | Rozier, Hailee: Location One | Thursday | 7/25/2024 | 8:10:21AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 124 | Rozier, Hailee: Location One | Thursday | 7/25/2024 | 9:07:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 125 | Rozier, Hailee: Location One | Thursday | 7/25/2024 | 1:33:27PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 126 | Rozier, Hailee: Location One | Thursday | 7/25/2024 | 4:34:47PM | 1 | 1 | door 2 Break Room | 1171 |
| 127 | Rozier, Hailee: Location One | Monday | 7/29/2024 | 8:19:27AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 128 | Rozier, Hailee: Location One | Monday | 7/29/2024 | 10:44:39AM | 1 | 1 | door 2 Break Room | 1171 |
| 129 | Rozier, Hailee: Location One | Monday | 7/29/2024 | 1:34:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 130 | Rozier, Hailee: Location One | Monday | 7/29/2024 | 3:23:12PM | 1 | 1 | door 2 Break Room | 1171 |
| 131 | Rozier, Hailee: Location One | Tuesday | 7/30/2024 | 8:07:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 132 | Rozier, Hailee: Location One | Tuesday | 7/30/2024 | 8:49:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 133 | Rozier, Hailee: Location One | Tuesday | 7/30/2024 | 10:46:11AM | 1 | 1 | door 2 Break Room | 1171 |
| 134 | Rozier, Hailee: Location One | Tuesday | 7/30/2024 | 1:08:48PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 135 | Rozier, Hailee: Location One | Tuesday | 7/30/2024 | 1:18:31PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 136 | Rozier, Hailee: Location One | Tuesday | 7/23/2024 | 2:45:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 137 | Rozier, Hailee: Location One | Tuesday | 7/23/2024 | 3:57:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 138 | Rozier, Hailee: Location One | Monday | 8/12/2024 | 8:12:25AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 139 | Rozier, Hailee: Location One | Monday | 8/12/2024 | 11:32:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 140 | Rozier, Hailee: Location One | Tuesday | 8/13/2024 | 8:20:26AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 141 | Rozier, Hailee: Location One | Tuesday | 8/13/2024 | 9:01:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 142 | Rozier, Hailee: Location One | Tuesday | 8/13/2024 | 4:55:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 143 | Rozier, Hailee: Location One | Thursday | 8/15/2024 | 8:09:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 144 | Rozier, Hailee: Location One | Thursday | 8/15/2024 | 9:01:35AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 145 | Rozier, Hailee: Location One | Thursday | 8/15/2024 | 10:48:18AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 146 | Rozier, Hailee: Location One | Thursday | 8/15/2024 | 12:39:16PM | 1 | 1 | door 2 Break Room | 1171 |
| 147 | Rozier, Hailee: Location One | Thursday | 8/15/2024 | 3:16:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 148 | Rozier, Hailee: Location One | Thursday | 8/1/2024 | 8:09:16AM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 165 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**
Location Group :**Location One**

**5/20/2026**
**12:38:43PM**

| | | | |
|---|---|---|---|
| Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
| Start Time | 0 | Stop Time | 2359 |
| Apply Start/Stop Time To Each Day | | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 149 | Rozier, Hailee: Location One | Thursday | 8/1/2024 | 9:08:09AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 150 | Rozier, Hailee: Location One | Thursday | 8/1/2024 | 1:30:21PM | 1 | 1 | door 2 Break Room | 1171 |
| 151 | Rozier, Hailee: Location One | Monday | 8/5/2024 | 8:27:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 152 | Rozier, Hailee: Location One | Monday | 8/5/2024 | 9:27:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 153 | Rozier, Hailee: Location One | Monday | 8/5/2024 | 1:02:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 154 | Rozier, Hailee: Location One | Tuesday | 8/6/2024 | 8:21:06AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 155 | Rozier, Hailee: Location One | Tuesday | 8/6/2024 | 8:49:15AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 156 | Rozier, Hailee: Location One | Monday | 8/12/2024 | 3:45:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 157 | Rozier, Hailee: Location One | Tuesday | 8/13/2024 | 12:19:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 158 | Rozier, Hailee: Location One | Monday | 8/19/2024 | 12:15:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 159 | Rozier, Hailee: Location One | Monday | 8/19/2024 | 2:14:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 160 | Rozier, Hailee: Location One | Tuesday | 8/20/2024 | 8:49:25AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 161 | Rozier, Hailee: Location One | Tuesday | 8/20/2024 | 3:52:51PM | 1 | 1 | door 2 Break Room | 1171 |
| 162 | Rozier, Hailee: Location One | Thursday | 8/22/2024 | 8:15:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 163 | Rozier, Hailee: Location One | Thursday | 8/22/2024 | 8:52:24AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 164 | Rozier, Hailee: Location One | Monday | 8/19/2024 | 8:13:36AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 165 | Rozier, Hailee: Location One | Monday | 8/19/2024 | 9:16:56AM | 1 | 1 | door 2 Break Room | 1171 |
| 166 | Rozier, Hailee: Location One | Monday | 8/19/2024 | 10:30:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 167 | Rozier, Hailee: Location One | Monday | 8/19/2024 | 4:00:57PM | 1 | 1 | door 2 Break Room | 1171 |
| 168 | Rozier, Hailee: Location One | Tuesday | 8/20/2024 | 8:23:08AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 169 | Rozier, Hailee: Location One | Tuesday | 8/20/2024 | 1:43:24PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 170 | Rozier, Hailee: Location One | Thursday | 8/22/2024 | 11:17:01AM | 1 | 1 | door 2 Break Room | 1171 |
| 171 | Rozier, Hailee: Location One | Monday | 8/26/2024 | 8:20:23AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 172 | Rozier, Hailee: Location One | Monday | 8/26/2024 | 9:37:19AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 173 | Rozier, Hailee: Location One | Monday | 8/26/2024 | 12:05:10PM | 1 | 3 | door 4 Back Door | 1171 |
| 174 | Rozier, Hailee: Location One | Monday | 8/26/2024 | 3:09:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 175 | Rozier, Hailee: Location One | Monday | 8/26/2024 | 5:35:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 176 | Rozier, Hailee: Location One | Tuesday | 8/27/2024 | 1:32:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 177 | Rozier, Hailee: Location One | Wednesday | 8/28/2024 | 9:04:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 178 | Rozier, Hailee: Location One | Wednesday | 8/28/2024 | 9:33:54AM | 1 | 1 | door 2 Break Room | 1171 |
| 179 | Rozier, Hailee: Location One | Wednesday | 8/28/2024 | 11:06:53AM | 1 | 1 | door 2 Break Room | 1171 |
| 180 | Rozier, Hailee: Location One | Thursday | 8/29/2024 | 8:21:42AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 181 | Rozier, Hailee: Location One | Thursday | 8/29/2024 | 10:23:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 182 | Rozier, Hailee: Location One | Tuesday | 9/3/2024 | 8:20:43AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 183 | Rozier, Hailee: Location One | Wednesday | 9/4/2024 | 10:57:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 184 | Rozier, Hailee: Location One | Tuesday | 8/27/2024 | 8:29:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 185 | Rozier, Hailee: Location One | Tuesday | 8/27/2024 | 10:00:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 186 | Rozier, Hailee: Location One | Tuesday | 8/27/2024 | 3:01:47PM | 1 | 1 | door 2 Break Room | 1171 |
| 187 | Rozier, Hailee: Location One | Wednesday | 8/28/2024 | 3:58:20PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 188 | Rozier, Hailee: Location One | Thursday | 8/29/2024 | 4:43:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 189 | Rozier, Hailee: Location One | Tuesday | 9/3/2024 | 8:59:16AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 190 | Rozier, Hailee: Location One | Tuesday | 9/3/2024 | 10:23:30AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 191 | Rozier, Hailee: Location One | Tuesday | 9/3/2024 | 2:31:16PM | 1 | 1 | door 2 Break Room | 1171 |
| 192 | Rozier, Hailee: Location One | Tuesday | 9/3/2024 | 4:36:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 193 | Rozier, Hailee: Location One | Wednesday | 9/4/2024 | 8:18:26AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 194 | Rozier, Hailee: Location One | Wednesday | 9/4/2024 | 2:44:23PM | 1 | 1 | door 2 Break Room | 1171 |
| 195 | Rozier, Hailee: Location One | Thursday | 9/5/2024 | 8:19:16AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 196 | Rozier, Hailee: Location One | Thursday | 9/5/2024 | 10:20:19AM | 1 | 1 | door 2 Break Room | 1171 |
| 197 | Rozier, Hailee: Location One | Thursday | 9/5/2024 | 12:54:57PM | 1 | 1 | door 2 Break Room | 1171 |
| 198 | Rozier, Hailee: Location One | Monday | 9/16/2024 | 11:05:00AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report : **Reports**                                          **5/20/2026**
Location Group : **Location One**                                      **12:38:43PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                  Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 199 | Rozier, Hailee: Location One | Thursday | 9/5/2024 | 2:51:06PM | 1 | 1 | door 2 Break Room | 1171 |
| 200 | Rozier, Hailee: Location One | Wednesday | 9/11/2024 | 8:21:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 201 | Rozier, Hailee: Location One | Wednesday | 9/11/2024 | 9:48:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 202 | Rozier, Hailee: Location One | Wednesday | 9/11/2024 | 11:11:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 203 | Rozier, Hailee: Location One | Thursday | 9/12/2024 | 8:14:18AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 204 | Rozier, Hailee: Location One | Thursday | 9/12/2024 | 10:36:44AM | 1 | 1 | door 2 Break Room | 1171 |
| 205 | Rozier, Hailee: Location One | Thursday | 9/12/2024 | 2:32:00PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 206 | Rozier, Hailee: Location One | Monday | 9/16/2024 | 8:09:45AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 207 | Rozier, Hailee: Location One | Monday | 9/16/2024 | 9:02:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 208 | Rozier, Hailee: Location One | Monday | 9/16/2024 | 12:54:22PM | 1 | 1 | door 2 Break Room | 1171 |
| 209 | Rozier, Hailee: Location One | Monday | 9/16/2024 | 1:56:40PM | 1 | 1 | door 2 Break Room | 1171 |
| 210 | Rozier, Hailee: Location One | Tuesday | 9/17/2024 | 10:27:22AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 211 | Rozier, Hailee: Location One | Tuesday | 9/17/2024 | 1:26:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 212 | Rozier, Hailee: Location One | Wednesday | 9/18/2024 | 8:32:42AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 213 | Rozier, Hailee: Location One | Wednesday | 9/18/2024 | 1:17:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 214 | Rozier, Hailee: Location One | Wednesday | 9/18/2024 | 6:24:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 215 | Rozier, Hailee: Location One | Thursday | 9/19/2024 | 12:02:26PM | 1 | 1 | door 2 Break Room | 1171 |
| 216 | Rozier, Hailee: Location One | Monday | 9/16/2024 | 4:43:03PM | 1 | 1 | door 2 Break Room | 1171 |
| 217 | Rozier, Hailee: Location One | Tuesday | 9/17/2024 | 8:16:15AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 218 | Rozier, Hailee: Location One | Wednesday | 9/18/2024 | 10:10:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 219 | Rozier, Hailee: Location One | Thursday | 9/19/2024 | 8:34:23AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 220 | Rozier, Hailee: Location One | Thursday | 9/19/2024 | 9:02:11AM | 1 | 1 | door 2 Break Room | 1171 |
| 221 | Rozier, Hailee: Location One | Thursday | 9/19/2024 | 2:45:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 222 | Rozier, Hailee: Location One | Monday | 9/23/2024 | 9:00:50AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 223 | Rozier, Hailee: Location One | Monday | 9/23/2024 | 9:29:51AM | 1 | 1 | door 2 Break Room | 1171 |
| 224 | Rozier, Hailee: Location One | Monday | 9/23/2024 | 11:41:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 225 | Rozier, Hailee: Location One | Monday | 9/23/2024 | 5:15:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 226 | Rozier, Hailee: Location One | Tuesday | 9/24/2024 | 8:18:26AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 227 | Rozier, Hailee: Location One | Monday | 9/23/2024 | 2:01:40PM | 1 | 1 | door 2 Break Room | 1171 |
| 228 | Rozier, Hailee: Location One | Tuesday | 9/24/2024 | 9:44:29AM | 1 | 1 | door 2 Break Room | 1171 |
| 229 | Rozier, Hailee: Location One | Tuesday | 9/24/2024 | 10:59:20AM | 1 | 1 | door 2 Break Room | 1171 |
| 230 | Rozier, Hailee: Location One | Wednesday | 9/25/2024 | 8:21:48AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 231 | Rozier, Hailee: Location One | Wednesday | 9/25/2024 | 9:39:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 232 | Rozier, Hailee: Location One | Wednesday | 9/25/2024 | 12:25:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 233 | Rozier, Hailee: Location One | Wednesday | 9/25/2024 | 5:06:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 234 | Rozier, Hailee: Location One | Monday | 9/30/2024 | 8:13:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 235 | Rozier, Hailee: Location One | Tuesday | 9/24/2024 | 1:46:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 236 | Rozier, Hailee: Location One | Monday | 9/30/2024 | 10:48:27AM | 1 | 1 | door 2 Break Room | 1171 |
| 237 | Rozier, Hailee: Location One | Monday | 9/30/2024 | 2:06:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 238 | Rozier, Hailee: Location One | Tuesday | 10/1/2024 | 9:59:31AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 239 | Rozier, Hailee: Location One | Tuesday | 10/1/2024 | 4:47:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 240 | Rozier, Hailee: Location One | Wednesday | 10/2/2024 | 8:20:31AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 241 | Rozier, Hailee: Location One | Tuesday | 10/1/2024 | 8:13:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 242 | Rozier, Hailee: Location One | Tuesday | 10/1/2024 | 2:22:28PM | 1 | 1 | door 2 Break Room | 1171 |
| 243 | Rozier, Hailee: Location One | Wednesday | 10/2/2024 | 12:10:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 244 | Rozier, Hailee: Location One | Wednesday | 10/2/2024 | 4:46:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 245 | Rozier, Hailee: Location One | Thursday | 10/3/2024 | 8:13:44AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 246 | Rozier, Hailee: Location One | Thursday | 10/3/2024 | 3:26:18PM | 1 | 1 | door 2 Break Room | 1171 |
| 247 | Rozier, Hailee: Location One | Monday | 10/7/2024 | 3:33:11PM | 1 | 1 | door 2 Break Room | 1171 |
| 248 | Rozier, Hailee: Location One | Thursday | 10/3/2024 | 11:02:41AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report : **Reports**                                                                    **5/20/2026**
Location Group : **Location One**                                                               **12:38:43PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                  Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 249 | Rozier, Hailee: Location One | Monday | 10/7/2024 | 10:03:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 250 | Rozier, Hailee: Location One | Monday | 10/7/2024 | 11:40:27AM | 1 | 1 | door 2 Break Room | 1171 |
| 251 | Rozier, Hailee: Location One | Wednesday | 10/9/2024 | 8:32:17AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 252 | Rozier, Hailee: Location One | Wednesday | 10/9/2024 | 9:21:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 253 | Rozier, Hailee: Location One | Wednesday | 10/9/2024 | 11:47:27AM | 1 | 1 | door 2 Break Room | 1171 |
| 254 | Rozier, Hailee: Location One | Wednesday | 10/9/2024 | 2:01:16PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 255 | Rozier, Hailee: Location One | Wednesday | 10/9/2024 | 2:26:30PM | 1 | 1 | door 2 Break Room | 1171 |
| 256 | Rozier, Hailee: Location One | Wednesday | 10/9/2024 | 3:38:06PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 257 | Rozier, Hailee: Location One | Thursday | 10/10/2024 | 5:06:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 258 | Rozier, Hailee: Location One | Monday | 10/14/2024 | 8:03:12AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 259 | Rozier, Hailee: Location One | Monday | 10/14/2024 | 10:17:12AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 260 | Rozier, Hailee: Location One | Tuesday | 10/15/2024 | 8:38:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 261 | Rozier, Hailee: Location One | Tuesday | 10/15/2024 | 9:40:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 262 | Rozier, Hailee: Location One | Thursday | 10/10/2024 | 8:26:00AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 263 | Rozier, Hailee: Location One | Thursday | 10/10/2024 | 9:01:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 264 | Rozier, Hailee: Location One | Thursday | 10/10/2024 | 12:38:27PM | 1 | 1 | door 2 Break Room | 1171 |
| 265 | Rozier, Hailee: Location One | Monday | 10/14/2024 | 1:00:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 266 | Rozier, Hailee: Location One | Monday | 10/14/2024 | 2:58:53PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 267 | Rozier, Hailee: Location One | Tuesday | 10/15/2024 | 3:38:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 268 | Rozier, Hailee: Location One | Wednesday | 10/16/2024 | 11:23:30AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 269 | Rozier, Hailee: Location One | Thursday | 10/17/2024 | 8:20:33AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 270 | Rozier, Hailee: Location One | Thursday | 10/17/2024 | 11:22:37AM | 1 | 1 | door 2 Break Room | 1171 |
| 271 | Rozier, Hailee: Location One | Wednesday | 10/16/2024 | 8:19:27AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 272 | Rozier, Hailee: Location One | Wednesday | 10/16/2024 | 8:48:35AM | 1 | 1 | door 2 Break Room | 1171 |
| 273 | Rozier, Hailee: Location One | Wednesday | 10/16/2024 | 3:29:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 274 | Rozier, Hailee: Location One | Thursday | 10/17/2024 | 1:33:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 275 | Rozier, Hailee: Location One | Tuesday | 10/22/2024 | 10:53:39AM | 1 | 1 | door 2 Break Room | 1171 |
| 276 | Rozier, Hailee: Location One | Wednesday | 10/23/2024 | 8:21:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 277 | Rozier, Hailee: Location One | Wednesday | 10/23/2024 | 10:08:49AM | 1 | 1 | door 2 Break Room | 1171 |
| 278 | Rozier, Hailee: Location One | Tuesday | 10/22/2024 | 8:21:44AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 279 | Rozier, Hailee: Location One | Tuesday | 10/22/2024 | 1:38:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 280 | Rozier, Hailee: Location One | Tuesday | 10/22/2024 | 4:12:05PM | 1 | 1 | door 2 Break Room | 1171 |
| 281 | Rozier, Hailee: Location One | Wednesday | 10/23/2024 | 12:46:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 282 | Rozier, Hailee: Location One | Thursday | 10/24/2024 | 8:15:42AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 283 | Rozier, Hailee: Location One | Thursday | 10/24/2024 | 10:01:40AM | 1 | 1 | door 2 Break Room | 1171 |
| 284 | Rozier, Hailee: Location One | Monday | 10/28/2024 | 8:27:56AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 285 | Rozier, Hailee: Location One | Wednesday | 10/23/2024 | 2:30:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 286 | Rozier, Hailee: Location One | Tuesday | 10/29/2024 | 8:38:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 287 | Rozier, Hailee: Location One | Tuesday | 10/29/2024 | 10:17:42AM | 1 | 1 | door 2 Break Room | 1171 |
| 288 | Rozier, Hailee: Location One | Tuesday | 10/29/2024 | 4:32:09PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 289 | Rozier, Hailee: Location One | Thursday | 10/31/2024 | 1:49:13PM | 1 | 1 | door 2 Break Room | 1171 |
| 290 | Rozier, Hailee: Location One | Monday | 11/4/2024 | 9:01:14AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 291 | Rozier, Hailee: Location One | Monday | 10/28/2024 | 3:29:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 292 | Rozier, Hailee: Location One | Tuesday | 10/29/2024 | 2:03:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 293 | Rozier, Hailee: Location One | Wednesday | 10/30/2024 | 8:18:08AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 294 | Rozier, Hailee: Location One | Wednesday | 10/30/2024 | 10:24:32AM | 1 | 1 | door 2 Break Room | 1171 |
| 295 | Rozier, Hailee: Location One | Thursday | 10/31/2024 | 8:12:28AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 296 | Rozier, Hailee: Location One | Thursday | 10/31/2024 | 8:49:47AM | 1 | 1 | door 2 Break Room | 1171 |
| 297 | Rozier, Hailee: Location One | Monday | 11/4/2024 | 11:01:25AM | 1 | 1 | door 2 Break Room | 1171 |
| 298 | Rozier, Hailee: Location One | Tuesday | 11/5/2024 | 9:19:25AM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 168 of 257

NYSCEF DOC. NO. 22

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**
Location Group :**Location One**

**5/20/2026**
**12:38:43PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 299 | Rozier, Hailee: Location One | Tuesday | 11/5/2024 | 4:31:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 300 | Rozier, Hailee: Location One | Monday | 11/4/2024 | 2:15:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 301 | Rozier, Hailee: Location One | Monday | 11/4/2024 | 3:51:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 302 | Rozier, Hailee: Location One | Tuesday | 11/5/2024 | 11:54:12AM | 1 | 1 | door 2 Break Room | 1171 |
| 303 | Rozier, Hailee: Location One | Wednesday | 11/6/2024 | 9:22:07AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 304 | Rozier, Hailee: Location One | Wednesday | 11/6/2024 | 9:28:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 305 | Rozier, Hailee: Location One | Wednesday | 11/6/2024 | 10:34:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 306 | Rozier, Hailee: Location One | Wednesday | 11/6/2024 | 3:52:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 307 | Rozier, Hailee: Location One | Monday | 11/11/2024 | 1:22:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 308 | Rozier, Hailee: Location One | Monday | 11/11/2024 | 8:18:11AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 309 | Rozier, Hailee: Location One | Monday | 11/11/2024 | 9:33:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 310 | Rozier, Hailee: Location One | Tuesday | 11/12/2024 | 1:37:43PM | 1 | 1 | door 2 Break Room | 1171 |
| 311 | Rozier, Hailee: Location One | Wednesday | 11/13/2024 | 10:52:46AM | 1 | 1 | door 2 Break Room | 1171 |
| 312 | Rozier, Hailee: Location One | Tuesday | 11/12/2024 | 8:12:13AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 313 | Rozier, Hailee: Location One | Tuesday | 11/12/2024 | 8:51:10AM | 1 | 1 | door 2 Break Room | 1171 |
| 314 | Rozier, Hailee: Location One | Wednesday | 11/13/2024 | 8:19:17AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 315 | Rozier, Hailee: Location One | Wednesday | 11/13/2024 | 2:54:30PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 316 | Rozier, Hailee: Location One | Monday | 11/18/2024 | 8:17:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 317 | Rozier, Hailee: Location One | Monday | 11/18/2024 | 9:42:53AM | 1 | 1 | door 2 Break Room | 1171 |
| 318 | Rozier, Hailee: Location One | Monday | 11/18/2024 | 3:40:27PM | 1 | 1 | door 2 Break Room | 1171 |
| 319 | Rozier, Hailee: Location One | Monday | 11/18/2024 | 8:12:00AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 320 | Rozier, Hailee: Location One | Monday | 11/18/2024 | 12:44:12PM | 1 | 1 | door 2 Break Room | 1171 |
| 321 | Rozier, Hailee: Location One | Tuesday | 11/19/2024 | 8:43:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 322 | Rozier, Hailee: Location One | Tuesday | 11/19/2024 | 11:06:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 323 | Rozier, Hailee: Location One | Wednesday | 11/20/2024 | 8:24:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 324 | Rozier, Hailee: Location One | Wednesday | 11/20/2024 | 10:10:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 325 | Rozier, Hailee: Location One | Wednesday | 11/20/2024 | 1:18:06PM | 1 | 1 | door 2 Break Room | 1171 |
| 326 | Rozier, Hailee: Location One | Tuesday | 11/19/2024 | 8:48:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 327 | Rozier, Hailee: Location One | Wednesday | 11/20/2024 | 3:09:09PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 328 | Rozier, Hailee: Location One | Wednesday | 11/20/2024 | 5:07:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 329 | Rozier, Hailee: Location One | Monday | 11/25/2024 | 8:15:14AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 330 | Rozier, Hailee: Location One | Monday | 11/25/2024 | 9:32:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 331 | Rozier, Hailee: Location One | Monday | 11/25/2024 | 12:59:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 332 | Rozier, Hailee: Location One | Monday | 11/25/2024 | 5:24:05PM | 1 | 1 | door 2 Break Room | 1171 |
| 333 | Rozier, Hailee: Location One | Monday | 12/9/2024 | 11:10:39AM | 1 | 3 | door 4 Back Door | 1171 |
| 334 | Rozier, Hailee: Location One | Tuesday | 12/10/2024 | 8:28:09AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 335 | Rozier, Hailee: Location One | Tuesday | 12/10/2024 | 4:14:42PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 336 | Rozier, Hailee: Location One | Wednesday | 12/11/2024 | 11:38:28AM | 1 | 1 | door 2 Break Room | 1171 |
| 337 | Rozier, Hailee: Location One | Wednesday | 12/11/2024 | 4:00:45PM | 1 | 1 | door 2 Break Room | 1171 |
| 338 | Rozier, Hailee: Location One | Thursday | 12/12/2024 | 8:21:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 339 | Rozier, Hailee: Location One | Thursday | 12/12/2024 | 8:51:29AM | 1 | 1 | door 2 Break Room | 1171 |
| 340 | Rozier, Hailee: Location One | Thursday | 12/12/2024 | 4:04:32PM | 1 | 1 | door 2 Break Room | 1171 |
| 341 | Rozier, Hailee: Location One | Monday | 12/9/2024 | 8:22:57AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 342 | Rozier, Hailee: Location One | Tuesday | 12/10/2024 | 2:44:02PM | 1 | 1 | door 2 Break Room | 1171 |
| 343 | Rozier, Hailee: Location One | Wednesday | 12/11/2024 | 8:37:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 344 | Rozier, Hailee: Location One | Wednesday | 12/11/2024 | 9:25:28AM | 1 | 1 | door 2 Break Room | 1171 |
| 345 | Rozier, Hailee: Location One | Thursday | 12/12/2024 | 12:23:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 346 | Rozier, Hailee: Location One | Monday | 12/16/2024 | 8:19:37AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 347 | Rozier, Hailee: Location One | Monday | 12/16/2024 | 8:45:13AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 348 | Rozier, Hailee: Location One | Monday | 12/16/2024 | 1:10:45PM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 169 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:38:43PM**

| | Start Date | 5/20/2024 | | Stop Date | 5/20/2026 |
| | Start Time | 0 | | Stop Time | 2359 |
| | Apply Start/Stop Time To Each Day | | | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 349 | Rozier, Hailee: Location One | Monday | 12/16/2024 | 4:39:15PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 350 | Rozier, Hailee: Location One | Tuesday | 12/17/2024 | 10:26:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 351 | Rozier, Hailee: Location One | Tuesday | 12/17/2024 | 12:31:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 352 | Rozier, Hailee: Location One | Wednesday | 12/18/2024 | 7:45:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 353 | Rozier, Hailee: Location One | Wednesday | 12/18/2024 | 8:11:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 354 | Rozier, Hailee: Location One | Wednesday | 12/18/2024 | 10:05:14AM | 1 | 1 | door 2 Break Room | 1171 |
| 355 | Rozier, Hailee: Location One | Wednesday | 12/18/2024 | 12:51:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 356 | Rozier, Hailee: Location One | Wednesday | 12/18/2024 | 5:20:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 357 | Rozier, Hailee: Location One | Thursday | 12/19/2024 | 7:17:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 358 | Rozier, Hailee: Location One | Tuesday | 12/17/2024 | 8:22:50AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 359 | Rozier, Hailee: Location One | Tuesday | 12/17/2024 | 4:13:28PM | 1 | 1 | door 2 Break Room | 1171 |
| 360 | Rozier, Hailee: Location One | Tuesday | 12/17/2024 | 6:02:21PM | 1 | 1 | door 2 Break Room | 1171 |
| 361 | Rozier, Hailee: Location One | Thursday | 12/19/2024 | 8:56:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 362 | Rozier, Hailee: Location One | Thursday | 12/19/2024 | 12:06:49PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 363 | Rozier, Hailee: Location One | Thursday | 12/19/2024 | 5:25:26PM | 1 | 1 | door 2 Break Room | 1171 |
| 364 | Rozier, Hailee: Location One | Thursday | 12/19/2024 | 6:35:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 365 | Rozier, Hailee: Location One | Monday | 12/23/2024 | 8:12:25AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 366 | Rozier, Hailee: Location One | Monday | 12/23/2024 | 4:10:48PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 367 | Rozier, Hailee: Location One | Monday | 12/23/2024 | 4:11:01PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 368 | Rozier, Hailee: Location One | Thursday | 12/26/2024 | 8:36:58AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 369 | Rozier, Hailee: Location One | Thursday | 12/26/2024 | 10:24:37AM | 1 | 1 | door 2 Break Room | 1171 |
| 370 | Rozier, Hailee: Location One | Friday | 12/27/2024 | 8:35:32AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 371 | Rozier, Hailee: Location One | Friday | 12/27/2024 | 10:04:03AM | 1 | 1 | door 2 Break Room | 1171 |
| 372 | Rozier, Hailee: Location One | Friday | 12/27/2024 | 12:49:03PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 373 | Rozier, Hailee: Location One | Friday | 12/27/2024 | 5:42:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 374 | Rozier, Hailee: Location One | Monday | 12/23/2024 | 9:54:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 375 | Rozier, Hailee: Location One | Monday | 12/23/2024 | 12:18:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 376 | Rozier, Hailee: Location One | Thursday | 12/26/2024 | 1:28:30PM | 1 | 1 | door 2 Break Room | 1171 |
| 377 | Rozier, Hailee: Location One | Thursday | 12/26/2024 | 5:35:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 378 | Rozier, Hailee: Location One | Monday | 12/30/2024 | 8:21:06AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 379 | Rozier, Hailee: Location One | Monday | 12/30/2024 | 9:52:19AM | 1 | 1 | door 2 Break Room | 1171 |
| 380 | Rozier, Hailee: Location One | Monday | 12/30/2024 | 12:37:30PM | 1 | 1 | door 2 Break Room | 1171 |
| 381 | Rozier, Hailee: Location One | Thursday | 1/2/2025 | 8:00:33AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 382 | Rozier, Hailee: Location One | Thursday | 1/2/2025 | 9:48:28AM | 1 | 1 | door 2 Break Room | 1171 |
| 383 | Rozier, Hailee: Location One | Monday | 1/6/2025 | 10:10:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 384 | Rozier, Hailee: Location One | Monday | 12/30/2024 | 5:19:24PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 385 | Rozier, Hailee: Location One | Thursday | 1/2/2025 | 12:58:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 386 | Rozier, Hailee: Location One | Thursday | 1/2/2025 | 4:16:57PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 387 | Rozier, Hailee: Location One | Monday | 1/6/2025 | 8:12:38AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 388 | Rozier, Hailee: Location One | Tuesday | 1/7/2025 | 9:54:53AM | 1 | 1 | door 2 Break Room | 1171 |
| 389 | Rozier, Hailee: Location One | Tuesday | 1/7/2025 | 11:26:57AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 390 | Rozier, Hailee: Location One | Tuesday | 1/7/2025 | 11:31:08AM | 1 | 1 | door 2 Break Room | 1171 |
| 391 | Rozier, Hailee: Location One | Wednesday | 1/8/2025 | 8:04:24AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 392 | Rozier, Hailee: Location One | Wednesday | 1/8/2025 | 2:06:43PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 393 | Rozier, Hailee: Location One | Wednesday | 1/8/2025 | 3:20:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 394 | Rozier, Hailee: Location One | Wednesday | 1/8/2025 | 5:29:18PM | 1 | 1 | door 2 Break Room | 1171 |
| 395 | Rozier, Hailee: Location One | Monday | 1/6/2025 | 4:33:21PM | 1 | 1 | door 2 Break Room | 1171 |
| 396 | Rozier, Hailee: Location One | Tuesday | 1/7/2025 | 8:17:05AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 397 | Rozier, Hailee: Location One | Tuesday | 1/7/2025 | 2:27:25PM | 1 | 1 | door 2 Break Room | 1171 |
| 398 | Rozier, Hailee: Location One | Tuesday | 1/7/2025 | 6:51:34PM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report :**Reports**                                                                          **5/20/2026**
Location Group :**Location One**                                                                     **12:38:43PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                  Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 399 | Rozier, Hailee: Location One | Monday | 1/13/2025 | 8:11:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 400 | Rozier, Hailee: Location One | Monday | 1/13/2025 | 11:28:38AM | 1 | 1 | door 2 Break Room | 1171 |
| 401 | Rozier, Hailee: Location One | Tuesday | 1/14/2025 | 8:12:26AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 402 | Rozier, Hailee: Location One | Tuesday | 1/14/2025 | 9:15:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 403 | Rozier, Hailee: Location One | Tuesday | 1/14/2025 | 1:40:44PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 404 | Rozier, Hailee: Location One | Wednesday | 1/15/2025 | 8:23:28AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 405 | Rozier, Hailee: Location One | Wednesday | 1/15/2025 | 1:49:28PM | 1 | 1 | door 2 Break Room | 1171 |
| 406 | Rozier, Hailee: Location One | Wednesday | 1/22/2025 | 12:56:07PM | 1 | 1 | door 2 Break Room | 1171 |
| 407 | Rozier, Hailee: Location One | Thursday | 1/23/2025 | 8:27:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 408 | Rozier, Hailee: Location One | Thursday | 1/23/2025 | 2:36:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 409 | Rozier, Hailee: Location One | Monday | 1/27/2025 | 8:33:00AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 410 | Rozier, Hailee: Location One | Wednesday | 1/22/2025 | 8:08:24AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 411 | Rozier, Hailee: Location One | Monday | 1/27/2025 | 11:07:45AM | 1 | 1 | door 2 Break Room | 1171 |
| 412 | Rozier, Hailee: Location One | Tuesday | 1/28/2025 | 10:26:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 413 | Rozier, Hailee: Location One | Tuesday | 1/28/2025 | 8:21:38AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 414 | Rozier, Hailee: Location One | Tuesday | 1/28/2025 | 1:12:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 415 | Rozier, Hailee: Location One | Tuesday | 1/28/2025 | 4:14:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 416 | Rozier, Hailee: Location One | Thursday | 1/30/2025 | 8:24:53AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 417 | Rozier, Hailee: Location One | Thursday | 1/30/2025 | 11:37:51AM | 1 | 1 | door 2 Break Room | 1171 |
| 418 | Rozier, Hailee: Location One | Monday | 2/3/2025 | 8:24:22AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 419 | Rozier, Hailee: Location One | Monday | 2/3/2025 | 8:56:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 420 | Rozier, Hailee: Location One | Monday | 2/3/2025 | 12:45:36PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 421 | Rozier, Hailee: Location One | Monday | 2/3/2025 | 5:17:36PM | 1 | 1 | door 2 Break Room | 1171 |
| 422 | Rozier, Hailee: Location One | Monday | 2/3/2025 | 10:42:21AM | 1 | 1 | door 2 Break Room | 1171 |
| 423 | Rozier, Hailee: Location One | Tuesday | 2/4/2025 | 8:23:46AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 424 | Rozier, Hailee: Location One | Wednesday | 2/5/2025 | 8:19:45AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 425 | Rozier, Hailee: Location One | Wednesday | 2/5/2025 | 10:27:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 426 | Rozier, Hailee: Location One | Thursday | 2/6/2025 | 8:19:00AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 427 | Rozier, Hailee: Location One | Thursday | 2/6/2025 | 2:09:23PM | 1 | 1 | door 2 Break Room | 1171 |
| 428 | Rozier, Hailee: Location One | Tuesday | 2/4/2025 | 1:46:26PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 429 | Rozier, Hailee: Location One | Thursday | 2/6/2025 | 10:14:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 430 | Rozier, Hailee: Location One | Monday | 2/10/2025 | 12:28:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 431 | Rozier, Hailee: Location One | Monday | 2/10/2025 | 5:55:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 432 | Rozier, Hailee: Location One | Tuesday | 2/11/2025 | 8:23:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 433 | Rozier, Hailee: Location One | Tuesday | 2/11/2025 | 12:11:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 434 | Rozier, Hailee: Location One | Wednesday | 2/12/2025 | 8:13:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 435 | Rozier, Hailee: Location One | Monday | 2/10/2025 | 8:07:31AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 436 | Rozier, Hailee: Location One | Wednesday | 2/12/2025 | 10:36:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 437 | Rozier, Hailee: Location One | Thursday | 2/13/2025 | 8:25:58AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 438 | Rozier, Hailee: Location One | Thursday | 2/13/2025 | 9:10:14AM | 1 | 1 | door 2 Break Room | 1171 |
| 439 | Rozier, Hailee: Location One | Wednesday | 2/12/2025 | 2:05:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 440 | Rozier, Hailee: Location One | Wednesday | 2/26/2025 | 8:28:53AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 441 | Rozier, Hailee: Location One | Wednesday | 2/26/2025 | 10:31:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 442 | Rozier, Hailee: Location One | Wednesday | 2/26/2025 | 4:05:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 443 | Rozier, Hailee: Location One | Thursday | 2/27/2025 | 11:08:03AM | 1 | 1 | door 2 Break Room | 1171 |
| 444 | Rozier, Hailee: Location One | Thursday | 2/27/2025 | 2:44:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 445 | Rozier, Hailee: Location One | Monday | 3/3/2025 | 8:35:45AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 446 | Rozier, Hailee: Location One | Monday | 3/3/2025 | 10:15:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 447 | Rozier, Hailee: Location One | Monday | 3/3/2025 | 1:08:43PM | 1 | 1 | door 2 Break Room | 1171 |
| 448 | Rozier, Hailee: Location One | Thursday | 2/27/2025 | 8:27:01AM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 171 of 257     RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                                                                        **5/20/2026**
Location Group :**Location One**                                                                              **12:38:43PM**

Start Date     5/20/2024          Stop Date     5/20/2026
Start Time     0                         Stop Time     2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|
| 449 | Rozier, Hailee: Location One | Thursday | 2/27/2025 9:24:37AM | 1 | 1 | door 2 Break Room | 1171 |
| 450 | Rozier, Hailee: Location One | Wednesday | 3/5/2025 9:42:02AM | 1 | 1 | door 2 Break Room | 1171 |
| 451 | Rozier, Hailee: Location One | Wednesday | 3/5/2025 12:23:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 452 | Rozier, Hailee: Location One | Thursday | 3/6/2025 8:30:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 453 | Rozier, Hailee: Location One | Wednesday | 3/5/2025 8:22:44AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 454 | Rozier, Hailee: Location One | Wednesday | 3/5/2025 2:41:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 455 | Rozier, Hailee: Location One | Thursday | 3/6/2025 9:54:07AM | 1 | 1 | door 2 Break Room | 1171 |
| 456 | Rozier, Hailee: Location One | Monday | 3/10/2025 7:30:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 457 | Rozier, Hailee: Location One | Wednesday | 3/12/2025 10:54:25AM | 1 | 3 | door 4 Back Door | 1171 |
| 458 | Rozier, Hailee: Location One | Wednesday | 3/12/2025 3:05:18PM | 1 | 1 | door 2 Break Room | 1171 |
| 459 | Rozier, Hailee: Location One | Thursday | 3/13/2025 11:17:21AM | 1 | 3 | door 4 Back Door | 1171 |
| 460 | Rozier, Hailee: Location One | Thursday | 3/13/2025 11:21:33AM | 1 | 3 | door 4 Back Door | 1171 |
| 461 | Rozier, Hailee: Location One | Wednesday | 3/12/2025 11:18:45AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 462 | Rozier, Hailee: Location One | Thursday | 3/13/2025 1:15:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 463 | Rozier, Hailee: Location One | Thursday | 3/13/2025 2:51:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 464 | Rozier, Hailee: Location One | Monday | 3/17/2025 7:24:31AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 465 | Rozier, Hailee: Location One | Monday | 3/17/2025 8:26:11AM | 1 | 1 | door 2 Break Room | 1171 |
| 466 | Rozier, Hailee: Location One | Monday | 3/17/2025 2:20:06PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 467 | Rozier, Hailee: Location One | Tuesday | 3/18/2025 8:30:41AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 468 | Rozier, Hailee: Location One | Wednesday | 3/19/2025 8:17:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 469 | Rozier, Hailee: Location One | Monday | 3/17/2025 11:44:27AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 470 | Rozier, Hailee: Location One | Tuesday | 3/18/2025 11:27:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 471 | Rozier, Hailee: Location One | Tuesday | 3/18/2025 11:29:40AM | 1 | 3 | door 4 Back Door | 1171 |
| 472 | Rozier, Hailee: Location One | Thursday | 3/20/2025 8:27:39AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 473 | Rozier, Hailee: Location One | Thursday | 3/20/2025 11:10:25AM | 1 | 1 | door 2 Break Room | 1171 |
| 474 | Rozier, Hailee: Location One | Wednesday | 3/19/2025 1:21:32PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 475 | Rozier, Hailee: Location One | Thursday | 3/20/2025 6:46:15PM | 1 | 1 | door 2 Break Room | 1171 |
| 476 | Rozier, Hailee: Location One | Tuesday | 4/1/2025 9:09:43AM | 1 | 1 | door 2 Break Room | 1171 |
| 477 | Rozier, Hailee: Location One | Tuesday | 4/1/2025 5:53:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 478 | Rozier, Hailee: Location One | Tuesday | 4/1/2025 8:39:15AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 479 | Rozier, Hailee: Location One | Tuesday | 4/1/2025 1:11:05PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 480 | Rozier, Hailee: Location One | Wednesday | 4/2/2025 8:24:46AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 481 | Rozier, Hailee: Location One | Wednesday | 4/2/2025 10:52:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 482 | Rozier, Hailee: Location One | Thursday | 4/3/2025 4:37:01PM | 1 | 1 | door 2 Break Room | 1171 |
| 483 | Rozier, Hailee: Location One | Tuesday | 4/8/2025 8:25:24AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 484 | Rozier, Hailee: Location One | Tuesday | 4/8/2025 10:35:23AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 485 | Rozier, Hailee: Location One | Thursday | 4/3/2025 8:25:17AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 486 | Rozier, Hailee: Location One | Thursday | 4/3/2025 10:50:36AM | 1 | 1 | door 2 Break Room | 1171 |
| 487 | Rozier, Hailee: Location One | Tuesday | 4/8/2025 2:54:13PM | 1 | 1 | door 2 Break Room | 1171 |
| 488 | Rozier, Hailee: Location One | Wednesday | 4/9/2025 1:02:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 489 | Rozier, Hailee: Location One | Thursday | 4/10/2025 10:15:02AM | 1 | 1 | door 2 Break Room | 1171 |
| 490 | Rozier, Hailee: Location One | Thursday | 4/10/2025 12:47:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 491 | Rozier, Hailee: Location One | Wednesday | 4/9/2025 8:56:33AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 492 | Rozier, Hailee: Location One | Wednesday | 4/9/2025 9:16:34AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 493 | Rozier, Hailee: Location One | Wednesday | 4/9/2025 3:48:35PM | 1 | 1 | door 2 Break Room | 1171 |
| 494 | Rozier, Hailee: Location One | Thursday | 4/10/2025 7:50:39AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 495 | Rozier, Hailee: Location One | Thursday | 4/10/2025 5:27:51PM | 1 | 1 | door 2 Break Room | 1171 |
| 496 | Rozier, Hailee: Location One | Monday | 4/14/2025 8:01:58AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 497 | Rozier, Hailee: Location One | Tuesday | 4/15/2025 8:52:14AM | 1 | 1 | door 2 Break Room | 1171 |
| 498 | Rozier, Hailee: Location One | Wednesday | 4/16/2025 8:16:49AM | 1 | 0 | door 1 Main Entrance | 1171 |

Page 10 of 23

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 172 of 257

NYSCEF DOC. NO. 22                                                    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                           **5/20/2026**
Location Group : **Location One**                                       **12:38:43PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 499 | Rozier, Hailee: Location One | Wednesday | 4/16/2025 | 12:20:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 500 | Rozier, Hailee: Location One | Wednesday | 4/16/2025 | 12:35:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 501 | Rozier, Hailee: Location One | Monday | 4/14/2025 | 9:01:15AM | 1 | 1 | door 2 Break Room | 1171 |
| 502 | Rozier, Hailee: Location One | Monday | 4/14/2025 | 3:00:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 503 | Rozier, Hailee: Location One | Tuesday | 4/15/2025 | 8:23:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 504 | Rozier, Hailee: Location One | Tuesday | 4/15/2025 | 12:17:02PM | 1 | 1 | door 2 Break Room | 1171 |
| 505 | Rozier, Hailee: Location One | Monday | 4/21/2025 | 2:10:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 506 | Rozier, Hailee: Location One | Tuesday | 4/22/2025 | 10:43:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 507 | Rozier, Hailee: Location One | Monday | 4/21/2025 | 8:24:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 508 | Rozier, Hailee: Location One | Monday | 4/21/2025 | 10:22:09AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 509 | Rozier, Hailee: Location One | Tuesday | 4/22/2025 | 9:11:44AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 510 | Rozier, Hailee: Location One | Tuesday | 4/22/2025 | 9:14:03AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 511 | Rozier, Hailee: Location One | Tuesday | 4/22/2025 | 1:10:02PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 512 | Rozier, Hailee: Location One | Wednesday | 4/23/2025 | 11:37:54AM | 1 | 1 | door 2 Break Room | 1171 |
| 513 | Rozier, Hailee: Location One | Wednesday | 4/23/2025 | 12:47:28PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 514 | Rozier, Hailee: Location One | Tuesday | 4/22/2025 | 4:42:24PM | 1 | 1 | door 2 Break Room | 1171 |
| 515 | Rozier, Hailee: Location One | Wednesday | 4/23/2025 | 8:29:01AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 516 | Rozier, Hailee: Location One | Wednesday | 4/23/2025 | 9:43:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 517 | Rozier, Hailee: Location One | Wednesday | 4/23/2025 | 2:44:45PM | 1 | 1 | door 2 Break Room | 1171 |
| 518 | Rozier, Hailee: Location One | Monday | 4/28/2025 | 8:24:46AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 519 | Rozier, Hailee: Location One | Monday | 4/28/2025 | 9:04:06AM | 1 | 3 | door 4 Back Door | 1171 |
| 520 | Rozier, Hailee: Location One | Monday | 4/28/2025 | 12:11:12PM | 1 | 1 | door 2 Break Room | 1171 |
| 521 | Rozier, Hailee: Location One | Monday | 4/28/2025 | 2:54:16PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 522 | Rozier, Hailee: Location One | Tuesday | 4/29/2025 | 8:11:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 523 | Rozier, Hailee: Location One | Tuesday | 4/29/2025 | 11:01:25AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 524 | Rozier, Hailee: Location One | Tuesday | 4/29/2025 | 12:46:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 525 | Rozier, Hailee: Location One | Tuesday | 4/29/2025 | 2:44:05PM | 1 | 1 | door 2 Break Room | 1171 |
| 526 | Rozier, Hailee: Location One | Wednesday | 4/30/2025 | 8:16:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 527 | Rozier, Hailee: Location One | Wednesday | 4/30/2025 | 12:46:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 528 | Rozier, Hailee: Location One | Thursday | 5/1/2025 | 9:49:47AM | 1 | 1 | door 2 Break Room | 1171 |
| 529 | Rozier, Hailee: Location One | Thursday | 5/1/2025 | 11:41:36AM | 1 | 1 | door 2 Break Room | 1171 |
| 530 | Rozier, Hailee: Location One | Thursday | 5/1/2025 | 5:19:25PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 531 | Rozier, Hailee: Location One | Monday | 5/5/2025 | 8:14:53AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 532 | Rozier, Hailee: Location One | Monday | 5/5/2025 | 2:34:06PM | 1 | 1 | door 2 Break Room | 1171 |
| 533 | Rozier, Hailee: Location One | Wednesday | 4/30/2025 | 4:12:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 534 | Rozier, Hailee: Location One | Thursday | 5/1/2025 | 8:11:55AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 535 | Rozier, Hailee: Location One | Thursday | 5/1/2025 | 3:16:15PM | 1 | 1 | door 2 Break Room | 1171 |
| 536 | Rozier, Hailee: Location One | Monday | 5/5/2025 | 10:12:46AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 537 | Rozier, Hailee: Location One | Monday | 5/5/2025 | 11:37:34AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 538 | Rozier, Hailee: Location One | Tuesday | 5/6/2025 | 8:22:14AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 539 | Rozier, Hailee: Location One | Tuesday | 5/6/2025 | 9:26:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 540 | Rozier, Hailee: Location One | Wednesday | 5/7/2025 | 8:26:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 541 | Rozier, Hailee: Location One | Wednesday | 5/7/2025 | 1:51:04PM | 1 | 1 | door 2 Break Room | 1171 |
| 542 | Rozier, Hailee: Location One | Tuesday | 5/6/2025 | 12:45:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 543 | Rozier, Hailee: Location One | Wednesday | 5/7/2025 | 9:06:02AM | 1 | 1 | door 2 Break Room | 1171 |
| 544 | Rozier, Hailee: Location One | Thursday | 5/8/2025 | 8:46:27AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 545 | Rozier, Hailee: Location One | Thursday | 5/8/2025 | 9:55:23AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 546 | Rozier, Hailee: Location One | Monday | 5/12/2025 | 8:49:06AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 547 | Rozier, Hailee: Location One | Monday | 5/12/2025 | 9:34:36AM | 1 | 1 | door 2 Break Room | 1171 |
| 548 | Rozier, Hailee: Location One | Tuesday | 5/13/2025 | 7:59:46AM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report :**Reports**                                                      **5/20/2026**
Location Group :**Location One**                                                  **12:38:43PM**

Start Date    5/20/2024        Stop Date    5/20/2026
Start Time    0                Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 549 | Rozier, Hailee: Location One | Tuesday | 5/13/2025 | 1:23:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 550 | Rozier, Hailee: Location One | Thursday | 5/8/2025 | 1:04:45PM | 1 | 1 | door 2 Break Room | 1171 |
| 551 | Rozier, Hailee: Location One | Monday | 5/12/2025 | 12:12:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 552 | Rozier, Hailee: Location One | Monday | 5/12/2025 | 1:49:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 553 | Rozier, Hailee: Location One | Tuesday | 5/13/2025 | 9:13:54AM | 1 | 1 | door 2 Break Room | 1171 |
| 554 | Rozier, Hailee: Location One | Thursday | 5/15/2025 | 8:23:06AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 555 | Rozier, Hailee: Location One | Thursday | 5/15/2025 | 1:19:30PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 556 | Rozier, Hailee: Location One | Thursday | 5/15/2025 | 2:50:32PM | 1 | 1 | door 2 Break Room | 1171 |
| 557 | Rozier, Hailee: Location One | Thursday | 5/15/2025 | 10:42:38AM | 1 | 1 | door 2 Break Room | 1171 |
| 558 | Rozier, Hailee: Location One | Tuesday | 5/20/2025 | 8:16:56AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 559 | Rozier, Hailee: Location One | Tuesday | 5/20/2025 | 12:46:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 560 | Rozier, Hailee: Location One | Tuesday | 5/20/2025 | 1:06:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 561 | Rozier, Hailee: Location One | Wednesday | 5/21/2025 | 8:25:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 562 | Rozier, Hailee: Location One | Tuesday | 5/20/2025 | 9:45:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 563 | Rozier, Hailee: Location One | Wednesday | 5/21/2025 | 11:14:46AM | 1 | 1 | door 2 Break Room | 1171 |
| 564 | Rozier, Hailee: Location One | Wednesday | 5/21/2025 | 6:22:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 565 | Rozier, Hailee: Location One | Tuesday | 5/27/2025 | 8:22:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 566 | Rozier, Hailee: Location One | Tuesday | 5/27/2025 | 9:37:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 567 | Rozier, Hailee: Location One | Wednesday | 5/28/2025 | 8:24:42AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 568 | Rozier, Hailee: Location One | Wednesday | 5/28/2025 | 10:41:04AM | 1 | 1 | door 2 Break Room | 1171 |
| 569 | Rozier, Hailee: Location One | Thursday | 5/29/2025 | 8:25:07AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 570 | Rozier, Hailee: Location One | Thursday | 5/29/2025 | 4:12:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 571 | Rozier, Hailee: Location One | Monday | 6/2/2025 | 12:20:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 572 | Rozier, Hailee: Location One | Tuesday | 6/3/2025 | 8:22:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 573 | Rozier, Hailee: Location One | Tuesday | 5/27/2025 | 1:41:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 574 | Rozier, Hailee: Location One | Tuesday | 5/27/2025 | 4:00:53PM | 1 | 3 | door 4 Back Door | 1171 |
| 575 | Rozier, Hailee: Location One | Wednesday | 5/28/2025 | 1:15:19PM | 1 | 1 | door 2 Break Room | 1171 |
| 576 | Rozier, Hailee: Location One | Thursday | 5/29/2025 | 10:00:51AM | 1 | 1 | door 2 Break Room | 1171 |
| 577 | Rozier, Hailee: Location One | Monday | 6/2/2025 | 8:50:08AM | 1 | 1 | door 2 Break Room | 1171 |
| 578 | Rozier, Hailee: Location One | Monday | 6/2/2025 | 3:20:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 579 | Rozier, Hailee: Location One | Tuesday | 6/3/2025 | 10:45:25AM | 1 | 1 | door 2 Break Room | 1171 |
| 580 | Rozier, Hailee: Location One | Tuesday | 6/3/2025 | 3:45:22PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 581 | Rozier, Hailee: Location One | Wednesday | 6/4/2025 | 8:23:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 582 | Rozier, Hailee: Location One | Wednesday | 6/4/2025 | 9:42:32AM | 1 | 1 | door 2 Break Room | 1171 |
| 583 | Rozier, Hailee: Location One | Tuesday | 6/3/2025 | 1:31:30PM | 1 | 1 | door 2 Break Room | 1171 |
| 584 | Rozier, Hailee: Location One | Wednesday | 6/4/2025 | 1:30:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 585 | Rozier, Hailee: Location One | Thursday | 6/5/2025 | 10:28:47AM | 1 | 1 | door 2 Break Room | 1171 |
| 586 | Rozier, Hailee: Location One | Monday | 6/9/2025 | 11:42:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 587 | Rozier, Hailee: Location One | Tuesday | 6/10/2025 | 8:34:37AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 588 | Rozier, Hailee: Location One | Tuesday | 6/10/2025 | 10:34:07AM | 1 | 3 | door 4 Back Door | 1171 |
| 589 | Rozier, Hailee: Location One | Tuesday | 6/10/2025 | 3:16:06PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 590 | Rozier, Hailee: Location One | Thursday | 6/5/2025 | 8:06:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 591 | Rozier, Hailee: Location One | Thursday | 6/5/2025 | 3:25:28PM | 1 | 1 | door 2 Break Room | 1171 |
| 592 | Rozier, Hailee: Location One | Monday | 6/9/2025 | 8:36:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 593 | Rozier, Hailee: Location One | Monday | 6/9/2025 | 3:51:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 594 | Rozier, Hailee: Location One | Wednesday | 6/11/2025 | 8:16:17AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 595 | Rozier, Hailee: Location One | Wednesday | 6/11/2025 | 10:07:18AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 596 | Rozier, Hailee: Location One | Thursday | 6/12/2025 | 8:13:28AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 597 | Rozier, Hailee: Location One | Thursday | 6/12/2025 | 1:32:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 598 | Rozier, Hailee: Location One | Thursday | 6/12/2025 | 10:24:14AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 174 of 257

NYSCEF DOC. NO. 22                                                    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                    **5/20/2026**
Location Group : **Location One**                                                **12:38:43PM**

Start Date     5/20/2024          Stop Date     5/20/2026
Start Time     0                  Stop Time     2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 599 | Rozier, Hailee: Location One | Monday | 6/16/2025 | 11:42:41AM | 1 | 1 | door 2 Break Room | 1171 |
| 600 | Rozier, Hailee: Location One | Monday | 6/16/2025 | 2:32:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 601 | Rozier, Hailee: Location One | Tuesday | 6/17/2025 | 9:44:07AM | 1 | 1 | door 2 Break Room | 1171 |
| 602 | Rozier, Hailee: Location One | Tuesday | 6/17/2025 | 11:35:29AM | 1 | 1 | door 2 Break Room | 1171 |
| 603 | Rozier, Hailee: Location One | Tuesday | 6/17/2025 | 3:44:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 604 | Rozier, Hailee: Location One | Wednesday | 6/18/2025 | 8:06:46AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 605 | Rozier, Hailee: Location One | Wednesday | 6/18/2025 | 12:53:01PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 606 | Rozier, Hailee: Location One | Monday | 6/16/2025 | 7:59:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 607 | Rozier, Hailee: Location One | Monday | 6/16/2025 | 8:23:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 608 | Rozier, Hailee: Location One | Monday | 6/16/2025 | 9:35:25AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 609 | Rozier, Hailee: Location One | Tuesday | 6/17/2025 | 8:13:59AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 610 | Rozier, Hailee: Location One | Wednesday | 6/18/2025 | 8:58:01AM | 1 | 1 | door 2 Break Room | 1171 |
| 611 | Rozier, Hailee: Location One | Wednesday | 6/18/2025 | 10:37:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 612 | Rozier, Hailee: Location One | Wednesday | 6/18/2025 | 4:24:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 613 | Rozier, Hailee: Location One | Monday | 6/23/2025 | 8:24:19AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 614 | Rozier, Hailee: Location One | Monday | 6/23/2025 | 1:46:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 615 | Rozier, Hailee: Location One | Tuesday | 6/24/2025 | 8:25:11AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 616 | Rozier, Hailee: Location One | Tuesday | 6/24/2025 | 9:35:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 617 | Rozier, Hailee: Location One | Monday | 6/23/2025 | 9:21:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 618 | Rozier, Hailee: Location One | Monday | 6/23/2025 | 11:03:32AM | 1 | 1 | door 2 Break Room | 1171 |
| 619 | Rozier, Hailee: Location One | Monday | 6/23/2025 | 3:35:11PM | 1 | 1 | door 2 Break Room | 1171 |
| 620 | Rozier, Hailee: Location One | Monday | 6/23/2025 | 6:56:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 621 | Rozier, Hailee: Location One | Tuesday | 6/24/2025 | 12:05:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 622 | Rozier, Hailee: Location One | Tuesday | 6/24/2025 | 2:28:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 623 | Rozier, Hailee: Location One | Tuesday | 6/24/2025 | 7:27:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 624 | Rozier, Hailee: Location One | Wednesday | 6/25/2025 | 1:29:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 625 | Rozier, Hailee: Location One | Wednesday | 6/25/2025 | 5:02:26PM | 1 | 1 | door 2 Break Room | 1171 |
| 626 | Rozier, Hailee: Location One | Thursday | 6/26/2025 | 8:32:07AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 627 | Rozier, Hailee: Location One | Thursday | 6/26/2025 | 10:20:58AM | 1 | 1 | door 2 Break Room | 1171 |
| 628 | Rozier, Hailee: Location One | Friday | 6/27/2025 | 8:14:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 629 | Rozier, Hailee: Location One | Friday | 6/27/2025 | 9:33:24AM | 1 | 1 | door 2 Break Room | 1171 |
| 630 | Rozier, Hailee: Location One | Friday | 6/27/2025 | 12:45:25PM | 1 | 1 | door 2 Break Room | 1171 |
| 631 | Rozier, Hailee: Location One | Friday | 6/27/2025 | 5:13:39PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 632 | Rozier, Hailee: Location One | Monday | 6/30/2025 | 8:19:47AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 633 | Rozier, Hailee: Location One | Wednesday | 6/25/2025 | 8:17:19AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 634 | Rozier, Hailee: Location One | Wednesday | 6/25/2025 | 9:39:35AM | 1 | 1 | door 2 Break Room | 1171 |
| 635 | Rozier, Hailee: Location One | Thursday | 6/26/2025 | 1:02:01PM | 1 | 1 | door 2 Break Room | 1171 |
| 636 | Rozier, Hailee: Location One | Thursday | 6/26/2025 | 2:36:01PM | 1 | 1 | door 2 Break Room | 1171 |
| 637 | Rozier, Hailee: Location One | Monday | 6/30/2025 | 9:55:47AM | 1 | 1 | door 2 Break Room | 1171 |
| 638 | Rozier, Hailee: Location One | Monday | 6/30/2025 | 12:24:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 639 | Rozier, Hailee: Location One | Monday | 6/30/2025 | 6:54:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 640 | Rozier, Hailee: Location One | Tuesday | 7/1/2025 | 8:23:29AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 641 | Rozier, Hailee: Location One | Tuesday | 7/1/2025 | 12:38:20PM | 1 | 1 | door 2 Break Room | 1171 |
| 642 | Rozier, Hailee: Location One | Wednesday | 7/2/2025 | 8:35:18AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 643 | Rozier, Hailee: Location One | Wednesday | 7/2/2025 | 3:20:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 644 | Rozier, Hailee: Location One | Wednesday | 7/2/2025 | 7:05:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 645 | Rozier, Hailee: Location One | Monday | 7/7/2025 | 11:36:42AM | 1 | 1 | door 2 Break Room | 1171 |
| 646 | Rozier, Hailee: Location One | Tuesday | 7/1/2025 | 10:21:34AM | 1 | 1 | door 2 Break Room | 1171 |
| 647 | Rozier, Hailee: Location One | Wednesday | 7/2/2025 | 10:56:04AM | 1 | 1 | door 2 Break Room | 1171 |
| 648 | Rozier, Hailee: Location One | Monday | 7/7/2025 | 7:56:25AM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 175 of 257    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

**Name of Report :Reports**

Location Group :**Location One**

**5/20/2026**

**12:38:43PM**

| Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
|---|---|---|---|
| Start Time | 0 | Stop Time | 2359 |

Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 649 | Rozier, Hailee: Location One | Monday | 7/7/2025 | 8:57:04AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 650 | Rozier, Hailee: Location One | Monday | 7/7/2025 | 1:07:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 651 | Rozier, Hailee: Location One | Monday | 7/7/2025 | 4:53:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 652 | Rozier, Hailee: Location One | Tuesday | 7/8/2025 | 7:51:03AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 653 | Rozier, Hailee: Location One | Tuesday | 7/8/2025 | 10:09:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 654 | Rozier, Hailee: Location One | Tuesday | 7/8/2025 | 1:29:20PM | 1 | 1 | door 2 Break Room | 1171 |
| 655 | Rozier, Hailee: Location One | Wednesday | 7/9/2025 | 9:10:06AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 656 | Rozier, Hailee: Location One | Thursday | 7/10/2025 | 8:24:30AM | 1 | 1 | door 2 Break Room | 1171 |
| 657 | Rozier, Hailee: Location One | Thursday | 7/10/2025 | 4:53:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 658 | Rozier, Hailee: Location One | Friday | 7/11/2025 | 7:53:20AM | 1 | 1 | door 2 Break Room | 1171 |
| 659 | Rozier, Hailee: Location One | Friday | 7/11/2025 | 9:00:09AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 660 | Rozier, Hailee: Location One | Friday | 7/11/2025 | 11:26:40AM | 1 | 1 | door 2 Break Room | 1171 |
| 661 | Rozier, Hailee: Location One | Monday | 7/14/2025 | 8:03:53AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 662 | Rozier, Hailee: Location One | Monday | 7/14/2025 | 10:41:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 663 | Rozier, Hailee: Location One | Monday | 7/14/2025 | 5:38:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 664 | Rozier, Hailee: Location One | Tuesday | 7/15/2025 | 8:44:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 665 | Rozier, Hailee: Location One | Wednesday | 7/9/2025 | 7:55:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 666 | Rozier, Hailee: Location One | Wednesday | 7/9/2025 | 4:03:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 667 | Rozier, Hailee: Location One | Thursday | 7/10/2025 | 11:42:56AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 668 | Rozier, Hailee: Location One | Friday | 7/11/2025 | 1:05:18PM | 1 | 1 | door 2 Break Room | 1171 |
| 669 | Rozier, Hailee: Location One | Friday | 7/11/2025 | 3:33:16PM | 1 | 1 | door 2 Break Room | 1171 |
| 670 | Rozier, Hailee: Location One | Monday | 7/14/2025 | 1:24:35PM | 1 | 1 | door 2 Break Room | 1171 |
| 671 | Rozier, Hailee: Location One | Tuesday | 7/15/2025 | 10:47:45AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 672 | Rozier, Hailee: Location One | Tuesday | 7/15/2025 | 1:15:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 673 | Rozier, Hailee: Location One | Wednesday | 7/16/2025 | 7:56:36AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 674 | Rozier, Hailee: Location One | Wednesday | 7/16/2025 | 8:44:59AM | 1 | 1 | door 2 Break Room | 1171 |
| 675 | Rozier, Hailee: Location One | Tuesday | 7/15/2025 | 3:50:12PM | 1 | 1 | door 2 Break Room | 1171 |
| 676 | Rozier, Hailee: Location One | Wednesday | 7/16/2025 | 11:33:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 677 | Rozier, Hailee: Location One | Wednesday | 7/16/2025 | 5:23:16PM | 1 | 1 | door 2 Break Room | 1171 |
| 678 | Rozier, Hailee: Location One | Thursday | 7/17/2025 | 8:09:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 679 | Rozier, Hailee: Location One | Thursday | 7/17/2025 | 10:38:12AM | 1 | 1 | door 2 Break Room | 1171 |
| 680 | Rozier, Hailee: Location One | Friday | 7/18/2025 | 8:27:12AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 681 | Rozier, Hailee: Location One | Friday | 7/18/2025 | 9:17:58AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 682 | Rozier, Hailee: Location One | Friday | 7/18/2025 | 12:24:25PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 683 | Rozier, Hailee: Location One | Monday | 7/21/2025 | 8:06:44AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 684 | Rozier, Hailee: Location One | Monday | 7/21/2025 | 10:26:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 685 | Rozier, Hailee: Location One | Tuesday | 7/22/2025 | 8:05:12AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 686 | Rozier, Hailee: Location One | Thursday | 7/17/2025 | 3:44:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 687 | Rozier, Hailee: Location One | Friday | 7/18/2025 | 5:39:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 688 | Rozier, Hailee: Location One | Monday | 7/21/2025 | 2:25:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 689 | Rozier, Hailee: Location One | Tuesday | 7/22/2025 | 9:39:02AM | 1 | 1 | door 2 Break Room | 1171 |
| 690 | Rozier, Hailee: Location One | Tuesday | 7/22/2025 | 6:11:47PM | 1 | 1 | door 2 Break Room | 1171 |
| 691 | Rozier, Hailee: Location One | Wednesday | 7/23/2025 | 12:23:35PM | 1 | 1 | door 2 Break Room | 1171 |
| 692 | Rozier, Hailee: Location One | Thursday | 7/24/2025 | 11:25:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 693 | Rozier, Hailee: Location One | Tuesday | 7/22/2025 | 1:36:01PM | 1 | 1 | door 2 Break Room | 1171 |
| 694 | Rozier, Hailee: Location One | Wednesday | 7/23/2025 | 8:30:42AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 695 | Rozier, Hailee: Location One | Wednesday | 7/23/2025 | 4:10:33PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 696 | Rozier, Hailee: Location One | Thursday | 7/24/2025 | 8:17:24AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 697 | Rozier, Hailee: Location One | Monday | 7/28/2025 | 12:30:12PM | 1 | 1 | door 2 Break Room | 1171 |
| 698 | Rozier, Hailee: Location One | Tuesday | 7/29/2025 | 8:05:47AM | 1 | 0 | door 1 Main Entrance | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22    Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 176 of 257    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**  
Location Group : **Location One**

**5/20/2026**  
**12:38:43PM**

Start Date   5/20/2024     Stop Date   5/20/2026  
Start Time   0     Stop Time   2359  
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 699 | Rozier, Hailee: Location One | Tuesday | 7/29/2025 | 10:01:14AM | 1 | 1 | door 2 Break Room | 1171 |
| 700 | Rozier, Hailee: Location One | Monday | 7/28/2025 | 8:28:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 701 | Rozier, Hailee: Location One | Monday | 7/28/2025 | 1:10:04PM | 1 | 1 | door 2 Break Room | 1171 |
| 702 | Rozier, Hailee: Location One | Tuesday | 7/29/2025 | 1:27:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 703 | Rozier, Hailee: Location One | Wednesday | 7/30/2025 | 8:30:43AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 704 | Rozier, Hailee: Location One | Wednesday | 7/30/2025 | 9:36:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 705 | Rozier, Hailee: Location One | Wednesday | 7/30/2025 | 1:05:12PM | 1 | 1 | door 2 Break Room | 1171 |
| 706 | Rozier, Hailee: Location One | Thursday | 7/31/2025 | 8:51:04AM | 1 | 1 | door 2 Break Room | 1171 |
| 707 | Rozier, Hailee: Location One | Thursday | 7/31/2025 | 1:20:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 708 | Rozier, Hailee: Location One | Thursday | 7/31/2025 | 4:51:22PM | 1 | 1 | door 2 Break Room | 1171 |
| 709 | Rozier, Hailee: Location One | Monday | 8/4/2025 | 8:32:39AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 710 | Rozier, Hailee: Location One | Tuesday | 7/29/2025 | 6:21:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 711 | Rozier, Hailee: Location One | Thursday | 7/31/2025 | 8:22:45AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 712 | Rozier, Hailee: Location One | Monday | 8/4/2025 | 11:24:10AM | 1 | 1 | door 2 Break Room | 1171 |
| 713 | Rozier, Hailee: Location One | Monday | 8/4/2025 | 2:43:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 714 | Rozier, Hailee: Location One | Tuesday | 8/5/2025 | 8:30:56AM | 1 | 1 | door 2 Break Room | 1171 |
| 715 | Rozier, Hailee: Location One | Tuesday | 8/5/2025 | 9:14:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 716 | Rozier, Hailee: Location One | Tuesday | 8/5/2025 | 10:57:30AM | 1 | 1 | door 2 Break Room | 1171 |
| 717 | Rozier, Hailee: Location One | Tuesday | 8/5/2025 | 1:59:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 718 | Rozier, Hailee: Location One | Wednesday | 8/6/2025 | 8:28:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 719 | Rozier, Hailee: Location One | Wednesday | 8/6/2025 | 10:23:03AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 720 | Rozier, Hailee: Location One | Wednesday | 8/6/2025 | 6:38:13PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 721 | Rozier, Hailee: Location One | Thursday | 8/7/2025 | 8:24:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 722 | Rozier, Hailee: Location One | Thursday | 8/7/2025 | 10:15:40AM | 1 | 1 | door 2 Break Room | 1171 |
| 723 | Rozier, Hailee: Location One | Thursday | 8/7/2025 | 12:26:22PM | 1 | 1 | door 2 Break Room | 1171 |
| 724 | Rozier, Hailee: Location One | Friday | 8/8/2025 | 10:23:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 725 | Rozier, Hailee: Location One | Friday | 8/8/2025 | 4:16:19PM | 1 | 1 | door 2 Break Room | 1171 |
| 726 | Rozier, Hailee: Location One | Monday | 8/11/2025 | 9:28:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 727 | Rozier, Hailee: Location One | Monday | 8/11/2025 | 4:43:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 728 | Rozier, Hailee: Location One | Wednesday | 8/6/2025 | 2:14:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 729 | Rozier, Hailee: Location One | Thursday | 8/7/2025 | 3:58:27PM | 1 | 1 | door 2 Break Room | 1171 |
| 730 | Rozier, Hailee: Location One | Friday | 8/8/2025 | 8:22:44AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 731 | Rozier, Hailee: Location One | Monday | 8/11/2025 | 8:25:57AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 732 | Rozier, Hailee: Location One | Monday | 8/11/2025 | 12:10:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 733 | Rozier, Hailee: Location One | Tuesday | 8/12/2025 | 8:27:11AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 734 | Rozier, Hailee: Location One | Tuesday | 8/12/2025 | 9:01:58AM | 1 | 1 | door 2 Break Room | 1171 |
| 735 | Rozier, Hailee: Location One | Tuesday | 8/12/2025 | 3:41:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 736 | Rozier, Hailee: Location One | Wednesday | 8/13/2025 | 9:58:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 737 | Rozier, Hailee: Location One | Wednesday | 8/13/2025 | 8:13:41AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 738 | Rozier, Hailee: Location One | Thursday | 8/14/2025 | 3:03:15PM | 1 | 1 | door 2 Break Room | 1171 |
| 739 | Rozier, Hailee: Location One | Monday | 8/18/2025 | 9:51:51AM | 1 | 1 | door 2 Break Room | 1171 |
| 740 | Rozier, Hailee: Location One | Tuesday | 8/19/2025 | 10:37:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 741 | Rozier, Hailee: Location One | Tuesday | 8/19/2025 | 2:29:11PM | 1 | 1 | door 2 Break Room | 1171 |
| 742 | Rozier, Hailee: Location One | Thursday | 8/14/2025 | 8:23:16AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 743 | Rozier, Hailee: Location One | Thursday | 8/14/2025 | 8:50:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 744 | Rozier, Hailee: Location One | Thursday | 8/14/2025 | 10:56:25AM | 1 | 1 | door 2 Break Room | 1171 |
| 745 | Rozier, Hailee: Location One | Monday | 8/18/2025 | 8:28:49AM | 1 | 1 | door 2 Break Room | 1171 |
| 746 | Rozier, Hailee: Location One | Monday | 8/18/2025 | 1:27:19PM | 1 | 1 | door 2 Break Room | 1171 |
| 747 | Rozier, Hailee: Location One | Tuesday | 8/19/2025 | 8:27:27AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 748 | Rozier, Hailee: Location One | Tuesday | 8/19/2025 | 8:55:49AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report : **Reports**                                                                         **5/20/2026**
Location Group : **Location One**                                                                     **12:38:43PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                  Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 749 | Rozier, Hailee: Location One | Wednesday | 8/20/2025 | 8:33:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 750 | Rozier, Hailee: Location One | Wednesday | 8/20/2025 | 12:27:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 751 | Rozier, Hailee: Location One | Wednesday | 8/20/2025 | 7:04:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 752 | Rozier, Hailee: Location One | Thursday | 8/21/2025 | 8:23:30AM | 1 | 1 | door 2 Break Room | 1171 |
| 753 | Rozier, Hailee: Location One | Wednesday | 8/20/2025 | 2:41:15PM | 1 | 1 | door 2 Break Room | 1171 |
| 754 | Rozier, Hailee: Location One | Thursday | 8/21/2025 | 9:18:14AM | 1 | 1 | door 2 Break Room | 1171 |
| 755 | Rozier, Hailee: Location One | Thursday | 8/21/2025 | 12:51:48PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 756 | Rozier, Hailee: Location One | Thursday | 8/21/2025 | 5:21:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 757 | Rozier, Hailee: Location One | Monday | 8/25/2025 | 8:24:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 758 | Rozier, Hailee: Location One | Monday | 8/25/2025 | 11:24:09AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 759 | Rozier, Hailee: Location One | Tuesday | 8/26/2025 | 12:41:24PM | 1 | 1 | door 2 Break Room | 1171 |
| 760 | Rozier, Hailee: Location One | Tuesday | 8/26/2025 | 2:00:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 761 | Rozier, Hailee: Location One | Monday | 8/25/2025 | 3:03:51PM | 1 | 1 | door 2 Break Room | 1171 |
| 762 | Rozier, Hailee: Location One | Tuesday | 8/26/2025 | 8:31:29AM | 1 | 1 | door 2 Break Room | 1171 |
| 763 | Rozier, Hailee: Location One | Tuesday | 8/26/2025 | 9:55:25AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 764 | Rozier, Hailee: Location One | Wednesday | 8/27/2025 | 8:34:43AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 765 | Rozier, Hailee: Location One | Wednesday | 8/27/2025 | 11:38:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 766 | Rozier, Hailee: Location One | Wednesday | 8/27/2025 | 1:55:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 767 | Rozier, Hailee: Location One | Thursday | 8/28/2025 | 9:43:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 768 | Rozier, Hailee: Location One | Thursday | 8/28/2025 | 1:54:54PM | 1 | 1 | door 2 Break Room | 1171 |
| 769 | Rozier, Hailee: Location One | Thursday | 8/28/2025 | 8:29:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 770 | Rozier, Hailee: Location One | Tuesday | 9/2/2025 | 10:12:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 771 | Rozier, Hailee: Location One | Tuesday | 9/2/2025 | 4:32:25PM | 1 | 1 | door 2 Break Room | 1171 |
| 772 | Rozier, Hailee: Location One | Wednesday | 9/3/2025 | 11:04:36AM | 1 | 1 | door 2 Break Room | 1171 |
| 773 | Rozier, Hailee: Location One | Wednesday | 9/3/2025 | 2:34:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 774 | Rozier, Hailee: Location One | Tuesday | 9/2/2025 | 8:46:51AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 775 | Rozier, Hailee: Location One | Tuesday | 9/2/2025 | 1:22:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 776 | Rozier, Hailee: Location One | Wednesday | 9/3/2025 | 8:25:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 777 | Rozier, Hailee: Location One | Thursday | 9/4/2025 | 8:24:12AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 778 | Rozier, Hailee: Location One | Thursday | 9/4/2025 | 10:35:08AM | 1 | 3 | door 4 Back Door | 1171 |
| 779 | Rozier, Hailee: Location One | Thursday | 9/4/2025 | 3:04:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 780 | Rozier, Hailee: Location One | Monday | 9/8/2025 | 10:06:21AM | 1 | 1 | door 2 Break Room | 1171 |
| 781 | Rozier, Hailee: Location One | Monday | 9/8/2025 | 4:38:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 782 | Rozier, Hailee: Location One | Monday | 9/8/2025 | 1:24:45PM | 1 | 1 | door 2 Break Room | 1171 |
| 783 | Rozier, Hailee: Location One | Tuesday | 9/9/2025 | 7:10:52AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 784 | Rozier, Hailee: Location One | Tuesday | 9/9/2025 | 11:36:54AM | 1 | 1 | door 2 Break Room | 1171 |
| 785 | Rozier, Hailee: Location One | Tuesday | 9/9/2025 | 2:59:43PM | 1 | 1 | door 2 Break Room | 1171 |
| 786 | Rozier, Hailee: Location One | Wednesday | 9/10/2025 | 8:33:30AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 787 | Rozier, Hailee: Location One | Wednesday | 9/10/2025 | 6:44:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 788 | Rozier, Hailee: Location One | Wednesday | 9/10/2025 | 1:37:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 789 | Rozier, Hailee: Location One | Thursday | 9/11/2025 | 8:35:43AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 790 | Rozier, Hailee: Location One | Thursday | 9/11/2025 | 10:31:35AM | 1 | 1 | door 2 Break Room | 1171 |
| 791 | Rozier, Hailee: Location One | Thursday | 9/11/2025 | 3:01:13PM | 1 | 1 | door 2 Break Room | 1171 |
| 792 | Rozier, Hailee: Location One | Friday | 9/12/2025 | 12:44:35PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 793 | Rozier, Hailee: Location One | Friday | 9/12/2025 | 12:47:01PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 794 | Rozier, Hailee: Location One | Monday | 9/15/2025 | 12:18:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 795 | Rozier, Hailee: Location One | Monday | 9/15/2025 | 8:34:58AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 796 | Rozier, Hailee: Location One | Monday | 9/15/2025 | 1:46:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 797 | Rozier, Hailee: Location One | Tuesday | 9/16/2025 | 8:27:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 798 | Rozier, Hailee: Location One | Tuesday | 9/16/2025 | 10:36:03AM | 1 | 2 | door 3 Right Side Entrace | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22     Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 178 of 257   RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                              **5/20/2026**
Location Group :**Location One**                                         **12:38:43PM**

Start Date   5/20/2024            Stop Date   5/20/2026
Start Time   0                    Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 799 | Rozier, Hailee: Location One | Tuesday | 9/16/2025 | 2:43:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 800 | Rozier, Hailee: Location One | Wednesday | 9/17/2025 | 8:31:29AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 801 | Rozier, Hailee: Location One | Wednesday | 9/17/2025 | 10:13:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 802 | Rozier, Hailee: Location One | Wednesday | 9/17/2025 | 1:48:42PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 803 | Rozier, Hailee: Location One | Monday | 9/22/2025 | 8:24:16AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 804 | Rozier, Hailee: Location One | Monday | 9/22/2025 | 1:49:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 805 | Rozier, Hailee: Location One | Wednesday | 9/17/2025 | 4:23:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 806 | Rozier, Hailee: Location One | Wednesday | 9/24/2025 | 1:43:16PM | 1 | 1 | door 2 Break Room | 1171 |
| 807 | Rozier, Hailee: Location One | Wednesday | 9/24/2025 | 8:23:09AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 808 | Rozier, Hailee: Location One | Thursday | 9/25/2025 | 8:16:20AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 809 | Rozier, Hailee: Location One | Thursday | 9/25/2025 | 1:33:51PM | 1 | 1 | door 2 Break Room | 1171 |
| 810 | Rozier, Hailee: Location One | Thursday | 9/25/2025 | 5:00:17PM | 1 | 1 | door 2 Break Room | 1171 |
| 811 | Rozier, Hailee: Location One | Tuesday | 9/30/2025 | 8:27:15AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 812 | Rozier, Hailee: Location One | Thursday | 9/25/2025 | 9:26:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 813 | Rozier, Hailee: Location One | Tuesday | 9/30/2025 | 11:32:41AM | 1 | 1 | door 2 Break Room | 1171 |
| 814 | Rozier, Hailee: Location One | Tuesday | 9/30/2025 | 5:41:11PM | 1 | 1 | door 2 Break Room | 1171 |
| 815 | Rozier, Hailee: Location One | Wednesday | 10/1/2025 | 8:30:21AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 816 | Rozier, Hailee: Location One | Thursday | 10/2/2025 | 8:31:52AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 817 | Rozier, Hailee: Location One | Thursday | 10/2/2025 | 1:22:16PM | 1 | 1 | door 2 Break Room | 1171 |
| 818 | Rozier, Hailee: Location One | Thursday | 10/2/2025 | 3:28:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 819 | Rozier, Hailee: Location One | Wednesday | 10/1/2025 | 10:21:45AM | 1 | 1 | door 2 Break Room | 1171 |
| 820 | Rozier, Hailee: Location One | Wednesday | 10/1/2025 | 1:59:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 821 | Rozier, Hailee: Location One | Thursday | 10/2/2025 | 10:42:27AM | 1 | 1 | door 2 Break Room | 1171 |
| 822 | Rozier, Hailee: Location One | Monday | 10/6/2025 | 8:35:29AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 823 | Rozier, Hailee: Location One | Monday | 10/6/2025 | 11:08:19AM | 1 | 1 | door 2 Break Room | 1171 |
| 824 | Rozier, Hailee: Location One | Monday | 10/6/2025 | 4:09:19PM | 1 | 1 | door 2 Break Room | 1171 |
| 825 | Rozier, Hailee: Location One | Wednesday | 10/8/2025 | 8:31:46AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 826 | Rozier, Hailee: Location One | Wednesday | 10/8/2025 | 1:17:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 827 | Rozier, Hailee: Location One | Thursday | 10/9/2025 | 8:28:54AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 828 | Rozier, Hailee: Location One | Thursday | 10/9/2025 | 9:36:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 829 | Rozier, Hailee: Location One | Thursday | 10/9/2025 | 1:58:03PM | 1 | 1 | door 2 Break Room | 1171 |
| 830 | Rozier, Hailee: Location One | Wednesday | 10/8/2025 | 9:51:51AM | 1 | 1 | door 2 Break Room | 1171 |
| 831 | Rozier, Hailee: Location One | Wednesday | 10/8/2025 | 4:50:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 832 | Rozier, Hailee: Location One | Monday | 10/13/2025 | 8:40:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 833 | Rozier, Hailee: Location One | Monday | 10/13/2025 | 10:01:41AM | 1 | 1 | door 2 Break Room | 1171 |
| 834 | Rozier, Hailee: Location One | Tuesday | 10/14/2025 | 10:16:34AM | 1 | 1 | door 2 Break Room | 1171 |
| 835 | Rozier, Hailee: Location One | Tuesday | 10/14/2025 | 1:38:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 836 | Rozier, Hailee: Location One | Monday | 10/13/2025 | 12:50:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 837 | Rozier, Hailee: Location One | Tuesday | 10/14/2025 | 8:22:12AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 838 | Rozier, Hailee: Location One | Tuesday | 10/14/2025 | 4:52:09PM | 1 | 1 | door 2 Break Room | 1171 |
| 839 | Rozier, Hailee: Location One | Wednesday | 10/15/2025 | 8:29:30AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 840 | Rozier, Hailee: Location One | Wednesday | 10/15/2025 | 10:03:16AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 841 | Rozier, Hailee: Location One | Thursday | 10/16/2025 | 8:36:59AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 842 | Rozier, Hailee: Location One | Thursday | 10/16/2025 | 1:42:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 843 | Rozier, Hailee: Location One | Monday | 10/20/2025 | 3:00:22PM | 1 | 1 | door 2 Break Room | 1171 |
| 844 | Rozier, Hailee: Location One | Wednesday | 10/15/2025 | 2:26:40PM | 1 | 1 | door 2 Break Room | 1171 |
| 845 | Rozier, Hailee: Location One | Monday | 10/20/2025 | 8:31:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 846 | Rozier, Hailee: Location One | Monday | 10/20/2025 | 10:04:39AM | 1 | 1 | door 2 Break Room | 1171 |
| 847 | Rozier, Hailee: Location One | Tuesday | 10/21/2025 | 8:37:27AM | 1 | 1 | door 2 Break Room | 1171 |
| 848 | Rozier, Hailee: Location One | Thursday | 10/23/2025 | 10:54:12AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:38:43PM**

| | | | | |
|---|---|---|---|---|
| Start Date | 5/20/2024 | Stop Date | 5/20/2026 | |
| Start Time | 0 | Stop Time | 2359 | |
| Apply Start/Stop Time To Each Day | | | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 849 | Rozier, Hailee: Location One | Tuesday | 10/21/2025 | 11:30:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 850 | Rozier, Hailee: Location One | Tuesday | 10/21/2025 | 5:28:14PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 851 | Rozier, Hailee: Location One | Thursday | 10/23/2025 | 8:33:47AM | 1 | 1 | door 2 Break Room | 1171 |
| 852 | Rozier, Hailee: Location One | Thursday | 10/23/2025 | 1:08:15PM | 1 | 1 | door 2 Break Room | 1171 |
| 853 | Rozier, Hailee: Location One | Thursday | 10/23/2025 | 3:55:28PM | 1 | 1 | door 2 Break Room | 1171 |
| 854 | Rozier, Hailee: Location One | Monday | 11/3/2025 | 10:46:12AM | 1 | 1 | door 2 Break Room | 1171 |
| 855 | Rozier, Hailee: Location One | Monday | 11/3/2025 | 9:37:05AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 856 | Rozier, Hailee: Location One | Monday | 11/3/2025 | 1:17:35PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 857 | Rozier, Hailee: Location One | Tuesday | 11/4/2025 | 9:23:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 858 | Rozier, Hailee: Location One | Tuesday | 11/4/2025 | 10:01:41AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 859 | Rozier, Hailee: Location One | Tuesday | 11/4/2025 | 2:40:50PM | 1 | 1 | door 2 Break Room | 1171 |
| 860 | Rozier, Hailee: Location One | Monday | 11/3/2025 | 5:23:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 861 | Rozier, Hailee: Location One | Wednesday | 11/5/2025 | 8:39:18AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 862 | Rozier, Hailee: Location One | Wednesday | 11/5/2025 | 4:31:32PM | 1 | 1 | door 2 Break Room | 1171 |
| 863 | Rozier, Hailee: Location One | Monday | 11/10/2025 | 8:37:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 864 | Rozier, Hailee: Location One | Wednesday | 11/5/2025 | 10:04:20AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 865 | Rozier, Hailee: Location One | Monday | 11/10/2025 | 12:00:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 866 | Rozier, Hailee: Location One | Tuesday | 11/11/2025 | 8:33:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 867 | Rozier, Hailee: Location One | Tuesday | 11/11/2025 | 11:31:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 868 | Rozier, Hailee: Location One | Tuesday | 11/11/2025 | 2:52:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 869 | Rozier, Hailee: Location One | Monday | 11/17/2025 | 8:22:42AM | 1 | 1 | door 2 Break Room | 1171 |
| 870 | Rozier, Hailee: Location One | Monday | 11/17/2025 | 1:03:04PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 871 | Rozier, Hailee: Location One | Tuesday | 11/18/2025 | 8:16:16AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 872 | Rozier, Hailee: Location One | Tuesday | 11/18/2025 | 1:00:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 873 | Rozier, Hailee: Location One | Tuesday | 11/18/2025 | 4:16:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 874 | Rozier, Hailee: Location One | Tuesday | 11/18/2025 | 10:11:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 875 | Rozier, Hailee: Location One | Wednesday | 11/19/2025 | 8:30:24AM | 1 | 1 | door 2 Break Room | 1171 |
| 876 | Rozier, Hailee: Location One | Wednesday | 11/19/2025 | 9:06:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 877 | Rozier, Hailee: Location One | Wednesday | 11/19/2025 | 1:34:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 878 | Rozier, Hailee: Location One | Thursday | 11/20/2025 | 12:27:26PM | 1 | 1 | door 2 Break Room | 1171 |
| 879 | Rozier, Hailee: Location One | Thursday | 11/20/2025 | 2:26:35PM | 1 | 1 | door 2 Break Room | 1171 |
| 880 | Rozier, Hailee: Location One | Thursday | 11/20/2025 | 8:33:01AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 881 | Rozier, Hailee: Location One | Thursday | 11/20/2025 | 9:53:32AM | 1 | 1 | door 2 Break Room | 1171 |
| 882 | Rozier, Hailee: Location One | Monday | 12/1/2025 | 8:16:06AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 883 | Rozier, Hailee: Location One | Tuesday | 12/2/2025 | 8:29:33AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 884 | Rozier, Hailee: Location One | Monday | 12/1/2025 | 10:39:10AM | 1 | 1 | door 2 Break Room | 1171 |
| 885 | Rozier, Hailee: Location One | Monday | 12/1/2025 | 1:59:28PM | 1 | 3 | door 4 Back Door | 1171 |
| 886 | Rozier, Hailee: Location One | Tuesday | 12/2/2025 | 11:03:10AM | 1 | 1 | door 2 Break Room | 1171 |
| 887 | Rozier, Hailee: Location One | Tuesday | 12/2/2025 | 2:37:55PM | 1 | 1 | door 2 Break Room | 1171 |
| 888 | Rozier, Hailee: Location One | Wednesday | 12/3/2025 | 10:29:55AM | 1 | 1 | door 2 Break Room | 1171 |
| 889 | Rozier, Hailee: Location One | Monday | 12/8/2025 | 10:04:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 890 | Rozier, Hailee: Location One | Monday | 12/8/2025 | 12:17:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 891 | Rozier, Hailee: Location One | Wednesday | 12/3/2025 | 8:25:53AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 892 | Rozier, Hailee: Location One | Wednesday | 12/3/2025 | 8:41:54AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 893 | Rozier, Hailee: Location One | Wednesday | 12/3/2025 | 1:25:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 894 | Rozier, Hailee: Location One | Wednesday | 12/3/2025 | 2:05:47PM | 1 | 1 | door 2 Break Room | 1171 |
| 895 | Rozier, Hailee: Location One | Monday | 12/8/2025 | 1:18:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 896 | Rozier, Hailee: Location One | Tuesday | 12/9/2025 | 10:40:21AM | 1 | 1 | door 2 Break Room | 1171 |
| 897 | Rozier, Hailee: Location One | Wednesday | 12/10/2025 | 8:47:35AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 898 | Rozier, Hailee: Location One | Wednesday | 12/10/2025 | 9:48:41AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 180 of 257     RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**
Location Group :**Location One**

**5/20/2026**
**12:38:43PM**

Start Date     5/20/2024          Stop Date     5/20/2026
Start Time     0                        Stop Time     2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 899 | Rozier, Hailee: Location One | Wednesday | 12/10/2025 | 11:17:24AM | 1 | 1 | door 2 Break Room | 1171 |
| 900 | Rozier, Hailee: Location One | Monday | 12/8/2025 | 4:59:48PM | 1 | 1 | door 2 Break Room | 1171 |
| 901 | Rozier, Hailee: Location One | Tuesday | 12/9/2025 | 8:28:54AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 902 | Rozier, Hailee: Location One | Tuesday | 12/9/2025 | 3:30:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 903 | Rozier, Hailee: Location One | Monday | 12/15/2025 | 4:54:54PM | 1 | 1 | door 2 Break Room | 1171 |
| 904 | Rozier, Hailee: Location One | Wednesday | 12/10/2025 | 3:42:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 905 | Rozier, Hailee: Location One | Friday | 12/12/2025 | 11:08:07AM | 1 | 1 | door 2 Break Room | 1171 |
| 906 | Rozier, Hailee: Location One | Monday | 12/15/2025 | 8:20:04AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 907 | Rozier, Hailee: Location One | Monday | 12/15/2025 | 9:31:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 908 | Rozier, Hailee: Location One | Tuesday | 12/16/2025 | 8:22:42AM | 1 | 1 | door 2 Break Room | 1171 |
| 909 | Rozier, Hailee: Location One | Tuesday | 12/16/2025 | 10:10:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 910 | Rozier, Hailee: Location One | Tuesday | 12/16/2025 | 4:54:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 911 | Rozier, Hailee: Location One | Wednesday | 12/17/2025 | 8:26:08AM | 1 | 1 | door 2 Break Room | 1171 |
| 912 | Rozier, Hailee: Location One | Wednesday | 12/17/2025 | 9:47:30AM | 1 | 1 | door 2 Break Room | 1171 |
| 913 | Rozier, Hailee: Location One | Tuesday | 12/16/2025 | 1:27:03PM | 1 | 1 | door 2 Break Room | 1171 |
| 914 | Rozier, Hailee: Location One | Tuesday | 12/16/2025 | 2:17:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 915 | Rozier, Hailee: Location One | Wednesday | 12/17/2025 | 12:58:07PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 916 | Rozier, Hailee: Location One | Wednesday | 12/17/2025 | 3:56:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 917 | Rozier, Hailee: Location One | Thursday | 12/18/2025 | 8:15:15AM | 1 | 1 | door 2 Break Room | 1171 |
| 918 | Rozier, Hailee: Location One | Thursday | 12/18/2025 | 10:45:56AM | 1 | 1 | door 2 Break Room | 1171 |
| 919 | Rozier, Hailee: Location One | Thursday | 12/18/2025 | 4:49:13PM | 1 | 1 | door 2 Break Room | 1171 |
| 920 | Rozier, Hailee: Location One | Monday | 12/29/2025 | 8:23:15AM | 1 | 1 | door 2 Break Room | 1171 |
| 921 | Rozier, Hailee: Location One | Thursday | 12/18/2025 | 1:34:22PM | 1 | 1 | door 2 Break Room | 1171 |
| 922 | Rozier, Hailee: Location One | Monday | 12/29/2025 | 10:58:37AM | 1 | 1 | door 2 Break Room | 1171 |
| 923 | Rozier, Hailee: Location One | Tuesday | 12/30/2025 | 8:19:43AM | 1 | 1 | door 2 Break Room | 1171 |
| 924 | Rozier, Hailee: Location One | Tuesday | 12/30/2025 | 9:30:23AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 925 | Rozier, Hailee: Location One | Tuesday | 12/30/2025 | 12:28:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 926 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 11:51:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 927 | Rozier, Hailee: Location One | Monday | 12/29/2025 | 2:55:49PM | 1 | 1 | door 2 Break Room | 1171 |
| 928 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 8:23:49AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 929 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 8:44:33AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 930 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 9:34:53AM | 1 | 1 | door 2 Break Room | 1171 |
| 931 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 1:36:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 932 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 3:25:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 933 | Rozier, Hailee: Location One | Wednesday | 1/7/2026 | 8:29:31AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 934 | Rozier, Hailee: Location One | Wednesday | 1/7/2026 | 2:02:02PM | 1 | 1 | door 2 Break Room | 1171 |
| 935 | Rozier, Hailee: Location One | Thursday | 1/8/2026 | 11:11:59AM | 1 | 1 | door 2 Break Room | 1171 |
| 936 | Rozier, Hailee: Location One | Monday | 1/5/2026 | 5:32:59PM | 1 | 1 | door 2 Break Room | 1171 |
| 937 | Rozier, Hailee: Location One | Wednesday | 1/7/2026 | 9:20:34AM | 1 | 1 | door 2 Break Room | 1171 |
| 938 | Rozier, Hailee: Location One | Wednesday | 1/7/2026 | 12:33:25PM | 1 | 1 | door 2 Break Room | 1171 |
| 939 | Rozier, Hailee: Location One | Wednesday | 1/7/2026 | 4:42:24PM | 1 | 1 | door 2 Break Room | 1171 |
| 940 | Rozier, Hailee: Location One | Thursday | 1/8/2026 | 8:28:39AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 941 | Rozier, Hailee: Location One | Thursday | 1/8/2026 | 9:06:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 942 | Rozier, Hailee: Location One | Thursday | 1/8/2026 | 1:05:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 943 | Rozier, Hailee: Location One | Thursday | 1/8/2026 | 2:43:21PM | 1 | 1 | door 2 Break Room | 1171 |
| 944 | Rozier, Hailee: Location One | Thursday | 1/8/2026 | 5:46:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 945 | Rozier, Hailee: Location One | Monday | 1/12/2026 | 8:30:52AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 946 | Rozier, Hailee: Location One | Monday | 1/12/2026 | 11:22:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 947 | Rozier, Hailee: Location One | Monday | 1/12/2026 | 2:42:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 948 | Rozier, Hailee: Location One | Tuesday | 1/13/2026 | 10:11:00AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 22

INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 181 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:38:43PM**

| Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
|---|---|---|---|
| Start Time | 0 | Stop Time | 2359 |

Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | CODE |
|---|---|---|---|---|---|---|---|
| 949 | Rozier, Hailee: Location One | Tuesday | 1/13/2026 | 1:14:46PM | 1 | 1 | door 2 Break Room | 1171 |
| 950 | Rozier, Hailee: Location One | Thursday | 1/15/2026 | 10:15:04AM | 1 | 1 | door 2 Break Room | 1171 |
| 951 | Rozier, Hailee: Location One | Thursday | 1/15/2026 | 2:29:00PM | 1 | 1 | door 2 Break Room | 1171 |
| 952 | Rozier, Hailee: Location One | Tuesday | 1/13/2026 | 3:35:42PM | 1 | 1 | door 2 Break Room | 1171 |
| 953 | Rozier, Hailee: Location One | Thursday | 1/15/2026 | 8:03:59AM | 1 | 1 | door 2 Break Room | 1171 |
| 954 | Rozier, Hailee: Location One | Thursday | 1/15/2026 | 5:28:32PM | 1 | 1 | door 2 Break Room | 1171 |
| 955 | Rozier, Hailee: Location One | Tuesday | 1/20/2026 | 8:40:05AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 956 | Rozier, Hailee: Location One | Tuesday | 1/20/2026 | 9:57:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 957 | Rozier, Hailee: Location One | Tuesday | 1/20/2026 | 4:23:06PM | 1 | 1 | door 2 Break Room | 1171 |
| 958 | Rozier, Hailee: Location One | Wednesday | 1/21/2026 | 11:09:40AM | 1 | 1 | door 2 Break Room | 1171 |
| 959 | Rozier, Hailee: Location One | Tuesday | 1/20/2026 | 12:52:40PM | 1 | 1 | door 2 Break Room | 1171 |
| 960 | Rozier, Hailee: Location One | Wednesday | 1/21/2026 | 8:20:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 961 | Rozier, Hailee: Location One | Wednesday | 1/21/2026 | 3:15:02PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 962 | Rozier, Hailee: Location One | Wednesday | 1/21/2026 | 6:17:11PM | 1 | 1 | door 2 Break Room | 1171 |
| 963 | Rozier, Hailee: Location One | Tuesday | 1/27/2026 | 9:11:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 964 | Rozier, Hailee: Location One | Tuesday | 1/27/2026 | 5:11:37PM | 1 | 1 | door 2 Break Room | 1171 |
| 965 | Rozier, Hailee: Location One | Wednesday | 1/28/2026 | 8:21:02AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 966 | Rozier, Hailee: Location One | Tuesday | 1/27/2026 | 8:26:40AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 967 | Rozier, Hailee: Location One | Tuesday | 1/27/2026 | 12:12:34PM | 1 | 1 | door 2 Break Room | 1171 |
| 968 | Rozier, Hailee: Location One | Wednesday | 1/28/2026 | 9:00:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 969 | Rozier, Hailee: Location One | Wednesday | 1/28/2026 | 3:10:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 970 | Rozier, Hailee: Location One | Thursday | 1/29/2026 | 10:38:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 971 | Rozier, Hailee: Location One | Thursday | 1/29/2026 | 3:34:00PM | 1 | 1 | door 2 Break Room | 1171 |
| 972 | Rozier, Hailee: Location One | Monday | 2/2/2026 | 8:30:33AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 973 | Rozier, Hailee: Location One | Wednesday | 1/28/2026 | 11:54:25AM | 1 | 1 | door 2 Break Room | 1171 |
| 974 | Rozier, Hailee: Location One | Thursday | 1/29/2026 | 8:23:04AM | 1 | 1 | door 2 Break Room | 1171 |
| 975 | Rozier, Hailee: Location One | Monday | 2/2/2026 | 10:49:58AM | 1 | 1 | door 2 Break Room | 1171 |
| 976 | Rozier, Hailee: Location One | Monday | 2/2/2026 | 2:53:08PM | 1 | 1 | door 2 Break Room | 1171 |
| 977 | Rozier, Hailee: Location One | Tuesday | 2/3/2026 | 9:17:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 978 | Rozier, Hailee: Location One | Tuesday | 2/3/2026 | 2:43:12PM | 1 | 0 | door 1 Main Entrance | 1171 |
| 979 | Rozier, Hailee: Location One | Wednesday | 2/4/2026 | 12:37:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 980 | Rozier, Hailee: Location One | Tuesday | 2/3/2026 | 8:32:21AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 981 | Rozier, Hailee: Location One | Wednesday | 2/4/2026 | 8:24:54AM | 1 | 1 | door 2 Break Room | 1171 |
| 982 | Rozier, Hailee: Location One | Wednesday | 2/11/2026 | 8:33:55AM | 1 | 1 | door 2 Break Room | 1171 |
| 983 | Rozier, Hailee: Location One | Wednesday | 2/11/2026 | 1:51:24PM | 1 | 1 | door 2 Break Room | 1171 |
| 984 | Rozier, Hailee: Location One | Thursday | 2/12/2026 | 12:47:47PM | 1 | 1 | door 2 Break Room | 1171 |
| 985 | Rozier, Hailee: Location One | Wednesday | 2/11/2026 | 9:05:37AM | 1 | 1 | door 2 Break Room | 1171 |
| 986 | Rozier, Hailee: Location One | Thursday | 2/12/2026 | 8:33:18AM | 1 | 1 | door 2 Break Room | 1171 |
| 987 | Rozier, Hailee: Location One | Thursday | 2/12/2026 | 1:27:32PM | 1 | 1 | door 2 Break Room | 1171 |
| 988 | Rozier, Hailee: Location One | Monday | 2/23/2026 | 8:35:15AM | 1 | 1 | door 2 Break Room | 1171 |
| 989 | Rozier, Hailee: Location One | Monday | 2/23/2026 | 2:30:03PM | 1 | 1 | door 2 Break Room | 1171 |
| 990 | Rozier, Hailee: Location One | Monday | 2/23/2026 | 6:41:20PM | 1 | 1 | door 2 Break Room | 1171 |
| 991 | Rozier, Hailee: Location One | Tuesday | 2/24/2026 | 5:41:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 992 | Rozier, Hailee: Location One | Wednesday | 2/25/2026 | 8:26:00AM | 1 | 1 | door 2 Break Room | 1171 |
| 993 | Rozier, Hailee: Location One | Wednesday | 2/25/2026 | 11:18:34AM | 1 | 1 | door 2 Break Room | 1171 |
| 994 | Rozier, Hailee: Location One | Monday | 2/23/2026 | 11:19:07AM | 1 | 1 | door 2 Break Room | 1171 |
| 995 | Rozier, Hailee: Location One | Wednesday | 2/25/2026 | 2:27:31PM | 1 | 1 | door 2 Break Room | 1171 |
| 996 | Rozier, Hailee: Location One | Monday | 3/2/2026 | 8:26:43AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 997 | Rozier, Hailee: Location One | Monday | 3/2/2026 | 12:44:51PM | 1 | 1 | door 2 Break Room | 1171 |
| 998 | Rozier, Hailee: Location One | Monday | 3/2/2026 | 9:15:12AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 22

RECEIVED NYSCEF: 05/27/2026
Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 182 of 257

## Uses Activity Report

Name of Report :**Reports**
Location Group :**Location One**

**5/20/2026**
**12:38:43PM**

Start Date  5/20/2024     Stop Date  5/20/2026
Start Time  0            Stop Time  2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 999 | Rozier, Hailee: Location One | Monday | 3/2/2026 | 10:13:15AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,000 | Rozier, Hailee: Location One | Monday | 3/2/2026 | 10:55:07AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,001 | Rozier, Hailee: Location One | Monday | 3/2/2026 | 2:34:56PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,002 | Rozier, Hailee: Location One | Tuesday | 3/3/2026 | 12:06:00PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,003 | Rozier, Hailee: Location One | Wednesday | 3/4/2026 | 8:33:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,004 | Rozier, Hailee: Location One | Wednesday | 3/4/2026 | 9:09:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,005 | Rozier, Hailee: Location One | Wednesday | 3/4/2026 | 11:00:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,006 | Rozier, Hailee: Location One | Thursday | 3/5/2026 | 8:12:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,007 | Rozier, Hailee: Location One | Thursday | 3/5/2026 | 2:49:51PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,008 | Rozier, Hailee: Location One | Tuesday | 3/3/2026 | 8:23:21AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,009 | Rozier, Hailee: Location One | Tuesday | 3/3/2026 | 8:56:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,010 | Rozier, Hailee: Location One | Tuesday | 3/3/2026 | 9:47:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,011 | Rozier, Hailee: Location One | Tuesday | 3/3/2026 | 2:48:10PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,012 | Rozier, Hailee: Location One | Tuesday | 3/3/2026 | 5:55:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,013 | Rozier, Hailee: Location One | Wednesday | 3/4/2026 | 3:15:40PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,014 | Rozier, Hailee: Location One | Thursday | 3/5/2026 | 9:05:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,015 | Rozier, Hailee: Location One | Thursday | 3/5/2026 | 10:23:19AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,016 | Rozier, Hailee: Location One | Thursday | 3/5/2026 | 12:23:53PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,017 | Rozier, Hailee: Location One | Tuesday | 3/10/2026 | 7:54:23AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,018 | Rozier, Hailee: Location One | Tuesday | 3/10/2026 | 10:00:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,019 | Rozier, Hailee: Location One | Tuesday | 3/10/2026 | 7:32:35AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,020 | Rozier, Hailee: Location One | Tuesday | 3/10/2026 | 1:31:33PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,021 | Rozier, Hailee: Location One | Wednesday | 3/11/2026 | 7:24:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,022 | Rozier, Hailee: Location One | Wednesday | 3/11/2026 | 1:11:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,023 | Rozier, Hailee: Location One | Thursday | 3/12/2026 | 9:07:00AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 1,024 | Rozier, Hailee: Location One | Thursday | 3/12/2026 | 3:04:44PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,025 | Rozier, Hailee: Location One | Wednesday | 3/11/2026 | 9:13:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,026 | Rozier, Hailee: Location One | Thursday | 3/12/2026 | 7:42:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,027 | Rozier, Hailee: Location One | Tuesday | 3/17/2026 | 8:35:56AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,028 | Rozier, Hailee: Location One | Wednesday | 3/18/2026 | 7:24:57AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,029 | Rozier, Hailee: Location One | Wednesday | 3/18/2026 | 8:09:41AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,030 | Rozier, Hailee: Location One | Wednesday | 3/18/2026 | 12:19:21PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,031 | Rozier, Hailee: Location One | Thursday | 3/19/2026 | 7:29:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,032 | Rozier, Hailee: Location One | Thursday | 3/19/2026 | 9:55:35AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,033 | Rozier, Hailee: Location One | Tuesday | 3/17/2026 | 7:30:49AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,034 | Rozier, Hailee: Location One | Tuesday | 3/17/2026 | 12:33:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,035 | Rozier, Hailee: Location One | Tuesday | 3/17/2026 | 4:35:18PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,036 | Rozier, Hailee: Location One | Thursday | 3/19/2026 | 1:03:36PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,037 | Rozier, Hailee: Location One | Thursday | 3/19/2026 | 4:43:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,038 | Rozier, Hailee: Location One | Wednesday | 3/25/2026 | 7:33:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,039 | Rozier, Hailee: Location One | Wednesday | 3/25/2026 | 4:04:14PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,040 | Rozier, Hailee: Location One | Thursday | 3/26/2026 | 8:41:20AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,041 | Rozier, Hailee: Location One | Monday | 3/30/2026 | 1:17:22PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,042 | Rozier, Hailee: Location One | Monday | 3/30/2026 | 2:40:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,043 | Rozier, Hailee: Location One | Tuesday | 3/31/2026 | 10:20:46AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,044 | Rozier, Hailee: Location One | Wednesday | 3/25/2026 | 10:58:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,045 | Rozier, Hailee: Location One | Thursday | 3/26/2026 | 11:45:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,046 | Rozier, Hailee: Location One | Thursday | 3/26/2026 | 4:11:38PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,047 | Rozier, Hailee: Location One | Monday | 3/30/2026 | 7:33:26AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,048 | Rozier, Hailee: Location One | Monday | 3/30/2026 | 9:20:38AM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report :**Reports**                                                      **5/20/2026**
Location Group :**Location One**                                                  **12:38:43PM**

Start Date   5/20/2024                Stop Date   5/20/2026
Start Time   0                        Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 1,049 | Rozier, Hailee: Location One | Tuesday | 3/31/2026 | 7:42:21AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,050 | Rozier, Hailee: Location One | Tuesday | 3/31/2026 | 1:24:07PM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 1,051 | Rozier, Hailee: Location One | Wednesday | 4/1/2026 | 7:37:13AM | 1 | 0 | door 1 Main Entrance | 1171 |
| 1,052 | Rozier, Hailee: Location One | Wednesday | 4/1/2026 | 11:10:03AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,053 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 7:28:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,054 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 7:32:22AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,055 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 7:58:16AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,056 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 12:02:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,057 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 1:21:05PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,058 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 3:29:36PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,059 | Rozier, Hailee: Location One | Tuesday | 4/7/2026 | 7:30:17AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,060 | Rozier, Hailee: Location One | Tuesday | 4/7/2026 | 7:33:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,061 | Rozier, Hailee: Location One | Tuesday | 4/7/2026 | 1:13:52PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,062 | Rozier, Hailee: Location One | Wednesday | 4/8/2026 | 2:23:39PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,063 | Rozier, Hailee: Location One | Thursday | 4/9/2026 | 7:26:48AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,064 | Rozier, Hailee: Location One | Thursday | 4/9/2026 | 7:34:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,065 | Rozier, Hailee: Location One | Thursday | 4/9/2026 | 8:12:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,066 | Rozier, Hailee: Location One | Thursday | 4/9/2026 | 10:44:33AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,067 | Rozier, Hailee: Location One | Thursday | 4/9/2026 | 2:18:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,068 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 8:29:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,069 | Rozier, Hailee: Location One | Monday | 4/6/2026 | 9:48:50AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,070 | Rozier, Hailee: Location One | Tuesday | 4/7/2026 | 8:24:09AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,071 | Rozier, Hailee: Location One | Tuesday | 4/7/2026 | 10:11:36AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,072 | Rozier, Hailee: Location One | Wednesday | 4/8/2026 | 7:13:49AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,073 | Rozier, Hailee: Location One | Wednesday | 4/8/2026 | 7:17:41AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,074 | Rozier, Hailee: Location One | Wednesday | 4/8/2026 | 7:48:32AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,075 | Rozier, Hailee: Location One | Wednesday | 4/8/2026 | 9:51:43AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,076 | Rozier, Hailee: Location One | Monday | 4/13/2026 | 7:31:13AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,077 | Rozier, Hailee: Location One | Monday | 4/13/2026 | 8:03:10AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,078 | Rozier, Hailee: Location One | Monday | 4/13/2026 | 10:16:29AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,079 | Rozier, Hailee: Location One | Tuesday | 4/14/2026 | 7:34:51AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,080 | Rozier, Hailee: Location One | Tuesday | 4/14/2026 | 10:39:35AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,081 | Rozier, Hailee: Location One | Wednesday | 4/15/2026 | 7:28:15AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,082 | Rozier, Hailee: Location One | Wednesday | 4/15/2026 | 8:20:31AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,083 | Rozier, Hailee: Location One | Monday | 4/13/2026 | 2:06:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,084 | Rozier, Hailee: Location One | Tuesday | 4/14/2026 | 7:39:06AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,085 | Rozier, Hailee: Location One | Tuesday | 4/14/2026 | 8:36:37AM | 1 | 2 | door 3 Right Side Entrace | 1171 |
| 1,086 | Rozier, Hailee: Location One | Tuesday | 4/14/2026 | 2:08:06PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,087 | Rozier, Hailee: Location One | Wednesday | 4/15/2026 | 12:27:29PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,088 | Rozier, Hailee: Location One | Wednesday | 4/15/2026 | 3:27:41PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,089 | Rozier, Hailee: Location One | Monday | 4/20/2026 | 12:18:58PM | 1 | 1 | door 2 Break Room | 1171 |
| 1,090 | Rozier, Hailee: Location One | Monday | 4/20/2026 | 7:30:01AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,091 | Rozier, Hailee: Location One | Monday | 4/20/2026 | 8:59:52AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,092 | Rozier, Hailee: Location One | Tuesday | 4/21/2026 | 7:09:07AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,093 | Rozier, Hailee: Location One | Tuesday | 4/21/2026 | 7:14:11AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,094 | Rozier, Hailee: Location One | Tuesday | 4/21/2026 | 7:51:42AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,095 | Rozier, Hailee: Location One | Tuesday | 4/21/2026 | 11:04:11AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,096 | Rozier, Hailee: Location One | Wednesday | 4/22/2026 | 7:23:45AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,097 | Rozier, Hailee: Location One | Wednesday | 4/22/2026 | 9:02:05AM | 1 | 1 | door 2 Break Room | 1171 |
| 1,098 | Rozier, Hailee: Location One | Wednesday | 4/22/2026 | 12:07:32PM | 1 | 1 | door 2 Break Room | 1171 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report : **Reports**                                                                                  **5/20/2026**
Location Group : **Location One**                                                                            **12:38:43PM**

Start Date   5/20/2024        Stop Date   5/20/2026
Start Time   0                Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | CODE |
|---|---|---|---|---|---|---|---|
| 1,099 | Rozier, Hailee: Location One | Tuesday | 4/21/2026 | 3:12:44PM | 1 | 1  door 2 Break Room | 1171 |
| 1,100 | Rozier, Hailee: Location One | Tuesday | 4/28/2026 | 12:55:05PM | 1 | 1  door 2 Break Room | 1171 |
| 1,101 | Rozier, Hailee: Location One | Wednesday | 4/29/2026 | 8:15:48AM | 1 | 1  door 2 Break Room | 1171 |
| 1,102 | Rozier, Hailee: Location One | Wednesday | 4/29/2026 | 11:10:02AM | 1 | 1  door 2 Break Room | 1171 |
| 1,103 | Rozier, Hailee: Location One | Tuesday | 4/28/2026 | 7:18:43AM | 1 | 1  door 2 Break Room | 1171 |
| 1,104 | Rozier, Hailee: Location One | Tuesday | 4/28/2026 | 7:56:30AM | 1 | 1  door 2 Break Room | 1171 |
| 1,105 | Rozier, Hailee: Location One | Tuesday | 4/28/2026 | 9:21:44AM | 1 | 1  door 2 Break Room | 1171 |
| 1,106 | Rozier, Hailee: Location One | Tuesday | 4/28/2026 | 4:05:33PM | 1 | 1  door 2 Break Room | 1171 |
| 1,107 | Rozier, Hailee: Location One | Wednesday | 4/29/2026 | 7:35:40AM | 1 | 1  door 2 Break Room | 1171 |
| 1,108 | Rozier, Hailee: Location One | Wednesday | 4/29/2026 | 3:37:12PM | 1 | 1  door 2 Break Room | 1171 |
| 1,109 | Rozier, Hailee: Location One | Wednesday | 4/29/2026 | 4:46:04PM | 1 | 1  door 2 Break Room | 1171 |
| 1,110 | Rozier, Hailee: Location One | Tuesday | 5/5/2026 | 7:12:29AM | 1 | 1  door 2 Break Room | 1171 |
| 1,111 | Rozier, Hailee: Location One | Tuesday | 5/5/2026 | 4:28:48PM | 1 | 1  door 2 Break Room | 1171 |
| 1,112 | Rozier, Hailee: Location One | Wednesday | 5/6/2026 | 7:04:31AM | 1 | 1  door 2 Break Room | 1171 |
| 1,113 | Rozier, Hailee: Location One | Wednesday | 5/6/2026 | 9:15:41AM | 1 | 1  door 2 Break Room | 1171 |
| 1,114 | Rozier, Hailee: Location One | Tuesday | 5/5/2026 | 10:24:50AM | 1 | 1  door 2 Break Room | 1171 |
| 1,115 | Rozier, Hailee: Location One | Tuesday | 5/5/2026 | 1:45:15PM | 1 | 1  door 2 Break Room | 1171 |
| 1,116 | Rozier, Hailee: Location One | Wednesday | 5/6/2026 | 12:31:42PM | 1 | 1  door 2 Break Room | 1171 |
| 1,117 | Rozier, Hailee: Location One | Monday | 5/11/2026 | 9:18:27AM | 1 | 1  door 2 Break Room | 1171 |
| 1,118 | Rozier, Hailee: Location One | Monday | 5/11/2026 | 11:34:23AM | 1 | 1  door 2 Break Room | 1171 |
| 1,119 | Rozier, Hailee: Location One | Monday | 5/11/2026 | 12:12:32PM | 1 | 1  door 2 Break Room | 1171 |
| 1,120 | Rozier, Hailee: Location One | Monday | 5/11/2026 | 2:15:15PM | 1 | 1  door 2 Break Room | 1171 |
| 1,121 | Rozier, Hailee: Location One | Monday | 5/11/2026 | 3:35:38PM | 1 | 1  door 2 Break Room | 1171 |
| 1,122 | Rozier, Hailee: Location One | Tuesday | 5/12/2026 | 7:23:53AM | 1 | 1  door 2 Break Room | 1171 |
| 1,123 | Rozier, Hailee: Location One | Tuesday | 5/12/2026 | 8:00:59AM | 1 | 1  door 2 Break Room | 1171 |
| 1,124 | Rozier, Hailee: Location One | Tuesday | 5/12/2026 | 11:21:21AM | 1 | 1  door 2 Break Room | 1171 |
| 1,125 | Rozier, Hailee: Location One | Tuesday | 5/12/2026 | 2:47:03PM | 1 | 1  door 2 Break Room | 1171 |
| 1,126 | Rozier, Hailee: Location One | Monday | 5/11/2026 | 7:38:03AM | 1 | 1  door 2 Break Room | 1171 |
| 1,127 | Rozier, Hailee: Location One | Tuesday | 5/12/2026 | 8:56:25AM | 1 | 1  door 2 Break Room | 1171 |
| 1,128 | Rozier, Hailee: Location One | Tuesday | 5/12/2026 | 4:11:14PM | 1 | 1  door 2 Break Room | 1171 |
| 1,129 | Rozier, Hailee: Location One | Wednesday | 5/13/2026 | 7:28:58AM | 1 | 1  door 2 Break Room | 1171 |
| 1,130 | Rozier, Hailee: Location One | Wednesday | 5/13/2026 | 8:19:46AM | 1 | 1  door 2 Break Room | 1171 |
| 1,131 | Rozier, Hailee: Location One | Wednesday | 5/13/2026 | 2:28:35PM | 1 | 1  door 2 Break Room | 1171 |
| 1,132 | Rozier, Hailee: Location One | Thursday | 5/14/2026 | 7:13:25AM | 1 | 1  door 2 Break Room | 1171 |
| 1,133 | Rozier, Hailee: Location One | Thursday | 5/14/2026 | 7:45:51AM | 1 | 1  door 2 Break Room | 1171 |
| 1,134 | Rozier, Hailee: Location One | Thursday | 5/14/2026 | 9:02:35AM | 1 | 1  door 2 Break Room | 1171 |
| 1,135 | Rozier, Hailee: Location One | Thursday | 5/14/2026 | 11:20:29AM | 1 | 1  door 2 Break Room | 1171 |
| 1,136 | Rozier, Hailee: Location One | Thursday | 5/14/2026 | 12:31:57PM | 1 | 1  door 2 Break Room | 1171 |
| 1,137 | Rozier, Hailee: Location One | Wednesday | 5/13/2026 | 9:49:46AM | 1 | 1  door 2 Break Room | 1171 |
| 1,138 | Rozier, Hailee: Location One | Wednesday | 5/13/2026 | 11:15:56AM | 1 | 1  door 2 Break Room | 1171 |
| 1,139 | Rozier, Hailee: Location One | Sunday | 5/17/2026 | 5:07:33PM | 1 | 1  door 2 Break Room | 1171 |
| 1,140 | Rozier, Hailee: Location One | Sunday | 5/17/2026 | 5:43:24PM | 1 | 1  door 2 Break Room | 1171 |
| 1,141 | Rozier, Hailee: Location One | Monday | 5/18/2026 | 7:59:39AM | 1 | 1  door 2 Break Room | 1171 |

**Uses by Location One = 1,141**

**Total Uses by All  Users = 1,141**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

# EXHIBIT U

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report : **Reports**                                                                                         **5/20/2026**
Location Group : **Location One**                                                                                   **12:56:48PM**

Start Date    5/20/2024                    Stop Date    5/20/2026
Start Time    0                                   Stop Time    2359
Apply Start/Stop Time To Each Day

Includes Events From All Devices in Location Group
Does Not Include Events From All Card Holders

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 1 | Harper, Hunter: Location One | Monday | 5/20/2024 | 7:55:20AM | 1 | 3 | door 4 Back Door | 38578 |
| 2 | Harper, Hunter: Location One | Monday | 5/20/2024 | 1:51:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 3 | Harper, Hunter: Location One | Tuesday | 5/21/2024 | 8:08:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 4 | Harper, Hunter: Location One | Tuesday | 5/21/2024 | 11:30:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 5 | Harper, Hunter: Location One | Tuesday | 5/21/2024 | 12:12:14PM | 1 | 3 | door 4 Back Door | 38578 |
| 6 | Harper, Hunter: Location One | Wednesday | 5/22/2024 | 8:22:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 7 | Harper, Hunter: Location One | Wednesday | 5/22/2024 | 12:55:21PM | 1 | 3 | door 4 Back Door | 38578 |
| 8 | Harper, Hunter: Location One | Thursday | 5/23/2024 | 8:33:29AM | 1 | 3 | door 4 Back Door | 38578 |
| 9 | Harper, Hunter: Location One | Thursday | 5/23/2024 | 1:15:44PM | 1 | 3 | door 4 Back Door | 38578 |
| 10 | Harper, Hunter: Location One | Thursday | 5/23/2024 | 3:13:26PM | 1 | 3 | door 4 Back Door | 38578 |
| 11 | Harper, Hunter: Location One | Tuesday | 5/28/2024 | 8:11:06AM | 1 | 3 | door 4 Back Door | 38578 |
| 12 | Harper, Hunter: Location One | Tuesday | 5/28/2024 | 11:48:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 13 | Harper, Hunter: Location One | Tuesday | 5/28/2024 | 1:23:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 14 | Harper, Hunter: Location One | Wednesday | 5/29/2024 | 10:39:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 15 | Harper, Hunter: Location One | Wednesday | 5/29/2024 | 12:36:09PM | 1 | 1 | door 2 Break Room | 38578 |
| 16 | Harper, Hunter: Location One | Wednesday | 5/29/2024 | 12:53:15PM | 1 | 3 | door 4 Back Door | 38578 |
| 17 | Harper, Hunter: Location One | Thursday | 5/30/2024 | 8:24:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 18 | Harper, Hunter: Location One | Thursday | 5/30/2024 | 10:02:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 19 | Harper, Hunter: Location One | Thursday | 5/30/2024 | 1:01:21PM | 1 | 3 | door 4 Back Door | 38578 |
| 20 | Harper, Hunter: Location One | Monday | 6/3/2024 | 8:49:48AM | 1 | 3 | door 4 Back Door | 38578 |
| 21 | Harper, Hunter: Location One | Monday | 6/3/2024 | 9:46:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 22 | Harper, Hunter: Location One | Monday | 6/3/2024 | 10:44:40AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 23 | Harper, Hunter: Location One | Monday | 6/3/2024 | 1:25:49PM | 1 | 3 | door 4 Back Door | 38578 |
| 24 | Harper, Hunter: Location One | Tuesday | 6/11/2024 | 1:38:21PM | 1 | 3 | door 4 Back Door | 38578 |
| 25 | Harper, Hunter: Location One | Monday | 6/17/2024 | 11:14:36AM | 1 | 3 | door 4 Back Door | 38578 |
| 26 | Harper, Hunter: Location One | Monday | 6/17/2024 | 12:53:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 27 | Harper, Hunter: Location One | Wednesday | 6/5/2024 | 9:33:23AM | 1 | 3 | door 4 Back Door | 38578 |
| 28 | Harper, Hunter: Location One | Wednesday | 6/5/2024 | 1:09:31PM | 1 | 3 | door 4 Back Door | 38578 |
| 29 | Harper, Hunter: Location One | Monday | 6/10/2024 | 8:41:26AM | 1 | 3 | door 4 Back Door | 38578 |
| 30 | Harper, Hunter: Location One | Monday | 6/10/2024 | 12:56:14PM | 1 | 3 | door 4 Back Door | 38578 |
| 31 | Harper, Hunter: Location One | Tuesday | 6/11/2024 | 8:23:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 32 | Harper, Hunter: Location One | Monday | 6/17/2024 | 7:52:38AM | 1 | 3 | door 4 Back Door | 38578 |
| 33 | Harper, Hunter: Location One | Thursday | 6/20/2024 | 8:52:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 34 | Harper, Hunter: Location One | Thursday | 6/20/2024 | 12:09:28PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 35 | Harper, Hunter: Location One | Thursday | 6/20/2024 | 1:26:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 36 | Harper, Hunter: Location One | Monday | 6/24/2024 | 12:41:22PM | 1 | 3 | door 4 Back Door | 38578 |
| 37 | Harper, Hunter: Location One | Monday | 6/24/2024 | 3:02:25PM | 1 | 3 | door 4 Back Door | 38578 |
| 38 | Harper, Hunter: Location One | Tuesday | 6/25/2024 | 1:16:02PM | 1 | 3 | door 4 Back Door | 38578 |
| 39 | Harper, Hunter: Location One | Wednesday | 6/26/2024 | 8:19:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 40 | Harper, Hunter: Location One | Monday | 6/24/2024 | 8:32:44AM | 1 | 3 | door 4 Back Door | 38578 |
| 41 | Harper, Hunter: Location One | Tuesday | 6/25/2024 | 8:38:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 42 | Harper, Hunter: Location One | Tuesday | 6/25/2024 | 1:52:28PM | 1 | 3 | door 4 Back Door | 38578 |
| 43 | Harper, Hunter: Location One | Wednesday | 6/26/2024 | 12:23:12PM | 1 | 3 | door 4 Back Door | 38578 |
| 44 | Harper, Hunter: Location One | Wednesday | 6/26/2024 | 1:14:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 45 | Harper, Hunter: Location One | Monday | 7/1/2024 | 8:14:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 46 | Harper, Hunter: Location One | Monday | 7/1/2024 | 1:39:49PM | 1 | 3 | door 4 Back Door | 38578 |
| 47 | Harper, Hunter: Location One | Tuesday | 7/2/2024 | 11:16:59AM | 1 | 3 | door 4 Back Door | 38578 |
| 48 | Harper, Hunter: Location One | Tuesday | 7/2/2024 | 1:22:07PM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

| | | |
|---|---|---|
| Name of Report :**Reports** | | **5/20/2026** |
| Location Group :**Location One** | | **12:56:48PM** |

| | | |
|---|---|---|
| Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
| Start Time | 0 | Stop Time | 2359 |
| Apply Start/Stop Time To Each Day | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 49 | Harper, Hunter: Location One | Tuesday | 7/23/2024 | 8:36:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 50 | Harper, Hunter: Location One | Tuesday | 7/23/2024 | 12:17:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 51 | Harper, Hunter: Location One | Tuesday | 7/2/2024 | 8:18:41AM | 1 | 3 | door 4 Back Door | 38578 |
| 52 | Harper, Hunter: Location One | Tuesday | 7/2/2024 | 2:16:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 53 | Harper, Hunter: Location One | Monday | 7/8/2024 | 8:11:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 54 | Harper, Hunter: Location One | Monday | 7/8/2024 | 10:55:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 55 | Harper, Hunter: Location One | Monday | 7/8/2024 | 1:23:37PM | 1 | 3 | door 4 Back Door | 38578 |
| 56 | Harper, Hunter: Location One | Tuesday | 7/9/2024 | 8:55:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 57 | Harper, Hunter: Location One | Tuesday | 7/9/2024 | 12:36:07PM | 1 | 3 | door 4 Back Door | 38578 |
| 58 | Harper, Hunter: Location One | Wednesday | 7/10/2024 | 8:53:29AM | 1 | 3 | door 4 Back Door | 38578 |
| 59 | Harper, Hunter: Location One | Wednesday | 7/10/2024 | 11:48:34AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 60 | Harper, Hunter: Location One | Wednesday | 7/10/2024 | 1:04:10PM | 1 | 3 | door 4 Back Door | 38578 |
| 61 | Harper, Hunter: Location One | Wednesday | 7/10/2024 | 1:08:17PM | 1 | 3 | door 4 Back Door | 38578 |
| 62 | Harper, Hunter: Location One | Monday | 7/15/2024 | 8:31:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 63 | Harper, Hunter: Location One | Monday | 7/15/2024 | 1:10:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 64 | Harper, Hunter: Location One | Tuesday | 7/16/2024 | 8:55:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 65 | Harper, Hunter: Location One | Tuesday | 7/16/2024 | 10:48:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 66 | Harper, Hunter: Location One | Tuesday | 7/16/2024 | 12:21:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 67 | Harper, Hunter: Location One | Tuesday | 7/16/2024 | 12:23:11PM | 1 | 3 | door 4 Back Door | 38578 |
| 68 | Harper, Hunter: Location One | Thursday | 7/18/2024 | 8:11:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 69 | Harper, Hunter: Location One | Thursday | 7/18/2024 | 1:56:41PM | 1 | 3 | door 4 Back Door | 38578 |
| 70 | Harper, Hunter: Location One | Friday | 7/19/2024 | 9:28:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 71 | Harper, Hunter: Location One | Monday | 7/22/2024 | 8:22:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 72 | Harper, Hunter: Location One | Monday | 7/22/2024 | 11:34:16AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 73 | Harper, Hunter: Location One | Monday | 7/22/2024 | 1:22:44PM | 1 | 3 | door 4 Back Door | 38578 |
| 74 | Harper, Hunter: Location One | Wednesday | 7/24/2024 | 8:32:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 75 | Harper, Hunter: Location One | Friday | 7/26/2024 | 8:41:26AM | 1 | 3 | door 4 Back Door | 38578 |
| 76 | Harper, Hunter: Location One | Friday | 7/26/2024 | 10:31:19AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 77 | Harper, Hunter: Location One | Monday | 7/29/2024 | 8:43:26AM | 1 | 3 | door 4 Back Door | 38578 |
| 78 | Harper, Hunter: Location One | Monday | 7/29/2024 | 2:11:07PM | 1 | 3 | door 4 Back Door | 38578 |
| 79 | Harper, Hunter: Location One | Wednesday | 7/31/2024 | 8:04:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 80 | Harper, Hunter: Location One | Tuesday | 8/13/2024 | 8:07:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 81 | Harper, Hunter: Location One | Wednesday | 8/14/2024 | 8:32:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 82 | Harper, Hunter: Location One | Thursday | 8/1/2024 | 8:30:38AM | 1 | 3 | door 4 Back Door | 38578 |
| 83 | Harper, Hunter: Location One | Friday | 8/2/2024 | 8:38:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 84 | Harper, Hunter: Location One | Monday | 8/5/2024 | 12:53:05PM | 1 | 3 | door 4 Back Door | 38578 |
| 85 | Harper, Hunter: Location One | Wednesday | 8/7/2024 | 1:07:28PM | 1 | 3 | door 4 Back Door | 38578 |
| 86 | Harper, Hunter: Location One | Wednesday | 8/7/2024 | 1:46:25PM | 1 | 3 | door 4 Back Door | 38578 |
| 87 | Harper, Hunter: Location One | Wednesday | 8/7/2024 | 2:32:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 88 | Harper, Hunter: Location One | Friday | 8/16/2024 | 8:21:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 89 | Harper, Hunter: Location One | Wednesday | 8/21/2024 | 7:55:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 90 | Harper, Hunter: Location One | Thursday | 8/22/2024 | 8:32:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 91 | Harper, Hunter: Location One | Wednesday | 8/21/2024 | 1:11:15PM | 1 | 3 | door 4 Back Door | 38578 |
| 92 | Harper, Hunter: Location One | Thursday | 8/22/2024 | 12:38:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 93 | Harper, Hunter: Location One | Thursday | 8/22/2024 | 2:07:14PM | 1 | 3 | door 4 Back Door | 38578 |
| 94 | Harper, Hunter: Location One | Monday | 8/26/2024 | 7:58:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 95 | Harper, Hunter: Location One | Monday | 8/26/2024 | 1:08:50PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 96 | Harper, Hunter: Location One | Tuesday | 8/27/2024 | 12:53:56PM | 1 | 3 | door 4 Back Door | 38578 |
| 97 | Harper, Hunter: Location One | Tuesday | 8/27/2024 | 12:56:29PM | 1 | 3 | door 4 Back Door | 38578 |
| 98 | Harper, Hunter: Location One | Tuesday | 9/3/2024 | 7:53:10AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 188 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                                                    **5/20/2026**
Location Group :**Location One**                                                         **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company :  **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 99 | Harper, Hunter: Location One | Tuesday | 9/3/2024 | 12:58:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 100 | Harper, Hunter: Location One | Wednesday | 9/4/2024 | 9:10:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 101 | Harper, Hunter: Location One | Tuesday | 9/10/2024 | 8:52:34AM | 1 | 3 | door 4 Back Door | 38578 |
| 102 | Harper, Hunter: Location One | Tuesday | 9/10/2024 | 11:36:31AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 103 | Harper, Hunter: Location One | Tuesday | 8/27/2024 | 8:30:23AM | 1 | 3 | door 4 Back Door | 38578 |
| 104 | Harper, Hunter: Location One | Monday | 9/16/2024 | 12:37:37PM | 1 | 3 | door 4 Back Door | 38578 |
| 105 | Harper, Hunter: Location One | Monday | 9/16/2024 | 12:38:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 106 | Harper, Hunter: Location One | Tuesday | 9/10/2024 | 11:37:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 107 | Harper, Hunter: Location One | Tuesday | 9/10/2024 | 3:05:47PM | 1 | 3 | door 4 Back Door | 38578 |
| 108 | Harper, Hunter: Location One | Monday | 9/16/2024 | 9:10:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 109 | Harper, Hunter: Location One | Thursday | 9/19/2024 | 12:59:56PM | 1 | 3 | door 4 Back Door | 38578 |
| 110 | Harper, Hunter: Location One | Tuesday | 9/17/2024 | 7:47:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 111 | Harper, Hunter: Location One | Thursday | 9/19/2024 | 8:24:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 112 | Harper, Hunter: Location One | Monday | 9/23/2024 | 7:54:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 113 | Harper, Hunter: Location One | Monday | 9/23/2024 | 11:03:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 114 | Harper, Hunter: Location One | Monday | 9/23/2024 | 12:36:23PM | 1 | 3 | door 4 Back Door | 38578 |
| 115 | Harper, Hunter: Location One | Monday | 9/23/2024 | 4:49:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 116 | Harper, Hunter: Location One | Tuesday | 9/24/2024 | 8:01:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 117 | Harper, Hunter: Location One | Monday | 9/23/2024 | 3:02:15PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 118 | Harper, Hunter: Location One | Tuesday | 9/24/2024 | 11:21:16AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 119 | Harper, Hunter: Location One | Tuesday | 9/24/2024 | 11:33:03AM | 1 | 3 | door 4 Back Door | 38578 |
| 120 | Harper, Hunter: Location One | Tuesday | 9/24/2024 | 1:03:50PM | 1 | 3 | door 4 Back Door | 38578 |
| 121 | Harper, Hunter: Location One | Wednesday | 9/25/2024 | 9:14:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 122 | Harper, Hunter: Location One | Wednesday | 9/25/2024 | 1:25:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 123 | Harper, Hunter: Location One | Thursday | 9/26/2024 | 1:06:31PM | 1 | 3 | door 4 Back Door | 38578 |
| 124 | Harper, Hunter: Location One | Monday | 9/30/2024 | 8:03:53AM | 1 | 3 | door 4 Back Door | 38578 |
| 125 | Harper, Hunter: Location One | Tuesday | 9/24/2024 | 2:31:12PM | 1 | 3 | door 4 Back Door | 38578 |
| 126 | Harper, Hunter: Location One | Thursday | 9/26/2024 | 9:10:50AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 127 | Harper, Hunter: Location One | Monday | 9/30/2024 | 12:47:19PM | 1 | 3 | door 4 Back Door | 38578 |
| 128 | Harper, Hunter: Location One | Monday | 9/30/2024 | 2:55:39PM | 1 | 3 | door 4 Back Door | 38578 |
| 129 | Harper, Hunter: Location One | Tuesday | 10/1/2024 | 11:36:04AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 130 | Harper, Hunter: Location One | Wednesday | 10/2/2024 | 8:26:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 131 | Harper, Hunter: Location One | Wednesday | 10/2/2024 | 12:30:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 132 | Harper, Hunter: Location One | Tuesday | 10/1/2024 | 8:15:43AM | 1 | 3 | door 4 Back Door | 38578 |
| 133 | Harper, Hunter: Location One | Tuesday | 10/1/2024 | 12:22:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 134 | Harper, Hunter: Location One | Tuesday | 10/1/2024 | 2:16:17PM | 1 | 3 | door 4 Back Door | 38578 |
| 135 | Harper, Hunter: Location One | Thursday | 10/3/2024 | 8:19:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 136 | Harper, Hunter: Location One | Wednesday | 10/9/2024 | 8:10:39AM | 1 | 3 | door 4 Back Door | 38578 |
| 137 | Harper, Hunter: Location One | Thursday | 10/3/2024 | 12:59:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 138 | Harper, Hunter: Location One | Tuesday | 10/8/2024 | 9:07:23AM | 1 | 3 | door 4 Back Door | 38578 |
| 139 | Harper, Hunter: Location One | Tuesday | 10/8/2024 | 12:53:05PM | 1 | 3 | door 4 Back Door | 38578 |
| 140 | Harper, Hunter: Location One | Thursday | 10/10/2024 | 7:43:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 141 | Harper, Hunter: Location One | Friday | 10/11/2024 | 8:26:53AM | 1 | 3 | door 4 Back Door | 38578 |
| 142 | Harper, Hunter: Location One | Thursday | 10/10/2024 | 1:18:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 143 | Harper, Hunter: Location One | Wednesday | 10/16/2024 | 10:07:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 144 | Harper, Hunter: Location One | Wednesday | 10/16/2024 | 12:01:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 145 | Harper, Hunter: Location One | Thursday | 10/17/2024 | 9:31:35AM | 1 | 3 | door 4 Back Door | 38578 |
| 146 | Harper, Hunter: Location One | Thursday | 10/17/2024 | 10:19:42AM | 1 | 1 | door 2 Break Room | 38578 |
| 147 | Harper, Hunter: Location One | Friday | 10/18/2024 | 7:52:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 148 | Harper, Hunter: Location One | Friday | 10/18/2024 | 10:21:54AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 23

INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 189 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

| | | | | | | |
|---|---|---|---|---|---|---|
| Name of Report :**Reports** | | | | | | **5/20/2026** |
| Location Group :**Location One** | | | | | | **12:56:48PM** |

| | | | |
|---|---|---|---|
| Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
| Start Time | 0 | Stop Time | 2359 |
| Apply Start/Stop Time To Each Day | | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 149 | Harper, Hunter: Location One | Thursday | 10/17/2024 | 12:52:08PM | 1 | 3 | door 4 Back Door | 38578 |
| 150 | Harper, Hunter: Location One | Monday | 10/21/2024 | 7:54:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 151 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 11:05:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 152 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 12:35:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 153 | Harper, Hunter: Location One | Wednesday | 10/23/2024 | 9:10:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 154 | Harper, Hunter: Location One | Monday | 10/21/2024 | 12:58:50PM | 1 | 3 | door 4 Back Door | 38578 |
| 155 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 8:00:03AM | 1 | 3 | door 4 Back Door | 38578 |
| 156 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 8:57:18AM | 1 | 1 | door 2 Break Room | 38578 |
| 157 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 8:58:24AM | 1 | 3 | door 4 Back Door | 38578 |
| 158 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 10:36:59AM | 1 | 1 | door 2 Break Room | 38578 |
| 159 | Harper, Hunter: Location One | Tuesday | 10/22/2024 | 2:41:10PM | 1 | 3 | door 4 Back Door | 38578 |
| 160 | Harper, Hunter: Location One | Wednesday | 10/23/2024 | 11:06:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 161 | Harper, Hunter: Location One | Wednesday | 10/23/2024 | 1:11:49PM | 1 | 3 | door 4 Back Door | 38578 |
| 162 | Harper, Hunter: Location One | Wednesday | 10/30/2024 | 12:49:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 163 | Harper, Hunter: Location One | Thursday | 10/31/2024 | 1:08:26PM | 1 | 3 | door 4 Back Door | 38578 |
| 164 | Harper, Hunter: Location One | Thursday | 10/31/2024 | 2:16:01PM | 1 | 1 | door 2 Break Room | 38578 |
| 165 | Harper, Hunter: Location One | Wednesday | 10/30/2024 | 9:20:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 166 | Harper, Hunter: Location One | Thursday | 10/31/2024 | 7:48:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 167 | Harper, Hunter: Location One | Monday | 11/4/2024 | 10:08:25AM | 1 | 3 | door 4 Back Door | 38578 |
| 168 | Harper, Hunter: Location One | Thursday | 11/7/2024 | 9:04:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 169 | Harper, Hunter: Location One | Friday | 11/8/2024 | 1:05:05PM | 1 | 3 | door 4 Back Door | 38578 |
| 170 | Harper, Hunter: Location One | Thursday | 11/7/2024 | 11:35:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 171 | Harper, Hunter: Location One | Thursday | 11/7/2024 | 11:51:14AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 172 | Harper, Hunter: Location One | Thursday | 11/7/2024 | 1:22:12PM | 1 | 3 | door 4 Back Door | 38578 |
| 173 | Harper, Hunter: Location One | Friday | 11/8/2024 | 7:57:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 174 | Harper, Hunter: Location One | Friday | 11/8/2024 | 11:32:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 175 | Harper, Hunter: Location One | Thursday | 11/14/2024 | 8:36:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 176 | Harper, Hunter: Location One | Thursday | 11/14/2024 | 11:33:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 177 | Harper, Hunter: Location One | Thursday | 11/14/2024 | 12:41:52PM | 1 | 3 | door 4 Back Door | 38578 |
| 178 | Harper, Hunter: Location One | Thursday | 11/14/2024 | 1:09:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 179 | Harper, Hunter: Location One | Thursday | 11/14/2024 | 3:57:01PM | 1 | 1 | door 2 Break Room | 38578 |
| 180 | Harper, Hunter: Location One | Monday | 11/18/2024 | 7:55:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 181 | Harper, Hunter: Location One | Monday | 11/18/2024 | 12:42:44PM | 1 | 3 | door 4 Back Door | 38578 |
| 182 | Harper, Hunter: Location One | Tuesday | 11/19/2024 | 8:11:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 183 | Harper, Hunter: Location One | Wednesday | 11/20/2024 | 12:27:07PM | 1 | 3 | door 4 Back Door | 38578 |
| 184 | Harper, Hunter: Location One | Thursday | 11/21/2024 | 10:32:36AM | 1 | 3 | door 4 Back Door | 38578 |
| 185 | Harper, Hunter: Location One | Wednesday | 11/20/2024 | 8:17:32AM | 1 | 3 | door 4 Back Door | 38578 |
| 186 | Harper, Hunter: Location One | Wednesday | 11/20/2024 | 1:41:22PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 187 | Harper, Hunter: Location One | Thursday | 11/21/2024 | 1:13:19PM | 1 | 3 | door 4 Back Door | 38578 |
| 188 | Harper, Hunter: Location One | Monday | 11/25/2024 | 8:12:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 189 | Harper, Hunter: Location One | Tuesday | 11/26/2024 | 8:15:25AM | 1 | 3 | door 4 Back Door | 38578 |
| 190 | Harper, Hunter: Location One | Tuesday | 12/3/2024 | 11:32:20AM | 1 | 1 | door 2 Break Room | 38578 |
| 191 | Harper, Hunter: Location One | Thursday | 12/5/2024 | 7:51:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 192 | Harper, Hunter: Location One | Monday | 12/2/2024 | 8:06:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 193 | Harper, Hunter: Location One | Monday | 12/2/2024 | 2:41:46PM | 1 | 3 | door 4 Back Door | 38578 |
| 194 | Harper, Hunter: Location One | Tuesday | 12/3/2024 | 9:07:33AM | 1 | 3 | door 4 Back Door | 38578 |
| 195 | Harper, Hunter: Location One | Wednesday | 12/4/2024 | 7:55:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 196 | Harper, Hunter: Location One | Wednesday | 12/4/2024 | 1:05:53PM | 1 | 3 | door 4 Back Door | 38578 |
| 197 | Harper, Hunter: Location One | Thursday | 12/5/2024 | 2:22:12PM | 1 | 3 | door 4 Back Door | 38578 |
| 198 | Harper, Hunter: Location One | Friday | 12/6/2024 | 7:53:46AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report : **Reports**                                                **5/20/2026**
Location Group : **Location One**                                           **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 199 | Harper, Hunter: Location One | Friday | 12/6/2024 | 10:35:44AM | 1 | 3 | door 4 Back Door | 38578 |
| 200 | Harper, Hunter: Location One | Friday | 12/6/2024 | 11:36:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 201 | Harper, Hunter: Location One | Monday | 12/9/2024 | 11:33:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 202 | Harper, Hunter: Location One | Monday | 12/9/2024 | 12:48:11PM | 1 | 3 | door 4 Back Door | 38578 |
| 203 | Harper, Hunter: Location One | Monday | 12/9/2024 | 7:52:43AM | 1 | 3 | door 4 Back Door | 38578 |
| 204 | Harper, Hunter: Location One | Monday | 12/9/2024 | 2:21:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 205 | Harper, Hunter: Location One | Monday | 12/9/2024 | 4:42:28PM | 1 | 1 | door 2 Break Room | 38578 |
| 206 | Harper, Hunter: Location One | Monday | 12/16/2024 | 8:01:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 207 | Harper, Hunter: Location One | Monday | 12/16/2024 | 1:29:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 208 | Harper, Hunter: Location One | Monday | 12/16/2024 | 10:43:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 209 | Harper, Hunter: Location One | Monday | 12/16/2024 | 11:55:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 210 | Harper, Hunter: Location One | Tuesday | 12/17/2024 | 11:24:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 211 | Harper, Hunter: Location One | Wednesday | 12/18/2024 | 8:03:51AM | 1 | 3 | door 4 Back Door | 38578 |
| 212 | Harper, Hunter: Location One | Wednesday | 12/18/2024 | 12:58:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 213 | Harper, Hunter: Location One | Thursday | 12/19/2024 | 8:09:51AM | 1 | 3 | door 4 Back Door | 38578 |
| 214 | Harper, Hunter: Location One | Thursday | 12/19/2024 | 12:33:56PM | 1 | 3 | door 4 Back Door | 38578 |
| 215 | Harper, Hunter: Location One | Tuesday | 12/17/2024 | 8:09:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 216 | Harper, Hunter: Location One | Wednesday | 12/18/2024 | 11:39:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 217 | Harper, Hunter: Location One | Monday | 12/23/2024 | 8:06:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 218 | Harper, Hunter: Location One | Monday | 12/23/2024 | 10:37:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 219 | Harper, Hunter: Location One | Thursday | 1/2/2025 | 8:15:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 220 | Harper, Hunter: Location One | Thursday | 1/2/2025 | 12:14:41PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 221 | Harper, Hunter: Location One | Thursday | 1/2/2025 | 1:08:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 222 | Harper, Hunter: Location One | Monday | 1/6/2025 | 12:26:05PM | 1 | 3 | door 4 Back Door | 38578 |
| 223 | Harper, Hunter: Location One | Monday | 1/6/2025 | 12:31:39PM | 1 | 3 | door 4 Back Door | 38578 |
| 224 | Harper, Hunter: Location One | Tuesday | 1/7/2025 | 8:33:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 225 | Harper, Hunter: Location One | Tuesday | 1/7/2025 | 9:45:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 226 | Harper, Hunter: Location One | Tuesday | 1/7/2025 | 12:45:02PM | 1 | 3 | door 4 Back Door | 38578 |
| 227 | Harper, Hunter: Location One | Wednesday | 1/8/2025 | 8:17:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 228 | Harper, Hunter: Location One | Wednesday | 1/8/2025 | 12:48:12PM | 1 | 3 | door 4 Back Door | 38578 |
| 229 | Harper, Hunter: Location One | Thursday | 1/9/2025 | 8:26:43AM | 1 | 3 | door 4 Back Door | 38578 |
| 230 | Harper, Hunter: Location One | Monday | 1/13/2025 | 8:03:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 231 | Harper, Hunter: Location One | Monday | 1/13/2025 | 11:07:24AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 232 | Harper, Hunter: Location One | Monday | 1/13/2025 | 12:38:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 233 | Harper, Hunter: Location One | Tuesday | 1/14/2025 | 9:35:32AM | 1 | 3 | door 4 Back Door | 38578 |
| 234 | Harper, Hunter: Location One | Thursday | 1/9/2025 | 2:11:35PM | 1 | 3 | door 4 Back Door | 38578 |
| 235 | Harper, Hunter: Location One | Monday | 1/13/2025 | 2:25:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 236 | Harper, Hunter: Location One | Tuesday | 1/14/2025 | 11:04:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 237 | Harper, Hunter: Location One | Tuesday | 1/14/2025 | 1:33:26PM | 1 | 3 | door 4 Back Door | 38578 |
| 238 | Harper, Hunter: Location One | Wednesday | 1/15/2025 | 8:50:20AM | 1 | 3 | door 4 Back Door | 38578 |
| 239 | Harper, Hunter: Location One | Thursday | 1/16/2025 | 8:28:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 240 | Harper, Hunter: Location One | Thursday | 1/16/2025 | 2:38:17PM | 1 | 3 | door 4 Back Door | 38578 |
| 241 | Harper, Hunter: Location One | Thursday | 1/16/2025 | 2:40:50PM | 1 | 3 | door 4 Back Door | 38578 |
| 242 | Harper, Hunter: Location One | Tuesday | 1/21/2025 | 8:30:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 243 | Harper, Hunter: Location One | Tuesday | 1/14/2025 | 4:19:29PM | 1 | 3 | door 4 Back Door | 38578 |
| 244 | Harper, Hunter: Location One | Tuesday | 1/14/2025 | 4:36:46PM | 1 | 3 | door 4 Back Door | 38578 |
| 245 | Harper, Hunter: Location One | Wednesday | 1/15/2025 | 1:09:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 246 | Harper, Hunter: Location One | Tuesday | 1/21/2025 | 1:00:19PM | 1 | 3 | door 4 Back Door | 38578 |
| 247 | Harper, Hunter: Location One | Wednesday | 1/22/2025 | 10:01:23AM | 1 | 3 | door 4 Back Door | 38578 |
| 248 | Harper, Hunter: Location One | Monday | 1/27/2025 | 8:26:38AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report :**Reports**                                                                                                **5/20/2026**
Location Group :**Location One**                                                                                      **12:56:48PM**

Start Date   5/20/2024          Stop Date   5/20/2026
Start Time   0                       Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 249 | Harper, Hunter: Location One | Monday | 1/27/2025 | 1:07:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 250 | Harper, Hunter: Location One | Monday | 1/27/2025 | 1:11:41PM | 1 | 3 | door 4 Back Door | 38578 |
| 251 | Harper, Hunter: Location One | Wednesday | 1/22/2025 | 8:07:39AM | 1 | 3 | door 4 Back Door | 38578 |
| 252 | Harper, Hunter: Location One | Wednesday | 1/22/2025 | 1:15:39PM | 1 | 3 | door 4 Back Door | 38578 |
| 253 | Harper, Hunter: Location One | Wednesday | 1/22/2025 | 3:47:30PM | 1 | 3 | door 4 Back Door | 38578 |
| 254 | Harper, Hunter: Location One | Friday | 1/24/2025 | 8:48:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 255 | Harper, Hunter: Location One | Friday | 1/24/2025 | 11:14:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 256 | Harper, Hunter: Location One | Tuesday | 1/28/2025 | 8:32:33AM | 1 | 3 | door 4 Back Door | 38578 |
| 257 | Harper, Hunter: Location One | Tuesday | 1/28/2025 | 1:09:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 258 | Harper, Hunter: Location One | Thursday | 1/30/2025 | 8:27:35AM | 1 | 3 | door 4 Back Door | 38578 |
| 259 | Harper, Hunter: Location One | Thursday | 1/30/2025 | 10:46:34AM | 1 | 3 | door 4 Back Door | 38578 |
| 260 | Harper, Hunter: Location One | Monday | 2/3/2025 | 8:18:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 261 | Harper, Hunter: Location One | Monday | 2/3/2025 | 12:45:25PM | 1 | 3 | door 4 Back Door | 38578 |
| 262 | Harper, Hunter: Location One | Thursday | 1/30/2025 | 1:03:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 263 | Harper, Hunter: Location One | Thursday | 1/30/2025 | 3:29:54PM | 1 | 3 | door 4 Back Door | 38578 |
| 264 | Harper, Hunter: Location One | Tuesday | 2/4/2025 | 8:18:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 265 | Harper, Hunter: Location One | Tuesday | 2/4/2025 | 12:40:32PM | 1 | 3 | door 4 Back Door | 38578 |
| 266 | Harper, Hunter: Location One | Wednesday | 2/5/2025 | 11:06:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 267 | Harper, Hunter: Location One | Thursday | 2/6/2025 | 7:57:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 268 | Harper, Hunter: Location One | Thursday | 2/6/2025 | 2:04:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 269 | Harper, Hunter: Location One | Friday | 2/7/2025 | 7:52:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 270 | Harper, Hunter: Location One | Wednesday | 2/5/2025 | 7:58:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 271 | Harper, Hunter: Location One | Wednesday | 2/5/2025 | 1:20:53PM | 1 | 3 | door 4 Back Door | 38578 |
| 272 | Harper, Hunter: Location One | Thursday | 2/6/2025 | 10:34:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 273 | Harper, Hunter: Location One | Thursday | 2/6/2025 | 11:25:39AM | 1 | 3 | door 4 Back Door | 38578 |
| 274 | Harper, Hunter: Location One | Thursday | 2/6/2025 | 12:39:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 275 | Harper, Hunter: Location One | Friday | 2/7/2025 | 11:09:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 276 | Harper, Hunter: Location One | Friday | 2/7/2025 | 1:44:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 277 | Harper, Hunter: Location One | Monday | 2/10/2025 | 11:47:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 278 | Harper, Hunter: Location One | Monday | 2/10/2025 | 7:52:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 279 | Harper, Hunter: Location One | Monday | 2/10/2025 | 1:19:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 280 | Harper, Hunter: Location One | Friday | 2/14/2025 | 7:54:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 281 | Harper, Hunter: Location One | Friday | 2/14/2025 | 1:01:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 282 | Harper, Hunter: Location One | Tuesday | 2/18/2025 | 8:01:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 283 | Harper, Hunter: Location One | Friday | 2/14/2025 | 3:24:49PM | 1 | 3 | door 4 Back Door | 38578 |
| 284 | Harper, Hunter: Location One | Tuesday | 2/18/2025 | 12:21:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 285 | Harper, Hunter: Location One | Tuesday | 2/18/2025 | 1:06:28PM | 1 | 3 | door 4 Back Door | 38578 |
| 286 | Harper, Hunter: Location One | Wednesday | 2/19/2025 | 7:58:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 287 | Harper, Hunter: Location One | Wednesday | 2/19/2025 | 1:12:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 288 | Harper, Hunter: Location One | Wednesday | 2/19/2025 | 1:46:52PM | 1 | 3 | door 4 Back Door | 38578 |
| 289 | Harper, Hunter: Location One | Thursday | 2/20/2025 | 7:19:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 290 | Harper, Hunter: Location One | Thursday | 2/20/2025 | 12:28:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 291 | Harper, Hunter: Location One | Thursday | 2/20/2025 | 1:45:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 292 | Harper, Hunter: Location One | Monday | 2/24/2025 | 11:27:07AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 293 | Harper, Hunter: Location One | Monday | 2/24/2025 | 12:47:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 294 | Harper, Hunter: Location One | Tuesday | 2/25/2025 | 7:58:24AM | 1 | 3 | door 4 Back Door | 38578 |
| 295 | Harper, Hunter: Location One | Wednesday | 2/26/2025 | 7:49:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 296 | Harper, Hunter: Location One | Wednesday | 2/26/2025 | 7:56:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 297 | Harper, Hunter: Location One | Wednesday | 2/26/2025 | 8:08:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 298 | Harper, Hunter: Location One | Monday | 2/24/2025 | 7:55:18AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 192 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                                 **5/20/2026**
Location Group : **Location One**                                                          **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company :  **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 299 | Harper, Hunter: Location One | Wednesday | 2/26/2025 | 1:18:39PM | 1 | 3 | door 4 Back Door | 38578 |
| 300 | Harper, Hunter: Location One | Wednesday | 2/26/2025 | 1:22:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 301 | Harper, Hunter: Location One | Thursday | 2/27/2025 | 12:51:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 302 | Harper, Hunter: Location One | Monday | 3/3/2025 | 8:00:17AM | 1 | 3 | door 4 Back Door | 38578 |
| 303 | Harper, Hunter: Location One | Thursday | 2/27/2025 | 7:42:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 304 | Harper, Hunter: Location One | Monday | 3/3/2025 | 11:45:43AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 305 | Harper, Hunter: Location One | Tuesday | 3/4/2025 | 7:50:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 306 | Harper, Hunter: Location One | Tuesday | 3/4/2025 | 1:21:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 307 | Harper, Hunter: Location One | Wednesday | 3/5/2025 | 7:53:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 308 | Harper, Hunter: Location One | Wednesday | 3/5/2025 | 1:18:19PM | 1 | 3 | door 4 Back Door | 38578 |
| 309 | Harper, Hunter: Location One | Monday | 3/10/2025 | 12:14:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 310 | Harper, Hunter: Location One | Tuesday | 3/11/2025 | 9:50:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 311 | Harper, Hunter: Location One | Wednesday | 3/12/2025 | 7:02:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 312 | Harper, Hunter: Location One | Monday | 3/10/2025 | 6:55:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 313 | Harper, Hunter: Location One | Tuesday | 3/11/2025 | 6:57:43AM | 1 | 3 | door 4 Back Door | 38578 |
| 314 | Harper, Hunter: Location One | Tuesday | 3/11/2025 | 12:16:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 315 | Harper, Hunter: Location One | Tuesday | 3/11/2025 | 12:53:15PM | 1 | 3 | door 4 Back Door | 38578 |
| 316 | Harper, Hunter: Location One | Wednesday | 3/12/2025 | 10:30:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 317 | Harper, Hunter: Location One | Wednesday | 3/12/2025 | 12:08:08PM | 1 | 3 | door 4 Back Door | 38578 |
| 318 | Harper, Hunter: Location One | Thursday | 3/13/2025 | 6:00:06PM | 1 | 3 | door 4 Back Door | 38578 |
| 319 | Harper, Hunter: Location One | Thursday | 3/27/2025 | 8:02:06AM | 1 | 3 | door 4 Back Door | 38578 |
| 320 | Harper, Hunter: Location One | Thursday | 3/27/2025 | 11:13:19AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 321 | Harper, Hunter: Location One | Thursday | 3/27/2025 | 11:32:25AM | 1 | 3 | door 4 Back Door | 38578 |
| 322 | Harper, Hunter: Location One | Thursday | 3/27/2025 | 11:34:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 323 | Harper, Hunter: Location One | Monday | 3/31/2025 | 7:59:45AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 324 | Harper, Hunter: Location One | Monday | 3/31/2025 | 12:53:32PM | 1 | 3 | door 4 Back Door | 38578 |
| 325 | Harper, Hunter: Location One | Tuesday | 4/1/2025 | 9:10:26AM | 1 | 3 | door 4 Back Door | 38578 |
| 326 | Harper, Hunter: Location One | Tuesday | 4/1/2025 | 9:10:36AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 327 | Harper, Hunter: Location One | Tuesday | 4/1/2025 | 9:19:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 328 | Harper, Hunter: Location One | Tuesday | 4/1/2025 | 3:39:10PM | 1 | 3 | door 4 Back Door | 38578 |
| 329 | Harper, Hunter: Location One | Tuesday | 4/1/2025 | 12:48:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 330 | Harper, Hunter: Location One | Wednesday | 4/2/2025 | 9:06:18AM | 1 | 3 | door 4 Back Door | 38578 |
| 331 | Harper, Hunter: Location One | Monday | 4/7/2025 | 7:51:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 332 | Harper, Hunter: Location One | Monday | 4/7/2025 | 10:52:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 333 | Harper, Hunter: Location One | Thursday | 4/10/2025 | 10:26:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 334 | Harper, Hunter: Location One | Thursday | 4/10/2025 | 10:39:54AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 335 | Harper, Hunter: Location One | Thursday | 4/10/2025 | 12:52:27PM | 1 | 3 | door 4 Back Door | 38578 |
| 336 | Harper, Hunter: Location One | Thursday | 4/10/2025 | 1:51:32PM | 1 | 3 | door 4 Back Door | 38578 |
| 337 | Harper, Hunter: Location One | Wednesday | 4/9/2025 | 7:59:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 338 | Harper, Hunter: Location One | Monday | 4/14/2025 | 12:34:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 339 | Harper, Hunter: Location One | Monday | 4/14/2025 | 12:43:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 340 | Harper, Hunter: Location One | Monday | 4/14/2025 | 2:06:14PM | 1 | 3 | door 4 Back Door | 38578 |
| 341 | Harper, Hunter: Location One | Wednesday | 4/16/2025 | 7:51:33AM | 1 | 3 | door 4 Back Door | 38578 |
| 342 | Harper, Hunter: Location One | Wednesday | 4/16/2025 | 12:53:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 343 | Harper, Hunter: Location One | Monday | 4/14/2025 | 9:06:36AM | 1 | 3 | door 4 Back Door | 38578 |
| 344 | Harper, Hunter: Location One | Thursday | 4/17/2025 | 7:51:35AM | 1 | 3 | door 4 Back Door | 38578 |
| 345 | Harper, Hunter: Location One | Thursday | 4/17/2025 | 10:44:39AM | 1 | 3 | door 4 Back Door | 38578 |
| 346 | Harper, Hunter: Location One | Monday | 4/21/2025 | 1:07:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 347 | Harper, Hunter: Location One | Thursday | 4/17/2025 | 12:42:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 348 | Harper, Hunter: Location One | Thursday | 4/17/2025 | 12:44:53PM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 193 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:56:48PM**

| | | |
|---|---|---|
| Start Date | 5/20/2024 | Stop Date 5/20/2026 |
| Start Time | 0 | Stop Time 2359 |
| Apply Start/Stop Time To Each Day | | |

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 349 | Harper, Hunter: Location One | Thursday | 4/17/2025 | 1:53:04PM | 1 | 3 | door 4 Back Door | 38578 |
| 350 | Harper, Hunter: Location One | Monday | 4/21/2025 | 8:45:38AM | 1 | 3 | door 4 Back Door | 38578 |
| 351 | Harper, Hunter: Location One | Monday | 4/28/2025 | 7:53:17AM | 1 | 3 | door 4 Back Door | 38578 |
| 352 | Harper, Hunter: Location One | Monday | 4/28/2025 | 12:38:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 353 | Harper, Hunter: Location One | Tuesday | 4/29/2025 | 7:58:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 354 | Harper, Hunter: Location One | Tuesday | 4/29/2025 | 3:45:50PM | 1 | 3 | door 4 Back Door | 38578 |
| 355 | Harper, Hunter: Location One | Tuesday | 4/29/2025 | 1:10:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 356 | Harper, Hunter: Location One | Wednesday | 4/30/2025 | 9:09:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 357 | Harper, Hunter: Location One | Thursday | 5/1/2025 | 10:03:32AM | 1 | 3 | door 4 Back Door | 38578 |
| 358 | Harper, Hunter: Location One | Thursday | 5/1/2025 | 11:43:39AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 359 | Harper, Hunter: Location One | Friday | 5/2/2025 | 10:31:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 360 | Harper, Hunter: Location One | Monday | 5/5/2025 | 9:07:23AM | 1 | 3 | door 4 Back Door | 38578 |
| 361 | Harper, Hunter: Location One | Thursday | 5/1/2025 | 12:34:04PM | 1 | 3 | door 4 Back Door | 38578 |
| 362 | Harper, Hunter: Location One | Thursday | 5/1/2025 | 12:41:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 363 | Harper, Hunter: Location One | Friday | 5/2/2025 | 1:10:53PM | 1 | 3 | door 4 Back Door | 38578 |
| 364 | Harper, Hunter: Location One | Friday | 5/2/2025 | 1:43:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 365 | Harper, Hunter: Location One | Monday | 5/5/2025 | 11:48:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 366 | Harper, Hunter: Location One | Tuesday | 5/6/2025 | 9:12:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 367 | Harper, Hunter: Location One | Tuesday | 5/6/2025 | 10:41:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 368 | Harper, Hunter: Location One | Tuesday | 5/6/2025 | 1:05:56PM | 1 | 3 | door 4 Back Door | 38578 |
| 369 | Harper, Hunter: Location One | Monday | 5/12/2025 | 9:34:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 370 | Harper, Hunter: Location One | Tuesday | 5/13/2025 | 1:39:35PM | 1 | 3 | door 4 Back Door | 38578 |
| 371 | Harper, Hunter: Location One | Friday | 5/9/2025 | 12:43:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 372 | Harper, Hunter: Location One | Monday | 5/12/2025 | 1:27:23PM | 1 | 3 | door 4 Back Door | 38578 |
| 373 | Harper, Hunter: Location One | Tuesday | 5/13/2025 | 9:11:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 374 | Harper, Hunter: Location One | Tuesday | 5/13/2025 | 9:14:23AM | 1 | 3 | door 4 Back Door | 38578 |
| 375 | Harper, Hunter: Location One | Thursday | 5/15/2025 | 7:44:18AM | 1 | 3 | door 4 Back Door | 38578 |
| 376 | Harper, Hunter: Location One | Thursday | 5/15/2025 | 10:54:03AM | 1 | 3 | door 4 Back Door | 38578 |
| 377 | Harper, Hunter: Location One | Thursday | 5/15/2025 | 12:15:43PM | 1 | 3 | door 4 Back Door | 38578 |
| 378 | Harper, Hunter: Location One | Monday | 5/19/2025 | 9:18:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 379 | Harper, Hunter: Location One | Tuesday | 5/20/2025 | 7:44:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 380 | Harper, Hunter: Location One | Tuesday | 5/20/2025 | 12:42:09PM | 1 | 3 | door 4 Back Door | 38578 |
| 381 | Harper, Hunter: Location One | Tuesday | 5/27/2025 | 8:08:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 382 | Harper, Hunter: Location One | Tuesday | 5/27/2025 | 12:19:04PM | 1 | 3 | door 4 Back Door | 38578 |
| 383 | Harper, Hunter: Location One | Monday | 6/2/2025 | 12:31:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 384 | Harper, Hunter: Location One | Tuesday | 5/27/2025 | 3:13:47PM | 1 | 3 | door 4 Back Door | 38578 |
| 385 | Harper, Hunter: Location One | Wednesday | 6/4/2025 | 8:11:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 386 | Harper, Hunter: Location One | Wednesday | 6/4/2025 | 12:43:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 387 | Harper, Hunter: Location One | Tuesday | 6/10/2025 | 9:15:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 388 | Harper, Hunter: Location One | Tuesday | 6/10/2025 | 11:47:03AM | 1 | 3 | door 4 Back Door | 38578 |
| 389 | Harper, Hunter: Location One | Thursday | 6/12/2025 | 8:01:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 390 | Harper, Hunter: Location One | Thursday | 6/12/2025 | 1:10:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 391 | Harper, Hunter: Location One | Thursday | 6/12/2025 | 9:51:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 392 | Harper, Hunter: Location One | Friday | 6/13/2025 | 8:08:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 393 | Harper, Hunter: Location One | Friday | 6/13/2025 | 12:37:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 394 | Harper, Hunter: Location One | Monday | 6/16/2025 | 10:52:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 395 | Harper, Hunter: Location One | Wednesday | 6/18/2025 | 8:29:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 396 | Harper, Hunter: Location One | Monday | 6/16/2025 | 8:29:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 397 | Harper, Hunter: Location One | Monday | 6/23/2025 | 12:33:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 398 | Harper, Hunter: Location One | Monday | 6/23/2025 | 12:54:31PM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23       Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 194 of 257   RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                                    **5/20/2026**
Location Group : **Location One**                                                                **12:56:48PM**

Start Date   5/20/2024        Stop Date   5/20/2026
Start Time   0                Stop Time   2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 399 | Harper, Hunter: Location One | Tuesday | 6/24/2025 | 9:09:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 400 | Harper, Hunter: Location One | Monday | 6/23/2025 | 8:39:34AM | 1 | 3 | door 4 Back Door | 38578 |
| 401 | Harper, Hunter: Location One | Monday | 6/23/2025 | 10:33:26AM | 1 | 3 | door 4 Back Door | 38578 |
| 402 | Harper, Hunter: Location One | Tuesday | 6/24/2025 | 12:51:10PM | 1 | 3 | door 4 Back Door | 38578 |
| 403 | Harper, Hunter: Location One | Wednesday | 6/25/2025 | 11:57:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 404 | Harper, Hunter: Location One | Wednesday | 6/25/2025 | 12:50:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 405 | Harper, Hunter: Location One | Thursday | 6/26/2025 | 8:17:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 406 | Harper, Hunter: Location One | Monday | 6/30/2025 | 8:19:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 407 | Harper, Hunter: Location One | Wednesday | 6/25/2025 | 8:24:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 408 | Harper, Hunter: Location One | Thursday | 6/26/2025 | 12:30:52PM | 1 | 3 | door 4 Back Door | 38578 |
| 409 | Harper, Hunter: Location One | Thursday | 6/26/2025 | 12:33:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 410 | Harper, Hunter: Location One | Tuesday | 7/1/2025 | 12:55:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 411 | Harper, Hunter: Location One | Wednesday | 7/2/2025 | 8:25:51AM | 1 | 3 | door 4 Back Door | 38578 |
| 412 | Harper, Hunter: Location One | Wednesday | 7/2/2025 | 10:33:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 413 | Harper, Hunter: Location One | Monday | 7/7/2025 | 11:46:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 414 | Harper, Hunter: Location One | Monday | 7/7/2025 | 12:59:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 415 | Harper, Hunter: Location One | Monday | 6/30/2025 | 1:11:24PM | 1 | 3 | door 4 Back Door | 38578 |
| 416 | Harper, Hunter: Location One | Tuesday | 7/8/2025 | 12:36:26PM | 1 | 3 | door 4 Back Door | 38578 |
| 417 | Harper, Hunter: Location One | Tuesday | 7/8/2025 | 8:28:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 418 | Harper, Hunter: Location One | Monday | 7/14/2025 | 9:08:53AM | 1 | 3 | door 4 Back Door | 38578 |
| 419 | Harper, Hunter: Location One | Tuesday | 7/15/2025 | 8:26:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 420 | Harper, Hunter: Location One | Wednesday | 7/16/2025 | 8:52:48AM | 1 | 3 | door 4 Back Door | 38578 |
| 421 | Harper, Hunter: Location One | Wednesday | 7/16/2025 | 1:43:32PM | 1 | 3 | door 4 Back Door | 38578 |
| 422 | Harper, Hunter: Location One | Wednesday | 7/16/2025 | 2:57:25PM | 1 | 3 | door 4 Back Door | 38578 |
| 423 | Harper, Hunter: Location One | Thursday | 7/17/2025 | 8:27:53AM | 1 | 3 | door 4 Back Door | 38578 |
| 424 | Harper, Hunter: Location One | Friday | 7/18/2025 | 8:13:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 425 | Harper, Hunter: Location One | Monday | 7/21/2025 | 8:17:59AM | 1 | 3 | door 4 Back Door | 38578 |
| 426 | Harper, Hunter: Location One | Monday | 7/21/2025 | 1:29:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 427 | Harper, Hunter: Location One | Thursday | 7/17/2025 | 1:16:17PM | 1 | 3 | door 4 Back Door | 38578 |
| 428 | Harper, Hunter: Location One | Tuesday | 7/22/2025 | 2:41:09PM | 1 | 3 | door 4 Back Door | 38578 |
| 429 | Harper, Hunter: Location One | Thursday | 7/24/2025 | 12:56:19PM | 1 | 3 | door 4 Back Door | 38578 |
| 430 | Harper, Hunter: Location One | Friday | 7/25/2025 | 8:24:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 431 | Harper, Hunter: Location One | Tuesday | 7/22/2025 | 12:38:33PM | 1 | 3 | door 4 Back Door | 38578 |
| 432 | Harper, Hunter: Location One | Thursday | 7/24/2025 | 8:22:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 433 | Harper, Hunter: Location One | Monday | 7/28/2025 | 12:38:23PM | 1 | 3 | door 4 Back Door | 38578 |
| 434 | Harper, Hunter: Location One | Tuesday | 7/29/2025 | 8:20:34AM | 1 | 3 | door 4 Back Door | 38578 |
| 435 | Harper, Hunter: Location One | Monday | 7/28/2025 | 8:14:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 436 | Harper, Hunter: Location One | Tuesday | 7/29/2025 | 12:57:21PM | 1 | 3 | door 4 Back Door | 38578 |
| 437 | Harper, Hunter: Location One | Monday | 8/4/2025 | 8:02:53AM | 1 | 3 | door 4 Back Door | 38578 |
| 438 | Harper, Hunter: Location One | Monday | 8/4/2025 | 12:21:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 439 | Harper, Hunter: Location One | Tuesday | 8/5/2025 | 8:15:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 440 | Harper, Hunter: Location One | Wednesday | 8/6/2025 | 8:00:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 441 | Harper, Hunter: Location One | Thursday | 8/7/2025 | 8:42:24AM | 1 | 3 | door 4 Back Door | 38578 |
| 442 | Harper, Hunter: Location One | Thursday | 8/7/2025 | 10:57:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 443 | Harper, Hunter: Location One | Thursday | 8/7/2025 | 1:23:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 444 | Harper, Hunter: Location One | Monday | 8/11/2025 | 1:54:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 445 | Harper, Hunter: Location One | Wednesday | 8/6/2025 | 1:21:45PM | 1 | 3 | door 4 Back Door | 38578 |
| 446 | Harper, Hunter: Location One | Wednesday | 8/6/2025 | 2:54:32PM | 1 | 3 | door 4 Back Door | 38578 |
| 447 | Harper, Hunter: Location One | Thursday | 8/7/2025 | 3:21:45PM | 1 | 3 | door 4 Back Door | 38578 |
| 448 | Harper, Hunter: Location One | Wednesday | 8/13/2025 | 10:59:30AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report : **Reports**                                                                                    **5/20/2026**
Location Group : **Location One**                                                                              **12:56:48PM**

Start Date     5/20/2024          Stop Date     5/20/2026
Start Time     0                  Stop Time     2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 449 | Harper, Hunter: Location One | Wednesday | 8/13/2025 | 12:37:13PM | 1 | 3 | door 4 Back Door | 38578 |
| 450 | Harper, Hunter: Location One | Wednesday | 8/13/2025 | 7:55:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 451 | Harper, Hunter: Location One | Thursday | 8/14/2025 | 7:54:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 452 | Harper, Hunter: Location One | Thursday | 8/14/2025 | 12:45:58PM | 1 | 1 | door 2 Break Room | 38578 |
| 453 | Harper, Hunter: Location One | Thursday | 8/14/2025 | 2:57:44PM | 1 | 3 | door 4 Back Door | 38578 |
| 454 | Harper, Hunter: Location One | Tuesday | 8/19/2025 | 9:42:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 455 | Harper, Hunter: Location One | Tuesday | 8/19/2025 | 10:35:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 456 | Harper, Hunter: Location One | Thursday | 8/14/2025 | 10:24:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 457 | Harper, Hunter: Location One | Monday | 8/18/2025 | 7:59:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 458 | Harper, Hunter: Location One | Monday | 8/18/2025 | 11:39:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 459 | Harper, Hunter: Location One | Tuesday | 8/19/2025 | 7:57:48AM | 1 | 3 | door 4 Back Door | 38578 |
| 460 | Harper, Hunter: Location One | Tuesday | 8/19/2025 | 12:57:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 461 | Harper, Hunter: Location One | Thursday | 8/21/2025 | 8:07:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 462 | Harper, Hunter: Location One | Thursday | 8/21/2025 | 10:57:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 463 | Harper, Hunter: Location One | Thursday | 8/21/2025 | 12:01:41PM | 1 | 3 | door 4 Back Door | 38578 |
| 464 | Harper, Hunter: Location One | Friday | 8/22/2025 | 8:08:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 465 | Harper, Hunter: Location One | Thursday | 8/21/2025 | 1:30:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 466 | Harper, Hunter: Location One | Friday | 8/22/2025 | 1:22:06PM | 1 | 3 | door 4 Back Door | 38578 |
| 467 | Harper, Hunter: Location One | Friday | 8/22/2025 | 2:56:56PM | 1 | 3 | door 4 Back Door | 38578 |
| 468 | Harper, Hunter: Location One | Friday | 8/22/2025 | 4:01:08PM | 1 | 3 | door 4 Back Door | 38578 |
| 469 | Harper, Hunter: Location One | Wednesday | 8/27/2025 | 8:04:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 470 | Harper, Hunter: Location One | Wednesday | 8/27/2025 | 8:53:37AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 471 | Harper, Hunter: Location One | Wednesday | 8/27/2025 | 8:55:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 472 | Harper, Hunter: Location One | Thursday | 8/28/2025 | 10:37:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 473 | Harper, Hunter: Location One | Thursday | 8/28/2025 | 11:59:44AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 474 | Harper, Hunter: Location One | Thursday | 8/28/2025 | 3:10:56PM | 1 | 3 | door 4 Back Door | 38578 |
| 475 | Harper, Hunter: Location One | Thursday | 8/28/2025 | 7:39:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 476 | Harper, Hunter: Location One | Friday | 8/29/2025 | 11:54:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 477 | Harper, Hunter: Location One | Monday | 9/8/2025 | 7:54:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 478 | Harper, Hunter: Location One | Tuesday | 9/9/2025 | 6:49:36AM | 1 | 3 | door 4 Back Door | 38578 |
| 479 | Harper, Hunter: Location One | Tuesday | 9/9/2025 | 1:07:27PM | 1 | 3 | door 4 Back Door | 38578 |
| 480 | Harper, Hunter: Location One | Thursday | 9/11/2025 | 9:23:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 481 | Harper, Hunter: Location One | Tuesday | 9/16/2025 | 8:01:16AM | 1 | 3 | door 4 Back Door | 38578 |
| 482 | Harper, Hunter: Location One | Thursday | 9/11/2025 | 1:05:43PM | 1 | 3 | door 4 Back Door | 38578 |
| 483 | Harper, Hunter: Location One | Friday | 9/12/2025 | 8:06:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 484 | Harper, Hunter: Location One | Monday | 9/15/2025 | 8:07:44AM | 1 | 3 | door 4 Back Door | 38578 |
| 485 | Harper, Hunter: Location One | Wednesday | 9/17/2025 | 7:43:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 486 | Harper, Hunter: Location One | Tuesday | 9/16/2025 | 11:19:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 487 | Harper, Hunter: Location One | Tuesday | 9/16/2025 | 1:09:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 488 | Harper, Hunter: Location One | Thursday | 9/18/2025 | 12:33:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 489 | Harper, Hunter: Location One | Thursday | 9/18/2025 | 3:05:02PM | 1 | 3 | door 4 Back Door | 38578 |
| 490 | Harper, Hunter: Location One | Friday | 9/19/2025 | 7:57:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 491 | Harper, Hunter: Location One | Monday | 9/22/2025 | 8:25:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 492 | Harper, Hunter: Location One | Monday | 9/22/2025 | 12:49:48PM | 1 | 3 | door 4 Back Door | 38578 |
| 493 | Harper, Hunter: Location One | Thursday | 9/18/2025 | 8:12:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 494 | Harper, Hunter: Location One | Tuesday | 9/23/2025 | 12:59:04PM | 1 | 3 | door 4 Back Door | 38578 |
| 495 | Harper, Hunter: Location One | Wednesday | 9/24/2025 | 1:35:31PM | 1 | 3 | door 4 Back Door | 38578 |
| 496 | Harper, Hunter: Location One | Wednesday | 9/24/2025 | 3:02:57PM | 1 | 1 | door 2 Break Room | 38578 |
| 497 | Harper, Hunter: Location One | Tuesday | 9/23/2025 | 7:57:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 498 | Harper, Hunter: Location One | Tuesday | 9/23/2025 | 9:42:44AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

## Uses Activity Report

Name of Report : **Reports**                                                                                      **5/20/2026**
Location Group : **Location One**                                                                                  **12:56:48PM**

|  | Start Date | 5/20/2024 | Stop Date | 5/20/2026 |
|---|---|---|---|---|
|  | Start Time | 0 | Stop Time | 2359 |

Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 499 | Harper, Hunter: Location One | Wednesday | 9/24/2025 | 8:10:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 500 | Harper, Hunter: Location One | Tuesday | 9/30/2025 | 8:05:38AM | 1 | 3 | door 4 Back Door | 38578 |
| 501 | Harper, Hunter: Location One | Tuesday | 9/30/2025 | 10:58:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 502 | Harper, Hunter: Location One | Tuesday | 9/30/2025 | 12:48:27PM | 1 | 3 | door 4 Back Door | 38578 |
| 503 | Harper, Hunter: Location One | Tuesday | 9/30/2025 | 12:51:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 504 | Harper, Hunter: Location One | Wednesday | 10/1/2025 | 7:48:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 505 | Harper, Hunter: Location One | Wednesday | 10/1/2025 | 12:23:24PM | 1 | 3 | door 4 Back Door | 38578 |
| 506 | Harper, Hunter: Location One | Wednesday | 10/1/2025 | 12:24:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 507 | Harper, Hunter: Location One | Tuesday | 9/30/2025 | 3:27:55PM | 1 | 3 | door 4 Back Door | 38578 |
| 508 | Harper, Hunter: Location One | Friday | 10/3/2025 | 8:05:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 509 | Harper, Hunter: Location One | Monday | 10/6/2025 | 7:54:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 510 | Harper, Hunter: Location One | Friday | 10/3/2025 | 1:14:35PM | 1 | 3 | door 4 Back Door | 38578 |
| 511 | Harper, Hunter: Location One | Monday | 10/13/2025 | 8:07:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 512 | Harper, Hunter: Location One | Monday | 10/13/2025 | 8:32:26AM | 1 | 3 | door 4 Back Door | 38578 |
| 513 | Harper, Hunter: Location One | Tuesday | 10/14/2025 | 11:21:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 514 | Harper, Hunter: Location One | Tuesday | 10/14/2025 | 1:31:11PM | 1 | 3 | door 4 Back Door | 38578 |
| 515 | Harper, Hunter: Location One | Tuesday | 10/14/2025 | 8:02:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 516 | Harper, Hunter: Location One | Tuesday | 10/14/2025 | 3:34:00PM | 1 | 3 | door 4 Back Door | 38578 |
| 517 | Harper, Hunter: Location One | Wednesday | 10/15/2025 | 7:58:34AM | 1 | 3 | door 4 Back Door | 38578 |
| 518 | Harper, Hunter: Location One | Wednesday | 10/15/2025 | 11:13:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 519 | Harper, Hunter: Location One | Monday | 10/20/2025 | 8:21:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 520 | Harper, Hunter: Location One | Monday | 10/20/2025 | 1:07:50PM | 1 | 3 | door 4 Back Door | 38578 |
| 521 | Harper, Hunter: Location One | Wednesday | 10/15/2025 | 1:35:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 522 | Harper, Hunter: Location One | Monday | 10/20/2025 | 10:37:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 523 | Harper, Hunter: Location One | Wednesday | 10/22/2025 | 11:17:17AM | 1 | 3 | door 4 Back Door | 38578 |
| 524 | Harper, Hunter: Location One | Wednesday | 10/22/2025 | 12:54:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 525 | Harper, Hunter: Location One | Wednesday | 10/22/2025 | 7:44:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 526 | Harper, Hunter: Location One | Monday | 10/27/2025 | 7:57:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 527 | Harper, Hunter: Location One | Monday | 10/27/2025 | 11:43:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 528 | Harper, Hunter: Location One | Tuesday | 10/28/2025 | 7:53:17AM | 1 | 3 | door 4 Back Door | 38578 |
| 529 | Harper, Hunter: Location One | Friday | 10/24/2025 | 7:56:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 530 | Harper, Hunter: Location One | Wednesday | 10/29/2025 | 1:06:09PM | 1 | 3 | door 4 Back Door | 38578 |
| 531 | Harper, Hunter: Location One | Monday | 11/3/2025 | 12:32:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 532 | Harper, Hunter: Location One | Wednesday | 10/29/2025 | 7:58:36AM | 1 | 3 | door 4 Back Door | 38578 |
| 533 | Harper, Hunter: Location One | Wednesday | 10/29/2025 | 1:17:49PM | 1 | 3 | door 4 Back Door | 38578 |
| 534 | Harper, Hunter: Location One | Wednesday | 10/29/2025 | 2:50:40PM | 1 | 1 | door 2 Break Room | 38578 |
| 535 | Harper, Hunter: Location One | Thursday | 10/30/2025 | 8:00:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 536 | Harper, Hunter: Location One | Friday | 10/31/2025 | 8:01:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 537 | Harper, Hunter: Location One | Monday | 11/3/2025 | 8:55:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 538 | Harper, Hunter: Location One | Tuesday | 11/4/2025 | 9:00:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 539 | Harper, Hunter: Location One | Tuesday | 11/4/2025 | 2:18:47PM | 1 | 3 | door 4 Back Door | 38578 |
| 540 | Harper, Hunter: Location One | Tuesday | 11/4/2025 | 3:49:59PM | 1 | 3 | door 4 Back Door | 38578 |
| 541 | Harper, Hunter: Location One | Friday | 11/7/2025 | 8:38:42AM | 1 | 3 | door 4 Back Door | 38578 |
| 542 | Harper, Hunter: Location One | Monday | 11/10/2025 | 10:37:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 543 | Harper, Hunter: Location One | Monday | 11/10/2025 | 1:09:08PM | 1 | 3 | door 4 Back Door | 38578 |
| 544 | Harper, Hunter: Location One | Thursday | 11/6/2025 | 8:59:22AM | 1 | 3 | door 4 Back Door | 38578 |
| 545 | Harper, Hunter: Location One | Thursday | 11/6/2025 | 12:18:52PM | 1 | 3 | door 4 Back Door | 38578 |
| 546 | Harper, Hunter: Location One | Monday | 11/10/2025 | 7:54:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 547 | Harper, Hunter: Location One | Monday | 11/10/2025 | 1:02:08PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 548 | Harper, Hunter: Location One | Tuesday | 11/11/2025 | 7:58:19AM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 197 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                                          **5/20/2026**
Location Group : **Location One**                                                                    **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 549 | Harper, Hunter: Location One | Tuesday | 11/11/2025 | 1:52:06PM | 1 | 3 | door 4 Back Door | 38578 |
| 550 | Harper, Hunter: Location One | Thursday | 11/13/2025 | 7:50:43AM | 1 | 3 | door 4 Back Door | 38578 |
| 551 | Harper, Hunter: Location One | Tuesday | 11/11/2025 | 10:21:39AM | 1 | 3 | door 4 Back Door | 38578 |
| 552 | Harper, Hunter: Location One | Monday | 11/17/2025 | 7:53:32AM | 1 | 3 | door 4 Back Door | 38578 |
| 553 | Harper, Hunter: Location One | Monday | 11/17/2025 | 9:01:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 554 | Harper, Hunter: Location One | Monday | 11/17/2025 | 2:56:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 555 | Harper, Hunter: Location One | Monday | 11/17/2025 | 11:32:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 556 | Harper, Hunter: Location One | Monday | 11/17/2025 | 1:19:00PM | 1 | 3 | door 4 Back Door | 38578 |
| 557 | Harper, Hunter: Location One | Tuesday | 11/18/2025 | 7:55:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 558 | Harper, Hunter: Location One | Tuesday | 11/18/2025 | 8:43:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 559 | Harper, Hunter: Location One | Tuesday | 11/18/2025 | 10:56:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 560 | Harper, Hunter: Location One | Tuesday | 11/18/2025 | 12:04:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 561 | Harper, Hunter: Location One | Tuesday | 11/18/2025 | 12:05:47PM | 1 | 1 | door 2 Break Room | 38578 |
| 562 | Harper, Hunter: Location One | Friday | 11/21/2025 | 1:01:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 563 | Harper, Hunter: Location One | Monday | 11/24/2025 | 10:53:33AM | 1 | 3 | door 4 Back Door | 38578 |
| 564 | Harper, Hunter: Location One | Monday | 11/24/2025 | 1:18:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 565 | Harper, Hunter: Location One | Tuesday | 11/25/2025 | 11:29:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 566 | Harper, Hunter: Location One | Tuesday | 11/25/2025 | 1:17:15PM | 1 | 3 | door 4 Back Door | 38578 |
| 567 | Harper, Hunter: Location One | Friday | 11/21/2025 | 7:48:59AM | 1 | 3 | door 4 Back Door | 38578 |
| 568 | Harper, Hunter: Location One | Friday | 11/21/2025 | 8:26:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 569 | Harper, Hunter: Location One | Monday | 11/24/2025 | 7:58:17AM | 1 | 3 | door 4 Back Door | 38578 |
| 570 | Harper, Hunter: Location One | Tuesday | 11/25/2025 | 7:55:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 571 | Harper, Hunter: Location One | Monday | 12/1/2025 | 7:55:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 572 | Harper, Hunter: Location One | Monday | 12/1/2025 | 12:45:19PM | 1 | 3 | door 4 Back Door | 38578 |
| 573 | Harper, Hunter: Location One | Tuesday | 12/2/2025 | 1:41:29PM | 1 | 3 | door 4 Back Door | 38578 |
| 574 | Harper, Hunter: Location One | Tuesday | 12/2/2025 | 7:58:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 575 | Harper, Hunter: Location One | Tuesday | 12/2/2025 | 10:58:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 576 | Harper, Hunter: Location One | Tuesday | 12/2/2025 | 1:02:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 577 | Harper, Hunter: Location One | Wednesday | 12/3/2025 | 11:00:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 578 | Harper, Hunter: Location One | Wednesday | 12/3/2025 | 3:48:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 579 | Harper, Hunter: Location One | Thursday | 12/4/2025 | 7:55:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 580 | Harper, Hunter: Location One | Monday | 12/8/2025 | 11:12:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 581 | Harper, Hunter: Location One | Wednesday | 12/3/2025 | 7:48:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 582 | Harper, Hunter: Location One | Wednesday | 12/3/2025 | 8:49:40AM | 1 | 3 | door 4 Back Door | 38578 |
| 583 | Harper, Hunter: Location One | Wednesday | 12/3/2025 | 1:02:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 584 | Harper, Hunter: Location One | Thursday | 12/4/2025 | 10:56:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 585 | Harper, Hunter: Location One | Monday | 12/8/2025 | 8:02:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 586 | Harper, Hunter: Location One | Monday | 12/8/2025 | 1:11:28PM | 1 | 3 | door 4 Back Door | 38578 |
| 587 | Harper, Hunter: Location One | Monday | 12/8/2025 | 2:24:29PM | 1 | 3 | door 4 Back Door | 38578 |
| 588 | Harper, Hunter: Location One | Wednesday | 12/10/2025 | 8:08:35AM | 1 | 3 | door 4 Back Door | 38578 |
| 589 | Harper, Hunter: Location One | Tuesday | 12/9/2025 | 8:01:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 590 | Harper, Hunter: Location One | Tuesday | 12/9/2025 | 1:37:33PM | 1 | 3 | door 4 Back Door | 38578 |
| 591 | Harper, Hunter: Location One | Wednesday | 12/10/2025 | 11:48:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 592 | Harper, Hunter: Location One | Wednesday | 12/10/2025 | 1:36:48PM | 1 | 3 | door 4 Back Door | 38578 |
| 593 | Harper, Hunter: Location One | Thursday | 12/11/2025 | 8:04:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 594 | Harper, Hunter: Location One | Friday | 12/12/2025 | 7:58:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 595 | Harper, Hunter: Location One | Tuesday | 12/16/2025 | 8:01:53AM | 1 | 3 | door 4 Back Door | 38578 |
| 596 | Harper, Hunter: Location One | Wednesday | 12/10/2025 | 1:51:33PM | 1 | 3 | door 4 Back Door | 38578 |
| 597 | Harper, Hunter: Location One | Monday | 12/15/2025 | 7:50:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 598 | Harper, Hunter: Location One | Monday | 12/15/2025 | 12:26:54PM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 198 of 257

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**
Location Group : **Location One**

**5/20/2026**
**12:56:48PM**

Start Date     5/20/2024          Stop Date     5/20/2026
Start Time     0                        Stop Time     2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 599 | Harper, Hunter: Location One | Monday | 12/15/2025 | 12:28:29PM | 1 | 3 | door 4 Back Door | 38578 |
| 600 | Harper, Hunter: Location One | Wednesday | 12/17/2025 | 8:02:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 601 | Harper, Hunter: Location One | Tuesday | 12/16/2025 | 1:12:22PM | 1 | 3 | door 4 Back Door | 38578 |
| 602 | Harper, Hunter: Location One | Wednesday | 12/17/2025 | 1:19:46PM | 1 | 1 | door 2 Break Room | 38578 |
| 603 | Harper, Hunter: Location One | Wednesday | 12/17/2025 | 1:22:37PM | 1 | 3 | door 4 Back Door | 38578 |
| 604 | Harper, Hunter: Location One | Wednesday | 12/17/2025 | 3:09:55PM | 1 | 1 | door 2 Break Room | 38578 |
| 605 | Harper, Hunter: Location One | Thursday | 12/18/2025 | 8:06:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 606 | Harper, Hunter: Location One | Thursday | 12/18/2025 | 8:44:24AM | 1 | 3 | door 4 Back Door | 38578 |
| 607 | Harper, Hunter: Location One | Thursday | 12/18/2025 | 3:19:26PM | 1 | 3 | door 4 Back Door | 38578 |
| 608 | Harper, Hunter: Location One | Monday | 12/22/2025 | 8:24:07AM | 1 | 3 | door 4 Back Door | 38578 |
| 609 | Harper, Hunter: Location One | Thursday | 12/18/2025 | 12:51:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 610 | Harper, Hunter: Location One | Monday | 12/22/2025 | 9:15:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 611 | Harper, Hunter: Location One | Monday | 12/22/2025 | 1:11:09PM | 1 | 3 | door 4 Back Door | 38578 |
| 612 | Harper, Hunter: Location One | Tuesday | 12/23/2025 | 8:03:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 613 | Harper, Hunter: Location One | Monday | 1/5/2026 | 7:59:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 614 | Harper, Hunter: Location One | Monday | 1/5/2026 | 1:10:28PM | 1 | 3 | door 4 Back Door | 38578 |
| 615 | Harper, Hunter: Location One | Monday | 1/5/2026 | 1:24:16PM | 1 | 3 | door 4 Back Door | 38578 |
| 616 | Harper, Hunter: Location One | Wednesday | 1/7/2026 | 8:01:15AM | 1 | 3 | door 4 Back Door | 38578 |
| 617 | Harper, Hunter: Location One | Tuesday | 1/6/2026 | 7:51:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 618 | Harper, Hunter: Location One | Tuesday | 1/6/2026 | 1:36:52PM | 1 | 3 | door 4 Back Door | 38578 |
| 619 | Harper, Hunter: Location One | Wednesday | 1/7/2026 | 12:49:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 620 | Harper, Hunter: Location One | Wednesday | 1/7/2026 | 12:51:43PM | 1 | 3 | door 4 Back Door | 38578 |
| 621 | Harper, Hunter: Location One | Thursday | 1/8/2026 | 7:56:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 622 | Harper, Hunter: Location One | Thursday | 1/8/2026 | 1:06:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 623 | Harper, Hunter: Location One | Monday | 1/12/2026 | 7:55:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 624 | Harper, Hunter: Location One | Monday | 1/12/2026 | 10:47:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 625 | Harper, Hunter: Location One | Monday | 1/12/2026 | 12:54:02PM | 1 | 3 | door 4 Back Door | 38578 |
| 626 | Harper, Hunter: Location One | Friday | 1/9/2026 | 8:04:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 627 | Harper, Hunter: Location One | Friday | 1/9/2026 | 8:13:29AM | 1 | 3 | door 4 Back Door | 38578 |
| 628 | Harper, Hunter: Location One | Friday | 1/9/2026 | 1:29:07PM | 1 | 3 | door 4 Back Door | 38578 |
| 629 | Harper, Hunter: Location One | Tuesday | 1/13/2026 | 9:35:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 630 | Harper, Hunter: Location One | Wednesday | 1/14/2026 | 11:00:20AM | 1 | 3 | door 4 Back Door | 38578 |
| 631 | Harper, Hunter: Location One | Wednesday | 1/14/2026 | 12:51:22PM | 1 | 3 | door 4 Back Door | 38578 |
| 632 | Harper, Hunter: Location One | Wednesday | 1/14/2026 | 1:36:25PM | 1 | 3 | door 4 Back Door | 38578 |
| 633 | Harper, Hunter: Location One | Tuesday | 1/13/2026 | 7:49:58AM | 1 | 3 | door 4 Back Door | 38578 |
| 634 | Harper, Hunter: Location One | Wednesday | 1/14/2026 | 7:49:17AM | 1 | 3 | door 4 Back Door | 38578 |
| 635 | Harper, Hunter: Location One | Thursday | 1/15/2026 | 8:40:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 636 | Harper, Hunter: Location One | Tuesday | 1/20/2026 | 8:04:14AM | 1 | 3 | door 4 Back Door | 38578 |
| 637 | Harper, Hunter: Location One | Tuesday | 1/20/2026 | 12:34:00PM | 1 | 3 | door 4 Back Door | 38578 |
| 638 | Harper, Hunter: Location One | Wednesday | 1/21/2026 | 7:55:11AM | 1 | 3 | door 4 Back Door | 38578 |
| 639 | Harper, Hunter: Location One | Wednesday | 1/21/2026 | 1:42:17PM | 1 | 3 | door 4 Back Door | 38578 |
| 640 | Harper, Hunter: Location One | Thursday | 1/22/2026 | 7:53:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 641 | Harper, Hunter: Location One | Friday | 1/23/2026 | 8:05:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 642 | Harper, Hunter: Location One | Friday | 1/23/2026 | 11:49:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 643 | Harper, Hunter: Location One | Friday | 1/23/2026 | 1:25:09PM | 1 | 3 | door 4 Back Door | 38578 |
| 644 | Harper, Hunter: Location One | Tuesday | 1/27/2026 | 2:40:35PM | 1 | 3 | door 4 Back Door | 38578 |
| 645 | Harper, Hunter: Location One | Wednesday | 1/28/2026 | 7:49:19AM | 1 | 3 | door 4 Back Door | 38578 |
| 646 | Harper, Hunter: Location One | Tuesday | 1/27/2026 | 7:52:08AM | 1 | 3 | door 4 Back Door | 38578 |
| 647 | Harper, Hunter: Location One | Tuesday | 1/27/2026 | 1:51:52PM | 1 | 3 | door 4 Back Door | 38578 |
| 648 | Harper, Hunter: Location One | Thursday | 1/29/2026 | 12:56:08PM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 23    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 199 of 257    RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report : **Reports**                                                                          **5/20/2026**
Location Group : **Location One**                                                                      **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                  Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|---|---|---|---|---|---|---|---|
| 649 | Harper, Hunter: Location One | Thursday | 1/29/2026 | 1:00:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 650 | Harper, Hunter: Location One | Wednesday | 1/28/2026 | 12:31:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 651 | Harper, Hunter: Location One | Wednesday | 1/28/2026 | 1:22:35PM | 1 | 3 | door 4 Back Door | 38578 |
| 652 | Harper, Hunter: Location One | Thursday | 1/29/2026 | 7:59:48AM | 1 | 3 | door 4 Back Door | 38578 |
| 653 | Harper, Hunter: Location One | Monday | 2/2/2026 | 2:27:09PM | 1 | 1 | door 2 Break Room | 38578 |
| 654 | Harper, Hunter: Location One | Monday | 2/2/2026 | 3:00:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 655 | Harper, Hunter: Location One | Monday | 2/2/2026 | 1:22:37PM | 1 | 3 | door 4 Back Door | 38578 |
| 656 | Harper, Hunter: Location One | Tuesday | 2/3/2026 | 8:00:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 657 | Harper, Hunter: Location One | Tuesday | 2/3/2026 | 1:15:10PM | 1 | 3 | door 4 Back Door | 38578 |
| 658 | Harper, Hunter: Location One | Monday | 2/9/2026 | 7:51:47AM | 1 | 3 | door 4 Back Door | 38578 |
| 659 | Harper, Hunter: Location One | Tuesday | 2/10/2026 | 8:06:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 660 | Harper, Hunter: Location One | Tuesday | 2/10/2026 | 12:45:02PM | 1 | 3 | door 4 Back Door | 38578 |
| 661 | Harper, Hunter: Location One | Monday | 2/9/2026 | 1:28:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 662 | Harper, Hunter: Location One | Wednesday | 2/11/2026 | 8:04:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 663 | Harper, Hunter: Location One | Friday | 2/13/2026 | 9:49:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 664 | Harper, Hunter: Location One | Friday | 2/13/2026 | 1:21:03PM | 1 | 3 | door 4 Back Door | 38578 |
| 665 | Harper, Hunter: Location One | Tuesday | 2/17/2026 | 9:30:25AM | 1 | 3 | door 4 Back Door | 38578 |
| 666 | Harper, Hunter: Location One | Tuesday | 2/17/2026 | 12:19:12PM | 1 | 3 | door 4 Back Door | 38578 |
| 667 | Harper, Hunter: Location One | Friday | 2/13/2026 | 7:48:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 668 | Harper, Hunter: Location One | Thursday | 2/19/2026 | 8:39:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 669 | Harper, Hunter: Location One | Thursday | 2/19/2026 | 12:57:40PM | 1 | 3 | door 4 Back Door | 38578 |
| 670 | Harper, Hunter: Location One | Wednesday | 2/18/2026 | 7:49:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 671 | Harper, Hunter: Location One | Friday | 2/20/2026 | 8:12:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 672 | Harper, Hunter: Location One | Friday | 2/20/2026 | 11:10:38AM | 1 | 3 | door 4 Back Door | 38578 |
| 673 | Harper, Hunter: Location One | Friday | 2/20/2026 | 1:35:54PM | 1 | 3 | door 4 Back Door | 38578 |
| 674 | Harper, Hunter: Location One | Monday | 2/23/2026 | 3:34:38PM | 1 | 3 | door 4 Back Door | 38578 |
| 675 | Harper, Hunter: Location One | Tuesday | 2/24/2026 | 10:39:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 676 | Harper, Hunter: Location One | Tuesday | 2/24/2026 | 12:52:32PM | 1 | 3 | door 4 Back Door | 38578 |
| 677 | Harper, Hunter: Location One | Wednesday | 2/25/2026 | 8:07:14AM | 1 | 3 | door 4 Back Door | 38578 |
| 678 | Harper, Hunter: Location One | Friday | 2/20/2026 | 2:43:39PM | 1 | 3 | door 4 Back Door | 38578 |
| 679 | Harper, Hunter: Location One | Monday | 2/23/2026 | 11:06:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 680 | Harper, Hunter: Location One | Tuesday | 2/24/2026 | 7:56:51AM | 1 | 3 | door 4 Back Door | 38578 |
| 681 | Harper, Hunter: Location One | Wednesday | 2/25/2026 | 12:46:01PM | 1 | 3 | door 4 Back Door | 38578 |
| 682 | Harper, Hunter: Location One | Monday | 3/2/2026 | 7:56:06AM | 1 | 3 | door 4 Back Door | 38578 |
| 683 | Harper, Hunter: Location One | Monday | 3/2/2026 | 12:36:17PM | 1 | 3 | door 4 Back Door | 38578 |
| 684 | Harper, Hunter: Location One | Tuesday | 3/3/2026 | 7:55:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 685 | Harper, Hunter: Location One | Tuesday | 3/3/2026 | 12:55:20PM | 1 | 3 | door 4 Back Door | 38578 |
| 686 | Harper, Hunter: Location One | Tuesday | 3/3/2026 | 1:44:31PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 687 | Harper, Hunter: Location One | Tuesday | 3/3/2026 | 1:44:57PM | 1 | 3 | door 4 Back Door | 38578 |
| 688 | Harper, Hunter: Location One | Wednesday | 3/4/2026 | 8:08:44AM | 1 | 3 | door 4 Back Door | 38578 |
| 689 | Harper, Hunter: Location One | Thursday | 3/5/2026 | 7:54:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 690 | Harper, Hunter: Location One | Thursday | 3/5/2026 | 8:45:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 691 | Harper, Hunter: Location One | Thursday | 3/5/2026 | 1:27:47PM | 1 | 3 | door 4 Back Door | 38578 |
| 692 | Harper, Hunter: Location One | Wednesday | 3/4/2026 | 11:27:09AM | 1 | 3 | door 2 Break Room | 38578 |
| 693 | Harper, Hunter: Location One | Wednesday | 3/4/2026 | 12:52:05PM | 1 | 3 | door 4 Back Door | 38578 |
| 694 | Harper, Hunter: Location One | Thursday | 3/5/2026 | 9:52:34AM | 1 | 3 | door 4 Back Door | 38578 |
| 695 | Harper, Hunter: Location One | Thursday | 3/5/2026 | 12:54:33PM | 1 | 3 | door 4 Back Door | 38578 |
| 696 | Harper, Hunter: Location One | Thursday | 3/5/2026 | 12:58:53PM | 1 | 3 | door 4 Back Door | 38578 |
| 697 | Harper, Hunter: Location One | Friday | 3/6/2026 | 8:01:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 698 | Harper, Hunter: Location One | Monday | 3/9/2026 | 12:03:11PM | 1 | 3 | door 4 Back Door | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Uses Activity Report

Name of Report :**Reports**                                                                                                 **5/20/2026**
Location Group :**Location One**                                                                                   **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                        Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | | CODE |
|---|------------|------|---|---|-----|--------|---|------|
| 699 | Harper, Hunter: Location One | Monday | 3/9/2026 | 12:05:00PM | 1 | 3 | door 4 Back Door | 38578 |
| 700 | Harper, Hunter: Location One | Tuesday | 3/10/2026 | 9:32:25AM | 1 | 3 | door 4 Back Door | 38578 |
| 701 | Harper, Hunter: Location One | Tuesday | 3/10/2026 | 10:08:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 702 | Harper, Hunter: Location One | Friday | 3/6/2026 | 1:24:42PM | 1 | 3 | door 4 Back Door | 38578 |
| 703 | Harper, Hunter: Location One | Monday | 3/9/2026 | 6:58:24AM | 1 | 3 | door 4 Back Door | 38578 |
| 704 | Harper, Hunter: Location One | Tuesday | 3/10/2026 | 6:48:51AM | 1 | 3 | door 4 Back Door | 38578 |
| 705 | Harper, Hunter: Location One | Wednesday | 3/11/2026 | 7:00:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 706 | Harper, Hunter: Location One | Tuesday | 3/17/2026 | 11:56:51AM | 1 | 3 | door 4 Back Door | 38578 |
| 707 | Harper, Hunter: Location One | Wednesday | 3/18/2026 | 7:01:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 708 | Harper, Hunter: Location One | Thursday | 3/19/2026 | 7:04:02AM | 1 | 3 | door 4 Back Door | 38578 |
| 709 | Harper, Hunter: Location One | Thursday | 3/19/2026 | 10:02:46AM | 1 | 3 | door 4 Back Door | 38578 |
| 710 | Harper, Hunter: Location One | Tuesday | 3/17/2026 | 7:02:55AM | 1 | 3 | door 4 Back Door | 38578 |
| 711 | Harper, Hunter: Location One | Thursday | 3/19/2026 | 12:44:45PM | 1 | 3 | door 4 Back Door | 38578 |
| 712 | Harper, Hunter: Location One | Friday | 3/20/2026 | 11:51:33AM | 1 | 3 | door 4 Back Door | 38578 |
| 713 | Harper, Hunter: Location One | Friday | 3/20/2026 | 12:16:04PM | 1 | 3 | door 4 Back Door | 38578 |
| 714 | Harper, Hunter: Location One | Friday | 3/20/2026 | 1:52:59PM | 1 | 3 | door 4 Back Door | 38578 |
| 715 | Harper, Hunter: Location One | Monday | 3/23/2026 | 12:46:05PM | 1 | 3 | door 4 Back Door | 38578 |
| 716 | Harper, Hunter: Location One | Friday | 3/20/2026 | 7:34:05AM | 1 | 3 | door 4 Back Door | 38578 |
| 717 | Harper, Hunter: Location One | Friday | 3/20/2026 | 7:54:12AM | 1 | 3 | door 4 Back Door | 38578 |
| 718 | Harper, Hunter: Location One | Friday | 3/20/2026 | 9:32:06AM | 1 | 3 | door 4 Back Door | 38578 |
| 719 | Harper, Hunter: Location One | Friday | 3/20/2026 | 10:03:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 720 | Harper, Hunter: Location One | Monday | 3/23/2026 | 8:34:44AM | 1 | 3 | door 4 Back Door | 38578 |
| 721 | Harper, Hunter: Location One | Monday | 3/23/2026 | 9:42:21AM | 1 | 3 | door 4 Back Door | 38578 |
| 722 | Harper, Hunter: Location One | Tuesday | 3/31/2026 | 7:06:39AM | 1 | 3 | door 4 Back Door | 38578 |
| 723 | Harper, Hunter: Location One | Tuesday | 3/31/2026 | 8:46:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 724 | Harper, Hunter: Location One | Tuesday | 3/31/2026 | 2:32:53PM | 1 | 3 | door 4 Back Door | 38578 |
| 725 | Harper, Hunter: Location One | Thursday | 4/2/2026 | 7:05:29AM | 1 | 3 | door 4 Back Door | 38578 |
| 726 | Harper, Hunter: Location One | Wednesday | 4/1/2026 | 10:06:27AM | 1 | 3 | door 4 Back Door | 38578 |
| 727 | Harper, Hunter: Location One | Wednesday | 4/1/2026 | 12:58:18PM | 1 | 3 | door 4 Back Door | 38578 |
| 728 | Harper, Hunter: Location One | Thursday | 4/2/2026 | 12:22:51PM | 1 | 3 | door 4 Back Door | 38578 |
| 729 | Harper, Hunter: Location One | Monday | 4/6/2026 | 6:48:30AM | 1 | 3 | door 4 Back Door | 38578 |
| 730 | Harper, Hunter: Location One | Monday | 4/6/2026 | 7:10:46AM | 1 | 0 | door 1 Main Entrance | 38578 |
| 731 | Harper, Hunter: Location One | Monday | 4/6/2026 | 7:11:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 732 | Harper, Hunter: Location One | Monday | 4/6/2026 | 7:40:14AM | 1 | 3 | door 4 Back Door | 38578 |
| 733 | Harper, Hunter: Location One | Monday | 4/6/2026 | 12:08:11PM | 1 | 3 | door 4 Back Door | 38578 |
| 734 | Harper, Hunter: Location One | Tuesday | 4/7/2026 | 6:59:00AM | 1 | 3 | door 4 Back Door | 38578 |
| 735 | Harper, Hunter: Location One | Wednesday | 4/8/2026 | 1:19:08PM | 1 | 3 | door 4 Back Door | 38578 |
| 736 | Harper, Hunter: Location One | Monday | 4/6/2026 | 8:26:31AM | 1 | 3 | door 4 Back Door | 38578 |
| 737 | Harper, Hunter: Location One | Tuesday | 4/7/2026 | 9:06:54AM | 1 | 3 | door 4 Back Door | 38578 |
| 738 | Harper, Hunter: Location One | Tuesday | 4/7/2026 | 11:55:10AM | 1 | 3 | door 4 Back Door | 38578 |
| 739 | Harper, Hunter: Location One | Tuesday | 4/7/2026 | 11:56:50AM | 1 | 3 | door 4 Back Door | 38578 |
| 740 | Harper, Hunter: Location One | Wednesday | 4/8/2026 | 6:50:36AM | 1 | 3 | door 4 Back Door | 38578 |
| 741 | Harper, Hunter: Location One | Wednesday | 4/8/2026 | 9:07:29AM | 1 | 3 | door 4 Back Door | 38578 |
| 742 | Harper, Hunter: Location One | Monday | 4/13/2026 | 7:07:28AM | 1 | 3 | door 4 Back Door | 38578 |
| 743 | Harper, Hunter: Location One | Monday | 4/13/2026 | 10:25:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 744 | Harper, Hunter: Location One | Tuesday | 4/14/2026 | 6:56:52AM | 1 | 3 | door 4 Back Door | 38578 |
| 745 | Harper, Hunter: Location One | Tuesday | 4/14/2026 | 7:14:48AM | 1 | 3 | door 4 Back Door | 38578 |
| 746 | Harper, Hunter: Location One | Tuesday | 4/14/2026 | 11:41:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 747 | Harper, Hunter: Location One | Tuesday | 4/14/2026 | 11:44:49AM | 1 | 3 | door 4 Back Door | 38578 |
| 748 | Harper, Hunter: Location One | Wednesday | 4/15/2026 | 8:16:16AM | 1 | 0 | door 1 Main Entrance | 38578 |

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 23    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 201 of 257    INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

## Uses Activity Report

Name of Report :**Reports**                                                                                              **5/20/2026**
Location Group :**Location One**                                                                                     **12:56:48PM**

Start Date    5/20/2024          Stop Date    5/20/2026
Start Time    0                      Stop Time    2359
Apply Start/Stop Time To Each Day

Company : **Location One**

| # | CARDHOLDER | TIME | | | Loc | DEVICE | CODE |
|---|---|---|---|---|---|---|---|
| 749 | Harper, Hunter: Location One | Monday | 4/13/2026 | 12:22:35PM | 1 | 3 | door 4 Back Door | 38578 |
| 750 | Harper, Hunter: Location One | Wednesday | 4/15/2026 | 7:00:24AM | 1 | 3 | door 4 Back Door | 38578 |
| 751 | Harper, Hunter: Location One | Wednesday | 4/15/2026 | 12:18:37PM | 1 | 3 | door 4 Back Door | 38578 |
| 752 | Harper, Hunter: Location One | Wednesday | 4/15/2026 | 12:34:58PM | 1 | 3 | door 4 Back Door | 38578 |
| 753 | Harper, Hunter: Location One | Friday | 4/17/2026 | 7:02:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 754 | Harper, Hunter: Location One | Friday | 4/17/2026 | 9:09:59AM | 1 | 3 | door 4 Back Door | 38578 |
| 755 | Harper, Hunter: Location One | Monday | 4/20/2026 | 9:46:32AM | 1 | 3 | door 4 Back Door | 38578 |
| 756 | Harper, Hunter: Location One | Monday | 4/27/2026 | 6:59:57AM | 1 | 3 | door 4 Back Door | 38578 |
| 757 | Harper, Hunter: Location One | Monday | 4/27/2026 | 11:55:04AM | 1 | 3 | door 4 Back Door | 38578 |
| 758 | Harper, Hunter: Location One | Tuesday | 4/21/2026 | 2:30:39PM | 1 | 0 | door 1 Main Entrance | 38578 |
| 759 | Harper, Hunter: Location One | Tuesday | 4/28/2026 | 7:02:56AM | 1 | 3 | door 4 Back Door | 38578 |
| 760 | Harper, Hunter: Location One | Tuesday | 4/28/2026 | 11:52:20AM | 1 | 3 | door 4 Back Door | 38578 |
| 761 | Harper, Hunter: Location One | Thursday | 4/30/2026 | 10:09:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 762 | Harper, Hunter: Location One | Monday | 5/4/2026 | 6:54:37AM | 1 | 3 | door 4 Back Door | 38578 |
| 763 | Harper, Hunter: Location One | Monday | 5/4/2026 | 8:51:59AM | 1 | 3 | door 4 Back Door | 38578 |
| 764 | Harper, Hunter: Location One | Thursday | 4/30/2026 | 6:56:09AM | 1 | 3 | door 4 Back Door | 38578 |
| 765 | Harper, Hunter: Location One | Friday | 5/1/2026 | 7:00:18AM | 1 | 3 | door 4 Back Door | 38578 |
| 766 | Harper, Hunter: Location One | Friday | 5/1/2026 | 7:56:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 767 | Harper, Hunter: Location One | Wednesday | 5/6/2026 | 7:07:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 768 | Harper, Hunter: Location One | Monday | 5/11/2026 | 12:25:36PM | 1 | 3 | door 4 Back Door | 38578 |
| 769 | Harper, Hunter: Location One | Tuesday | 5/12/2026 | 7:02:01AM | 1 | 3 | door 4 Back Door | 38578 |
| 770 | Harper, Hunter: Location One | Monday | 5/11/2026 | 6:49:20AM | 1 | 3 | door 4 Back Door | 38578 |
| 771 | Harper, Hunter: Location One | Tuesday | 5/12/2026 | 10:40:13AM | 1 | 3 | door 4 Back Door | 38578 |
| 772 | Harper, Hunter: Location One | Saturday | 5/16/2026 | 8:37:45AM | 1 | 3 | door 4 Back Door | 38578 |
| 773 | Harper, Hunter: Location One | Monday | 5/18/2026 | 6:41:25AM | 1 | 0 | door 1 Main Entrance | 38578 |

**Uses by Location One = 773**

**Total Uses by All  Users = 773**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 202 of 257

At I.A.S. Part 3 of the Supreme Court of the State of New York, held in and for the County of New York on ___ day of May, 2026

PRESENT:

Hon. Justice_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, COMMERCIAL DIVISION

| | |
|---|---|
| MARSH & McLENNAN AGENCY LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO,<br><br>Defendants. | Index No.<br><br>**<u>ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER</u>** |

Upon the Affirmation of Mary Parkin, Affirmation of Susan Barnett, and Affirmation of Joseph Mungenast, the exhibits annexed thereto, the accompanying memorandum of law, the Verified Complaint and the exhibits annexed thereto, and sufficient cause appearing therefore, and the appearance of Plaintiff's attorneys of record, it is hereby:

ORDERED that the above-named Defendants show cause before this Court, Justice _____ at the Supreme Court, Civil Term, 60 Centre Street, New York, New York on the ___ day of May, 2026 at _____ or as soon thereafter as counsel may be heard, why an order under CPLR §§ 6301 and 6313 should not be entered:

1.    Pursuant to the Non-Solicitation and Confidentiality Agreement between Keith Wallace Harrelson and Plaintiff Marsh & McLennan Agency LLC ("MMA") (the

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

"Harrelson Agreement"); the Non-Solicitation and Confidentiality Agreement between Ryan McClendon and MMA (the "McClendon Agreement"); the Non-Solicitation and Confidentiality Agreement between Albert Bowen Evans and MMA (the "Evans Agreement"); the Non-Solicitation and Confidentiality Agreement between Jeffrey Cutshall and MMA (the "Cutshall Agreement"); the Non-Solicitation and Confidentiality Agreement between Rebecca Burrus and MMA (the "Burrus Agreement"); the Non-Solicitation and Confidentiality Agreement between Hailee Wesson (formerly known as Hailee Rozier) and MMA (the "Wesson Agreement"); the Non-Solicitation and Confidentiality Agreement between Hunter Harper and MMA (the "Harper Agreement"); and the Non-Solicitation and Confidentiality Agreement between Jennifer Barranco and MMA (the "Barranco Agreement") (collectively, with the Harrelson Agreement, the McClendon Agreement, the Evans Agreement, the Cutshall Agreement, the Burrus Agreement, the Wesson Agreement, and the Harper Agreement, the "MMA Agreements"), enjoining Defendant Patriot Growth Insurance Services, LLC, and their officers, employees, agents, attorneys, parent companies, subsidiaries, affiliates, branches and all other persons or entities acting in concert with them ("Patriot") from:

  a. inducing the breach of any of Harrelson's obligations under the Harrelson Agreement;

  b. inducing the breach of any of McClendon's obligations under the McClendon Agreement;

  c. inducing the breach of any of Evans' obligations under the Evans Agreement;

  d. inducing the breach of any of Cutshall's obligations under the Cutshall Agreement;

  e. inducing the breach of any of Burrus's obligations under the Burrus Agreement;

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 204 of 257

f.   inducing the breach of any of Wesson's obligations under the Wesson Agreement;

g.   inducing the breach of any of Harper's obligations under the Harper Agreement;

h.   inducing the breach of any of Barranco's obligations under the Barranco Agreement;

i.   permitting Harrelson, McClendon, Evans, Cutshall, Burrus, Wesson, Harper, or Barranco (collectively, the "Individual Defendants"), for the next two years, to contact, solicit, or service those policy holders, clients or prospective clients of MMA with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively, for the purpose of selling or providing insurance, bonding and benefits products and services of the type sold or provided by the Individual Defendants while employed by MMA, respectively, if such solicitation, contact or services involves the Individual Defendants in any way, directly or indirectly;

j.   soliciting or accepting insurance, risk management or bonding business from policy holders, clients or prospective clients of MMA who the Individual Defendants solicited, serviced or supervised during the last two years of employment with MMA;

k.   permitting the Individual Defendants, for the next two years, to contact or solicit, directly or through others, MMA employees with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively, to join Patriot or otherwise terminated their employment with MMA;

l.   soliciting, inducing or encouraging employees of MMA to terminate employment with MMA;

m.   inducing the use, disclosure and/or misappropriation of any of MMA's confidential information and/or trade secrets;

n.   using, disclosing and/or misappropriating any of MMA's confidential information and/or trade secrets;

o.   unfairly competing with MMA through the use of its confidential information and/or trade secrets, and misappropriation of MMA's good will with its clients;

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 205 of 257

p.  inducing the breach of the Individual Defendants' duty of loyalty owed to MMA;

q.  assisting others to do the acts specified in paragraphs 1(a)-(p) and

r.  granting MMA such other relief as may be just and proper; and

2.  Pursuant to the MMA Agreements, enjoining and restraining the Individual Defendants from:

a.  breaching their obligations under the MMA Agreements;

b.  soliciting insurance, risk management or bonding business from client or prospective clients of MMA with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively;

c.  inducing clients or prospective clients of MMA with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively, to terminate, cancel, not renew, or not place business with MMA;

d.  performing or supervising the performance of insurance, risk management or bonding services or projects to clients or prospective clients of MMA with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively;

e.  soliciting or endeavoring to cause MMA employees with whom with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively, to leave employment with MMA;

f.  using, disclosing and/or disseminating any of MMA's confidential information and/or trade secrets, including but not limited to, to solicit clients or prospective clients of MMC for the purpose of providing insurance, risk management or bonding services of the type provided by the Individual Defendants while employed by MMA;

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 206 of 257

g.  unfairly competing with MMA through the use of its confidential information and/or trade secrets, and misappropriation of MMA's good will with its clients;

h.  breaching their duty of loyalty owed to MMA;

i.  assisting others to do the acts specified in paragraphs 2(a)-(h);

j.  granting MMA such other relief as may be just and proper; and it is further

ORDERED that, pending the hearing and determination of this Motion for Temporary Restraining Order, and the entry of an Order thereon, Defendants are enjoined and temporarily restrained as follows:

3.  The Individual Defendants are restrained from:

a.  soliciting, accepting or servicing insurance, risk management or bonding business from clients or prospective clients of MMA with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively;

b.  inducing clients or prospective clients of MMA with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively, to terminate, cancel, not renew, or not place business with MMA;

c.  soliciting or endeavoring to cause MMA employees with whom with whom the Individual Defendants had contact, or about whom the Individual Defendants obtained confidential information and/or trade secrets during the last two years of employment with MMA, respectively, to leave employment with MMA;

d.  breaching or inducing the breach of any MMA Agreement;

e.  breaching or inducing the breach of the duty of loyalty owed to MMA;

f.  assisting others do the acts specified in this paragraph (3);

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

4.     Patriot is restrained from inducing or causing the Individual Defendants to engage in conduct prohibited in paragraph 3 above;

5.     Defendants are restrained from using, disclosing and/or disseminating any of MMA's confidential information and/or trade secrets;

6.     Defendants are restrained from unfairly competing with MMA, and misappropriating MMA's good will with its clients, through the use of MMA's confidential information and/or trade secrets;

7.     Defendants are required to return any and all original and copies of documents or electronic data containing MMA's confidential information and/or trade secrets, and the parties are ordered to confer and to work together in good faith to facilitate the forensic examination, return, and permanent deletion of such information;

AND IT IS FURTHER ORDERED, that service of this Order to Show Cause and the papers upon which it is based, has been accepted by Defendants' attorney of record;

AND IT IS FURTHER ORDERED, that the following briefing schedule shall apply:

a.  Plaintiff's memorandum of law and papers in support of its motion for a temporary restraining order shall be served and e-filed by _____, 2026;

b.  Defendants' memorandum of law and papers in opposition to Plaintiff's motion for a temporary restraining order shall be served and e-filed by _____, 2026; and

c.  Plaintiff's reply papers shall be served and e-filed by _____, 2026.

AND IT IS FURTHER ORDERED that Defendants shall serve and e-file their answer by not later than _____, 2026; AND IT IS FURTHER ORDERED that the parties may commence

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 208 of 257

narrowly tailored discovery immediately.

ENTER:

_____
                                          J.S.C.

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 25    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 209 of 257    RECEIVED NYSCEF: 05/27/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| MARSH & McLENNAN AGENCY LLC, | Index No. |
| Plaintiff, | |
| vs. | |
| PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO, | |
| Defendants. | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

Clifford R. Atlas
Paige C. Goldberg

ATTORNEYS FOR PLAINTIFF

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................. iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 2

    A.    The Individual Defendants' Employment With MMA. .......................................... 2

    B.    Defendants' Solicitation and Servicing of MMA's Clients. ................................. 6

ARGUMENT ................................................................................................................... 8

I.    MMA IS LIKELY TO SUCCEED ON THE MERITS. ........................................... 9

    A.    MMA Is Likely To Succeed On Its Claims For Breach Of Contract. ................................................................................................................... 9

        1.    The MMA Agreements Are Valid And Enforceable. ................................ 9

            a.    The Non-Solicitation And Confidentiality Covenants Are Enforceable. .......................................................... 9

            b.    The Restraints Protect MMA's Legitimate Interests. ...................................................................................... 10

            c.    The Restraints Protect MMA's Client Base and Goodwill. ...................................................................................... 11

            d.    The Restraints Protect MMA's Workforce. ................................ 11

            e.    The Restraints Protect MMA's Confidential Information. ...................................................................................... 12

            f.    The Restraints Are Reasonable In Time And Geographic Scope. ....................................................................... 13

            g.    The MMA Agreements Do Not Unduly Burden The Individual Defendants ............................................... 14

            h.    The Agreements Are Not Injurious to the Public. ...................................................................................... 14

        2.    The Individual Defendants Breached their MMA Agreements. ....................................................................................... 15

    B.    MMA Is Likely To Succeed On Its Misappropriation Claim. ................................................................................................................ 17

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 25    Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 211 of 257    RECEIVED NYSCEF: 05/27/2026

C.     MMA Is Likely To Succeed On Its Breach Of Duty Of Loyalty Claim Against The Individual Defendants. ............................... 19

D.     MMA Is Likely To Succeed On Its Tortious Interference Claim. .......................................................................................... 20

E.     MMA Is Likely To Succeed On Its Claim Of Unfair Competition. ..................................................................................... 20

II.    MMA WILL SUFFER IRREPARABLE HARM ABSENT AN INJUNCTION. ....................................................................................... 21

A.     Defendants Are Diminishing MMA's Goodwill With Clients And Causing Harm. ....................................................... 21

B.     Defendants' Actual And Threatened Use And Disclosure Of MMA's Confidential  Information Constitutes Irreparable Harm. ..................................................................................................... 22

C.     Irreparable Harm Is Conceded In The Agreements. ............................. 23

III.   THE BALANCE OF EQUITIES WEIGHS IN FAVOR OF MMA. ............................. 23

CONCLUSION ................................................................................................... 24

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

1 Model Mgt., LLC v Kavoussi,
    918 N.Y.S.2d 431 (1st Dep't 2011) ......................................................13

7th Sense, Inc. v. Liu,
    220 A.D.2d, 216 216 (1st Dep't 1995) ......................................................21

Am. Bldg. Maint. Co. v. ACME Prop. Servs.,
    515 F. Supp. 2d 298 (N.D.N.Y 2007) ......................................................18

Anacomp, Inc. v. Shell Knob Services, Inc.,
    1994 U.S. Dist. LEXIS 223 (S.D.N.Y. Jan. 10, 1994) ......................................................21

Aon Risk Servs., N.C. v. Cusack,
    34 Misc. 3d 1205(A) (Sup. Ct. N.Y. Cnty. Dec. 20, 2011) (Fried, J.) ......................................................12

Ashland Mgmt. Inc. v. Janien,
    82 N.Y.2d 395 (1993) ......................................................17

BDO Seidman v. Hirshberg,
    93 N.Y.2d 382 (1999) ......................................................9, 10, 13, 15

Bingham v. Struve,
    184 A.D.2d 85 (1st Dep't 1992) ......................................................9

Bond Buyer v. Dealers Digest Publishing Co.,
    25 A.D.2d 158, 267 N.Y.S.2d 944 (1st Dep't 1966) ......................................................21

Boss v. Am. Express Financial Advisors, Inc.,
    6 N.Y.3d 242 (2006) ......................................................8

Bridgeview Capital Solutions, LLC v Eiger,
    2008 N.Y. Misc. LEXIS 9159 (Sup. Ct. N.Y. Cnty. 2008) ......................................................8

Business Intelligence Servs., Inc. v. Hudson,
    580 F. Supp. 1068 (S.D.N.Y. 1984) ......................................................18

CBS Corp. v. Dumsday,
    268 A.D.2d 350, 702 N.Y.S.2d 248 (1st Dep't 2000) ......................................................18, 19

Chernoff Diamond & Co. v. Fitzmaurice,
    234 A.D.2d 200 (1st Dep't 1996) ......................................................10, 11, 13, 16

iii

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Creative Collections of N.Y., Inc. v. Diblasi,
    841 N.Y.S.2d 218, 2007 N.Y. Misc. LEXIS 3154 (Sup. Ct. Erie Cnty. Apr.
    24, 2007) .....................................................................................................................22

Crown IT Servs. v. Koval-Olsen,
    11 A.D.3d 263 (1st Dep't 2004) ..................................................................................22

Dauphin v. Crownbrook ACC LLC,
    2014 U.S. Dist. LEXIS 67128 (E.D.N.Y. May 15, 2014) ...........................................18

DDS Partners, LLC v. Celenza,
    16 A.D.3d 114 (1st Dep't 2005) .............................................................................19, 20

Demartini v. Chatham Green, Inc.,
    169 A.D.2d 689 (1st Dep't 1991) ..................................................................................9

DeWitt Stern Group v. Eisenberg,
    2013 U.S. Dist. LEXIS 78598 (S.D.N.Y. June 3, 2013).............................................10

Fewer v. GFI Group, Inc.,
    124 A.D.3d 457 (1st Dep't 2015) ................................................................................20

Foster v. Churchill,
    87 N.Y.2d 744 (1996) ..................................................................................................20

Global Telesystems, Inc. v. KPNQwest,
    151 F. Supp. 2d 478 (S.D.N.Y. 2001) ("New York recognizes the
    enforceability of covenants not to solicit employees").................................................12

Group Health Solutions Inc. v. Smith,
    32 Misc. 3d 1244(A), 938 N.Y.S.2d 227 (Sup. Ct. N.Y. Cty. 2011).....................................13

Gundermann & Gundermann Ins. v. Brassill,
    46 A.D.3d 615 (2d Dep't 2007) ...............................................9, 11, 13, 17, 18, 22

IKON Office Solutions, Inc. v. Usherwood Office Tech., Inc.,
    2008 N.Y. Misc. LEXIS 7059 (Sup. Ct. Albany Cnty. Dec. 12, 2008)................................23

Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc.,
    323 F. Supp. 2d 525 (S.D.N.Y. 2004)..................................................................................21

King v. Marsh &McLennan Agency,
    67 Misc. 3d 1203[A], 126 N.Y.S.3d 312 (N.Y. Co. 2020).............................................9

Leo Silfen, Inc. v Cream,
    29 N.Y.2d 387 (1972) ..................................................................................................23

iv

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Lumex, Inc. v. Highsmith,
   919 F. Supp. 624 (E.D.N.Y. 1996) .................................................................................13, 17

Malcolm Pirnie, Inc. v. Werthman,
   280 A.D.2d 934 (4th Dep't 2001) ..........................................................................................14

Mallory Factor Inc. v. Schwartz,
   146 A.D.2d 465 (1st Dep't 1989) ...........................................................................................14

Maritime Fish Prods. Inc. v. World-Wide Fish Prods., Inc.,
   100 A.D.2d 81 (1st Dep't 1984) .............................................................................................20

Marsh & McLennan Cos., Inc. v. Feldman,
   2019 N.Y. Misc. LEXIS 5243 (N.Y. Co. 2019) ...............................................................10, 11

Marsh USA Inc. v. Gustafson,
   Index No. 652215/2016 (N.Y. Co. Apr. 28, 2016) ................................................................10

Marsh USA Inc. v. Hamby,
   28 Misc. 3d 1214[A], 958 N.Y.S.2d 61 (N.Y. Co. 2014)......................................................10

Marsh USA Inc. v. Horrell,
   Index No. 651216/2011 (N.Y. Co. May 18, 2011) ................................................................10

Marsh USA Inc. v. Karasaki,
   2008 U.S. Dist. LEXIS 90986 (SDNY 2008)................................................10, 11, 12, 21, 22

Marsh USA Inc. v. Ott,
   Index No. 653747/2014 (N.Y. Co. Jan. 30, 2015) .................................................................10

McLaughlin, Piven, Vogel, Inc. v. W.J. Nolan & Co.,
   114 A.D.2d 165 (2d Dep't 1986) ....................................................................................9, 18, 23

Mercer Health & Benefits LLC v. DiGregorio,
   307 F. Supp. 3d 326, 351 (SDNY 2018).........................................................................10, 11

N. Atl. Instruments, Inc. v. Haber,
   188 F.3d 38 (2d Cir. 1999)...........................................................................................17, 18, 23

Natsource v. Paribello,
   151 F. Supp. 2d 465 (S.D.N.Y. 2001)....................................................................................12

OTG Mgmt., LLC v. Konstantinidis,
   2013 NY Slip Op 23187, 967 N.Y.S.2d 823 (Sup. Ct. N.Y. Cnty. June 7,
   2013) ......................................................................................................................................12

Pace Securities, Inc. v. Pollack,
   157 A.D.2d 557 (1st Dep't 1990) ...........................................................................................23

This is a copy of a pleading filed electronically pursuant to v New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 25 Case 1:26-cv-04465-JPC Document 1-1 Filed 05/28/26 Page 215 of 257 RECEIVED NYSCEF: 05/27/2026

Quicksilver Capital LLC v. Haley,
    2019 N.Y. Misc. LEXIS 610 (Sup. Ct. Kings Cnty. Feb. 11, 2019) ...................................10, 13

Reed, Roberts Assoc. v. Strauman,
    40 N.Y.2d 303 (1976) .................................................................................................................13

Spinal Dimensions, Inc. v. Chepenuk,
    847 N.Y.S.2d 905, 2007 N.Y. Misc. LEXIS 569 (Sup. Ct. Albany Cnty. Aug.
    9, 2007) .......................................................................................................................................16

Suffolk Anesthesiology Assocs., P.C. v. Verdone,
    2009 N.Y. Misc. LEXIS 6887 (Sup. Ct. Suffolk Cnty. Sep. 28, 2009) ....................................10

Ticor Title Ins. Co. v. Cohen,
    173 F.3d 63 (2d Cir. 1999)..........................................................................................................21

U.S. Reinsurance Corp. v. Humphreys,
    205 A.D.2d 187 (1st Dep't 1994) .................................................................................................8

USI Ins. Servs. LLC v. Miner,
    801 F. Supp. 2d 175 (S.D.N.Y. 2011)........................................................................................10

Veraldi v. American Analytical Laboratories, Inc.,
    706 N.Y.S.2d 158 (2d Dept. 2000) .............................................................................................12

Willis of N.Y., Inc. v. DeFelice,
    299 A.D.2d 240 (1st Dep't 2002) .....................................................................................10, 13, 22

**Statutes**

Misc. N.Y...........................................................................................................................................9, 13

NY Gen. Obl. Law §§5-1401, 1402.......................................................................................................8

**Rules**

CPLR §§ 6301, 6313................................................................................................................................8

**Other Authorities**

Restatement of Torts § 757 cmt. .........................................................................................................17

vi

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 25

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 216 of 257

## PRELIMINARY STATEMENT

Plaintiff Marsh & McLennan Agency, LLC ("MMA") is entitled to a temporary restraining order and preliminary injunction against Defendants Patriot Growth Insurance Services, LLC ("Patriot") and Keith Wallace Harrelson, Ryan McClendon, Albert Bowen Evans, Jeffrey Cutshall, Rebecca Burrus, Hailee Wesson, Hunter Harper, and Jennifer Barranco (the "Individual Defendants"), to stop their ongoing, brazen disregard of their common law and contractual obligations to MMA.

On May 18, 2026, Harrelson, McClendon, Evans, Cutshall, Burrus, Wesson, and Harper submitted their abrupt, coordinated resignations from MMA to join Patriot, a direct competitor. Barranco and two other MMA employees similarly resigned from MMA to join Patriot later in the week. In total, eleven MMA employees, comprising about half of MMA Birmingham's property and casualty insurance and surety brokerage team, left to start Patriot's new Birmingham office under the brand "Turner Insurance & Bonding Co."  In so doing, the Individual Defendants egregiously violated their common law and contractual obligations *during and after employment at MMA*. Patriot induced the Individual Defendants to breach their common law and contractual obligations as part of an orchestrated scheme to unfairly compete with MMA.  In less than a week, Defendants' unlawful conduct caused no fewer than seventy-one (71) MMA clients to terminate their relationships with MMA.  MMA seeks to enjoin: (1) the Individual Defendants from breaching their common law and contractual obligations to MMA; (2) Patriot from tortiously interfering with the Individual Defendants' common law and contractual obligations; and (3) Defendants from using and disclosing MMA's confidential and trade secret information.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## STATEMENT OF FACTS[1]

### A.    The Individual Defendants' Employment With MMA.

MMA and Patriot are direct competitors in the U.S. insurance brokerage industry. (Compl. ¶ 14.)  In insurance brokerage, Producers generate and maintain client relationships, supported by a service team (Account/Client Executives, Managers, and Associates) who handle day-to-day client needs; together, they are the face of MMA to its clients. (Id. ¶¶ 16-17.)  MMA's success depends upon its client and employee goodwill, and its confidential and trade secret information. (Id. ¶ 18.)

MMA invested substantial resources in building a robust insurance brokerage business in Birmingham, Alabama and throughout the United States. (Id. ¶ 19.)  MMA dedicates significant time and money into the training, coaching, mentoring, and professional development of its property and casualty insurance and surety brokerage teams to retain them and help them succeed. (Id.)  MMA also provides generous compensation and incentives to foster high performance and attract and retain top talent.  (Id.)

The Individual Defendants, with the exception of Harper, worked for J. Smith Lanier & Co. and its predecessor ("JSL") servicing JSL's clients' business insurance and bonding needs. (Id. ¶ 23.)  Each of them entered into agreements with certain restrictive covenants with JSL.  (Id.)

In January 2017, JSL merged with MMA (the "Merger") and each of these JSL employees continued in employment as MMA employees in MMA's Birmingham office. (Id. ¶ 31.)  Each Individual Defendant agreed to a JSL, A Marsh & McLennan Agency LLC Company Non-Solicitation and Confidentiality Agreement (a "MMA Agreement"), containing practically

---

[1] Except as otherwise noted, the facts are drawn from the Verified Complaint (referred to herein as "Compl. ¶ __").

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

identical terms. (Id. ¶¶ 32-41; Compl. Exs. A-H.) Patriot knew of the MMA Agreements and their terms and expected MMA to seek enforcement of the MMA Agreements, offering to indemnify the Individual Defendants. (Id. ¶¶ 51, 98; Barnett Aff. Ex. A.) The MMA Agreements prohibit disclosure of MMA's Confidential Information and Trade Secrets (Section 5), solicitation or servicing of MMA clients for 2 years post-employment (Section 1(b)), and solicitation of MMA employees for 2 years post-employment. (Compl. ¶¶ 42-50; Compl. Exs. A-G.) The MMA Agreements also provide for New York venue and forum (Section 15), injunctive relief (Section 10), and acknowledge irreparable harm from breach (Section 10) and the reasonableness of the restrictions (Section 9). (Compl. ¶¶ 48-49) The MMA Agreements state, "The parties acknowledge that the Company is headquartered in New York, that senior members of the leadership team of the Company are located in New York, and that a breach of this Agreement will cause injury in New York." Defendants have injured MMA in New York. (Id. ¶ 50.)

As trusted employees of MMA, the Individual Defendants were provided access to and gained knowledge of confidential and trade secret information belonging to MMA, including information concerning MMA's operations and business strategies, including its rates and fees, and detailed information about MMA's clients, their contacts, risk characteristics, policy expiration dates, policy renewals, policy terms and conditions, information regarding the markets or sources with which insurance is placed, the amounts paid by such MMA clients to MMA, and leads and referrals to prospective MMA clients. (Id. ¶ 59.) As Producers and Vice Presidents at MMA, Harrelson, McClendon, Evans, and Cutshall[2] (collectively "the Producers") were employed in positions of trust and confidence and gained access to confidential and trade secret financial information about MMA clients. (Id. ¶ 53.) As support staff to the Producers, Burrus, Wesson,

---

[2] Cutshall was an MMA Account Executive focused on producing surety bonds (a Producer). (Id. ¶ 27.)

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 25

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Harper, and Barranco handled MMA clients' day-to-day needs and likewise were employed in positions of trust and confidence and gained access to confidential information about MMA clients. (Id. ¶ 55.) Such confidential and trade secret information are of significant economic value to MMA, and would be of significant economic value to MMA's competitors, including Patriot. (Id. ¶ 60.)

MMA protects its confidential and trade secret information by promulgating and disseminating nondisclosure policies to its employees, requiring employees to sign agreements that restrict improper use or disclosure of MMA's confidential and trade secret information and restrict certain post-employment activities, restricting access to offices which house MMA's confidential and trade secret information, password-protecting access to computers and systems, and limiting such access only to the employees working on the particular clients. (Id. ¶ 61.)

On Monday, May 18, 2026, Harrelson, McClendon, Evans, Cutshall, Burrus, Harper, and Wesson cleaned out their offices and left without notice, leaving resignation letters atop their MMA laptops and cell phones. (Id. ¶ 67.) Wesson and Burrus informed MMA Vice President Cathy Parkin that they were leaving with Harrelson, McClendon, Evans, Cutshall, and Harper to join "Turner Agency," a competitor. (Parkin Aff. ¶¶ 4-5.) Burrus said Harrelson instructed them to place their resignation letters in their office and quietly vanish, but Burrus and Wesson felt compelled to inform Parkin due to their close working relationship. (Id. ¶¶ 6-7.) Parkin informed MMA Birmingham office Managing Director Craig Herr of the mass exodus. (Id. ¶ 8.) That same day, Harrelson solicited Client Executive Susan Barnett, extending an offer of employment on behalf of Patriot. (Barnett Aff. ¶¶ 6-7.) Barnett's offer letter from Patriot refers to the MMA Agreements, stating it "expect[s] Marsh to seek enforcement of the [MMA Agreement]." (Barnett Aff. Ex. A.) Thirteen minutes after their resignations took effect on May

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)   INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 25   Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 220 of 257   RECEIVED NYSCEF: 05/27/2026

18, 2026, McClendon, Harrelson, and Evans filed a Complaint for Declaratory Judgment in Jefferson County, Alabama at 9:13 a.m., seeking to render their MMA Agreements unenforceable, even though the MMA Agreements already were breached. (Compl. ¶ 70.)

On May 19, 2026, Barranco informed Herr that Cutshall offered her employment at Patriot. (Id. ¶ 100.) Another employee, Michele Hicks, resigned to join the Individual Defendants at Patriot. (Id. ¶¶ 71-72.)

On Thursday, May 21, 2026, Barranco resigned to join the other Individual Defendants at Patriot. (Id. ¶ 73.)

On Friday, May 22, 2026, another MMA Birmingham employee, Kayla Loyd, resigned to join Patriot. (Id. ¶ 74.) In total, during the week of May 18, 2026, eleven (11) MMA employees resigned to join Patriot (Id. ¶ 75), enabling Patriot to open its first office in Birmingham with a stolen business operation, located approximately ten (10) miles from the MMA Birmingham office. (Id. ¶¶ 63-65.)

In less than a week, MMA has received no fewer than seventy-one (71) Broker of Record letters ("BORs") transferring MMA clients to Patriot. (Id. ¶ 87.) The resulting estimated annually recurring revenue lost from these seventy-one (71) clients is over $3.5 million. (Id.) While certain Individual Defendants asked the Alabama court for a declaratory judgment releasing them from their MMA Agreements, they did not wait for a court ruling, deciding to ignore the MMA Agreements altogether. (Id. ¶ 70.)

MMA discovered that three Individual Defendants deleted or wiped their MMA cell phones to factory settings and three of the cell phones were locked with passwords unknown to MMA. (Id. ¶ 107) Additionally, certain Individual Defendants deleted or wiped their MMA work email inboxes. (Id. ¶ 108.)  Leading to their resignations and even on May 18, 2026, the

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Individual Defendants engaged in unusual print activity from their MMA laptops. (Id. ¶ 109.) While MMA is not yet aware of the full extent of which documents were printed, it included documents containing vague and obscure titles such as "Microsoft Outlook – Memo Style" and "Document 1." (Id.) A full forensic analysis of the Individual Defendants' laptops, MMA cell phones (to the extent data was not permanently destroyed and remains unrecoverable), and email files is currently underway. (Id. ¶ 110.) Additionally, several of the Individual Defendants unusually visited the MMA Birmingham office the weekend prior to their mass departure. (Id. ¶¶ 111-14.)

### B.    Defendants' Solicitation and Servicing of MMA's Clients.

Following the initial mass departure on May 18, 2026, the remaining employees in the MMA Birmingham office took immediate steps to save MMA's clients. (Id. ¶ 76.) Shockingly, nearly every client was already aware of the mass departure. (Id. ¶ 77.)

Throughout the week of May 18, at least 13 MMA clients were already aware of the mass departure when contacted by remaining MMA staff. (Id. ¶ 78.) Clearly, prior to their resignations and while still employed by MMA, the Individual Defendants communicated and/or met with MMA clients to inform them of their plan to join Patriot and transition MMA's clients to Patriot. (Id. ¶ 79.) For example, Client T informed Craig Herr that Evans visited Client T in-person on Friday, May 15, 2026, and informed Client T of his intention to leave MMA and join Patriot, asking Client T to transition its business to Patriot with Evans. Id. ¶ 81.)

During the week of May 11, 2026, Client Executive Susan Barnett learned that Harrelson had a "check-in" lunch meeting with Client U, which struck Barnett as odd since Harrelson recently had a renewal meeting with Client U and would not need another "check in" so soon. (Barnett Aff. ¶ 8.) Barnett noticed similar unusual visits to Client V. (Id.)

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Client N informed MMA employee Joseph Mungenast that Evans had recently visited Client N and asked Client N to sign multiple documents. (Mungenast Aff. ¶ 7.) Unbeknownst to Client N, one of those documents was a BOR ending Client N's relationship with MMA and transitioning the account to Patriot. (Id.) Client N did not understand what a BOR was, rescinded the BOR to Patriot, and returned to MMA. (Id. ¶ 8.)

MMA is aware of other specific instances of unlawful solicitation of MMA clients, including:

- on May 18, 2026, Evans solicited a restricted client, Client O;

- on May 18, 2026, Cutshall solicited a restricted client, Client P;

- on May 18, 2026, Harrelson solicited a restricted client, Client Q; and

- on May 20, 2026, McClendon solicited a restricted client, Client I.

(Compl. ¶¶ 83-86.)

MMA has also learned of the Individual Defendants servicing restricted MMA clients since joining Patriot, including:

- on May 18, 2026, Harrelson was servicing a restricted client, Client Q;

- on May 18, 2026, Evans and McClendon were servicing a restricted client, Client N;

- on May 19, 2025, Wesson was servicing a restricted client, Client J;

- on May 21, 2026, Cutshall, Evans, and McClendon were serving a restricted client, Client R; and

- on May 22, 2026, Cutshall, Evans, and Barranco were servicing a restricted client, Client O.

(Id. ¶¶ 88-93.)

7

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Disclosure of MMA confidential information is guaranteed and inevitable where the same Producers and Support Staff are servicing the same clients at Patriot they serviced for MMA. (Id. ¶ 103, 104, 167.) Harrelson's post-MMA servicing of Client Q highlights this point, when Harrelson stated to the Carrier, "This one renews in August." (Id. ¶ 114.) Harrelson used for Patriot his knowledge of Client Q's renewal date, knowledge he acquired while employed by MMA. (Id.) MMA's confidential and trade secret information is being used and will continue to be used to solicit and service MMA clients.

Despite Patriot's and the Individual Defendants' awareness of the MMA Agreements (Id. ¶¶ 57, 97), Defendants continue to flagrantly disregard the obligations owed to MMA, solicit, accept, and service business of MMA's clients, misusing MMA's confidential and trade secret information to do so. MMA has lost and continues to lose millions of dollars in annual revenue. (Id. ¶ 87.)

## ARGUMENT

A temporary restraining order may be granted pending a hearing for a preliminary injunction "where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had." CPLR §§ 6301, 6313. To obtain a temporary restraining order, the movant must show: (1) a likelihood of success on the merits; (2) a danger of irreparable harm if injunctive relief is not awarded; and (3) that the balance of equities tips in its favor. U.S. Reinsurance Corp. v. Humphreys, 205 A.D.2d 187, 191 (1st Dep't 1994). Given the Individual Defendants' breaches of contracts and duties of loyalty, and Patriot's tortious conduct, MMA is likely to succeed on the merits of its claims.[3]

---

[3] The MMA Agreements contain valid provisions selecting New York choice of law and forum. (Compl. ¶¶ 48-49.) Bridgeview Capital Solutions, LLC v Eiger, 2008 N.Y. Misc. LEXIS 9159 (Sup. Ct. N.Y. Cnty. 2008) ("New York courts typically honor parties' choice of law as long as the selected state has sufficient contacts to the transaction."); Boss v. Am. Express Financial Advisors, Inc., 6 N.Y.3d 242, 247 (2006) ("Forum selection clauses are enforced

8

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## I.      MMA IS LIKELY TO SUCCEED ON THE MERITS.

The moving party need only show it is more likely than not that it will prevail on its claims. See McLaughlin, Piven, Vogel, Inc. v. W.J. Nolan & Co., 114 A.D.2d 165, 172 (2d Dep't 1986). The moving party's showing "must not be equated with the showing of a certainty of success" on the merits. Bingham v. Struve, 184 A.D.2d 85, 88-89 (1st Dep't 1992). "[A] *prima facie* showing of a right to relief is sufficient; actual proof of the case should be left to further court proceedings." Demartini v. Chatham Green, Inc., 169 A.D.2d 689, 690 (1st Dep't 1991).

### A.      MMA Is Likely To Succeed On Its Claims For Breach Of Contract.

#### 1.      The MMA Agreements Are Valid And Enforceable.

##### a) *The Non-Solicitation And Confidentiality Covenants Are Enforceable.*

New York courts enforce client- and employee-based restrictive covenants if they satisfy an overriding test of reasonableness. BDO Seidman v. Hirshberg, 93 N.Y.2d 382, 389 (1999). A restrictive covenant is reasonable if it: "(1) is *no greater* [in time and area] than is required for the protection of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public." Id. at 388-89 (emphasis in original). The MMA Agreements meet these requirements.

"[I]n numerous 'New York County Commercial Division cases' and cases in [the Southern District of New York], 'courts reviewed identical or nearly identical clauses in [MMA] cases and found them valid.' King v. Marsh &McLennan Agency, 67 Misc. 3d 1203[A], 126 N.Y.S.3d 312, at *4 (N.Y. Co. 2020)." Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., 2025 U.S. Dist. LEXIS 14352 at *19, 2025 WL 304500 (S.D.N.Y. Jan. 27, 2025). See Marsh &

---

because they provide certainty and predictability in the resolution of disputes."). See also NY Gen. Obl. Law §§5-1401, 1402.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 25     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 225 of 257     RECEIVED NYSCEF: 05/27/2026

McLennan Cos., Inc. v. Feldman, Index No. 652284/2019, 2019 N.Y. Misc. LEXIS 5243 (N.Y. Co. 2019); Marsh & McLennan Agency LLC v. Joseph Ferber, Index No. 653114/2019, 2019 N.Y. Misc. LEXIS 19938 (N.Y. Co. 2019); Marsh USA Inc. v. Gustafson, Index No. 652215/2016 (N.Y. Co. Apr. 28, 2016); Marsh USA Inc. v. Ott, Index No. 653747/2014 (N.Y. Co. Jan. 30, 2015); Marsh USA Inc. v. Hamby, 28 Misc. 3d 1214[A], 958 N.Y.S.2d 61, at *4 (N.Y. Co. 2014); Marsh USA Inc. v. Horrell, Index No. 651216/2011 (N.Y. Co. May 18, 2011); Marsh USA Inc. v. Schuhriemen, 183 F. Supp. 3d 529, at 534-36 (S.D.N.Y. 2016); Marsh USA Inc. v. Karasaki, 2008 U.S. Dist. LEXIS 90986, 2008 WL 4778239, at *15-16 (S.D.N.Y. 2008); Mercer Health & Benefits LLC v. DiGregorio, 307 F. Supp. 3d 326, 351 (S.D.N.Y. 2018); Marsh USA Inc. v. Machua Millett et al., 22-cv-6656 (JMF) (S.D.N.Y. 2022), ECF Nos. 13, 50.

Other New York courts also have upheld similar restrictions prohibiting solicitation, servicing, and interference with clients. Chernoff Diamond & Co. v. Fitzmaurice, 234 A.D.2d 200, 202 (1st Dep't 1996) (two-year client restriction reasonable); Willis of N.Y., Inc. v. DeFelice, 299 A.D.2d 240, 241 (1st Dep't 2002) (same); Quicksilver Capital LLC v. Haley, 2019 N.Y. Misc. LEXIS 610, *1-*4 (Sup. Ct. Kings Cnty. Feb. 11, 2019) (upholding three-year client restriction); Suffolk Anesthesiology Assocs., P.C. v. Verdone, 2009 N.Y. Misc. LEXIS 6887, *7-*11 (Sup. Ct. Suffolk Cnty. Sep. 28, 2009) (same). New York courts have likewise upheld employee restrictions similar to those in the MMA Agreements. See USI Ins. Servs. LLC v. Miner, 801 F. Supp. 2d 175, 186-88 (S.D.N.Y. 2011) (upholding two-year employee restriction). Client non-servicing restrictions also have been upheld in New York. BDO Seidman, 93, N.Y.2d at 387, 390-394. See also Schuhriemen, supra; Karasaki, supra; Feldman, supra; DiGregorio, supra; DeWitt Stern Group v. Eisenberg, 2013 U.S. Dist. LEXIS 78598, *13 (S.D.N.Y. June 3, 2013).

### b)     The Restraints Protect MMA's Legitimate Interests.

"[T]he legitimate purpose of an employer in connection with employee restraints is

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

'to prevent competitive use, for a time, of *information* or *relationships* which pertain peculiarly to the employer and which the *employee acquired* in the course of the employment." BDO Seidman, 93 N.Y.2d at 391 (emphasis in original). Here, the MMA Agreements are necessary to protect MMA's goodwill, client and prospective client relationships, employee relationships, and MMA's confidential and trade secret information, which MMA carefully cultivated and took great lengths to safeguard, at significant expense.

### c) The Restraints Protect MMA's Client Base and Goodwill.

"[An] employer has a legitimate interest in preventing [current and] former employees from exploiting or appropriating the goodwill of a client [], which had been created and maintained at the employer's expense, to the employer's competitive detriment." Id. at 392. MMA has invested substantial resources in building a robust insurance brokerage business in Birmingham and elsewhere. (Compl. ¶ 19.) MMA dedicates significant time and money to train, coach, mentor, and develop professionally its insurance and surety brokerage teams to retain them and help them succeed. (Id.) Gundermann & Gundermann Ins. v. Brassill, 46 A.D.3d 615, 616 (2d Dep't 2007) (affirming injunction because plaintiff insurance agency "incurred significant costs in training employees, in overhead expenses, and in developing its client base, and . . . it built up significant business goodwill as it developed its client base"); Karasaki, supra, at *43-*45; Chernoff, 234 A.D.2d at 202.

### d) The Restraints Protect MMA's Workforce.

Employee non-solicitation covenants similar to the ones in the MMA Agreements are reasonable and enforceable to protect a company's workforce. Natsource v. Paribello, 151 F. Supp. 2d 465, 469 (S.D.N.Y. 2001) (enforcing one-year employee restriction; "loss of training and interference with already established relationships that would occur should [defendant] recruit other employees within the year are unquantifiable assets"); *accord* OTG Mgmt., LLC v.

11

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Konstantinidis, 2013 NY Slip Op 23187, 3, 967 N.Y.S.2d 823, 826 (Sup. Ct. N.Y. Cnty. June 7, 2013). See also Veraldi v. American Analytical Laboratories, Inc., 706 N.Y.S.2d 158, 160 (2d Dept. 2000) (claim for breach of contract containing non-solicitation of employees is viable claim); Tender Loving Care, 517 N.Y.S.2d at 51; Global Telesystems, Inc. v. KPNQwest, 151 F. Supp. 2d 478 (S.D.N.Y. 2001) ("New York recognizes the enforceability of covenants not to solicit employees"); Aon Risk Servs., N.C. v. Cusack, 34 Misc. 3d 1205(A) (Sup. Ct. N.Y. Cnty. Dec. 20, 2011) (Fried, J.) (upholding broad two-year employee non-solicitation provision).

In Natsource, the court reasoned that Natsource "would be irreparably harmed if [the former employee broker] were allowed to encourage other Natsource employees to leave Natsource to work for Natsource competitors within the next year." The court noted:

> Natsource expends substantial resources to help its brokers develop customer relations, and the brokers are introduced to established customers. The brokers are encouraged to strengthen these relationships and Natsource supports the brokers by providing market intelligence and through relationships maintained on their desks. The loss of training and interference with already established relationships that would occur should [the former employee] recruit other employees within the year are unquantifiable assets.

Natsource, 151 F. Supp. 2d at 470-71. Likewise here, enforcement of the MMA Agreements is warranted. MMA expended substantial resources to locate employees with relevant experience, train them, help them develop relationships with carriers and clients, and support their relationships with MMA's clients. See (Compl. ¶¶ 15-19.)   The loss of training and interference with these established employment relationships if Defendants are permitted further to recruit MMA's employees are unquantifiable. See (id.)

> e)      *The Restraints Protect MMA's Confidential Information.*

An employer's legitimate interest also includes preventing an employee from misappropriating confidential and trade secret information. 1 Model Mgt., LLC v Kavoussi, 918

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

N.Y.S.2d 431, 431 (1st Dep't 2011) (citing Reed, Roberts Assoc. v. Strauman, 40 N.Y.2d 303, 308 (1976); BDO Seidman, 93 N.Y.2d at 389). As set forth above, the Individual Defendants were granted broad access to MMA's confidential and trade secret information. (Compl. ¶¶ 53-55.) MMA goes to great lengths to protect its confidential and trade secret information. (Id. ¶ 61.) New York courts have afforded trade secret protection to these types of information. See Lumex, Inc. v. Highsmith, 919 F. Supp. 624, 630 (E.D.N.Y. 1996) (marketing information, customer feedback, pricing structure, sales training, and projected release dates were confidential and constituted trade secrets).

### f) The Restraints Are Reasonable In Time And Geographic Scope.

New York courts have found reasonable client non-solicitation covenants lasting two and even three years. Chernoff, 234 A.D.2d at 202; Quicksilver Capital, 2019 N.Y. Misc. LEXIS 610, *1-*4; see also Willis of N.Y., Inc. v. DeFelice, 299 A.D.2d 240, 241-242 (1st Dep't 2002) (2-year non-solicitation agreement for insurance broker reasonable); Group Health Solutions Inc. v. Smith, 32 Misc. 3d 1244(A), 938 N.Y.S.2d 227 (Sup. Ct. N.Y. Cty. 2011) (2-year non-solicit and 3-year non-compete signed by a health insurance broker reasonable); Gundermann, 46 A.D.3d at 616 (2d Dep't 2007) (18-month non-solicit agreement upheld). Accordingly, the restraints contained in the Individual Defendants' MMA Agreements are reasonable.

A specific geographic scope is not required. Malcolm Pirnie, Inc. v. Werthman, 280 A.D.2d 934, 935 (4th Dep't 2001) (court erred in finding client-based restrictions unreasonable simply because they contain no geographic limitations); Mallory Factor Inc. v. Schwartz, 146 A.D.2d 465, 467-78 (1st Dep't 1989) (restrictive covenant was reasonable and enforceable because "Schwartz was restricted only from performing work for any account MFI or Schwartz had been involved with during the term of Schwartz's employment."); Oliver Wyman

13

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Inc. v. Eielson, F. Supp. 3d 684, 695 (S.D.N.Y. 2017) (enforcing non-solicitation of employees provision without geographic scope).

The client restriction in the MMA Agreements pertains only to clients the Individual Defendants serviced or about whom they gained confidential information, during the last 2 years of employment with MMA. (Compl. ¶¶ 43.) The employee-based restrictions in the MMA Agreements are also narrowly tailored to employees with whom the Individual Defendants worked or about whom they gained confidential information during the last 2 years of employment with MMA. (Id. ¶ 44.)

### g)    The MMA Agreements Do Not Unduly Burden The Individual Defendants

Nothing in the MMA Agreements precludes the Individual Defendants' employment in the insurance brokerage industry as they do not contain non-compete restrictions, and the client non-solicitation provision is narrowly tailored. See generally (Compl. Exs. A-H). The Individual Defendants each acknowledged and agreed that the MMA Agreements "will not prevent [the Individual Defendants] from obtaining gainful employment…or cause [the Individual Defendants] undue hardship." (Compl. Exs. A-H, Section 9.) The Individual Defendants remain free to fairly compete with MMA in the insurance brokerage marketplace and seek employment wherever they wish.

### h)    The Agreements Are Not Injurious to the Public.

The MMA Agreements would not "seriously impinge on the availability of [insurance brokerage] services in the [] area from which the public may draw, or cause any significant dislocation in the market or create a monopoly in [insurance brokerage] services in [those] locale[s]." BDO Seidman, 93 N.Y.2d at 391. Accordingly, enforcement will cause no public injury.

14

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 25

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 230 of 257

## 2.    The Individual Defendants Breached their MMA Agreements.

There are many examples of the Individual Defendants' breaches of their agreements.  On Friday *prior to* his Monday resignation, Evans visited Client T in-person, stated his intention to leave MMA and join Patriot, and asked Client T to transition its business to Patriot. (Compl. ¶ 81.)  In the days following the Individual Defendants' mass resignations, they engaged in the following examples of unlawful soliciting MMA clients:

- on May 18, 2026, Evans solicited restricted Client O;

- on May 18, 2026, Cutshall solicited restricted Client P;

- on May 18, 2026, Harrelson solicited restricted Client Q; and

- on May 20, 2026, McClendon solicited restricted Client I.

(Compl. ¶¶ 82-86). Following the Individual Defendants' mass resignations, they engaged in the following examples of unlawful servicing or performing services for MMA clients:

- on May 18, 2026, Harrelson serviced restricted Client Q;

- on May 18, 2026, Evans and McClendon serviced restricted Client N;

- on May 19, 2025, Wesson serviced restricted Client J;

- on May 21, 2026, Cutshall, Evans, and McClendon serviced restricted Clients I, R, and S; and

- on May 22, 2026, Cutshall, Evans, and Barranco serviced restricted Client O.

(Compl. ¶¶ 88-93.)  As a result of the Individual Defendants' blatant disregard for their respective obligations as MMA employees and their non-solicitation of client restrictions, MMA lost at least seventy-one (71) clients and approximately $3.5 million in annually recurring business by Friday, May 22, 2026.  (Compl. ¶ 87.)

Similarly, the Individual Defendants engaged in the following examples of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

soliciting MMA employees:

- on May 18, 2026, Harrelson solicited Barnett, extending an offer of employment to Barnett on behalf of Patriot.

- on May 18, 2026, Burrus and Wesson stated to Parkin that they were acting in concert with Harrelson, McClendon, Evans, Cutshall, and Harper, and solicited and/or encouraged each other to leave MMA and join Patriot.

- on May 19, 2026, Barranco informed Herr that Cutshall called Barranco and offered her employment at Patriot.

(Compl. ¶¶ 96-99.) Defendants' use and disclosure of MMA's confidential and trade secret information is already documented, as noted above. See, e.g., (Compl. ¶ 114.) see Chernoff, 234 A.D.2d at 202 (affirming order enjoining defendants from soliciting or assisting plaintiff's insurance agency's clients for 2 years; noting that defendant obtained invaluable and otherwise unobtainable information concerning the business practices and resulting insurance needs of these clients); Spinal Dimensions, Inc. v. Chepenuk, 847 N.Y.S.2d 905, 2007 N.Y. Misc. LEXIS 569, *7 (Sup. Ct. Albany Cnty. Aug. 9, 2007) (sometimes "[d]isclosure is inevitable even assuming that the defendant acts in the best of faith"). Indeed, proof of inevitable disclosure may be a basis for enforcing restrictive covenants. Id. at *7.[4]

MMA is still uncovering the full extent of the Individual Defendants' misappropriation, but they engaged in the following misconduct to cover their tracks:

- Deleted, erased, and wiped to factory settings their MMA cell phones and

---

[4] At this stage, it is not necessary for MMA to establish that the Individual Defendants definitively disclosed or made use of any of the trade secrets or confidential information they obtained while employed by MMA; rather, MMA need only show that they learned of trade secrets and confidential information while employed by MMA and that there is the "potential for disclosure." Lumex, Inc., 919 F. Supp. at 628.

16

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

MMA work email inboxes;

- Locked three cell phones with passwords unknown to MMA;

- Engaged in unusual print activity from their laptops;

- Oddly visited MMA's Birmingham office on the weekend preceding their resignations; and

- Used their access to MMA's employees' salaries to make offers to such employees to join Patriot.

(Compl. ¶¶ 106-117).

## B.     MMA Is Likely To Succeed On Its Misappropriation Claim.

Under New York law, "a trade secret is 'any formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over competitors who do not know or use it.'" N. Atl. Instruments, Inc. v. Haber, 188 F.3d 38, 44 (2d Cir. 1999) (citing Restatement of Torts § 757 cmt. b (1939)); accord Ashland Mgmt. Inc. v. Janien, 82 N.Y.2d 395, 407 (1993). In determining whether information constitutes a trade secret, New York courts consider the following factors: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. North Atl. Instruments, 188 F.3d at 44.

Information about MMA's operations and business strategies is a protectable trade secret. Am. Bldg. Maint. Co. v. ACME Prop. Servs., 515 F. Supp. 2d 298, 308 (N.D.N.Y 2007) (information related to operating practices and methods, pricing, marketing practices, business

17

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

opportunities, etc., held confidential). Client information, including key contacts, client requirements, policy information, and amounts paid by clients are also entitled to trade secret protection. See id. ("There is ample precedent that may support ABM's assertion that its customer information qualifies as protected, confidential information"); Business Intelligence Servs., Inc. v. Hudson, 580 F. Supp. 1068, 1072 (S.D.N.Y. 1984) ("Client information, such as data on the types of hardware and software ordered by specific clients, lists of products sold to clients but not yet developed and problems arising in the course of client relations, are also protectable as a trade secret"); Dauphin v. Crownbrook ACC LLC, 2014 U.S. Dist. LEXIS 67128 (E.D.N.Y. May 15, 2014) ("Courts applying New York law have held that the type of information at issue here, including customer lists and pricing information, can be protected trade secrets"); see also McLaughlin, 114 A.D.2d at 173 (affording trade secret protection to client names, addresses, telephone numbers, investment activity, annual income, liquid assets, net worth, employment data).

The facts of a case can lead to an inference of misappropriation of trade secrets. See CBS Corp. v. Dumsday, 268 A.D.2d 350, 351, 702 N.Y.S.2d 248 (1st Dep't 2000). As described above, Harrelson – as a Patriot employee - used his knowledge of Client Q's policy renewal date - knowledge he acquired while employed at MMA in furtherance of his duties as an MMA Producer. (Compl. ¶ 114.) Additionally, that the Individual Defendants were able to start soliciting and servicing MMA clients as Patriot employees immediately after they joined Patriot, as well as the following nefarious conduct by the Individual Defendants all support an inference of misappropriation given the circumstances:

- Deleted, erased, and wiped to factory settings their MMA cell phones and MMA work email inboxes, with three of the cell phones locked with passwords unknown to MMA;

18

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 234 of 257

- Engaged in unusual print activity from their MMA laptops;

- Visited MMA's Birmingham office on the weekend preceding their resignations, even though most of them had not visited on a weekend in years; and

- Used their access to MMA's employees' salaries to make offers to the same employees to join Patriot.

(Compl. ¶¶ 106-117.)  As noted above, MMA goes to great lengths to protect its confidential and trade secret information.  (Id. ¶ 61.)  Accordingly, MMA has established a likelihood of success on MMA's misappropriation claim against Defendants.

### C.     MMA Is Likely To Succeed On Its Breach Of Duty Of Loyalty Claim Against The Individual Defendants.

The Individual Defendants, as employees of MMA, owed fiduciary duties of loyalty at all times.   See Dumsday, 268 A.D.2d at 353 ("an employee is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties").  Such duties are owed even in the absence of a contractual restriction.  DDS Partners, LLC v. Celenza, 16 A.D.3d 114, 115 (1st Dep't 2005).  An employee breaches the duty of loyalty by, for example, soliciting fellow employees to join a competitor, taking the former employer's trade secrets or confidential and proprietary information, and using such information for the benefit of other parties.  See Fewer v. GFI Group, Inc., 124 A.D.3d 457 (1st Dep't 2015); DDS Partners, 16 A.D.3d 114; Maritime Fish Prods. Inc. v. World-Wide Fish Prods., Inc., 100 A.D.2d 81 (1st Dep't 1984).

The Individual Defendants solicited and will continue to solicit MMA clients to move their business to Patriot using MMA's confidential and trade secret information.  (Compl. ¶¶ 76-86.) Therefore, MMA has established a likelihood of success on MMA's misappropriation claim.

19

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

### D.    MMA Is Likely To Succeed On Its Tortious Interference Claim.

MMA's tortious interference claim against Patriot requires these easily established elements: (1) a valid existing contract between MMA and third parties; (2) Patriot's knowledge of that contract; (3) Patriot's intentional inducement of breach of contract; and (4) resulting damages. Foster v. Churchill, 87 N.Y.2d 744, 749 (1996).

The Individual Defendants are subject to valid and enforceable non-solicitation agreements, which also contain confidentiality obligations. (Compl. Exs. A-H). Patriot is aware of the MMA Agreements and still sought to induce breaches – Patriot's offer letter refers to the MMA Agreements and their terms and states it "expect[s] Marsh to seek enforcement of the [MMA Agreement]." (Barnett Aff. Ex. A.) Finally, MMA has been damaged, receiving no fewer than seventy-one (71) BORs transferring MMA's clients to Patriot. (Compl. ¶ 21.) The resulting estimated annually recurring revenue lost from these seventy-one (71) clients is over $3.5 million. (Id. ¶ 22.) Accordingly, MMA is likely to succeed on its tortious interference claim.

### E.    MMA Is Likely To Succeed On Its Claim Of Unfair Competition.

Beyond the restrictive covenants, an injunction is warranted to protect MMA against unfair competition by Defendants. Employees possessing confidential information pertaining to their former employer's business may not use or disclose that information to the detriment of their former employer for the benefit of their new employer. Advanced Magnification Instruments, 135 A.D.2d at 891 (employee's right to compete with former employer does not extend so far that employees can unlawfully utilize employer's confidential information). Here, the Individual Defendants took MMA's confidential and trade secret information which they are using for the benefit of Patriot. (Compl. ¶¶ 59, 60, 63, 104, 106-117.) Abusing the trust that MMA put into its relationship with the Individual Defendants in this manner is one of the most

20

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

unscrupulous forms of unfair competition. 7th Sense, Inc. v. Liu, 220 A.D.2d, 216 216 (1st Dep't 1995) (former employee and new employer cannot misappropriate confidential information and directly and unfairly compete, even in the absence of a restrictive covenant); Bond Buyer v. Dealers Digest Publishing Co., 25 A.D.2d 158, 160, 267 N.Y.S.2d 944, 946 (1st Dep't 1966) (to make commercial use of the results of another's labor is "to reap where one has not sown. In legal phraseology, it is a form of unfair competition."); Anacomp, Inc. v. Shell Knob Services, Inc., 1994 U.S. Dist. LEXIS 223, *43 (S.D.N.Y. Jan. 10, 1994) ("[U]nfair competition is now held to encompass a broader range of unfair practices which may be generally described as a misappropriation of the skill, expenditures, and labor of another."). MMA will likely succeed on its claim for unfair competition against Defendants.

## II.   MMA WILL SUFFER IRREPARABLE HARM ABSENT AN INJUNCTION.

### A.   Defendants Are Diminishing MMA's Goodwill With Clients And Causing Harm.

The loss of client relationships and goodwill resulting from the breach of a restrictive covenant constitutes irreparable harm. Karasaki, 2008 U.S. Dist. LEXIS 90986, at *40-41; Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc., 323 F. Supp. 2d 525, 532 (S.D.N.Y. 2004) (collecting cases); see Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69 (2d Cir. 1999) (it is "very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come."). "[L]oss of business is 'very difficult[] to quantify.'" Crown IT Servs. v. Koval-Olsen, 11 A.D.3d 263, 266 (1st Dep't 2004) (quoting DeFelice, 299 A.D.2d at 242).

That MMA eventually may recover damages does not mean MMA is not irreparably harmed by subsequent lost business, or inadequately compensated for the loss of its goodwill and reputation. "[MMA's] injury . . . is the loss of *ongoing* client relationships, not the

21

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 25

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

loss of a finite contract." <u>Karasaki</u>, 2008 U.S. Dist. LEXIS 90986, at *41-42 (emphasis added).

Lost goodwill and opportunity – such as the opportunity "to 'round out the account,' a phrase which describes the sale of additional insurance products to a client" – are also difficult to quantify. <u>Gundermann & Gundermann Ins. v. Brassill</u>, 46 A.D.3d 615, 616 (2d Dep't 2007) ("preliminary injunction was properly issued"). MMA already lost seventy-one (71) clients. (Compl. ¶¶ 21-22.) Absent injunctive relief, MMA will continue to suffer the loss of valuable client relationships and goodwill they have spent many years and significant financial investments to develop.

**B.**      **Defendants' Actual And Threatened Use And Disclosure Of MMA's Confidential Information Constitutes Irreparable Harm.**

When use and disclosure of confidential information is likely to occur, a plaintiff "satisfie[s] the requirement of showing a likelihood of irreparable injury to justify" imposing a restraint. <u>DeFelice</u>, 299 A.D.2d at 242-243 (defendants restrained from divulging confidential information gained through employment, given their high level). "The misappropriation of a plaintiff's business information and goodwill is not something that can be adequately remedied at law." <u>Creative Collections of N.Y., Inc. v. Diblasi</u>, 841 N.Y.S.2d 218, 2007 N.Y. Misc. LEXIS 3154 at *5 (Sup. Ct. Erie Cnty. Apr. 24, 2007). "[I]f there has been a physical taking or studied copying, the Court may in a proper case enjoin solicitation, not necessarily as a violation of a trade secret, but as an egregious breach of trust and confidence" by an employee. <u>Leo Silfen, Inc. v Cream</u>, 29 N.Y.2d 387, 391-92 (1972).

Here, Defendants have actually used and disclosed – and continue to threaten to use and disclose – MMA's confidential and trade secret information. (Compl. ¶¶ 59, 60, 63, 104, 106-117.) Injunctive relief is therefore appropriate to prevent Defendants from "reaping the fruits of their improper conduct[.]" <u>Pace Securities, Inc. v. Pollack</u>, 157 A.D.2d 557, 558-559 (1st Dep't 1990).

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 25

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

### C.    <u>Irreparable Harm Is Conceded In The Agreements.</u>

The Individual Defendants specifically agreed that breaches of the non-solicitation and confidentiality obligations set forth in their MMA Agreements will cause MMA irreparable harm and entitle it to seek a temporary restraining order and injunction. (Compl. ¶ 48.) New York courts have held that such provisions may be considered when determining whether a plaintiff will suffer irreparable harm without injunctive relief. <u>N. Atl. Instruments, Inc.</u>, 188 F.3d at 49; <u>IKON Office Solutions, Inc. v. Usherwood Office Tech., Inc.</u>, 2008 N.Y. Misc. LEXIS 7059 at *49 (Sup. Ct. Albany Cnty. Dec. 12, 2008).

### III.    <u>THE BALANCE OF EQUITIES WEIGHS IN FAVOR OF MMA.</u>

Injunctive relief is proper upon a balancing of the equities. "[It] must be shown that the irreparable injury to be sustained . . . is more burdensome [to the plaintiff] than the harm caused to defendant through imposition of the injunction." <u>McLaughlin</u>, 114 A.D.2d at 174 (equities did not favor defendants who took confidential information, attempted to solicit customers and employees, and would be able to earn a living because restraint only prohibited solicitation of customers).

Here, unless an injunction is granted, MMA will suffer immediate and ongoing irreparable harm, including continued use and disclosure of MMA's trade secrets and other confidential information for the benefit of Patriot. Unless enjoined, Defendants will unfairly reap, as a direct result of their misconduct, the benefit of the MMA information entrusted to the Individual Defendants.

The Individual Defendants will not be prevented from continuing in their employment with Patriot, and will still be able to earn a living if they build a book of business based on their own abilities rather than raiding MMA's client base and staff, and hijacking an

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)     INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 25     Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 239 of 257     RECEIVED NYSCEF: 05/27/2026

ongoing business. Further, the Individual Defendants each repeatedly acknowledged their confidentiality obligations to MMA. They are not permitted to act disloyally, misappropriate MMA's confidential information, and use it for the benefit of Patriot. The irreparable harm to MMA outweighs any theoretical short-term harm to the Individual Defendants or Patriot caused by ceasing their improper activities. The equities weigh strongly in MMA's favor, and injunctive relief should be granted.

## CONCLUSION

For the foregoing reasons, MMA respectfully requests that the Court grant MMA's motion for a temporary restraining order, with such other relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____
Clifford R. Atlas
Paige C. Goldberg

ATTORNEYS FOR
MARSH & McLENNAN AGENCY LLC

Dated: May 27, 2026
       New York, New York

24

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

|  |  |
|---|---|
| MARSH & McLENNAN AGENCY LLC,<br><br>                Plaintiff,<br><br>    vs.<br><br>PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO,<br><br>                Defendants. | Index No.<br><br>**CERTIFICATION OF CLIFFORD R. ATLAS, ESQ.** |

CLIFFORD R. ATLAS, an attorney in good standing, admitted to practice before the courts of the State of New York, certifies that Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order and Preliminary Injunction contains 6,887 words, and complies with Rule 17 of Section 202.70 Rules of the Commercial Division of the Supreme Court.

CLIFFORD R. ATLAS

Dated: May 27, 2026

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 28

RECEIVED NYSCEF: 05/27/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

MARSH & McLENNAN AGENCY LLC,

                 Plaintiff,

    vs.

PATRIOT GROWTH INSURANCE
SERVICES, LLC, KEITH WALLACE
HARRELSON, RYAN McCLENDON,
ALBERT BOWEN EVANS, JEFFREY
CUTSHALL, REBECCA BURRUS, HAILEE
WESSON, HUNTER HARPER, and
JENNIFER BARRANCO,

                 Defendants.

Index No.

### AFFIRMATION OF SUSAN BARNETT IN SUPPORT OF PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Susan Barnett hereby affirms, under penalty of perjury, as follows:

1.    I am and at all relevant times have been a Client Executive at Marsh & McLennan Agency LLC ("MMA").

2.    I submit this Affirmation in support of Plaintiff's Motion, By Order to Show Cause, for a Temporary Restraining Order and Preliminary Injunction. Based on my personal knowledge, I am familiar with the facts set forth herein.

3.    At all relevant times, I was a coworker of Defendants Keith Wallace Harrelson, Ryan McClendon, Albert Bowen Evans, Jeffrey Cutshall, Rebecca Burrus, Hailee Wesson, Hunter Harper, and Jennifer Barranco in MMA's Birmingham Office.

4.    On Monday, May 18, 2026, at approximately 9:30 a.m., Harrelson sent me a text message asking me to call him because he had "very big news" to share with me.

5.    I called Harrelson, and he explained that he, McClendon, and Evans were

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

leaving MMA to join Turner.

6.     During this conversation, Harrelson explained that he and the others valued my work and wanted me to join them at Turner.

7.     Shortly after the conversation, Harrelson emailed me an offer of employment on behalf of Patriot Growth Insurance Services LLC ("Patriot"). A true and accurate copy of Patriot's offer letter is attached to this Affirmation as **Barnett Ex. A.**

8.     During the week of May 11, 2026, Harrelson had a "check-in" lunch meeting with an MMA client ("Client U"), which struck me as odd since Harrelson recently had a renewal meeting with Client U and would not need another "check in" so soon. I also noticed similar unusual visits to a different MMA client ("Client V").

* * * * *

I affirm this 26th day of May, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
SUSAN BARNETT

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 28

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 243 of 257

RECEIVED NYSCEF: 05/27/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

|  |  |
|---|---|
| MARSH & McLENNAN AGENCY LLC,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO,<br><br>                    Defendants. | Index No.<br><br>**CERTIFICATION OF CLIFFORD R. ATLAS, ESQ.** |

CLIFFORD R. ATLAS, an attorney in good standing, admitted to practice before the courts of the State of New York, certifies that the Affirmation of Susan Barnett contains 366 words, and complies with Rule 17 of Section 202.70 Rules of the Commercial Division of the Supreme Court.

/s/ Clifford R. Atlas
CLIFFORD R. ATLAS

Date:  May 26, 2026

4910-6011-7423, v. 1

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 29

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 244 of 257

# Offer Memo for:  Susan Barnett

**5/17/2026**
**PERSONAL & CONFIDENTIAL**

**Dear Susan,**

We have enjoyed our conversations with you and learning more about your career interests and aspirations. We hope that your conversations with us have also given you a clear sense of our company, values, and the opportunities available with us.

We believe your educational and work experiences make you an excellent fit for the career and professional growth opportunity at Patriot Growth Insurance Services LLC ("Patriot" or "PGIS").

We are pleased to extend you this formal offer to join Patriot, beginning on May 15, 2026, or another mutually agreeable date.

Your position as **Account Executive – Commercial Lines** is classified as exempt and therefore is not eligible for overtime under the Fair Labor Standards Act (FLSA).

## Compensation

Your initial compensation, which is based on a 40-hour workweek, will be at a **bi-weekly rate of $4,807.69** less deductions required by law, which is equivalent to an **annual rate of $125,000.00**.

You will be paid via direct deposit every other Friday in accordance with the attached pay schedule. As a result, annualized compensation may show slight variations depending on pay dates.

As an exempt employee, there may be times when you will be required to work additional hours to meet company or client deadlines.

## Bonus Structure

In addition to your traditional base salary compensation as described above, you will be granted a "Sign On" bonus in the amount of **$10,000.00** upon hiring.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 245 of 257

## Work Location & Schedule

Your designated work location for this position will begin in the Birmingham office located a 1 Chase Corporate Drive.

Your specific schedule and expectations will be communicated to you by your manager.

## Benefits

You will be eligible for Patriot's comprehensive benefits program on the **1st of the month following 30 days of employment**, provided you meet eligibility requirements.

You will also be eligible for Patriot's **Personalized PTO plan**, allowing flexibility to manage time off in coordination with your team and leadership. Additional details regarding sick leave, PTO, and holidays are included in policy materials.

## Confidentiality

Upon accepting this role, you agree that all information regarding the personal, financial, or operational affairs of Patriot or its clients must be treated as confidential.

This includes any Protected Health Information (PHI) subject to HIPAA and other applicable privacy laws.

Upon termination of employment, all company and client materials must be returned and may not be retained or duplicated.

## Employment Terms

Employment with Patriot is **"at will"**, meaning either you or the company may terminate employment at any time, with or without cause or notice.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

<u>This offer is contingent upon:</u>

- Successful background screening
- Verification of eligibility to work in the United States
- Any required credit check (if applicable)
- Review of any restrictive covenants

If required, continued employment is contingent upon obtaining and maintaining appropriate licenses.

# Indemnification

Employee is leaving **her** employment with JSL, a Marsh & McLennan Agency, LLC ("Marsh"), and immediately beginning new employment with Patriot Growth Insurance Services, LLC ("Patriot"). Patriot and Employee are aware of prior instances of employees leaving Marsh and moving to other competing insurance agencies, and that Marsh has historically filed lawsuits seeking injunctive relief and/or damages against the departing employees and/or their new employer, and asserting breach of contract and tort claims against the departing employee surrounding confidentiality obligations, fiduciary duties, and restrictive covenants, among other issues.

Employee and Patriot believe Employee's restrictive covenants (e.g., client and employee non-solicitation provisions) with Marsh are unenforceable because, among other reasons: (i) Marsh asked Employee to execute the restrictive covenant agreement before Marsh employed Employee, which is not permissible under Alabama law; (ii) the restrictive covenants are overbroad, overlong, and/or unreasonable; and/or (iii) the restrictive covenants are not supported by Marsh's legitimate business interests. Nonetheless, Patriot and Employee expect Marsh to seek enforcement of the restrictive covenants. While Employee believes that she satisfied any fiduciary obligations to Marsh while employed there and intends to comply with any legitimate confidentiality obligations, Patriot and Employee anticipate Marsh to raise numerous issues surrounding Employee's departure and make overbroad arguments regarding fiduciary responsibilities and what does and does not qualify as confidential information. Patriot and Employee also recognize that litigation is unpredictable.

In light of the foregoing, and to the fullest extent allowed by law, Patriot hereby agrees to defend, indemnify, and hold Employee harmless from any demands, claims, lawsuits, or other legal proceedings of any nature, whether in contract or in tort, whether for injunctive relief, compensatory damages, or punitive damages, brought by Marsh or any of its affiliates arising out of or relating to Employee's departure from Marsh, events leading up to his departure from Marsh, acceptance of employment with Patriot, and actual employment with Patriot, including but not limited to any claims Employee has breached and/or violated Employee's restrictive covenant obligations or other obligations to Marsh. Subject to the

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

conditions set forth herein, Patriot expressly acknowledges that Patriot will defend and indemnify Employee from, and pay all damages, settlements, judgments, attorneys' fees (including Employee's own attorneys' fees), costs, interest, or other monetary amounts of any nature that Employee incurs or to which Employee is exposed as a result of having to defend any demand, claim, lawsuit or other legal proceeding by Marsh. Patriot's indemnification obligations hereunder begin as soon as any such demand, claim, or potential claim is asserted against Employee and Patriot will have an immediate obligation to pay all defense costs, damages, attorneys' fees, or other monetary amounts Employee incurs in defending any such demand, claim, potential claim, or lawsuit.

**Susan,** the next steps will be the completion of our online application in our "Clear" hiring system.  Our HR Department will walk you through this process and will also conduct an introductory onboarding learning opportunity to help familiarize you with the company.

Please feel free to contact me with any questions.  We are all excited about our new partnership with you and Wish you the very best luck in your future with Patriot.

Respectfully,

**Greg Parker**
*Regional President - Southeast*
gparker@patriotgis.com
**Patriot Growth Insurance Services**, LLC

501 Office Center Drive, Suite 215
Ft. Washington, PA 19034

Mobile: 256-658-5542

**patriotgis.com**

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 26

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 248 of 257

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK, COMMERCIAL DIVISION

MARSH & McLENNAN AGENCY LLC,

Plaintiff,

vs.

PATRIOT GROWTH INSURANCE
SERVICES, LLC, KEITH WALLACE
HARRELSON, RYAN McCLENDON,
ALBERT BOWEN EVANS, JEFFREY
CUTSHALL, REBECCA BURRUS, HAILEE
WESSON, HUNTER HARPER, and
JENNIFER BARRANCO,

Defendants.

Index No.

### AFFIRMATION OF JOSEPH MUNGENAST IN SUPPORT OF PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Joseph Mungenast hereby affirms, under penalty of perjury, as follows:

1. I am and at all relevant times have been a Production Consultant at Marsh & McLennan Agency LLC ("MMA").

2. I submit this Affirmation in support of Plaintiff's Motion, By Order to Show Cause, for a Temporary Restraining Order and Preliminary Injunction. Based on my personal knowledge, I am familiar with the facts set forth herein.

3. At all relevant times, I was a coworker of Defendants Keith Wallace Harrelson, Ryan McClendon, Albert Bowen Evans, Jeffrey Cutshall, Rebecca Burrus, Hailee Wesson, Hunter Harper, and Jennifer Barranco in MMA's Birmingham office.

4. On the morning of May 18, 2026, Harrelson informed me that he, Evans, and McClendon were leaving MMA together to join Turner.

5. Harrelson explained that he previously mentioned me in his discussions

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 26

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 249 of 257

with Turner, but that Turner did not have a position available for me at that time.

6.      Later that week, I reached out to an MMA client ("Client N").

7.      Client N explained that Evans had recently visited Client N and asked Client N to sign multiple documents. Client N said it was unaware that one of the documents Evans asked Client N to sign was a Broker of Record ("BOR") letter, ending Client N's relationship with MMA and transitioning the business to Patriot Growth Insurance Services, LLC ("Patriot").

8.      Client N said it did not understand what a BOR was, rescinded the BOR to Patriot, and returned to MMA.

* * * * *

I affirm this 26th day of May, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.



_____
JOSEPH MUNGENAST

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

NYSCEF DOC. NO. 26

INDEX NO. UNASSIGNED

RECEIVED NYSCEF: 05/27/2026

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 250 of 257

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

---

MARSH & McLENNAN AGENCY LLC,

                Plaintiff,

    vs.

PATRIOT GROWTH INSURANCE
SERVICES, LLC, KEITH WALLACE
HARRELSON, RYAN McCLENDON,
ALBERT BOWEN EVANS, JEFFREY
CUTSHALL, REBECCA BURRUS, HAILEE
WESSON, HUNTER HARPER, and
JENNIFER BARRANCO,

                Defendants.

Index No.

**CERTIFICATION OF CLIFFORD R.**
**ATLAS, ESQ.**

---

CLIFFORD R. ATLAS, an attorney in good standing, admitted to practice before the courts of the State of New York, certifies that the Affirmation of Joseph Mungenast contains 342 words, and complies with Rule 17 of Section 202.70 Rules of the Commercial Division of the Supreme Court.

*/s/ Clifford R. Atlas*
CLIFFORD R. ATLAS

Date:  May 26, 2026

4919-1575-5439, v. 2

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 27     Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 251 of 257    RECEIVED NYSCEF: 05/27/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

MARSH & McLENNAN AGENCY LLC.

         Plaintiff,

vs.

PATRIOT GROWTH INSURANCE
SERVICES, LLC, KEITH WALLACE
HARRELSON, RYAN McCLENDON,
ALBERT BOWEN EVANS, JEFFREY
CUTSHALL, REBECCA BURRUS, HAILEE
WESSON, HUNTER HARPER, and
JENNIFER BARRANCO,

         Defendants.

Index No.

## AFFIRMATION OF MARY R. PARKIN IN SUPPORT OF PLAINTIFF'S MOTION BY ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Mary R. ("Cathy") Parkin hereby affirms, under penalty of perjury, as follows:

1. I am and at all relevant times have been a Vice President at Marsh & McLennan Agency, LLC ("MMA").

2. I submit this Affirmation in support of Plaintiff's Motion, By Order to Show Cause, for a Temporary Restraining Order and Preliminary Injunction. Based on my personal knowledge, I am familiar with the facts set forth herein.

3. At all relevant times, I was a coworker of Defendants Keith Wallace Harrelson, Ryan McClendon, Albert Bowen Evans, Jeffrey Cutshall, Rebecca Burrus, Hailee Wesson, Hunter Harper, and Jennifer Barranco in MMA's Birmingham Office.

4. On Monday, May 18, 2026, at approximately 9:00 a.m., Wesson and Burrus stopped by my office and informed me that they were leaving MMA with Harrelson, McClendon, Evans, Cutshall, and Harper to join Turner Agency ("Turner").

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 27

Case 1:26-cv-04465-JPC    Document 1-1    Filed 05/28/26    Page 252 of 257

RECEIVED NYSCEF: 05/27/2026

5.     During this conversation, Wesson and Burrus explained that Turner was based out of Montgomery, but was opening a Birmingham office approximately 10 miles from the MMA Birmingham Office.

6.     Burrus explained to me that Harrelson instructed Burrus and Wesson to put their resignation letters on top of their MMA laptops, cell phones, and door access cards, close their office doors, and leave without talking to anyone.

7.     Burrus and Wesson explained that they did not want to leave without speaking to me first, given our close working relationship.

8.     Shortly thereafter, I informed the MMA Birmingham Office Managing Director, Craig Herr, of the mass exodus.

\* \* \* \* \*

I affirm this 27th day of May, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.

MARY R. PARKIN

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 27

Case 1:26-cv-04465-JPC   Document 1-1   Filed 05/28/26   Page 253 of 257

RECEIVED NYSCEF: 05/27/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK, COMMERCIAL DIVISION**

---

MARSH & McLENNAN AGENCY LLC,

Plaintiff,

vs.

PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO,

Defendants.

---

Index No.

**CERTIFICATION OF CLIFFORD R. ATLAS, ESQ.**

---

CLIFFORD R. ATLAS, an attorney in good standing, admitted to practice before the courts of the State of New York, certifies that the Affirmation of Mary R. Parkin contains 344 words, and complies with Rule 17 of Section 202.70 Rules of the Commercial Division of the Supreme Court.

/s/ Clifford R. Atlas
CLIFFORD R. ATLAS

Date: May 27, 2026

4930-2305-1695, v. 3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

UCS-840
(rev. 12/16/2024)

# REQUEST FOR JUDICIAL INTERVENTION

**SUPREME** COURT, COUNTY OF **NEW YORK**

Index No: _____    Date Index Issued: ____05/27/2026____

**For Court Use Only:**

IAS Entry Date

Judge Assigned

RJI Filed Date

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

MARSH & McLENNAN AGENCY, LLC

Plaintiff(s)/Petitioner(s)

-against-

PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALBERT BOWEN EVANS, JEFFREY CUTSHALL, REBECCA BURRUS, HAILEE WESSON, HUNTER HARPER, and JENNIFER BARRANCO

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERICIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ● Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (*specify*): _____
- *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ○ Asbestos
- ○ Environmental (*specify*): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (*specify*): _____
- ○ Other Negligence (*specify*): _____
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**MATRIMONIAL**
- ○ Contested
- *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
- *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (*specify*): ○Residential  ○Commercial
  Property Address: _____
- *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Partition
- *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ○ Tax Certiorari (*specify*):  Section:_____  Block:_____  Lot:_____
- ○ Tax Foreclosure
- ○ Other Real Property (*specify*): _____

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (*specify*): ○Assisted Reproduction  ○Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration  [see *NOTE* in **COMMERCIAL** section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (*specify*): ○Initial  ○Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (*specify*): _____
- ○ Other Special Proceeding (*specify*): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see *NOTE* in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (*specify*): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ● | ○ | If yes, date filed: ____05/27/2026____ |
| Has a summons and complaint or summons with notice been served? | ○ | ● | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Partition Settlement Conference
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Waiver of Court Costs, Fees, and Expenses
- ○ Writ of Habeas Corpus
- ○ Other (specify): Commercial Division Assignment Request

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 2

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)    INDEX NO. UNASSIGNED

Case 1:26-cv-04465-JPC     Document 1-1     Filed 05/28/26     Page 255 of 257

NYSCEF DOC. NO. 24                                                                RECEIVED NYSCEF: 05/27/2026

**RELATED CASES**   List any related actions.  For Matrimonial cases, list any related criminal or Family Court cases.  If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**PARTIES**   For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties — List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants — For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email. | Issue Joined — For each defendant, indicate if issue has been joined. | Insurance Carriers — For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: MARSH & McLENNAN AGENCY, LLC  Role(s): Plaintiff | Clifford R. Atlas and Paige C. Goldberg - 666 Third Avenue, 28th Floor, New York, New York 10017 - (212) 545-4000 | ○ YES  ● NO | |
| ☐ | Name: PATRIOT GROWTH INSURANCE SERVICES, LLC  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: KEITH WALLACE HARRELSON  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: RYAN McCLENDON  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: ALBERT BOWEN EVANS  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: JEFFREY CUTSHALL  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: REBECCA BURRUS  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: HAILEE WESSON  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: HUNTER HARPER  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name: JENNIFER BARRANCO  Role(s): Defendant | | ○ YES  ● NO | |
| ☐ | Name:  Role(s): | | ○ YES  ● NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____05/27/2026_____          _____

Signature

2060366                                                        Clifford R. Atlas
Attorney Registration Number                                   Print Name

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)



**New York State Unified Court System**

## Request for Judicial Intervention
## Commercial Division Addendum

nycourts.gov

**UCS-840C** (12/2023)
Page **1** of **2**
nycourthelp.gov

**Supreme Court**
**County of** NEW YORK

| | |
|---|---|
| **Plaintiff/Petitioner** (persons/entities that started the case)**:** | **Index #:** |
| MARSH & McLENNAN AGENCY, LLC | |
| **Defendant/Respondent** (persons/entities the case is against)**:** | |
| PATRIOT GROWTH INSURANCE SERVICES, LLC, KEITH WALLACE HARRELSON, RYAN McCLENDON, ALB | |

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

Transactions governed by the Uniform Commercial Code, excluding those concerning individual cooperative or condominium units

Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

Shareholder derivative actions (without consideration of the monetary threshold)

Commercial class actions (without consideration of the monetary threshold)

Business transactions involving or arising out of dealings with commercial banks and other financial institutions

Internal affairs of business organizations

Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

Environmental insurance coverage

Commercial insurance coverage (e.g., directors and officers, errors and omissions, and business interruption coverage)

Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures (without consideration of the monetary threshold)

Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues (where the applicable agreement provides for the arbitration to be heard outside the United States, the monetary threshold set forth in 22 NYCRR 202.70(a) shall not apply)

ADA Accommodations    Spoken or Sign Language Interpreters    1-800-COURT-NY
ada@nycourts.gov              interpreter@nycourts.gov              (268-7869)

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

**UCS-840C** (12/2023)          Page **2** of **2**          **Index #:** _____

Plaintiff/Petitioner's claim for compensatory damages, excluding punitive damages, interest, costs, and counsel fees claimed: $ **10,000,000.00** _____

Plaintiff/Petitioner's claim for equitable or declaratory relief [brief description]:

Plaintiff Marsh & McLennan Agency LLC ("MMA") seeks equitable relief in the form of a temporary restraining order and preliminary injunction to halt Defendants' ongoing and unlawful raid of MMA's workforce, clients, and confidential information and trade secrets. Defendants orchestrated a coordinated mass resignation of key producers and support staff to join a direct competitor in knowing violation of enforceable non-solicitation and confidentiality agreements and common-law duties of loyalty. While still employed, the individual defendants solicited MMA clients and employees, misappropriated MMA's confidential and trade secret information, and took deliberate steps to conceal their misconduct, including deleting company data and wiping employer-issued devices. Immediately after their resignations, Defendants continued to solicit and service MMA clients using MMA's proprietary information, resulting in the loss of at least seventy-one clients and over $3.5 million in annual recurring revenue in a matter of days. Monetary damages are inadequate because Defendants' conduct has caused—and continues to cause—irreparable harm to MMA's goodwill, client relationships, workforce stability, and the secrecy of its confidential information and trade secrets. MMA therefore seeks injunctive relief to (i) enforce the contractual non-solicitation and confidentiality covenants, (ii) prevent further misuse or disclosure of MMA's confidential and trade secret information, and (iii) restrain Defendants from continuing their unfair competitive conduct pending final adjudication.

Defendant/Respondent's counterclaims, including claims for monetary relief [brief description]:

I request that this case is assigned to the Commercial Division. I certify that the case meets the Commercial Division's jurisdictional requirements as set forth in 22 NYCRR 202.70(a), (b) and (c).

Dated: _____ **05/27/2026** _____

_____
Signature

**Clifford R. Atlas**
_____
Print Name

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.